IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | Case No. 1:18-CR-457 (AJT) |
| BIJAN RAFIEKIAN, *et al.*, | |
| Defendants | |

FILED IN OPEN COURT
DEC 1 2 2018
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## GOVERNMENT'S MOTION TO SEAL INDICTMENT PURSUANT TO LOCAL RULE 49(B) AND MOTION FOR OTHER RELIEF

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an order to seal the indictment until the first defendant's initial appearance. We expect this to be defendant Bijan Rafiekian.

**I.  REASONS FOR SEALING** (Local Rule 49(B)(1))

1. The Federal Bureau of Investigation is investigating Bijan Rafiekian and Kamil Ekim Alptekin for violating and conspiring to violate 18 U.S.C. § 951 (Acting as an Agent of a Foreign Government) and related violations of 22 U.S.C. § 618(a)(2) (Foreign Agents Registration Act, False Statements and Omissions) and 18 U.S.C. § 1001 (False Statements).

2. Because we do not currently have reason to believe that Rafiekian poses a serious risk of flight, we are seeking a summons for Rafiekian rather than an arrest warrant. Once Rafiekian makes his initial appearance, the government may seek conditions of release that will ensure his presence at trial. Before then, however, we plan to insist that he surrender his passport to the FBI immediately. To that end, we ask that the Court allow the government to notify Rafiekian's counsel and Rafiekian of the indictment so that we can instruct Rafiekian to

1

immediately surrender his passport. We will also instruct the defense attorney that the matter is under seal and that neither he nor his client may reveal to anyone that an indictment has been returned. Sealing of the indictment remains necessary because in the event that Rafiekian should abscond, premature disclosure of the specific allegations and charges against the defendants would threaten our ability to locate and arrest the defendants and may lead to the destruction of evidence. Disclosure of the indictment before Rafiekian presents himself in the Eastern District of Virginia would provide the defendants and others with a roadmap of the ongoing criminal investigation, including the identity of potential witnesses.

**II.    REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

3.    The Court has the inherent power to seal indictments. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d

514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The indictment would need to remain sealed until the first defendant makes an initial appearance. We assume that this will be Rafiekian. Upon Rafiekian's appearance, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the indictment and this motion to seal and proposed order be sealed until the first defendant makes his initial appearance in the Eastern District of Virginia.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
James P. Gillis
Assistant United States Attorney

3