FILED
DEC 18 2018
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 1:18-CR-457 (AJT) |
| | ) |
| BIJAN RAFIEKIAN, *et al.*, | ) |
| | ) |
| Defendants | ) |

## PROTECTIVE ORDER
## REGARDING PERSONAL IDENTIFYING INFORMATION

Upon joint motion of the United States and defendants Bijan Rafiekian, and the Court having found, based upon the applicable federal rules and statutes, that there is good cause for restricting the disclosure and dissemination of the documents and information produced and to be produced by the United States to the defendant as part of its discovery obligations in this case, it is hereby:

ORDERED that as used in this Order, the term "Protected Documents" means documents that are produced to the defense by the government and that contain (1) information described in FED. R. CRIM. P. 49.1; (2) a "means of identification" as defined in 18 U.S.C. § 1028(d)(7), with the exception of the word "name"; or (3) an "access device" as defined in 18 U.S.C. § 1029(e)(1); unless the documents are specifically and explicitly labeled "Non-Confidential" by the government;

ORDERED that the government shall disclose Protected Documents to the defendants as necessary to comply with its discovery obligations;

-2-

ORDERED that access to Protected Documents shall be restricted to persons authorized by this Order, namely the defendant, the defendant's attorneys of record, and attorneys, paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing work on behalf of the defendant;

ORDERED that the following restrictions are placed on the individuals described in the preceding paragraph, unless and until further ordered by the Court. These individuals shall not:

    a.    make copies of Protected Documents for, or allow copies of any kind to be made by, any other person;

    b.    allow any other person to read Protected Documents (*provided, however*, that, as necessary in preparing to defend against the charges in the indictment, Protected Documents may be shown to a witness once any information described above has been redacted); or

    c.    use the Protected Documents or any information contained therein for any purpose other than preparing to defend against the charges in the indictment;

ORDERED that the defendant's attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order;

ORDERED that nothing in this Order shall restrict the use or introduction as evidence by the defendant's attorneys of Protected Documents during, or in preparation for, the trial of this matter. The defendants' attorneys, however, must redact any information described above in the Protected Documents in accord with FED. R. CRIM. P. 49.1; and

ORDERED that upon conclusion of this action, the defendant's attorneys shall, to the extent that this order is not inconsistent with defense counsel's ethical obligations, return to the attorneys for the government, or destroy and certify to the attorneys for the government the

-3-

destruction of, all Protected Documents within a reasonable period of time, not to exceed thirty days after the last appeal is final.

Dated: Dec. 18, 2018
Alexandria, Virginia

_____
Anthony J. Trenga
United States District Judge

WE ASK FOR THIS:

_____
Robert P. Trout
Counsel for Defendant Rafiekian

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____
James P. Gillis
Assistant United States Attorney