```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION

UNITED STATES OF AMERICA,    )   Case 1:18-cr-00457
                             )
            Plaintiff,       )
                             )
     v.                      )   Alexandria, Virginia
                             )   January 3, 2019
BIJAN RAFIEKIAN,             )   10:08 a.m.
                             )
            Defendant.       )
_____)   Pages 1 - 9


              TRANSCRIPT OF STATUS CONFERENCE

         BEFORE THE HONORABLE ANTHONY J. TRENGA

             UNITED STATES DISTRICT COURT JUDGE
```

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFF:

 3        JAMES P. GILLIS, ESQUIRE
          EVAN N. TURGEON, ESQUIRE
 4        JOHN T. GIBBS, ESQUIRE
          OFFICE OF THE UNITED STATES ATTORNEY
 5        2100 Jamieson Avenue
          Alexandria, Virginia  22314
 6        (703) 299-3700

 7   FOR THE DEFENDANT:

 8        ROBERT P. TROUT, ESQUIRE
          TROUT, CACHERIS & SOLOMON, PLLC
 9        1627 I Street, N.W., Suite 1130
          Washington, D.C.  20006
10        (202) 464-3300

11        MARK J. MACDOUGALL, ESQUIRE, *PRO HAC VICE*
          AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
12        Robert S. Strauss Building
          1333 New Hampshire Avenue, N.W.
13        Washington, D.C.  20036-1564
          (202) 887-4000
14
     THE DEFENDANT, BIJAN RAFIEKIAN, IN PERSON
15

16

17

18

19

20

21

22

23

24

25
```

1       THE CLERK: Criminal Case 1:18-cr-457, *United
2 States v. Bijan Rafiekian.*
3       Counsel, will you please note your
4 appearances for the record.
5       MR. GILLIS: Good morning, Your Honor. Jim
6 Gillis for the United States along with Evan Turgeon
7 and John Gibbs.
8       THE COURT: Good morning.
9       MR. GIBBS: Good morning.
10      MR. TROUT: Good morning, Your Honor. Robert
11 Trout of the firm of Trout, Cacheris & Solomon on
12 behalf of Mr. Rafiekian. Also at counsel table are
13 Mark MacDougall from the Akin Gump firm and Samantha
14 Block, who is about to be admitted to the bar. She's a
15 recent law graduate about to be admitted.
16      THE COURT: All right. Welcome to everyone.
17      MR. TROUT: Your Honor, we have prepared
18 motions for the admission of Mr. MacDougall and his
19 partner, Stacey Mitchell, for admission *pro hac vice*.
20 Our office recently moved in the last few days, and I'm
21 off the grid at least for the rest of the week. So I
22 was not able to do anything with ECF. I'm happy to do
23 that on Monday.
24      THE COURT: I have them here, and I've
25 entered those. Mr. MacDougall and Ms. Mitchell are

1 admitted *pro hac* for the case.

2     MR. MACDOUGALL: Thank you, Your Honor.

3     MR. TROUT: Thank you, Your Honor.

4     THE COURT: All right. We're here for a
5 status conference.

6     Mr. Gillis, are there any issues you want to
7 raise at this point?

8     MR. GILLIS: No, Your Honor. This morning we
9 turned over quite a significant amount of discovery
10 amounting to terabytes of information that we received
11 pursuant to the -- actually, we received principally
12 from the office of special counsel. We turned those
13 over, and that's about where we have the status of
14 things at this point.

15     THE COURT: All right. Is there classified
16 information among that?

17     MR. GILLIS: There is not classified
18 information among those, Your Honor.

19     THE COURT: Is there classified information
20 that will need to be produced?

21     MR. GILLIS: May I have one moment, Your
22 Honor?

23     THE COURT: Yes.

24     (Counsel confer.)

25     MR. GILLIS: Your Honor, we have a limited

1  amount of classified information that we will likely
2  seek the Court's permission to delete from discovery in
3  a Section 4 motion.  We don't believe the defense is
4  entitled to it.  Certainly, we are very sensitive to
5  our *Brady* and *Giglio* obligations and will, of course,
6  comply with all of those, and anything that may be
7  relevant to the case we'll disclose to the Court for
8  its own consideration.
9          THE COURT:  When will you file your Section 4
10 application?
11         MR. GILLIS:  I imagine we could file it
12 within two months.
13         THE COURT:  Two months?
14         MR. GILLIS:  It takes some coordination with
15 the intelligence community, Your Honor, and --
16         THE COURT:  We have a February 11 trial date.
17         MR. GILLIS:  Yes, Your Honor.  I beg your
18 pardon.  If I may skip ahead, Your Honor, we are
19 prepared to go to trial on the 11th.  If the Court
20 plans to have that as the trial date, then we will make
21 whatever motions are necessary in advance of trial for
22 the Court to make a determination and for those
23 documents to be turned over to defense or the
24 information to be turned over to the defense as the
25 Court deems fit.

1          My understanding, given the amount of
2  discovery that we turned over this morning, is that the
3  defense plans to ask for a continuance.  We have no
4  objection to that.  If the continuance is granted, then
5  it would be, quite frankly, Your Honor, just more
6  convenient if we could have a longer time to deal with
7  the intelligence community and to get all of the
8  necessary parties together.  It's more complicated than
9  you might think because there are a number of different
10 players with their fingers in the pie, let's say.
11         We can make it work if the Court intends to
12 make the trial date the 11th.
13         THE COURT:  Let me hear from Mr. Trout or
14 Mr. MacDougall.
15         MR. TROUT:  Your Honor, when I hear terabyte,
16 I'm not sure the Speedy Trial Act belongs in the same
17 sentence, but there is a lot of discovery that we are
18 now told that we --
19         THE COURT:  Have you actually received it
20 yet?
21         MR. TROUT:  Well, we received it this morning
22 in the form of hard drives, multiple hard drives.
23 Without knowing what we're dealing with, our request is
24 that the trial date be continued.  We would recommend
25 or request a September trial date.  We think that that

1  should give us enough time.
2          The other thing is that we are giving
3  consideration to a request to be able to obtain
4  evidence from foreign countries that may be relevant
5  here, and we've got to figure out --
6          THE COURT:  I was going to say:  How do you
7  propose getting it, and what kind of evidence is this
8  in general terms?
9          MR. TROUT:  It could be, for example, a
10 deposition under Rule 15.  We're trying to explore
11 that.  There may be witnesses who would be available to
12 us to give relevant testimony.  Of course, we would
13 expect to file a motion justifying that evidence.
14         THE COURT:  All right.  Anything else along
15 those lines, Mr. Gillis?  Anything in response to
16 Mr. Trout's observations?
17         MR. GILLIS:  No, Your Honor.
18         THE COURT:  All right.  I'm going to leave
19 the trial date for the moment at February 11.  I want a
20 formal motion to continue the trial.  I want you to
21 outline why you need as much time as you will be
22 suggesting or requesting based on your review of the
23 discovery.
24         Also, I'd like to get a sense of what foreign
25 discovery or foreign evidence you anticipate you may

1  need and how you might go about getting it and what the
2  time requirements for that are.  You can submit that
3  *ex parte*, that piece of it.
4             How much time -- I'm going to give you a
5  little bit of time to review the discovery so you can
6  intelligently advise the Court from your perspective on
7  how much time you think realistically but working
8  diligently you need to assess that information.  So if
9  you would file your motion to continue by -- let's get
10 it filed by January 21.  I'll hear that motion on
11 February -- let's do it on February 7 at 10:00.  That's
12 a Thursday.
13            Also, if you would, file at the same time
14 anything that you think you need to submit *ex parte*
15 with respect to your anticipated defense needs, and
16 I'll make a judgment of whether that can be fairly
17 disclosed to the government for a response.
18            All right.  Anything else?
19            MR. GILLIS:  No, Your Honor.
20            THE COURT:  All right.
21            MR. TROUT:  No, Your Honor.
22            THE COURT:  All right.  Very good.  Thank
23 you.
24            MR. TROUT:  Thank you, Your Honor.
25            THE COURT:  Counsel is excused.

1            The defendant is continued on release.

2            The Court will stand in recess.

3     -----------------------------------
             Time:  10:18 a.m.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21
      I certify that the foregoing is a true and
22
    accurate transcription of my stenographic notes.
23

24
                                   _____/s/_____
25                                 Rhonda F. Montgomery, CCR, RPR