IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:18-CR-457 (AJT) |
| | ) | |
| BIJAN RAFIEKIAN, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

GOVERNMENT'S MOTION FOR
A TWO-WEEK CONTINUANCE OF TRIAL

For the reasons that follow, the United States moves the Court for a two-week continuance of the current February 11, 2019, trial date. The government understands and shares the Court's desire to move the case to trial. However, under the current schedule, the parties will not know until four days prior to trial whether the Court will grant the defendant's motion for a continuance. We submit, therefore, that there are compelling reasons for a very brief continuance, which would be within the Speedy Trial Act.

First, in order to be prepared to begin trial on February 11, the government would have to arrange for any out-of-state or foreign witnesses to be present in Alexandria at least a few days before trial. If the Court were thereafter to grant the defendant's motion, the expense of the witnesses' airfare and lodging would be wasted. The witnesses themselves would have their personal and professional lives unnecessarily disrupted, perhaps with an attendant loss of income.

Further, the Court has ordered the government to file any CIPA § 4 motion by February 1, 2019, with a February 8, 2019, hearing on the motion. Should the government file such a motion, we expect that the Court will find compelling the government's reasons for deleting the

discovery. Nonetheless, were the Court to deny the government's CIPA § 4 motion, that would necessarily set in motion a number of events that would be virtually impossible to complete in time for a February 11 trial date.

For example, even if the government were to turn over the classified information on the very day of the February 8 hearing, in the three days thereafter all of the following would have to occur:

1. At least one of the defense counsel would have to receive the necessary clearances to have access to the classified information, which would require at least an abbreviated background investigation;

2. The defense then would be required to file a CIPA § 5 notice of any intention to use the classified information at trial;

3. The government would have to file a motion under CIPA § 6(a) for a determination of the use, relevance, or admissibility of that information;

4. The Court would have to hold a hearing on the § 6(a) motion;

5. Depending upon the Court's rulings on the government's § 6(a) motion, the government would have to file a CIPA § 6(c) motion for the Court to approve substitutions or admissions in place of the disclosure of the classified information;

6. The Court would have to hold a hearing on the § 6(c) motion to determine whether the government's proposed substitutions would provide the defendant with substantially the same ability to make his defense as would the classified information; and

7. Depending upon the Court's rulings on the § 6(c) motion, the government perhaps would have to file other proposed § 6(c) alternatives requiring additional hearings.

In the interstices of these events, to ensure that there would be no disclosure of national security information at trial, the government would have to consult with the "equity holders" in the Intelligence Community to obtain their approval for the proposed substitutions and admissions. Finally, depending upon the outcome of any of these events, the government would have to consider the need to file an interlocutory appeal, pursuant to CIPA § 7.

The speedy trial date for this case is February 25, 2019. A two-week continuance of the current trial date would still be within the required seventy days, even without considering any excludable periods of delay.

For these reasons, the United States respectfully requests the Court to continue the trial date for at least two weeks. The attorney for the government has consulted with counsel for the defense. They do not oppose this motion; however, this was done with the understanding that it would not prejudice a defense motion for a longer continuance of trial, which they intend to file as directed by the Court.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

| | |
|---|---|
| /s/<br>Evan N. Turgeon<br>Trial Attorney<br>Counterintelligence and Export Control<br>   Section<br>National Security Division<br>United States Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br>(202) 353-0176<br>Evan.Turgeon@usdoj.gov | By:   /s/<br>James P. Gillis<br>Virginia Bar No. 65055<br>John T. Gibbs<br>Virginia Bar No. 40380<br>Assistant United States Attorneys<br>The Justin W. Williams<br>   United States Attorney's Office<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>(703) 299-3700<br>(703) 299-3982 (Fax)<br>James.P.Gillis@usdoj.gov<br>John.Gibbs@usdoj.gov |

Certificate of Service

I certify that on January 4, 2019, I filed the foregoing using the ECF system, which will send a copy to defense counsel of record.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

/s/
Evan N. Turgeon
Trial Attorney
Counterintelligence and Export Control
   Section
National Security Division
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 353-0176
Evan.Turgeon@usdoj.gov

By:   /s/
James P. Gillis
Virginia Bar No. 65055
John T. Gibbs
Virginia Bar No. 40380
Assistant United States Attorneys
The Justin W. Williams
   United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 299-3982 (Fax)
James.P.Gillis@usdoj.gov
John.Gibbs@usdoj.gov