**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | **Case No. 1:18-CR-457 (AJT)** |
| | : | |
| BIJAN RAFIEKIAN | : | |
| | : | |
| and | : | |
| | : | |
| KAMIL EKIM ALPTEKIN, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT BIJAN RAFIEKIAN'S MEMORANDUM OF LAW IN SUPPORT
OF HIS MOTION FOR A BILL OF PARTICULARS**

Pursuant to Fed. R. Crim. P. 7(f), defendant Bijan Rafiekian ("defendant"), through counsel, respectfully submits this memorandum of law in support of his motion for a bill of particulars. To the extent that particulars do not exist with respect to certain allegations in the Indictment addressed below, those allegations should be stricken under Fed. R. Crim. P. 7(d) as prejudicial surplusage.

## BACKGROUND

The Indictment alleges that defendants Bijan Rafiekian and Kamil Ekim Alptekin conspired to and did (i) influence U.S. politics as an agent of the government of Turkey and (ii) file falsified documents. Count One of the indictment charges defendants with knowingly and intentionally conspiring to act as agents of the Government of Turkey without prior notification to the Attorney General, in violation of 18 U.S.C. § 951, and conspiring to file falsified documents, in violation of 22 U.S.C. § 618(a)(2). Indictment at 17.

Count Two of the indictment charges defendants with knowingly acting and causing others to act in the United States as an agent of the Government of Turkey without prior notification to the Attorney General, in violation of 18 U.S.C. § 951.  Indictment at 19.

Counts Three through Six charge Kamil Ekim Alptekin with making false statements in violation of 18 U.S.C. § 1001(a)(2).  Indictment at 20.  These counts do not relate to any conduct by defendant Bijan Rafiekian.

These charges arise out of an alleged agreement in 2016 between defendants, "Person A," "Company A," and "Company B" to influence U.S. politicians and public opinion concerning a Turkish citizen living in the United States whose extradition was being sought by the Government of Turkey.  Indictment at 2.  The Indictment alleges that the defendants sought to conceal Turkey's involvement in these efforts and, as part of the alleged concealment, to use defendant Alptekin's company, Company B, rather than the Government of Turkey, to serve as Company A's "client."  *Id.*

A bill of particulars is necessary in this case so that defendants may effectively prepare for trial and avoid unfair surprise.  First, as discussed in Part I below, and as supported by numerous cases, the overwhelming size of the government's document production – constituting more than ten terabytes of data – *itself* warrants a bill of particulars.  Second, as discussed in Part II, and as supported by numerous cases, the indictment alleges the participation of unidentified co-conspirators.  Especially given the nature of this case – which involves numerous persons and the voluminous data produced by the government – the defendant is entitled to know whom the government actually characterizes as a co-conspirator.  Finally, as discussed in Part III, the indictment fails to specify the dates of the alleged criminal conduct; alleges that "[a]mong other things," defendants made false statements to Company A's attorneys; and fails to identify the

alleged false statements made in and material facts and documents omitted from the FARA

registration.  Each of those allegations requires more specificity under Rule 7(f).

## DISCUSSION

Rule 7(f) provides that the Court "may direct the government to file a bill of particulars."

The purpose of a bill of particulars "is to fairly apprise the defendant of the charges against him

so that he may adequately prepare a defense and avoid surprise at trial."  *United States v.*

*Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).  Accord *United States v. Valle*,

No. 1:14-cr-135, 2015 WL 4994502, at *7 (E.D. Va. Aug. 18, 2015) (O'Grady, J.) (citing *United*

*States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996)) (purpose is to "amplify an indictment by

providing missing or additional information so a defendant may effectively prepare for trial");

*United States v. Perry*,  30 F. Supp. 3d 514, 522-25 (E.D. Va. 2014) (granting motion for a bill of

particulars in health care fraud case); see also Advisory Committee Notes to Rule 7(f) (1966

amendment) (noting elimination of "the requirement of a showing of cause" and that the rule has

evolved "to encourage a more liberal attitude by the courts toward bills of particulars").

I.  **The Enormous Size of the Government's Document Production Alone Warrants the Requested Bill of Particulars**

The size of the government's document production alone warrant the particulars

requested in Parts II and III below.  As one court stated, "Perhaps the most frequent case in

which particulars are warranted is where discovery is overwhelmingly extensive and the

government fails to designate which documents it intends to introduce and which documents are

merely relevant to the defense."  *United States v. Mahaffy*, 446 F. Supp. 2d 115, 119 (E.D.N.Y.

2006) (emphasis omitted).   In three hard drives with a total capacity of ten TB, a thumb drive,

and a DVD disc, the government has produced, according to its description, the entire data from

the defendant's two laptops, plus 3.75 million TIFF files from other sources, plus approximately

3

68,500 pages of additional discovery.  And there is more to come. Under the circumstances, a defendant should not have to comb through a haystack looking for a needle to understand the indictment's allegations.

As Judge Davis in this District stated in granting a motion for a bill of particulars: "A defendant is not fairly apprised of the necessary information merely because the government provided 'mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified' at trial." *Perry*, 30 F. Supp. 3d at 523 (quoting *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987)); *see also*, *e.g.*, *United States v. Ramirez*, 609 F.3d 495, 503 (2d Cir. 2010) (stating that the "district court made clear that it ordered a bill of particulars because so much discovery was produced to the defendants, not too little"); *United States v. Aispuro*, No. CR 08-2936 JB, 2010 WL 1404196, at *6 (D.N.M. Mar. 16, 2010) ("The Court also finds persuasive the Defendants' argument that, in a complex case with voluminous unorganized discovery, a bill of particulars is particularly necessary to avoid surprise at trial."); *Mahaffy*, 446 F. Supp. 2d at 120 ("[A] large volume of discovery warrants a bill of particulars if it obfuscates the allegedly unlawful conduct and unfairly inhibits the defendant's preparation for trial."); *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("[S]ometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars.").

## II.     The Government Should Be Required to Identify All Alleged Co-Conspirators

Count One of the Indictment alleges that the defendants and "others known and unknown" conspired to violate the law.  Indictment at 17.  The Indictment does not identify any alleged co-conspirators besides the co-defendant, Ekim Alptekin.  If the government knows of others whom it claims to be co-conspirators, the defendant is entitled to know the identities to effectively prepare for trial and avoid unfair surprise.  For example, if a person is identified as a

co-conspirator, then the defense would have the ability to develop proof that the individual either did not or could not have been part of the alleged conspiracy. Such proof would cast doubt on the entirety of the government's case. In addition, if at trial the government seeks to introduce hearsay on the grounds that the declarant is a co-conspirator, the defense should have sufficient notice to be able to rebut such a claim.[1]

Courts across the country uniformly require the government to identify co-conspirators in cases except in some alleging crimes of violence. *See, e.g.*, *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) ("It is not uncommon for the trial judge to require the government to disclose [] names [of unindicted co-conspirators] when [the] information is necessary in a defendant's preparation for trial"); *United States v. Barrera*, 950 F. Supp. 2d 461, 477 (E.D.N.Y. 2013) ("[T]here is a common thread running through cases where courts have granted disclosure: the identities of unindicted co-conspirators have been disclosed primarily in cases in which violence was not alleged.") (citation omitted); *United States v. Allen*, 289 F. Supp. 2d 230, 238 (N.D.N.Y. 2003) (ordering government to "disclose the identities of all persons the government claims to have been co-conspirators during the course of the alleged conspiracy, regardless of whether they have been indicted"); *United States v. Williams*, 113 F.R.D. 177, 178 (M.D. Fla. 1986) (stating that "it appears to be the common practice among courts in this circuit to grant [motions for a bill of particulars] insofar they request a list of unindicted co-conspirators, at least

---

[1] If the alleged participation of "unknown" persons as co-conspirators is empty boilerplate, then those allegations should be stricken as prejudicial surplusage under Fed. R. Crim. P. 7(d). Surplusage in an indictment may be stricken when the allegations at issue "are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (citations omitted). "Relevance" is not determined by whether the allegations would be admissible at trial but is instead determined by whether the "material is 'unnecessary in making out a prima facie pleading of the violation.'" *United States v. Afsharjavan*, No. 1:15–CR–144 (JCC), 2015 WL 5047438, at *3 (E.D. Va. Aug. 26, 2015) (citations omitted).

when that information is not otherwise known to the defendant(s)"); *United States v. Holman*, 490 F. Supp. 755, 762 (E.D. Pa. 1980) (ordering government to disclose "names of all co-conspirators or participants in the alleged offenses known to the Government"); *United States v. Lonzo*, 793 F. Supp. 57, 59-60 (N.D.N.Y. 1992) (granting request that government disclose names of unindicted co-conspirators).

If the government's position is that other co-conspirators were involved in the charged conduct, then defendant cannot be expected to identify acts or statements ostensibly in furtherance of the charged conspiracy without knowing the identities of all alleged co-conspirators.  That determination is simply guesswork when the government has not disclosed identities.   Furthermore, nondisclosure is not in the interest of judicial economy given the evidentiary and other disputes that may arise at trial relating to any alleged co-conspirators. Requiring the government to make clear whether it believes other persons are co-conspirators would ensure that he can determine who may have relevant information about the charges.  And, as discussed in Part I above, the need for identification of alleged co-conspirators is especially important where, as here, the government has produced an overwhelming amount of data.  *See*, *e.g.*, *United States v. Nachamie*, 91 F. Supp. 2d 565, 573 (S.D.N.Y. 2000) ("[I]f the discovery has been voluminous, identification of known unindicted co-conspirators will help a defendant focus his investigation and prepare for trial.").

## III.    A Bill of Particulars Is Necessary to Understand Several Allegations in the Indictment Concerning Essential Matters

The Indictment makes a number of allegations that leave defendants guessing about fundamental aspects of this case, especially the allegation that the March 7, 2017 FARA registration and accompanying exhibits were knowingly false.  The documents were prepared and filed by Covington & Burling (Covington) over two months after the firm was engaged to

assist FIG in determining whether it should file under FARA retroactively—which is routinely accepted when the Department of Justice raises a question whether a party should have filed under FARA.[2]  Prior to filing the FARA registration, Covington had an opportunity to review most if not all of the documents referred to in the speaking Indictment.  While the government has alleged that the language Covington chose was false, the defense is at a loss to understand how.

Paragraph 57 of the Indictment illustrates the problem.  Covington's cover letter to the DOJ FARA unit, and the FARA filing itself, made it clear that the reason Covington decided that FIG should file under FARA rather than ratify FIG's earlier Lobbying Disclosure Act registration was not because FIG was acting as an agent of the government of Turkey, but because FIG's work for Inova "could be construed to have principally benefitted the Republic of Turkey."[3] Covington made no effort to hide the fact that the government of Turkey could be considered to be the principal beneficiary of the work that FIG was doing for Inova.  Having disclosed that, when asked "whether you engage or are engaging now in activity on your own behalf which benefits any of your foreign principals [i.e., Inova, BV]," Covington wrote the following response:

> Because this is filed retrospective to activity under this engagement, we note that during the course of the engagement and thereafter, Flynn Intel Group officials (particularly Michael T. Flynn, in his capacity as a public figure separate from Flynn Intel Group) frequently wrote, spoke, or provided interviews relating to national security.  Although not undertaken at the direction of any foreign principal, including but not limited to Inovo, it is possible that such activities may have had an indirect benefit to Inovo BV.

---

[2] See U.S. Attorney's Manual § 2062, attached as Exhibit A.

[3] See Attachment to the March 7, 2017 FARA Supplemental Statement and Cover letter of Robert K. Kelner dated March 7, 2017, attached as Exhibit B.

Each of the two sentences in Covington's response is unquestionably and obviously true. Yet, the government alleges it to be knowingly false. The defendant is entitled to know how and why. A similar argument could be made about other allegations of falsity in the indictment.

A criminal charge of falsity should involve more than simple word games. In this case, the government should be required to explain with precision why the language Covington chose was false.

## CONCLUSION

For the reasons stated above, and for any other reason that the Court may deem just and proper, defendant Bijan Rafiekian respectfully requests that the Court grant his motion for a bill of particulars. Mr. Rafiekian requests a hearing on this motion.

Respectfully submitted,

*/s/* Mark J. MacDougall
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: mmacdougall@akingump.com
            shmitchell@akingump.com

*/s/* Robert P. Trout
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone: (202) 464-3311
Fax: (202) 464-3319
E-mail: rtrout@troutcacheris.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 18 day of January, 2019, I caused a true and correct copy of Defendant Bijan Rafiekian's Memorandum of Law in Support of His Motion for A Bill of Particulars to be served via electronic mail by the Court's CM/ECF system on counsel for all codefendants and on the following:

James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office (Alexandria-NA)
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone:  (703) 299-3700
Email:  james.p.gillis@usdoj.gov
        john.gibbs@usdoj.gov
        evan.turgeon@usdoj.gov

/s/ Robert P. Trout
Robert P. Trout (VA Bar # 13642)