IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:18-CR-457-AJT |
| BIJAN RAFIEKIAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR BILL OF PARTICULARS

INTRODUCTION

The United States opposes defendant Bijan Rafiekian's motion, which, in the guise of a motion for a bill of particulars, is more akin to a set of interrogatories in a civil case. This motion misapprehends the function of an indictment and the purpose of a bill of particulars. Because the indictment alleges sufficient facts to enable the defendant to prepare his defense and bar a subsequent prosecution for the same offenses, a bill of particulars is not warranted. Furthermore, given that the government has already provided substantial, well-organized, and specific discovery to the defendant, a bill of particulars is completely unnecessary. Accordingly, the Court should deny the defendant's motion.

In less than a month after the arraignment, the government provided the defense with virtually all of the documents that the government obtained in the course of the investigation. This was not a "data dump." The government has also provided the defense with a detailed look at the government's case, which it provided in the form of the government's own work product and which consisted of what we believe to be the core documents involved in the prosecution. We have also made available for the defense's review virtually all of the FBI 302s that are

pertinent to this investigation, and multiple defense attorneys at a time have already spent days reviewing them.

Further, with nearly all of the discovery we have produced, we have provided a detailed index. The only exception was the hard drives that we provided at the initial appearance, which were too voluminous to provide an index (and, moreover, the government does not have an index of its own). Even here, however, we provided of a description of the information on each of the drives and detailed instructions for using off-the-shelf software to perform word searches for whatever information the defense might wish.

Even more notably, we have provided the defense with more than fifty marked trial exhibits that the government plans to introduce in support of the allegations in the indictment. It would be hard to imagine a prosecution in which the government has provided such information so early in the case.

Under these circumstances, a bill of particulars is unwarranted and, in its discretion, the Court should deny the motion. Certainly the Court has the discretion to order it.[1] As a matter of law and practicality, the issue really does boil down to this. Thus, although we rehearse the usual case law with which the Court is entirely familiar, our response amounts to an appeal to the Court's discretion.

In light of the rapid, full, and organized discovery that the government has provided, to order – on top of it all – a bill of particulars that the law does *not* require would provide a legal precedent that would provide little incentive for prosecutors to provide such early discovery in future cases.

---

[1] A motion for a bill of particulars is addressed to the sound discretion of the court whose decision to deny a bill of particulars will be overturned only if it rises to the level of abuse of discretion. *Wong Tai v. United States*, 273 U.S. 77, 82 (l927); *United States v. Bales*, 813 F.2d 1289, 1294 (4th Cir. 1987); *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985).

I.      THE INDICTMENT MEETS THE REQUIREMENTS OF FED. R. CRIM. P. 7

An indictment fulfills the requirements of the Federal Rules of Criminal Procedure when it is a "plain, concise and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(l); *United States v. Duncan*, 598 F.2d 839, 848 (4th Cir. 1979); *United States v. Brown*, 784 F. Supp. 322, 323 (E.D. Va. 1992). Rule 7 mandates that all the essential elements of the offense be alleged along with sufficient additional facts to allow the indictment to be used as proof to bar a subsequent prosecution for the same offense. *Duncan*, 598 F.2d at 848. The facts alleged should also be sufficiently detailed to allow a defendant to prepare his defense. *Id*.

"It is settled that the purpose of a bill of particulars is to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). "If the indictment adequately details the charges, or the information requested is otherwise available, then no bill of particulars is required." *United States v. Doan,* 184 F. Supp. 3d 271, 283 (E.D. Va. 2016) (internal quotation marks omitted). *See, e.g.*, *Cuong Gia Le*, 310 F. Supp. 2d 763, 781 (E.D. Va. 2004) (denying bill of particulars where indictment "state[d] the nature of the charge, the defendants who have been charged, and the date(s) and location of the alleged offense," and thus, "sufficiently apprise[d] defendants of the charges against them enabling them to adequately prepare their defenses"). Given the specificity in the indictment, the defendant cannot seriously claim that without a bill of particulars, he will be surprised at trial. *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008) ("Information relevant to the preparation of a defense includes the elements of each charged offense, the time and place of the

accused's allegedly criminal conduct, and a citation to the statute or statutes violated."); *see also United States v. Yeh Hsin-Yung*, 97 F. Supp. 2d 24, 37 (D.D.C. 2000) (denying motion for bill of particulars in light of detailed indictment). The indictment amply meets the requirements of Fed. R. Crim P. 7. Indeed, the "speaking indictment" filed in this case is very detailed. Its allegations specify the emails sent, the documents created, the dates of conversations and meetings, and myriad other particulars that together amount to a "road map" of the government's case.[2] Fed. R. Crim. P. 7 does not require more.

## II.    A Bill of Particulars Is Not a Tool for Discovery

A bill of particulars should be required "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d, 205, 234 (2d Cir. 1990). Hence, the purpose of a bill of particulars is not to provide detailed disclosure of the government's evidence prior to trial, but rather to fairly inform a defendant of the charges so that the defendant may adequately prepare a defense, avoid or minimize surprise at trial, and plead in bar of another prosecution for the same offense. *Wong Tai*, 273 U.S. at 82-83 (1927); *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996)); *United States v. Automated Medical Laboratories, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969).

Bills of particulars should be denied where underlying evidentiary matter is requested. They are not designed to compel the government to disclose its theory of the case, its witnesses, or a detailed description of the manner and means by which the crime was committed. *See, e.g., United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978); *United States v. Little*, 562 F.2d 578, 581 (8th Cir. 1977); *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) (setting forth

---

[2] This is particularly so given that the government has also provided the defense with marked trial exhibits corresponding to these allegations.

limited purposes of bill of particulars); *United States v. Armocida*, 515 F.2d 49, 54-55 (3d Cir. 1975); *United States v. Perez*, 489 F.2d 51, 70-7l (5th Cir. 1973).

Moreover, none of the case law cited by the defense concerning identification of co-conspirators is from the Fourth Circuit or this District. Here, courts have been more circumspect in requiring the naming of co-conspirators. "Where an indictment, as here, sets forth the discrete acts evidencing a defendant's involvement in a conspiracy, courts have held that the identities of co-conspirators need not be revealed." *United States v. Macauley*, 2011 WL 4853366, at *4 (E.D. Va. 2011) (Cacheris, J.) (citing *United States v. Frye*, 2002 WL 385574, at *2 (W.D. Va. Feb. 20, 2002). *See also United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985) (denial of motion for bill of particulars seeking the names of persons alleged to be in the conspiracy); *Doan*, 184 F. Supp. 3d at 283 ("Here, the indictment describes discrete acts demonstrating defendant's involvement in the alleged conspiracy . . . . Thus, defendant's request for disclosure of his coconspirators must be denied.").[3]

Because the indictment omits no essential detail, and amply allows the defendant to prepare his defense, the *additional* pretrial discovery that the defendants seek through the vehicle of a motion for a bill of particulars should be denied.

III.    THE DISCOVERY PROVIDED IN THIS CASE MAKES A BILL OF PARTICULARS UNNECESSARY, ESPECIALLY WHEN BALANCED AGAINST THE EFFECT IT COULD HAVE UPON THE GOVERNMENT'S CASE.

As detailed above, the United States has provided voluminous discovery in this case. It is well organized, typically accompanied by a detailed index, and, for the electronic evidence, easily searchable using readily-available, free or inexpensive software. The government has even provided the defense with a manageable set of documents that the government considers

---

[3] A defendant is also not entitled to have the government specify the details of overt acts already set forth in the indictment. *United States v. Kilrain*, 566 F.2d at 985.

most important, including the most salient trial exhibits.  This is not, as the defense claims, a case "where discovery is overwhelmingly extensive and the government fails to designate which documents it intends to introduce and which documents are merely relevant to the defense." Def. Mot. at 3 (quoting *United States v. Mahaffy*, 446 F. Supp. 2d 115, 119 (E.D.N.Y. 2006)). Nor, as the defense claims, is this a case where the government has "provided 'mountains of documents to defense counsel who [are] left unguided as to which documents would be proven falsified' at trial."  *Id*. (quoting *United States v. Perry*, 30 F. Supp. 3d 514, 523 (E.D. Va. 2014)). It is not, as the defense posits, one in which the government has produced "voluminous unorganized discovery," *id.* (quoting *United States v. Aispuro*, 2010 WL 1404196, at *6 (D.N.M. 2010)), or where the "large volume of discovery . . . obfuscates the allegedly unlawful conduct," *id*. (quoting *Mahaffy*, 446 F. Supp. 2d at120)).

Where the underlying objectives of a Rule 7 motion are fully satisfied by informal and formal discovery, defendants are not also entitled to an unnecessary bill of particulars.  *See United States v. Society of Ind. Gasoline Marketers of America*, 624 F.2d 461, 466 (4th Cir. 1979) (recognizing adequacy of discovery in the context of antitrust violations); *Duncan*, 598 F.2d at 849 (holding that the defendant was not entitled to a bill of particulars where the government had opened its files for inspection); *United States v. Schembari*, 484 F.2d 931, 935 (4th Cir. 1973) (holding that by making entire file available to defense, prosecution obviated need for bill of particulars).  *See also, e.g., United States v. Atisha*, 804 F.2d 920, 924 (6th Cir. 1986) (recognizing that the government need not elaborate where it has met or exceeded discovery obligations with an "open file" policy).

While the evidence in this case is voluminous, a bill of particulars should not be used to compel the government to synthesize the information for a defendant, thereby unnecessarily confining the government's evidence at trial.  *United States v. Boffa*, 513 F. Supp. 444, 484-85

(D. Del. 1980) (denying motion for bill of particulars to avoid "'freezing' the Government's evidence in advance of trial").

As the court said in *Boffa*, the defendant's need for a bill of particulars must be balanced against the effect it could have upon the government's case:

> One of the main policy reasons for restricting its applicability is to avoid "freezing" the Government's evidence in advance of trial. Such freezing comes about because of the rule that requires proof at trial to conform to the particulars furnished in a bill. Thus, the Court is required to balance restricting the Government's proof against protecting defendants from surprise. Here, however, the Indictment is definite and certain enough to safeguard defendants' rights and to enable them to properly prepare their defense, particularly in the light of the discovery that the Government has provided . . . .

513 F. Supp. at 485 (citations omitted).

Because of the manner in which the United States has produced its discovery in this case, the defendant can synthesize the information through his own reasonably diligent efforts without the need for a bill of particulars. *United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994); *United States v. Konefal*, 566 F. Supp. 698, 702 (N.D.N.Y. 1983); *Deerfield Specialty Papers*, 501 F. Supp. at 810; *United States v. Greater Syracuse Board of Realtors*, 438 F. Supp. 376, 381 (N.D.N.Y. 1977). Balancing this against the potential effect that a bill of particulars could have upon the government's case, the Court should deny the defendant's motion.

## CONCLUSION

In light of the extensive discovery already provided or made available in this case – including (a) one hundred or so of specific documents that the government considers to be most significant to the prosecution; (b) FBI 302s of virtually all of the government's anticipated trial witnesses; and (c) the lion's share of the government's most significant trial exhibits – there will be no unfair surprise. The defendant can more than adequately prepare his defense to this especially detailed indictment.

We therefore ask that the Court, as a matter of discretion, deny the defendant's motion. Neither law nor fairness requires a bill of particulars here, where the United States has provided extraordinarily prompt, complete, and accessible discovery. This should be encouraged rather than penalized by the additional burden of a bill of particulars.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____/s/_____
James P. Gillis
Virginia Bar No. 65055
John T. Gibbs
Virginia Bar No. 40380
Assistant United States Attorneys
United States Attorney's Office for the
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 299-3982 (Fax)
James.P.Gillis@usdoj.gov
John.Gibbs@usdoj.gov

_____/s/_____
Evan N. Turgeon
Trial Attorney
Counterintelligence and Export Control Section
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 353-0176
Evan.Turgeon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2019, I electronically filed the foregoing using the

CM/ECF system, which will send a notification of such filing to counsel of record.

Respectfully submitted,

By:    _____/s/_____
       James P. Gillis
       Virginia Bar No. 65055
       John T. Gibbs
       Virginia Bar No. 40380
       Assistant United States Attorneys
       United States Attorney's Office for the
       Eastern District of Virginia
       2100 Jamieson Avenue
       Alexandria, VA 22314
       (703) 299-3700
       (703) 299-3982 (Fax)
       James.P.Gillis@usdoj.gov
       John.Gibbs@usdoj.gov