UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| | : | |
| BIJAN RAFIEKIAN | : | |
| | : | |
| and | : | |
| | : | |
| KAMIL EKIM ALPTEKIN, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT BIJAN RAFIEKIAN'S OPPOSITION TO GOVERNMENT'S MOTION FOR AN *EX PARTE* HEARING

Defendant Bijan Rafiekian objects to the government's motion to make *ex parte* submissions concerning discovery issues absent a particularized showing, through adversarial proceedings, of exceptional circumstances.[1]

The "fundamental purpose" of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, § 4, "is to protect [] and restrict [] the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (internal citation omitted). Nothing in Section 4 permits the government to make *ex parte* submissions as a matter of right. Rather, Section 4 states that "[t]he court *may* permit the United States to make a request for [*ex parte*] authorization."[2] 18 U.S.C. App. 3 § 4.

The Court has discretion to deny the government's *ex parte* request absent a "sufficient showing" of exceptional circumstances. The defense understands that the government intends to

---

[1] The government's motion and memorandum of law regarding statutory procedures appears to request an *ex parte* hearing but does not explicitly request such a hearing.

[2] Congress modeled the *ex parte* provision of CIPA § 4 on Federal Rule of Criminal Procedure 16(d)(1), which applies to protective orders in criminal cases. Rule 16(d)(1) provides that a court "may" permit a party seeking to restrict or deny discovery to "show good cause by a written statement that the court will inspect *ex parte*."

discuss a single document with the court. Here, the government has declassified at least one 302 and permitted the defense to review it at the government's office. This Court should therefore require a sufficient showing that "the classified document[] the government is producing *ex parte* [is] of a nature and quality distinguishable from the classified document[] already produced to the defendant." *United States v. Libby*, 429 F. Supp. 2d 18, 25 (D.D.C. 2006), *opinion amended on reconsideration*, 429 F. Supp. 2d 46 (D.D.C. 2006).

As a rule, *ex parte* proceedings are disfavored because they compromise the defendant's due process rights. *See Guenther v. Commissioner of Internal Revenue*, 889 F.2d 882, 884 (9th Cir. 1989) ("[E]*x parte* proceedings are anathema in our system of justice.") (internal citation omitted). Barring Mr. Rafiekian's counsel from participating in discovery determinations would (i) constitute an abuse of discretion under Section 4 and (ii) violate Mr. Rafiekian's right to due process by preventing defense counsel from assessing and presenting all relevant arguments concerning the information's relevance. *See United States v. Abuhamra*, 389 F.3d 309 (2d Cir. 2004) ("Particularly where liberty is at stake, due process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to correct or contradict arguments or evidence offered by the other.").

The requested *ex parte* proceeding would further impair the adversarial process and increase the likelihood of an erroneous decision. *See United States v. James Daniel Good Real Property*, 510 U.S. 43, 55 (1993) ("[F]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights…"). Undersigned counsel is uniquely situated to identify where a "reference to what appears to be a neutral person or event" may be critical to Mr. Rafiekian's defense. *Alderman v. United States*, 394 U.S. 165, 182 (1968).

2

Defense counsel are required to pass the same background checks and vetting as judicial personnel and prosecutors before viewing classified materials.  Given defense counsels' prior clearances on separate matters and January 3, 2019 request for clearance in this case, the government cannot reasonably believe that sharing its Section 4 submission under the protections of a CIPA protective order would endanger national security.  *See Libby*, 429 F. Supp.2d at 4 (explaining that "there are fewer threats to national security in disclosing classified documents to a defendant and his attorney who have obtained security clearances, then when disclosure is made to someone who has not received such clearances").

For the foregoing reasons, the defense respectfully requests that the Court deny the government's motion for an *ex parte* hearing.

Respectfully submitted,

*/s/* Mark J. MacDougall
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone:  (202) 887-4000
Fax:  (202) 887-4288
E-mail:   mmacdougall@akingump.com
              shmitchell@akingump.com

*/s/* Robert P. Trout
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone:  (202) 464-3311
Fax:  (202) 464-3319
E-mail:   rtrout@troutcacheris.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 8th day of February 2019, a true and genuine copy of Defendant Bijan Rafiekian's Opposition to Government's Motion for an *Ex Parte* Hearing was sent via electronic mail by the Court's CM/ECF system to the following:

James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office (Alexandria-NA)
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3700
Email: james.p.gillis@usdoj.gov
        john.gibbs@usdoj.gov
        evan.turgeon@usdoj.gov

*/s/* Robert P. Trout
Robert P. Trout (VA Bar # 13642)