UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :    Criminal Case No. 1:18-CR-457 (AJT) |
| | : |
| BIJAN RAFIEKIAN | : |
| | : |
| and | : |
| | : |
| KAMIL EKIM ALPTEKIN, | : |
| | : |
| Defendants. | : |

**DEFENDANT BIJAN RAFIEKIAN'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The Government's Opposition to Defendant's Motion for a Bill of Particulars misconstrues Mr. Rafiekian's Motion and fails to rebut his essential points. Accordingly, the Court should grant Mr. Rafiekian's Motion.

The Government attempts to paint the Motion for a Bill of Particulars as a Trojan Horse enshrouding interrogatories. It is not. It does not seek any evidentiary facts. It seeks only particularization of the criminal statements or actions for which the Government is seeking to send Mr. Rafiekian to prison. Fundamental fairness presupposes fair notice prior to trial of what criminal acts are being charged. Because the Indictment fails to provide such information, a bill of particulars is required.

**ARGUMENT**

**I.    Mr. Rafiekian is Entitled to Understand the Allegations Levied Against Him.**

The purpose of a bill of particulars is "to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). As the Government

acknowledges, "the Court has the discretion to order [a bill of particulars]." Gov. Opp. at 2. The facts here weigh strongly in favor of the Court exercising that discretion in Mr. Rafiekian's favor.

The precise issue presented here—whether disclosure of a sea of documentation is an adequate substitute for reasonable notice—was presented in *United States v. Sampson*, 448 F. Supp. 2d 692 (E.D. Va. 2006). There the indictment charged the defendant with mail fraud by delivering fraudulent documents. *Id.* at 696. The Court required the Government, over objection, to specify in a bill of particulars the documents—and the statements within those documents—it alleged were fraudulent. The Court explained: "In the case of fraud or perjury, it is critical that the government identify in the indictment the dates of the fraudulent conduct, the specific fraudulent documents, and the fraudulent statements within the documents." *Id.* (citing *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)). Because the indictment "fail[ed] to state which specific documents were fraudulent, and what was allegedly fraudulent about the documents at issue," the Court in *Sampson* ordered the Government to provide a bill of particulars "to inform the Defendant of the specific allegations so that he may more appropriately defend the charges." *Id.*

As Mr. Rafiekian points out in his Motion for a Bill of Particulars and accompanying memorandum in support thereof, which Mr. Rafiekian hereby incorporate by reference, the Government's Indictment quotes various statements from the FARA registration and fails to identify what information in the statement is false and in what way the information is false. Not only does this prevent Mr. Rafiekian from understanding the charges against him, but it makes it impossible for him to prepare an effective defense and avoid unfair surprise. It would also—if left unremedied—free the Government to always allege facts at a high level generality, plead around a critical element of the charged offense, and then leave the defendant to guess blindly at

2

the countless possible permutations of what the Government believes will satisfy that critical element of the crime. Accordingly, a bill of particulars is necessary to understand the allegations in the Indictment.

## II. The Government's Pre-trial Discovery Does Not Fairly Apprise Mr. Rafiekian of the Nature of the Charges against Him.

Contrary to the Government's assertion, Mr. Rafiekian's Motion for a Bill of Particulars does not seek to restrict the Government's evidence, nor does it ask for more evidentiary detail. It is not being used as "a tool for discovery"; rather, Mr. Rafiekian has requested clarity and amplification regarding the allegations levied against him.

*Sampson* cited *U.S. v. Bartnovsky*, 820 F.2d 572 (2d Cir. 1987). There, the defendants had been convicted of conspiring to defraud the United States by submitting false insurance claims, based on staged break-ins, to the Federal Emergency Management Administration (FEMA). *Id.* at 573-74. Appellants contended on appeal that the trial court abused its discretion by failing to grant their motion for bill of particulars seeking specification of the false statements constituting the fraud. *Id.* at 573. As here, the Government had responded that particulars were not warranted because of the pre-trial disclosure of numerous documents. *Id.* at 574.

The Second Circuit disagreed and reversed the convictions, holding the district court had abused its discretion in not ordering a bill of particulars:

> We hold that the district court abused its discretion in denying appellants' motion for a bill of particulars identifying which of appellants' insurance claims for burglary losses were fraudulent and which of the many invoices submitted to substantiate these claims were falsified. Accordingly, we reverse the convictions of appellants….and remand for new trial.

*Id.* at 573-74. The *Bortnovsky* holding was an appropriate reaction to an attempt at trial by obfuscation. Here, the Government's pre-trial disclosure of documents does not obviate the need to identify the statements it alleges are fraudulent. *See United States v. Luna*,

3

2006 U.S. Dist. LEXIS 32474 at *5-6 (D. Conn. May 17, 2006) ("[O]verwhelming a defendant with discovery can obscure the particulars of a charge as fully as denying discovery. Thus, when faced with 'mountains' of discovery or 'massive disclosures,' a defendant may still be unable to prepare for trial and prevent surprise").

A defendant charged with making false statements "should not have to waste precious pre-trial preparation time guessing which statements he has to defend against or which contributors may be witnesses against him at trial when the government knows precisely the statements on which it intends to rely and can easily provide the information." *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998); *see also United States v. Rogers*, 617 F. Supp. 1024, 1029 (D. Colo. 1985) (general allegations of false statements are not sufficient); *United States v. Clifford*, 426 F.Supp. 696, 703 n.4 (E.D.N.Y. 1976) (in a false statement case, "[t]he starting point for everything is the statement"). But, that is exactly what the Government will have Mr. Rafiekian do here.

The Government asserts it produced "virtually all" of the documents that it obtained in the course of investigation; over 1.5 million documents. Of these, the Government claims it provided what it believes to be a subset of "core documents" involved in the prosecution, none of which point to the allegedly false statements made by Mr. Rafiekian. It contends that it made available "virtually all" of the FBI 302s "pertinent to this investigation." Indeed, counsel for Mr. Rafiekian was permitted to review heavily redacted FBI 302s—of which they were not provided copies—containing information on a multitude of topics. This only served to hinder Mr. Rafiekian's ability to understand the nature of the charges against him. *See Bortonovsky*, 820 F.3d at 574-75 (noting that the Government's inundation of the defendants with extraneous documents in effect

"hindered" rather than helped the defendants and shifted the burden of proof to the defense). Exhibits the Government purports to introduce at trial were similarly unhelpful. Accordingly, the Government should be required to specify the statements it alleges are false, rather than force Mr. Rafiekian to engage in guesswork.

### III. The Government Should Disclose the Identities of Unindicted Co-Conspirators.

The Court should also order the Government confidentially to disclose the identities of the unindicted co-conspirators referenced in the Indictment. It is telling that the Government does not contend that disclosure would prejudice it (or anyone else). That is significant because disclosure of unindicted co-conspirators is typically ordered in cases where, as here, there is no threat of danger to those alleged co-conspirators. *See United States v. Barrera*, 950 F.Supp. 2d 461, 477 (E.D.N.Y. 2013).

The Government resists that commonsense practice, but its only rationale is its implication that it disclosed discrete acts evidencing Mr. Rafiekian's involvement in the conspiracy. Gov. Opp. at 5 (quoting *United States v. Macauley*, 2011 WL 4853366, at *4 (E.D. Va. 2011)). But, that ignores the reality that disclosure of unindicted co-conspirators is necessary for Mr. Rafiekian to adequately prepare a defense to the charge of conspiracy and avoid unfair surprise at trial. Knowing who the Government believes participated in the alleged conspiracy is itself critical to understanding the Government's conspiracy charge (in particular its scope, manner, and aims) and the Government's charges generally. Therefore, this Court should order the Government to disclose the identities of the unindicted co-conspirators referenced in its Indictment.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Mr. Rafiekian's Motion for Bill of Particulars and order the disclosure of the information requested therein.

Respectfully submitted,

*/s/*
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone:  (202) 887-4000
Fax:  (202) 887-4288
E-mail:   mmacdougall@akingump.com
                shmitchell@akingump.com

*/s/*
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone:  (202) 464-3311
Fax:  (202) 464-3319
E-mail:   rtrout@troutcacheris.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 11th day of February 2019, a true and genuine copy of Defendant Bijan Rafiekian's Reply to Government's Opposition to Defendant's Motion for Bill of Particulars was sent via electronic mail by the Court's CM/ECF system to the following:

James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office (Alexandria-NA)
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3700
Email: james.p.gillis@usdoj.gov
 john.gibbs@usdoj.gov
 evan.turgeon@usdoj.gov

/s/
Robert P. Trout (VA Bar # 13642)