UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BIJAN RAFIEKIAN | ) | Case Number 1:18-cr-457-AJT-1& 2 |
| | ) | |
| and | ) | |
| | ) | |
| KAMIL EKIM ALPTEKIN, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

By Order dated January 4, 2019, the Court scheduled a hearing on February 8, 2019 on any requests by the United States for determinations under Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 4. On February 1, 2019, the Government submitted its Classified, *Ex Parte*, *In Camera* Memorandum of Law and Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure [Doc. No. 38] (the "Section 4 Submission"). On February 8, 2019, Defendant Bijan Rafiekian filed an Opposition to the Government's Motion for an *Ex Parte* Hearing [Doc. No. 41] (the "Opposition"). That same day, the Court held, as scheduled, an *ex parte*, *in camera* hearing on the Section 4 Submission, in connection with which the Court has considered the Opposition, which the Court construes as a motion to allow Defendant to participate in a hearing as to the government's Section 4 Submission.

Pursuant to Section 4 of CIPA, the Court "may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the

1

information for such classified documents, or to substitute a statement admitting relevant facts." The Court "may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone." 18 U.S.C. App. 3 § 4. Federal Rule of Criminal Procedure 16(d)(1) also provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief," and "may permit a party to show good cause by a written statement that the court will inspect *ex parte*." "Good cause includes the protection of information vital to the national security." *United States v. Moussaoui*, 591 F.3d 263, 281 (4th Cir. 2010) (quoting *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008)) (alternations and internal quotation marks omitted).

The purpose of a hearing under Section 4 is twofold: to consider (1) whether classified information is responsive to the government's discovery obligations; and (2) if so, whether that classified information may be withheld or provided in a substitute form. While the text of CIPA and Fed. R. Crim. P. 16(d) refer only to *ex parte* written submissions, courts have recognized that "[i]n a case involving classified documents, . . . *ex parte*, *in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information." *Aref*, 533 F. 3d at 81 (quoting *United States v. Klimavicius-Viloriam*, 144 F.3d 1249, 1261 (9th Cir. 1988)). Such allowances are necessary because "[w]hen the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." *Id.* (internal quotation marks omitted).

Based on the information and documents provided to the Court by the United States in its *ex parte*, *in camera* Section 4 Submission and at the *ex parte* hearing held on February 8, 2019, as well as the Defendant's Opposition and *Ex Parte* Memorandum in Support of His Motion to

Set a September Trial Date [Doc. No. 33], which advised the Court of his anticipated defense strategy and legal theories, the Court concludes that the participation of defense counsel in a hearing on the Section 4 Submission is unwarranted and that it is in a fully informed position to consider and rule on the issues presented in the Section 4 Submission without the disclosure to defense counsel of any of the classified documents at issue or the participation of defense counsel in a Section 4 hearing. Accordingly, it is hereby

ORDERED that Defendant Bijan Rafiekian's Opposition to Government's Motion for an *Ex Parte* Hearing [Doc. No. 41], which the Court construes as a motion for Defendant to participate in a hearing on the government's Section 4 Submission, be, and the same hereby is, DENIED.

The Clerk is directed to forward a copy of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
February 12, 2019