UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :  Criminal Case No. 1:18-CR-457 (AJT) |
| | : |
| BIJAN RAFIEKIAN | : |
| | : |
| and | : |
| | : |
| KAMIL EKIM ALPTEKIN, | : |
| | : |
| Defendants. | : |

**MEMORANDUM IN SUPPORT OF
DEFENDANT BIJAN RAFIEKIAN'S MOTION TO COMPEL**

Defendant Bijan Rafiekian respectfully moves the Court to compel the United States to produce all *Giglio* material in the government's possession, including (without limitation) unredacted versions of all statements, transcripts, notes, records, and memoranda which incorporate, recite, or reflect statements made by Michael T. Flynn to any agent, employee, representative, or elected official of any branch of the United States government including, without limitation, all such statements, transcripts, notes, records and memoranda that include false or misleading assertions made or acknowledged by Mr. Flynn.

**BACKGROUND**

The indictment in which Mr. Rafiekian is charged identifies Mr. Flynn—referred to in the indictment as "Person A"—as a key figure in the government's narrative. On December 1, 2017, Mr. Flynn pled guilty to one felony count of making a false statement to the FBI in violation of 18 U.S.C. § 1001. Mr. Flynn's plea agreement requires him to "testify . . . at any and all trials or other court proceedings in the District of Columbia and elsewhere, at which [Mr. Flynn's] testimony may be deemed relevant by the Government." The Statement of Facts executed on or about

November 30, 2017, in connection with Mr. Flynn's plea agreement, references numerous other uncharged false statements to federal agents. According to numerous public sources, Mr. Flynn made other false statements to government officials and investigating agents that were not included in the information or statement of facts associated with the plea agreement in his case.[1]

To date, the government has made available for defense counsel's review certain FD-302 memoranda of interviews of Mr. Flynn. The government acknowledges that (i) the documents made available for review are an incomplete subset of all statements by Mr. Flynn to government agents (including the Office of Special Counsel) and (ii) a significant portion of the text of these documents has been heavily redacted.[2]

On January 25, 2019, in response to undersigned counsel's written request for discovery under Federal Rules of Criminal Procedure 16(a), the government provided assurances that it would "of course comply with all of [the government's] *Brady*, *Giglio*, Jencks, and Rule 16 obligations." Following the February 13, 2019 hearing before the Court, undersigned counsel raised with Assistant U.S. Attorneys John Gibbs and Evan Turgeon the issue of the government's disclosure obligations under the *Giglio* doctrine as they relate to Mr. Flynn. On February 19, 2019, undersigned counsel formally requested that the government produce, consistent with the requirements of *Giglio*:

---

[1] *See, e.g.*, Letter from Michael T. Flynn, Former Assistant to the President and Former National Security Advisor (Feb. 13, 2017) (available at https://www.whitehouse.gov/sites/whitehouse.gov/files/docs/flynn-resignation-ltr.pdf) (acknowledging that Flynn provided "incomplete information" to Vice President Mike Pence and "others"); Charles Ventura, *Full Text of Michael Flynn's Resignation Letter*, USA TODAY (Feb. 14, 2017), https://www.usatoday.com/story/news/politics/onpolitics/2017/02/14/michael-flynn-resignation-letter-national-security-adviser-russia/97884526/ (explaining that Flynn resigned after providing "misleading information" to "top White House officials"); Abby Phillip, Ellen Nakashima, and Jenna Johnson, *Pence Did Not Learn That Flynn Mislead Him On Russia Until Last Week*, WASH. POST (Feb. 14, 2017), https://www.washingtonpost.com/news/post-politics/wp/2017/02/14/trump-was-told-weeks-ago-that-flynn-misled-vice-president-about-russia-contacts-white-house-says/?noredirect=on&utm_term=.b18d82c8d6df (citing Sean Spicer's statement that the President asked Mr. Flynn to resign due to "the evolving and eroding level of trust").

[2] Email from James Gillis to Mark MacDougall, copying Evan Turgeon, John Gibbs, Bob Trout, and Stacey Mitchell (Feb. 22, 2019), attached hereto as Exhibit A.

all statements, reports, memoranda and other communications that contain, repeat, summarize, attribute or otherwise characterize every statement of every kind made by or on behalf of Mr. Flynn, to or in the presence of any representatives, employees agents or officials of any branch or agency of the United States government since no later than January 1, 2016 . . . includ[ing]—without limitation—in this request:

(a) memoranda of every interview and every other contact with Mr. Flynn by special agents or other employees of the FBI—whether such memoranda are recorded on forms FD-302—without redaction or any other obfuscation of content;

(b) all notes prepared by any special agents or other employees of the FBI in connection with each such interview or other contact with Mr. Flynn;

(c) correspondence submitted to the government by any lawyers representing Mr. Flynn in connection with the investigation of Mr. Flynn or the negotiation and execution of his plea agreement;

(d) all statements made by Mr. Flynn and intercepted, monitored or otherwise recorded by any agency of the United States government (including, without limitation, all communications with Sergey Kislyak and any other official, agent or employee of the Russian Federation);

(e) memoranda of every interview and every other contact with Mr. Flynn by investigating agents or other employees of any other agency of the United States government without redaction or any other obfuscation of content; and

(f) records, in whatever form, of all interviews, interrogations, or other contacts with Mr. Flynn in connection with any background investigations of Mr. Flynn conducted by any agency of the U.S. government for any purpose since January 1, 2016.[3]

On February 22, 2019, the government responded that it "must decline [the] request," basing its refusal on a government-determined standard of relevance that "General Flynn spoke to the FBI on a number of occasions on matters having nothing to do with Mr. Rafiekian specifically, or with Turkey or the Turkey project in general."[4] The government further stated, "We have read those 302s and are in the process of re-reviewing them with our *Giglio* obligations in mind . . . .

---

[3] Email from Mark MacDougall to James Gillis, copying Evan Turgeon, and John Gibbs (Feb. 19, 2019), attached hereto as Exhibit A.

[4] Email from James Gillis to Mark MacDougall (Feb. 22, 2019), attached hereto as Exhibit A.

Once we complete our prompt review of the unredacted 302s held by the Special Counsel's Office, we will timely produce any *Giglio* information that we should find."

## ARGUMENT

### A. The Government Has a Constitutional Duty to Produce All Materials in Its Possession Favorable to the Defense.

It is a well-settled constitutional principle that the government must disclose information that may impeach the character or testimony of a prosecution witness. *See, e.g.*, *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Sterling*, 724 F.3d 482, 513 (4th Cir. 2013); *Boone v. Paderick*, 541 F.2d 447(4th Cir. 1976) (finding failure to disclose witness cooperation agreement violated *Giglio*).

Under the *Giglio* doctrine, the government must disclose to Mr. Rafiekian's counsel all material tending to impeach the character or testimony of a prosecution witness. *See Smith v. Branker*, 461 F. App'x 336, 337–38 (4th Cir. 2012) ("[E]vidence is favorable not only when it would tend to exculpate the accused, but also when it can be used to impeach the prosecution's witnesses. Evidence tending to impeach a witness for the State must be disclosed to the defendant if known to the prosecution.") (internal citations omitted); *see also Spicer v. Roxbury Corr. Inst.*, 194 F. 3d 547, 556 (4th Cir. 1999) ("Evidence that can be used to impeach a witness is unquestionably subject to disclosure under *Brady*"); *Horton v. United States*, 983 F. Supp. 650, 654 (E.D. Va. 1997) ("[T]he government's duty to disclose this evidence encompasses not only material that is in the possession of the prosecutor, but also material that is known to others acting on the government's behalf in the case, including the police.") (internal citation and quotation omitted); *United States v. Reyeros*, 537 F.3d 270, 281 (3d Cir. 2008) ("[A] federal prosecutor is charged with knowledge of information possessed by other agents of the federal government when those agents are a part of a "prosecution team."). The government's disclosure obligations are

continuing in nature. *See United States v. Cheatham*, 500 F. Supp. 2d 528, 535 (W.D. Pa. 2007) ("[T]he Government has a continuing obligation to supplement the discovery it has produced under Rule 16 . . . as well as obligations pursuant to *Brady*, *Giglio*, and the Jencks Act which it may not ignore.").

Mr. Flynn is a principal witness expected to testify at Mr. Rafiekian's trial. Mr. Flynn has admitted to making numerous false statements to the Vice President of the United States, to FBI agents conducting a criminal investigation, and unspecified others. The *Giglio* material sought by defense counsel goes directly to Mr. Flynn's credibility and is plainly impeachment material. *See Wearry v. Cain*, 136 S. Ct. 1002 (2016) (holding that the State's failure to disclose statements casting doubt on a government witness violated defendant's due process rights); *Wolfe v. Clarke*, 691 F.3d 410, 416 (4th Cir. 2012) (finding that the Government violated defendant's constitutional rights under *Giglio* when it "presented [a government witness's] trial testimony despite having information in its possession indicating that the testimony was false") (internal citation omitted); *United States v. Rosga*, No. 10-cr-170, 2010 U.S. Dist. LEXIS 126080, at *5 (E.D. Va. Nov. 30, 2010) (ordering disclosure to defendant of the fact that a government witness failed to advise his supervisor of a traffic citation because "[t]his could arguably affect [the witness's] credibility"); FED. R. EVID. 608 ("A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness.").

Despite repeated requests from defense counsel, the government has declined to produce complete and unredacted summaries of Mr. Flynn's interviews and related statements that clearly constitute *Giglio* material. As Judge Emmet Sullivan of the U.S. District Court for the District of Columbia noted in the trial of Senator Ted Stevens, exculpatory material must "be turned over in a useable format because, as we've seen in this case, the use of summaries is an opportunity for

5

mischief and mistake[.]"[5] The provision of heavily redacted FD-302s does not meet the government's constitutional disclosure obligation. Given the prospects of a government witness with Mr. Flynn's characteristics, the nature and extent of *Giglio* material that must be disclosed should not be determined solely by prosecutors who base their choices on a standard of relevance devised by themselves.

        **B.    *Giglio* Information Must Be Produced Sufficiently in Advance of Trial to Ensure Meaningful Use by Mr. Rafiekian.**

*Giglio* material must be disclosed sufficiently in advance of trial to enable a defendant to make meaningful use of the material. *See United States v. Elmore*, 423 F.2d 775, 779 (4th Cir. 1970) ("[D]isclosure to be effective must be made at a time when the disclosure would be of value to the accused. Manifestly, a more lenient disclosure burden on the government would drain *Brady* of all vitality.") (internal citation and quotation omitted); *see United States v. Noel*, No. 08-cr-186-03, 2009 U.S. Dist. LEXIS 72448, at *2–3 (E.D. Va. Aug. 14, 2009) ("*Brady* material must be disclosed in sufficient time to be of meaningful use to the defendant.").

The Court directed the parties to file pre-trial motions within sixty days. To make meaningful use of the *Giglio* material, Mr. Rafiekian will need sufficient time to fully develop and investigate the unredacted materials contained in the FD-302 interview summaries of Mr. Flynn as well as all evidence of false statements made by Mr. Flynn in the possession of the government. That evidence can be easily located, based on public statements by Mr. Flynn as well as statements filed by the government in Mr. Flynn's criminal prosecution in the District of Columbia.

As we have conveyed to the government, undersigned counsel is prepared to formulate an appropriate proposed protective order for submission to the Court immediately. To the extent any

---

[5] Tr. of Proceedings at 8–9, *United States v. Stevens*, No. 1:08-cr-00231 (D.D.C. Apr. 7, 2009), ECF No. 374.

*Giglio* material relating to Mr. Flynn is classified, one or more of Mr. Rafiekian's lawyers is immediately eligible for the security clearance needed to review such evidence and has submitted that request to the Department of Justice security officer. Given the time-consuming nature of reviewing classified information under proper controls and the impending deadline for pre-trial motions, the government should be required to disclose the requested *Giglio* materials without further delay. Mr. Rafiekian respectfully moves the Court compel the immediate production of the *Giglio* materials described in subsections (a)-(f) above.

## CONCLUSION

For the foregoing reasons, Mr. Rafiekian respectfully requests that the Court grant his Motion to Compel.

Dated: March 1, 2019

Respectfully submitted,

/s/
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: mmacdougall@akingump.com
shmitchell@akingump.com

/s/
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone: (202) 464-3311
Fax: (202) 464-3319
E-mail: rtrout@troutcacheris.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 1st day of March 2019, a true and genuine copy of Memorandum in Support of Defendant Bijan Rafiekian's Motion to Compel was sent via electronic mail by the Court's CM/ECF system to the following:

    James P. Gillis
    John T. Gibbs
    Evan N. Turgeon
    U.S. Attorney's Office (Alexandria-NA)
    2100 Jamieson Avenue
    Alexandria, VA 22314
    Telephone:  (703) 299-3700
    Email:  james.p.gillis@usdoj.gov
           john.gibbs@usdoj.gov
           evan.turgeon@usdoj.gov

                                                */s/*
                                            Robert P. Trout (VA Bar # 13642)