# EXHIBIT A

**From:** Gillis, James P. (USAVAE) <█████████████>
**Sent:** Friday, February 22, 2019 9:51 AM
**To:** MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Cc:** Turgeon, Evan (NSD) (JMD) <████████████████>; Gibbs, John (USAVAE) <███████████████>; Trout, Robert (External) <rtrout@troutcacheris.com>; Mitchell, Stacey <shmitchell@akingump.com>
**Subject:** RE: U.S. v. Rafiekian et al.


**\*\*EXTERNAL Email\*\***

Mark,

I must decline your request.  General Flynn spoke to the FBI on a number of occasions on matters having nothing to do with Mr. Rafiekian specifically, or with Turkey or the Turkey project in general.  We have read those 302s and are in the process of re-reviewing them with our *Giglio* obligations in mind.  As you are of course aware, *Giglio* requires us to provide impeaching *information*, not any particular documents in which the information may be contained.

Once we complete our prompt review of the unredacted 302s held by the Special Counsel's Office, we will timely produce any *Giglio* information that we should find.  In other words, the government will comply with all of its *Giglio* obligations.  I do not need to restate the myriad case law that emphasized that *Giglio* is not a discovery tool, but an obligation imposed upon the prosecution.  The manner in which we plan to fulfill that obligation in this case is quite routine and well accepted.

Best regards,

Jim

James P. Gillis
Assistant United States Attorney
Office:   (703) 299-███
Mobile: █████████

---

**From:** MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Sent:** Tuesday, February 19, 2019 3:34 PM
**To:** Gillis, James P. (USAVAE) <█████████████>
**Cc:** Turgeon, Evan (NSD) (JMD) <███████████████████>; Gibbs, John (USAVAE) <███████████████>; Trout, Robert (External) <rtrout@troutcacheris.com>; Mitchell, Stacey <shmitchell@akingump.com>
**Subject:** U.S. v. Rafiekian et al.

Dear Jim,

On January 25, 2019, in response to our written request for discovery as mandated under Fed. R. Crim. P. 16(a), you assured us that the government "will of course comply with all of [the government's] *Brady*, *Giglio*, Jencks, and Rule 16 obligations."  While we appreciate those assurances, I am writing today with regard to the government's disclosure obligations under the *Giglio* doctrine as they relate specifically to Michael Flynn.  We raised this issue with John Gibbs and Evan Turgeon following the hearing on Wednesday, February 13, 2019 but we do not believe any progress was made toward a resolution in that brief discussion.

The Indictment in which Mr. Rafiekian is charged identifies a central character in the government's narrative as "Person A" – obviously Michael Flynn.  The plea agreement entered into by Mr. Flynn with the Department of Justice at the same time requires that he, "testify…at any and all trials or other court proceedings in the District of Columbia and elsewhere, at which [Mr. Flynn's] testimony may be deemed relevant by the Government."  On December 1, 2017, Mr. Flynn entered a plea of guilty to one felony count of making a false statement to the Federal Bureau of Investigation in violation of 18 U.S.C. § 1001.  As indicated in the Statement of Facts executed on or about November 30, 2017 in connection with that plea, Mr. Flynn made numerous other uncharged false statements to the federal agents who questioned him in connection with the FBI investigation into efforts by the Russian Federation to interfere in the 2016 presidential elections.  According to media accounts, Mr. Flynn may have made other false statements to government officials and agents that were not included in the Information, Statement of Facts of Plea Agreement filed in Mr. Flynn's case.

There is no question that Michael Flynn, consistent with the terms of his plea agreement, will be called testify as a witness for the government at our client's trial in July.  Under the *Giglio* doctrine, Mr. Rafiekian and his counsel must be provided with all material tending to impeach the character or testimony of a prosecution witness.  While we have been given access to certain (FD 302) memoranda of interviews of Mr. Flynn, we understand that those documents are an incomplete subset of all statements by Mr. Flynn to government agents (including the Office of Special Counsel).  Moreover, a significant portion of the text of the relevant documents that we have been permitted to review has been heavily redacted.  We do not agree with the view that you have articulated – and which was repeated by Messrs. Gibbs and Turgeon following last Wednesday's hearing – that in the case of a government witness with Mr. Flynn's characteristics, the nature and extent of *Giglio* material that must be disclosed to Mr. Rafiekian may be decided by the prosecutors based upon some standard of relevance that they themselves determine.

So the purpose of this letter is to formally request, consistent with the requirements of *Giglio v. United States* and its progeny, that the government produce all statements, reports, memoranda and other communications that contain, repeat, summarize, attribute or otherwise characterize every statement of every kind made by or on behalf of Mr. Flynn, to or in the presence of any representatives, employees agents or officials of any branch or agency of the United States government since no later than January 1, 2016.  We specifically include – without limitation – in this request: (a) memoranda of every interview and every other contact with Mr. Flynn by special agents or other employees of the FBI – whether such memoranda are recorded on forms FD-302 – without redaction or any other obfuscation of content; (b) all notes prepared by any special agents or other employees of the FBI in connection with each such interview or other contact with Mr. Flynn; (c) correspondence submitted to the government by any lawyers representing Mr. Flynn in connection with the investigation of Mr. Flynn or the negotiation and execution of his plea agreement; (d) all statements made by Mr. Flynn and intercepted, monitored or otherwise recorded by any agency of the United States government (including, without limitation, all communications with Sergey Kislyak and any other official, agent or

employee of the Russian Federation); (e) memoranda of every interview and every other contact with Mr. Flynn by investigating agents or other employees of any other agency of the United States government without redaction or any other obfuscation of content; and (f) records, in whatever form, of all interviews, interrogations or other contacts with Mr. Flynn in connection with any background investigations of Mr. Flynn conducted by any agency of the U.S. government for any purpose since January 1, 2016.

This request is not intended to waive any subsequent requests that may be made by Mr. Rafiekian pursuant to Fed. R. Crim. P. 16, *Brady*, *Giglio*, the Jencks Act or any other doctrine or statutory provision that may entitle a criminal defendant to discovery.  To the extent you believe that any *Giglio* material relating to Mr. Flynn should be subject to a protective order, the Court has already directed the parties to cooperate in drafting such a proposed order.  We are, of course, prepared to work with you to formulate an appropriate proposed protective order for submission to the Court without delay.  To the extent any *Giglio* material relating to Mr. Flynn is classified, one or more of Mr. Rafiekian's lawyers is already eligible for the security clearance needed to review such evidence - under the proper controls – and has submitted that request to the Department of Justice security officer.

Pre-trial motions are now due to be filed within sixty days and trial is set to commence in less than five months.  We hope that the materials requested in this letter will be produced promptly and we are prepared to work with you toward that end.  Please call if you would like to discuss any aspect of this letter in greater detail.

Regards,

Mark

**Mark J. MacDougall**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
1333 New Hampshire Avenue, N.W.  |  Washington, DC 20036-1564  |  USA  |  Direct: +1 202.887.4510  |  Internal: 24510
Fax: +1 202.887.4288  |  mmacdougall@akingump.com  |  akingump.com  |  Bio

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.