UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 1:18-CR-457 (AJT) |
| : | |
| BIJAN RAFIEKIAN, et al. : | |

## NON-PARTY COVINGTON & BURLING LLP'S
## CONSENT MOTION TO EXTEND TIME TO COMPLETE PRODUCTION

On April 9, 2019, the Court entered an Order denying Covington & Burling LLP's motion to quash in part the subpoena issued to Covington at Defendant Bijan Rafiekian's request. ECF 101. The April 9 Order requires Covington to complete its production of responsive documents by April 20 pursuant to an agreed protective order. *Id*. Covington is prepared to produce over 15,000 pages upon entry of the protective order but, despite Covington's best efforts to meet the April 20 deadline, Covington will be unable to complete its production by April 20. Defendant has agreed to extend until May 3 Covington's time to complete its production. Covington respectfully requests that the Court approve that extension.

In support of this request, Covington states as follows:

1.	Before Covington filed its motion to quash in part, it produced all of its documents responsive to seven of the eight categories of Defendant's subpoena. On March 25, Covington produced non-privileged documents responsive to the eighth subpoena category, which production Defendant's counsel noted to the Court consisted of approximately 67,000 pages.

2.	At the conclusion of the March 29 hearing on Covington's motion to quash the subpoena in part, the Court ordered Covington to make a partial additional production on a schedule to be agreed by the parties, ECF 93, and also suggested that Covington should begin

segregating its potentially responsive documents from other documents in its files. ECF 94 at 43-44. Covington immediately devoted several attorneys to those efforts.

3. The April 9 Order required Covington to produce the rest of its documents responsive to the subpoena, including privileged documents and attorney work product, subject to an agreed protective order. ECF 101.

4. Since that April 9 Order, Covington has been working diligently to complete its collection and review of email, other electronic documents, and paper files and notepads, that may contain information responsive to the subpoena.

5. Covington has devoted 20 attorneys to the collection and review, the majority of whom have been working full-time on the review and production since shortly after the April 9 Order.

6. Covington has made significant progress and is prepared to produce over 15,000 pages of privileged and work product documents upon entry of the protective order negotiated by the parties (we anticipate that Defendant will submit an agreed order to the Court for approval at the April 19 status conference in this case).

7. However, Covington will be unable, despite its best efforts, to complete its entire production by the April 20 deadline. Covington has completed its collection efforts but has yet to review for responsiveness to the subpoena about 100,000 pages of collected documents. The number of responsive documents in that collection is unknown, and Covington estimates it will take up to two weeks to complete the remaining review and produce any additional responsive documents.

8.     Defendant has agreed to extend until May 3 Covington's time to complete its production, and Covington has agreed to make periodic productions to Defendant as those batches are available before May 3.

9.     In sum, Covington already has produced in response to the subpoena over 67,000 pages of non-privileged documents, and is prepared to produce 15,000 pages of privileged and work product documents upon entry of the protective order.  Despite devoting 20 attorneys to compliance with the April 9 Order and the subpoena, Covington needs an additional two weeks to complete its production and Defendant has kindly consented to that additional time.

10.    Accordingly, Covington respectfully requests that the Court extend until May 3, 2019, Covington's time to produce the rest of its documents responsive to the subpoena.

11.    Covington respectfully requests that the Court hear this Motion in connection with the case status conference previously set for April 19 and has submitted a Notice of Hearing to effect.

Dated:  April 18, 2019                                     Respectfully submitted,

  /s/Daniel E. Johnson
Daniel E. Johnson (VSB 88696)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-5224
Fax: (202) 778-5224
dejohnson@cov.com
*Counsel for Covington & Burling LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 18, 2019, a true copy of the foregoing was filed via the Court's CM/ECF system, which will send a copy via electronic email to the following:

Mark J. MacDougall
Stacey Mitchell
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Ave., N.W.
Washington, D.C. 20036
mmcacdougall@akingump.com
shmitchell@akingump.com

Robert Trout
Trout Cacheris & Solomon PLLC
1627 Eye Street, N.W.
Suite 1130
Washington, D.C. 20006
rtrout@troutcacheris.com

James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
james.p.gillis@usdoj.gov
john.gibbs@usdoj.gov
evan.turgeon@usdoj.gov

           /s/ Daniel E. Johnson
Daniel E. Johnson (VSB 88696)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-5224
Fax: (202) 778-5224
dejohnson@cov.com
*Counsel for Covington & Burling LLP*