IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:18-CR-457 (AJT) |
| | ) | |
| BIJAN RAFIEKIAN | ) | |
| | ) | |
| Defendant. | ) | |

**NON-PARTY COVINGTON & BURLING LLP'S
MEMORANDUM IN SUPPORT OF PROPOSED PROTECTIVE ORDER**

Pursuant to this Court's April 19, 2019 Order, ECF 111, non-party Covington & Burling

LLP submits the attached proposed protective order, Ex. 1, to govern Covington's production of

documents in response to the subpoena issued at the request of Defendant Bijan Rafiekian.

Consistent with this Court's April 9 Order, ECF 101 at 12-13, Covington's proposed

order prohibits disclosure of privileged information to third parties. It is the same protective

order Defendant had proposed, though Defendant apparently is no longer willing to abide by it

because he wants the right to waive at trial Flynn Intel Group, Inc.'s ("FIG") privileges for the

documents produced by Covington. Although this Court ruled that Defendant may review those

documents under a protective order, the Court has not ruled that he may waive the FIG privilege

without FIG's consent. To the contrary, the Court ordered that a protective order should be

entered to prohibit disclosure of privileged information to third parties. *Id*. Covington's proposed

protective order complies with the Court's April 9 order.

Defendant has no right to waive FIG's privileges without FIG's consent. But even if had

some right to waive, the Court should not rule in a vacuum that Defendant may waive FIG's

privileges, but rather should address any disclosure issues on a document-by-document basis. At

this point, we do not know whether Defendant will even wish to disclose any of the Covington

production at trial, let alone what those documents may be or whether FIG would oppose such disclosure. The prudent course therefore is to enter the attached protective order (Ex. 1). If Defendant proposes to disclose specific privileged information at trial, he may seek FIG's permission or, if necessary, the Court's permission, to disclose it. The proposed protective order will not unduly prejudice Defendant in any way.

## BACKGROUND

On March 29, this Court held a hearing on Covington's motion to quash defendant's subpoena in part. To convince the Court to deny Covington's motion, Defendant argued, "*Now, there's no issue with regard to privilege regarding the Flynn Intel Group,*" because Defendant merely sought "access to a legal file that he has a lawful right to." Mar. 29, 2019 Tr. at 33:17-20 (emphasis added). Should any privilege issues arise, he argued, "those can be worked out with counsel or, if necessary, with the Court's assistance. *The Court can deal with the question of showing the prosecutors the file with a protective order.*" *Id.* at 33:21-25 (emphasis added).

The Court accepted Defendant's representations and suggestions. The Court's April 9 Order required Covington to produce all documents within the scope of the subpoena but, "because some of the subpoenaed documents may remain privileged as to third-parties, the Court will order that Covington's . . . production be subject to a protective order to be agreed upon by the parties." ECF 101 at 12-13. The Court directed the parties to attempt to agree on a proposed protective order. *Id*. at 13.

The next day, April 10, Covington asked Defendant to provide a draft order and, on April 16, he did so. Ex. 2. Defendant's proposed order provided, in pertinent part, "Except with the prior authorization of the Court, the defendant and his attorneys shall not disclose to anyone the contents of the documents provided by Covington and [Kristen] Verderame." *Id.* at ¶ 3.

Covington then suggested changes to that draft, but followed the main thrust of Defendant's

statements at the March 29 hearing and his draft order, with Covington's proposed protective

order similarly stating, in pertinent part, "Neither Defendant nor his attorneys shall disclose to

anyone the Protected Information except in a sealed filing.'' Ex. 3 at ¶ 3. Thus, both proposed

orders would prohibit disclosure to anyone other than Defendant and his attorneys.

Defendant rejected Covington's proposed revisions and, in a reversal from his statements

to the Court and his proposed protective order, argued that Defendant should be free to disclose

at trial the documents produced by Covington. Because it was entirely hypothetical whether

Defendant would actually want to disclose any privileged documents at trial (Covington had not

yet produced any privileged documents), Covington proposed amending its draft to include, "If

Defendant or his counsel wish to use or disclose Protected Information at trial, they may do so

only under a separate order." Ex. 3 at ¶ 8. Defendant rejected that proposal as well, but has not

sent alternative language to Covington for review.

On April 19, this Court ordered the parties to submit proposed protective orders by

April 24 and that Covington should, in the meantime, produce documents to be viewed only by

the parties and their counsel. ECF 111. On April 20, Covington produced over 20,000 pages of

documents and is continuing to produce batches of documents as they are available.

## ARGUMENT

Defendant represented to the Court that Covington's production would not risk waiver of

any privilege and that a protective order should shield the prosecution from the documents. Tr. at

33:17-25. He then proposed a protective order that would provide that shield, but now he

apparently seeks to reverse course and waive FIG's privileges at trial. Defendant has no right to

waive those privileges without FIG's consent and any such disclosure could cause FIG great

3

harm. The Court therefore should enter Defendant's original proposed order (Ex. 1) which, as

Defendant recognized when he proposed it, does not unduly prejudice him. If Defendant later

finds that he wants to disclose certain documents at trial, he may seek FIG's consent or an order

from the Court permitting him to do so.

**I.      Defendant Has No Right to Waive FIG's Privileges.**

Although this Court concluded that Defendant possesses the same right as General Flynn

to *review* FIG's privileged documents, ECF 101 at 5, 8, that does not mean, and the Court did not

rule, that Defendant possesses the right to *waive* FIG's privilege. Indeed, the cases the Court

cited stand only for the proposition that directors and former directors have a right to *view*

corporate records—not that they have a right to disclose the records at trial. In *Kalisman v.*

*Friedman*, 2013 WL 1668205, at *8 (Del. Ch. Apr. 17, 2013), for example, the court explicitly

stated that its ruling "addresses only the production of documents" and not "their use or potential

restrictions that may be necessary to avoid or limit any waiver of privilege." *Moore Bus. Forms,*

*Inc. v. Cordant Holdings Corp.* similarly addressed plaintiff's motion to compel discovery, not

its right to disclose documents it obtained. 1996 WL 307444 (Del. Ch. June 4, 1996). And in

*Kirby v. Kirby*, the court examined plaintiffs' motion to compel production of documents in a

civil dispute over membership of a charitable foundation; it did not rule that plaintiffs could

disclose them to third parties. 1987 WL 14862 (Del Ch. July 29, 1987).

Defendant has no authority to waive FIG's privilege. The power to waive a corporation's

privilege "rests with the corporation's management and is normally exercised by its officers and

directors," *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348-49 (1985)

4

(internal citation omitted).[1] Michael T. Flynn is the controlling shareholder of FIG, holding over 50% of its shares. He also is FIG's duly-appointed Chairman and CEO, and the only FIG representative authorized to waive the corporation's privilege. Defendant has a minority stake, is an inferior officer, and is not currently authorized to waive any FIG privilege. Were Defendant to seek authority to waive the FIG privilege and were FIG's controlling shareholder and CEO to oppose that waiver, Defendant would be outvoted.

Defendant himself has suggested that General Flynn, the controlling shareholder, Chairman and CEO, could not properly waive FIG's privilege without *Defendant's* consent. ECF 53, at 5, 11 (stating that "[t]he question of how Covington could have lawfully issued sophisticated instructions . . . regarding waivers of the Corporation's attorney-client privilege . . . suggests no obvious answer" and questioning the "authority of FIG's outside counsel to grant a series of waivers of the attorney-client and related privileges on behalf of the company."). By this same logic, Defendant — an inferior officer and minority shareholder — certainly cannot waive FIG's privilege without the consent of FIG, which is controlled by General Flynn.

## II.    Any Unauthorized Waiver of FIG's Privilege Would Impair FIG's Interest.

FIG remains subject to several investigations, including ongoing congressional inquiries in which it is asserting its privilege. Publication of privileged documents at trial, without any opportunity for FIG to be heard or for this Court to address the issue before disclosure, risks waiver of FIG's privilege with respect to these other matters and thus harm to FIG. Although this Court found Defendant's purpose in *seeking* FIG's documents is not adverse to FIG's interests, it does not follow that Defendant's purpose in *waiving* FIG's privilege would be aligned with

---

[1] The Court's April 9 Order cited *Lane v. Sharp Packaging Sys., Inc.*, 251 Wis.2d 68 (2002) (Abrahamson, C.J., dissenting), which also noted that only the corporation may waive the privilege. *Id.* at 124.

FIG's interest. The Court recognized as much when it ordered that Covington's production may be subject to a protective order prohibiting disclosure to third parties. ECF 101, at 12-13. Without such an order preventing Defendant from disclosing FIG's documents to the government or other third parties, he could greatly injure FIG's interest.

### III.     The Court Should Not Rule On The Waiver Issue In A Vacuum.

At this juncture, Defendant's desire to waive FIG's privilege is hypothetical. We do not know what, if anything, Defendant would like to disclose at trial. The speculative nature of Defendant's request militates in favor of adopting Covington's proposed protective order. Should Defendant wish to disclose particular privileged information at trial, FIG should have the opportunity to decide the scope of the privilege that Defendant may waive. This decision might be made in the first instance through FIG's corporate decision-making process or an independent committee or counsel. *See* ECF 101 at 10 n.9. If necessary, the Court could make that decision. *See United States v. Wells Fargo Bank N.A.*, 2015 WL 3999074, at *3 (S.D.N.Y. 2015) (holding that even if a testifying officer "is ultimately allowed to disclose some otherwise privileged information in order to pursue his defense, the Court will have to decide . . . the scope of the privileged information that he is entitled to disclose.").

### IV.     The Proposed Protective Order Will Not Unduly Prejudice Defendant.

Defendant suggested during the April 19 hearing that he would be unduly prejudiced if he was required to disclose before trial the privileged documents he may wish to disclose at trial. Specifically, Defendant suggested that, were a Covington witness to testify at trial, that witness would somehow obtain an unfair advantage if he knew which privileged documents Defendant considered using in cross-examination. Defendant's concern is both misplaced and illogical. First, there is no reason to believe a Covington witness – a member of the bar and officer of the Court -- would testify differently if he anticipated being cross-examined with particular

6

documents. Second, it seems highly unlikely Defendant would use any documents for that purpose; he argued at the March 29 hearing, "We're not talking about extrinsic evidence to be used in impeachment." Tr. at 35:15-16. Third, a Covington witness would likely already be familiar with the firm's files, so he would gain no advantage from Defendant's disclosure pre-trial. Thus, the protective order that Covington proposes will not unduly prejudice Defendant.

## CONCLUSION

Covington respectfully requests that this Court adopt Covington's proposed protective order – the same order Defendant proposed initially – which is attached as Exhibit 1.

April 24, 2019                                          Respectfully submitted,


/s/ Daniel E. Johnson
Daniel E. Johnson (VSB 88696)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-5224
Fax: (202) 778-5224
dejohnson@cov.com

*Counsel for Covington & Burling LLP*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 24th day of April 2019, a true copy of the foregoing was filed

via the Court's CM/ECF system, which will send a copy via electronic email to the following:


Mark J. MacDougall
Stacey Mitchell
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Ave., N.W.
Washington, D.C. 20036
mmcacdougall@akingump.com
shmitchell@akingump.com


Robert Trout
Trout Cacheris & Solomon PLLC
1627 Eye Street, N.W.
Suite 1130
Washington, D.C. 20006
rtrout@troutcacheris.com

James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
james.p.gillis@usdoj.gov
john.gibbs@usdoj.gov
evan.turgeon@usdoj.gov


/s/ Daniel E. Johnson
Daniel E. Johnson (VSB 88696)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-5224
Fax: (202) 778-5224
dejohnson@cov.com

*Counsel for Covington & Burling LLP*

8