UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| | : | |
| BIJAN RAFIEKIAN, et al. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PROTECTIVE ORDER

Defendant Bijan Rafiekian respectfully submits this memorandum of law in support of the proposed protective order ("Protective Order") filed concurrently herewith as Exhibit 1. For the reasons set forth below, the Court should enter the accompanying Protective Order.

On March 5, 2019, Rafiekian issued subpoenas to Kristen Verderame and Covington & Burling ("Covington"), counsel for Flynn International Group, Inc. ("FIG"). Verderame and Covington moved to quash the subpoenas, and on April 9, 2019, the Court denied those motions in their entirety. The Court further held that "because some of the subpoenaed documents may remain privileged as to third-parties, the Court will order that Covington and Verderame's production be subject to a protective order to be agreed upon by the parties, with any issues in that regard brought promptly to the Court's attention." [ECF No. 101].

At a status conference on April 19, 2019, Mr. Rafiekian and Covington informed the Court that they had been unable to reach an agreement regarding the terms of a protective order.[1]

---

[1] In the course of the status conference of April 19, 2019 counsel for Covington noted that Mr. Rafiekian provided a first draft of a protective order that included language regarding the use of documents produced pursuant to the Rule 17(c) subpoena that Covington found acceptable—but that had subsequently been withdrawn in the course of unsuccessful negotiations. In fact, the first draft was rejected when Covington made extensive modifications and countered with a revised document that was submitted to Mr. Rafiekian's counsel. A copy of Covington's email of April 18, 2019, proposing significant changes to the proposed protective order, is attached hereto as Exhibit 2. As the Court is aware, those early discussions did not lead to a mutually acceptable draft protective order. Consequently, the position of the parties in those failed discussions is of no consequence with regard to the terms of the protective order submitted for consideration by the Court with this memorandum.

Shortly after the conference, the Court ordered both Covington and Mr. Rafiekian to file proposed protective orders by April 24, 2019. [ECF No. 111]. Mr. Rafiekian's proposed protective order is filed concurrently with this memorandum.

The principal disagreement between Covington and Mr. Rafiekian pertains to the procedures that must be followed in order to use Protected Information[2] during trial. Mr. Rafiekian agrees that in connection with *pretrial* proceedings, the Court appropriately may require that pretrial filings containing Protected Information must be filed under seal, and that all Protected Information must be redacted from public filings. That procedure becomes unworkable, however, in the context of a public trial.

As the Court is aware, the government's case against Mr. Rafiekian centers on allegations that Mr. Rafiekian caused FIG to make certain false statements in connection with a filing under the Foreign Agents Registration Act ("FARA"). As the indictment makes clear, the government intends to introduce evidence at trial relating to conversations between Mr. Rafiekian and FIG's attorneys, Verderame and Covington, related to FARA. Thus, it is virtually certain that these lawyers will be significant witnesses at trial—including, potentially, as hostile witnesses called by the defense—and it will be critical for Mr. Rafiekian to conduct complete, thorough and effective cross-examination of these witnesses.

Such cross-examination would be stymied, however, if Mr. Rafiekian were required to seek leave of the Court before every use of Protected Information during cross-examination. Mr. Rafiekian would effectively be compelled to preview his intended cross-examination subjects

---

[2] The Protective Order defines Protected Information as "all information, documents, or things, including without limitation, electronically stored information, including writings, transcripts, drawings, graphs, photographs, sound records, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form, and any other information furnished, directly or indirectly, by or on behalf of the Non-Parties in response to the subpoenas issued to the Non-Parties at Defendant's request in this proceeding."

and strategies on a question-by-question basis in the presence of the witness as well as the government. Such an unprecedented burden on the defense would render effective cross-examination of key witnesses impossible.

> For this reason, paragraph 6 of Mr. Rafiekian's proposed Protective Order states:
>
> Defendant may use Protected Information publicly at trial without prior notification to the Non-Parties [*i.e.*, Verderame and Covington] and without prior order of the Court. Defendant's use of Protected Information at trial shall not constitute a waiver of privilege by Covington, Verderame, or Flynn International Group.

This provision strikes an appropriate balance between protecting FIG's interest in the Protected Information while also preserving Mr. Rafiekian's right to cross-examine critical witnesses. Under the terms of this provision, Mr. Rafiekian may use Protected Information at trial without being compelled to give advanced notice of cross-examination subjects and relate his trial strategies to the relevant witness or the government. At the same time, under the Protective Order proposed by Mr. Rafiekian, *the use of such information by Mr. Rafiekian would not constitute a waiver of privilege by FIG.*

This is consistent with applicable Delaware law, which holds that a waiver of privilege by one joint client does not operate as a waiver of privilege by another. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 363 ("[A] client . . . may not . . . unilaterally waive the privilege as to any of the other joint clients' communications or as to any of its communications that relate to other joint clients."); *see also* ECF No. 101 at 7 (holding that Rafiekian was a joint client of Covington and Verderame). Thus, regardless of whether Mr. Rafiekian does or does not have the right to waive privilege on behalf of FIG, such concerns miss the mark because Mr. Rafiekian would only ever seek to effect a waiver of privilege on behalf of himself, not on behalf of FIG. Not only is this consistent with Delaware law, it is also well within this Court's power to craft an order affirming this result. *See* Fed. R. Evid. 502(d) ("A federal court may order that the

privilege or protection is not waived by disclosure connected with the litigation pending before the court."). Moreover, Covington would not be restricted from applying to the Court for an order placing under seal any excerpts of the trial transcript that include testimony that Covington contends would place FIG's privilege at risk.

Lastly, because Mr. Rafiekian holds an equal claim to FIG's privileged documents, he should not be required to return or destroy those documents at the close of the proceedings. See ECF No. 101 ("Courts generally, including Delaware courts, have recognized and accepted as a general proposition that corporate directors have unfettered access to corporate information, including corporate information in the files of its lawyers.").

## CONCLUSION

For the foregoing reasons, Mr. Rafiekian respectfully requests that the Court enter the Protective Order filed concurrently herewith.

Dated April 24, 2019

Respectfully submitted,

/s/ _____
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
John C. Murphy (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: mmacdougall@akingump.com
  shmitchell@akingump.com


/s/ _____
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006

Telephone: (202) 464-3311
Fax: (202) 463-3319
E-mail: rtrout@troutcahceris.com

Case 1:18-cr-00457-AJT   Document 113   Filed 04/24/19   Page 5 of 6 PageID# 790

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 24th day of April 2019, true and genuine copies of Defendant Bijan Rafiekian's Memorandum of Law in Support of Protective Order were sent via electronic mail by the Court's CM/ECF system to the following:

James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office (Alexandria-NA)
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone:  (703) 299-3700
Email:   james.p.gillis@usdoj.gov
　　　　　john.gibbs@usdoj.gov
　　　　　evan.turgeon@usdoj.gov

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/* Robert P. Trout
　　　　　　　　　　　　　　　　　　　　　　　　　Robert P. Trout (VA Bar # 13642)