# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 1:18-CR-457 (AJT) |
| : | |
| BIJAN RAFIEKIAN, et al. : | |

**PROTECTIVE ORDER**

Covington & Burling LLP ("Covington") and Kristen Verderame (together, the "Non-Parties") and Defendant Bijan Rafiekian ("Defendant") having stipulated and agreed to the entry of this Protective Order, it is hereby ORDERED that:

1. This Order shall apply to all information, documents, or things, including without limitation, electronically stored information, including writings, transcripts, drawings, graphs, photographs, sound records, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form, and any other information furnished, directly or indirectly, by or on behalf of the Non-Parties in response to the subpoenas issued to the Non-Parties at Defendant's request in this proceeding (collectively, "Protected Information").

2. In connection with pretrial proceedings, neither Defendant nor his attorneys shall disclose to anyone the Protected Information except to the Court in a sealed filing. Should Defendant move the Court for an order to disclose Protected Information in connection with pretrial proceedings, Defendant shall serve a copy of any such motion on the Non-Parties no later than upon filing such motion with the Court. Should the Court order the disclosure of any Protected Information in connection with pretrial proceedings, Defendant shall serve a copy of such order on the Non-Parties no less than ten (10) days prior to disclosing such information.

3. Except with the prior authorization of the Court, any pretrial filing that contains, references, quotes from, reflects, or attaches Protected Information shall be filed under seal pursuant to Local Criminal Rule 49. Defendant shall redact all Protected Information from any pretrial public filings.

4. The production of any Protected Information by the Non-Parties shall not constitute a waiver of any privilege or protection with respect to that Protected Information or its subject matter in this or any other proceeding.

5. The use of Protected Information in a sealed filing with this Court shall not constitute a waiver of any privilege or protection with respect to the Protected Information.

6. Notwithstanding paragraphs 2-3, Defendant may use Protected Information publicly at trial without prior notification to the Non-Parties and without prior order of the Court. Defendant's use of Protected Information at trial shall not constitute a waiver of privilege by Covington, Verderame, or Flynn International Group.

7. This Order shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law. In accordance with Federal Rule of Evidence 502, if the Non-Parties through inadvertence produce or provide discovery that they believe is not responsive to the subpoenas or is subject to a claim of attorney-client privilege or work product immunity by any person or entity other than Flynn Intel Group Inc., upon discovering such inadvertence, the Non-Party shall give written notice to Defendant and request that the document or information be returned. Defendant and his attorneys shall immediately return such document or information and destroy any copies or summaries of, such information that contain, reference, quote from, reflect, or attach, any inadvertently produced documents or information.

8.      Following the conclusion of these proceedings, Defendant agrees he will not unilaterally cause Flynn International Group, Inc. to waive privilege with respect to the Protected Information. Defendant and all other officers and directors of Flynn International Group will comply with Delaware law in connection with any such waiver of privilege.

9.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SO ORDERED.

Dated:
Alexandria, Virginia

_____
The Honorable Anthony J. Trenga
United States District Judge