UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal Case No. 1:18-CR-457 (AJT) |
| BIJAN RAFIEKIAN et al. | : |
| Defendants. | : |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL RECORDS

Defendant Bijan Rafiekian, through counsel, respectfully moves the Court to compel the government to produce:  (1) all information within the United States government's possession, including the State Department and the intelligence agencies, that indicates that Recep Tayyip Erdoğan ("Erdoğan") has ever been a member of, or otherwise affiliated with or sympathetic to, the Muslim Brotherhood, and (2) all information within the United States government's possession, including within the State Department, that tends to show that Turkish government officials, including Erdoğan, would disagree with or disapprove of any comparison between Fethullah Gülen ("Gülen") or his followers and the Muslim Brotherhood.

BACKGROUND

The indictment charges that Mr. Rafiekian knowingly acted as an agent of the government of Turkey.[1]  To establish agency, it is not enough to show that Flynn Intel Group, Inc. ("FIG") took actions that would meet with approval by the Turkish government or that would benefit the Turkish

---

[1] Count 1 of the Indictment alleges that Mr. Rafiekian (1) conspired to act as an agent of Turkey without prior notification to the Attorney General and (2) willfully made false statements in, and omissions of material fact from, documents filed with the Attorney General under the provisions of the Foreign Agents Registration Act ("FARA"). Indictment at 17–18.  Count 2 alleges that Mr. Rafiekian acted as an agent of Turkey without prior notification to the Attorney General in violation of 18 U.S.C. § 951.  Indictment at 19.

1

government. To prove actual agency, as the indictment charges, the government must prove more, that FIG was acting under "the direction or control of a foreign government or official." 18 U.S.C. §951(d). Evidence that FIG took action that the government of Turkey, or President Erdoğan, would disapprove flatly contradicts the allegation that FIG was acting under Turkey's direction and control.

It is probably true that this matter would never have come to the attention of the FARA unit in the Department of Justice if Michael Flynn had not published an op-ed in The Hill newspaper on election day in 2016.[2] DOJ officials jumped to the conclusion that this op-ed must have been written under direction and control of President Erdoğan and Turkish officials loyal to him. The op-ed urged a closer relationship with the government of Turkey, which it claimed was our strongest ally against ISIS in Iraq and Syria. The op-ed also took aim at Fethullah Gülen, a Muslim cleric living in Pennsylvania, whom President Erdoğan believed was the source of the coup attempt against in him July 2016. In their general view about Gülen, Mr. Flynn and Mr. Rafiekian appear to share common ground with Erdoğan. But as is so often true, the devil is in the details. In fact, the op-ed deviates sharply from anything that President Erdoğan or other Turkish officials would have approved.

The Flynn op-ed demonized Gülen by comparing him to the founders and followers of the Muslim Brotherhood:

> Gülen portrays himself as a moderate, but he is in fact a radical Islamist. . . . For those of us who have closely studied the careers of Seyed Qutb and Hasan al Bana, the founders and followers of the Muslim Brotherhood, Gülen's words and activities are very familiar. The late Seyed Qutb in particular was very much in the Gülen mold. The author of 24 books on education and the arts, he assembled an inner circle of intellectuals and influential politicians. But contrary to this well-masked façade, Qutb's writings provided the inspiration for terrorist groups like

---

[2] Lt. Gen. Michael T. Flynn (R), *Our Ally Turkey Is in Crisis and Needs Our Support*, THE HILL, Nov. 8, 2016, https://thehill.com/blogs/pundits-blog/foreign-policy/305021-our-ally-turkey-is-in-crisis-and-needs-our-support.

> Al-Qaeda. Qutb was hanged in 1966 in Egypt for instigating rebellion. Likewise, Hasan al Bana, an Egyptian who died in 1949, defined the first phase of pre-emptive jihad as a long and quiet process that can take as long as a quarter of a century, to prepare the forces for a decisive strike. Al Bana famously declared that the only acceptable form of law is Sharia. To professionals in the intelligence community, the stamp of terror is all over Mullah Gülen's statements in the tradition of Qutb and al Bana.

Reading the op-ed, one would think that the only force more insidious than Gülen is the Muslim Brotherhood. Yet it has been publicly reported that Erdoğan is an ally of and otherwise sympathetic to the Muslim Brotherhood,[3] which if true would flatly contradict the core government hypothesis that FIG and its officers and directors Flynn and Rafiekian were acting under the direction and control of Turkish government officials. Moreover, when defendant Ekim Alptekin was interviewed by the FBI on May 24, 2017, as alleged in Count Three of the indictment, he told the FBI that when he read the op-ed he thought it was a terrible idea to equate the Gülenists to the Muslim Brotherhood, and when he asked Mr. Rafiekian if he could make changes, Mr. Rafiekian refused, saying it would not be appropriate.[4]

Here the government was given a strong clue—more accurately, a flat declaration—that the core theory underlying the prosecution was false. In the two years since Alptekin was interviewed, and certainly before the government decided to indict this case, the government lawyers could have asked whether President Erdoğan and his subordinates would have directed an op-ed to be published that compared Erdoğan's archenemy to the Muslim Brotherhood. Surely, the answer can be found among the Turkish experts at the State Department or the intelligence agencies to

---

[3] *See, e.g.*, Sebnem Arsu, *Turkey Open to Bids for Refuge by Muslim Brotherhood Exiles*, N.Y. TIMES, Sept. 15, 2014, https://www.nytimes.com/2014/09/16/world/europe/turkey-open-to-bids-for-refuge-by-muslim-brotherhood-exiles.html (discussing Erdoğan's sympathy towards leaders of the Muslim Brotherhood and offering refuge to them); *Recep Tayyip Erdogan: Turkey's Pugnacious President*, BBC, Apr. 17, 2017, https://www.bbc.com/news/world-europe-13746679 (noting Erdoğan's solidarity with the Muslim Brotherhood).

[4] Of note, although the indictment includes four separate counts alleging separate false statements by Alptekin during the May 24, 2017 interview, his statements disapproving the Flynn op-ed were not among the statements alleged to be false.

which the FBI and the Department of Justice have easy access. In a search for truth, nothing would be so illuminating, nor more powerfully exculpatory, as evidence from the government's own experts that the core prosecution theory was false.

Because it seemed self-evident that the government never looked into the question, counsel for Mr. Rafiekian sent a letter to the government requesting discovery on this issue pursuant to Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and *Kyles v. Whitley*, 514 U.S. 419 (1995).[5] In particular, Mr. Rafiekian requested the following categories of documents at issue in this motion:

- 8. All information within the United States government, including the State Department and the intelligence agencies, that indicates that Recep Tayyip Erdoğan has ever been a member of, or otherwise affiliated with, the Muslim Brotherhood.

- 9. All information within the United States government, including within the State Department, that tends to show that Turkish government officials, including Recep Tayyip Erdoğan, would disagree with or disapprove of any comparison between Fethullah Gülen or his followers and the Muslim Brotherhood.

On January 25, 2019, the government responded by email to this request. Although the government gave boilerplate assurances that it would comply with its *Brady*, *Giglio, Jencks*, and Rule 16 obligations, it refused to produce any documents in response to the above requests, incorrectly claiming they were "not relevant to this prosecution."[6] Accordingly, to date, the government has produced no documents pursuant to either request. Contrary to the government's assertions, the requested documents are unquestionably relevant and material to the defense, and the Court should compel their prompt disclosure.

---

[5] *See* Letter from Mark MacDougall to James P. Gillis (Jan. 18, 2019), at 2, attached hereto as Exhibit 1.
[6] *See* Email from James P. Gillis to Mark MacDougall (Jan. 25, 2019), attached hereto as Exhibit 2.

## ARGUMENT

I. **The Court Should Compel Disclosure of Information Relating to Erdoğan's Sympathies to the Muslim Brotherhood**

The government is obligated to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment. *See, e.g.*, *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *Kyles v. Whitley*, 514 U.S. 419 (1995). The burden is on the government to learn of and disclose such evidence before trial. *See Kyles*, 514 U.S. at 437 ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case . . . .").

Exculpatory evidence—*i.e.*, information that tends to cast doubt on the defendant's guilt with respect to any essential element in any charged count—is "favorable" information that must be disclosed. *United States v. Bagley*, 473 U.S. 667, 676 (1985); *see also Brady*, 373 U.S. at 87. Information is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley*, 473 U.S. at 682. At the pretrial stage, where "an accused cannot possibly know, but may only suspect, that particular information exists which meets [the *Brady*] requirements, he is not required . . . to make a particular showing of the exact information sought and how it is material and favorable." *United States v. King*, 628 F.3d 693, 702, 703 (4th Cir. 2011) (quoting *Love v. Johnson*, 57 F.3d 1305, 1313 (4th Cir. 1995)) (noting that a "defendant cannot demonstrate that suppressed evidence would have changed the trial's outcome if the Government prevents him from ever seeing that evidence"). Doubtful questions should be resolved in favor of disclosure. *Kyles*, 514 U.S. at 439 (quoting *United States v. Agurs*, 427 U.S. 97, 108 (1976)) ("[T]he prudent prosecutor will resolve doubtful questions in favor of disclosure.").

Here, unlike many *Brady* issues that courts must consider, the defense has identified the specific information it seeks and the likely—and obvious—places where the prosecutors should look. Almost two years ago, and before formal charges were ever filed, the FBI Agents (and DOJ attorneys) were told by the person they allege to speak for the government of Turkey that equating the Gülenists to the Muslim Brotherhood was a terrible idea. Under the circumstances, the search for the requested exculpatory evidence is long overdue.

## CONCLUSION

For the foregoing reasons, Mr. Rafiekian respectfully requests that the Court grant his Motion to Compel Records.

Date: April 26, 2019

Respectfully submitted,

/s/
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
John C. Murphy (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: mmacdougall@akingump.com
shmitchell@akingump.com

/s/
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone: (202) 464-3311
Fax: (202) 463-3319
E-mail: rtrout@troutcahceris.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 26th day of April 2019, true and genuine copies of Defendant Rafiekian's Memorandum of Law in Support of Motion to Preclude Use of "Kickback" and Synonymous Terms was sent via electronic mail by the Court's CM/ECF system to the following:

> James P. Gillis
> John T. Gibbs
> Evan N. Turgeon
> U.S. Attorney's Office (Alexandria-NA)
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> Telephone:  (703) 299-3700
> Email:  james.p.gillis@usdoj.gov
> john.gibbs@usdoj.gov
> evan.turgeon@usdoj.gov

/s/
Robert P. Trout (VA Bar # 13642)