# EXHIBIT 1



**Akin Gump**

STRAUSS HAUER & FELD LLP

**MARK J. MACDOUGALL**
+1 202.887.4510/fax: +1 202.887.4288
mmacdougall@akingump.com

January 18, 2019

By Email

James P. Gillis
John T. Gibbs
Evan N. Turgeon
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314

Re: *United States v. Bijan Rafiekian and Kamil Ekim Alptekin*, No. 1:18-cr-457 (E.D. Va.)

Dear Counsel:

This letter contains discovery requests on behalf of Mr. Rafiekian in the above-referenced case under Fed. R. Crim. 16, *Brady* v. *Maryland*, 373 U.S. 83 (1963), *Giglio* v. *United States*, 405 U.S. 150 (1972), *Kyles* v. *Whitley*, 514 U.S. 419 (1995), their respective progeny, and other authority. We recognize, of course, that the government has produced discovery under a letter from Mr. Gillis dated January 2, 2019, and is in the process of producing additional discovery.

Our discovery requests (and the government's discovery obligations in this case under Fed. R. Crim. P. 16, *Brady*, and otherwise) should be understood to apply not only to documents, materials, and information in the possession, custody, or control of the National Security Division and Criminal Division of the Department of Justice (including, without limitation, the FARA Registration Unit of the Counterintelligence and Export Control Section) the Office of Special Counsel, the U.S. Attorney's Office for the Eastern District of Virginia, the FBI, the NSA, and CIA, but also to documents, materials, and information in the possession, custody, or control of all other federal and state agencies that have been involved in any respect in the government's investigation of conduct relating to the subject matter of the indictment, including in particular Flynn Intel Group, Inc.'s (FIG) Foreign Agents Registration Act (FARA) filing. Please let us know the government's position in that regard so that if there is any disagreement regarding scope we can attempt to resolve it.

1. Pursuant to Fed. R. Crim. P. 16(a)(1)(B), please produce all notes and other documents reflecting all statements of Bijan Rafiekian (including but not limited to agent notes of encounters with Kamil Ekim Alptekin and Inovo). Under Rule 16, defendants are entitled to receive all documents containing statements—not simply interview memoranda created by agents after an



James P. Gillis, John T. Gibbs, and Evan N. Turgeon
Page 2

encounter.  Recorded statements of defendant (in whatever form) are not themselves subject to claims of privilege or work product protection.  If the government claims that agent (or other) notes contain both recorded statements of defendants and work product or material that is subject to a claim of privilege, please produce all notes with the statements unredacted, and identify the basis for any redaction that you make.

2.   All records or other information of instances wherein Bijan Rafiekian, while in the employ of the United States, took action that might reasonably be construed as furthering the interests of the United States.

3.   All records of commendations or awards for Bijan Rafiekian based on his work while in the employ of the United States.

4.   All records of training Bijan Rafiekian received while in the employ of the United States.

5.   All internal communications that mention, reference, or allude to Bijan Rafiekian, including all communications with, between or among the CIA, the NSA, Department of Defense or any other agencies or departments of the United States government.

6.   Please confirm that no oral statements were made by defendant Rafiekian that have not been recorded and already produced to defendant.  *See* Fed. R. Crim. P. 16(a)(1)(A).

7.   All information relating to any United States government contacts, directly or through any third party, with the Government of Turkey regarding Fethullah Gülen's extradition.

8.   All information within the United States government, including the State Department and the intelligence agencies, that indicates that Recep Tayyip Erdoğan has ever been a member of, or otherwise affiliated with, the Muslim Brotherhood.

9.   All information within the United States government, including within the State Department, that tends to show that Turkish government officials, including Recep Tayyip Erdoğan, would disagree with or disapprove of any comparison between Fettulah Gülen or his followers and the Muslim Brotherhood.

10. All FBI 302 reports, or similar reports from other United States government agencies, related to this case or Bijan Rafiekian.

11. Any documents or information tending to demonstrate that Bijan Rafiekian had no intent to harm the United States.



James P. Gillis, John T. Gibbs, and Evan N. Turgeon
Page 3

12. Any documents or information tending to demonstrate that from the time of the engagement of FIG with Inovo BV, through March 7, 2017, Bijan Rafiekian and/or General Michael Flynn were willing to have FIG register under FARA, or otherwise were not opposed to registering under FARA.

13. Documents or information tending to demonstrate that the government of Turkey was not the source of the funds paid to FIG per the agreement between Inovo and FIG, including any records tending to show that Inovo BV (Inovo) or Alptekin or an entity affiliated with Alptekin was the source funds paid to FIG.

14. A list of all instances where the United States has learned of potential violations of FARA and declined to prosecute, and the reasons the United States declined prosecution, and all documentation related to the investigation of these cases.

15. In your email of January 2, 2019, you described three hard drives totaling ten TB that the government was providing as part of Rule 16 discovery, plus a thumb drive containing about 67,500 pages of additional documents.  Some, as you noted, may be duplicative. While you expressed your belief that this production represented "nearly all of the documents in the government's possession relating to the investigation of Rafiekian and Alptekin," you also said there would be additional, but limited productions.  Since receiving the hard drives and thumb drive on January 3, 2019, we have received only one additional production of almost 1,000 pages, on January 9.  Given the challenges of identifying relevant documents, from electronic media holding as much as ten TB of data, you have earlier told us that you intend to provide us with copies of the core documents on which the government intends to rely in making its case, but you are unable to do so until the government shutdown ends and your office has the resources to complete the task.  It is therefore our understanding that, without regard to the additional materials that we are seeking in this letter, there is additional discovery that the government intends to provide, and as soon as the government shutdown ends, the government is committed to separately providing to the defense copies of all the documents on which the government intends to rely in proving its case.  Please let us know if anything in this paragraph is not correct.

16. Without limiting the scope of the government's discovery obligations and undertakings in this case, please produce pursuant to Rule 16(a)(1)(E) all documents and tangible objects that are material to the preparation of the defense, or that the government intends to use in its case in chief at trial, or that were obtained from or belong to defendant.  *See, e.g.*, *United States* v. *Stein*, 488 F.Supp.2d 350, 356-357 (S.D.N.Y. 2007) ("The materiality standard normally is not a heavy burden; rather, evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.  Evidence that the government does not intend to use in its case in



James P. Gillis, John T. Gibbs, and Evan N. Turgeon
Page 4

chief is material if it could be used to counter the government's case or to bolster a defense."). We reserve the right to follow up, of course, with additional discovery requests as this case proceeds.

17.  Please produce all material to which the defense is entitled under *Brady* and its progeny, including *Giglio* and *Kyles*, and if the material is already contained in the discovery that the government has produced and is in the process of producing, please specify the document identifiers for the material we seek and all locations where the material is contained.  The scope of *Brady* is, of course, very broad.  *See* Justice Manual (JM) § 9-5.001.  For instance, a "prosecutor must disclose information that is inconsistent with any element of any crime charged" and "must disclose information that either casts a substantial doubt upon the accuracy of any evidence—including but not limited to witness testimony—the prosecutor intends to rely on to prove an element of any crime charged, or might have a significant bearing on the admissibility of prosecution evidence.  This information must be disclosed regardless of whether it is likely to make the difference between conviction and acquittal of the defendant for a charged crime."  *Id.* What is more, the disclosure requirement "applies to information regardless of whether the information subject to disclosure would itself constit

18. ute admissible evidence."  *Id.*  Under *Brady*, a prosecutor must assess evidence collectively. *Kyles* v. *Whitley*, 514 U.S. 419, 436–37 (1995); *see also* JM § 9-5.001 ("While items of information viewed in isolation may not reasonably be seen as meeting the standards outlined in paragraphs 1 and 2 above, several items together can have such an effect.  If this is the case, all such items must be disclosed.").

Under *Kyles* and its progeny, please ensure that your office reviews and produces all material documents, objects, and other information not only in your immediate possession, custody, and control, but also in the possession, custody, or control of the FBI, the NSA and CIA, as well as the files of all other agencies involved in the government's investigation.  Although we will be following up with more specific *Brady* requests, we note at this point our position that all documents, recordings, and other records of unsuccessful efforts by any government cooperator to develop evidence against any person, including but not limited to defendants, constitutes *Brady* material.

For each request, we ask that the government inform us whether: (1) the material exists and will be produced; (2) the material does not exist; or (3) the material exists, but the government does not believe that it is subject to disclosure.

Please do not hesitate to contact me if you have any questions or wish to discuss anything.



James P. Gillis, John T. Gibbs, and Evan N. Turgeon
Page 5

Sincerely,

s/ Mark J. MacDougall

Mark J. MacDougall

Attachment

cc:   Stacey Mitchell
      Robert Trout