IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:18-CR-457-AJT |
| BIJAN RAFIEKIAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MOTION *IN LIMINE* TO PRECLUDE DEFENDANT
FROM PRESENTING EVIDENCE OR ARGUMENT ON
ADVICE OF COUNSEL OR THE LOBBYING DISCLOSURE ACT

The United States moves to preclude the defendant from presenting evidence or argument concerning (1) the defendant's September 2016 solicitation of legal advice concerning whether Company A should register under the Foreign Agents Registration Act (FARA) and (2) an October 2017 declaration by the attorney who allegedly advised the defendant on that issue. As detailed below, this evidence is inadmissible as a matter of law and cannot serve to negate the defendant's criminal intent to commit the offenses charged.

The United States also moves to preclude the defense from presenting evidence or argument concerning Company A's filings under the Lobbying Disclosure Act (LDA) because such evidence is not relevant or exculpatory as to any charged offense.

**Background**

In September 2016, the defendant consulted an attorney ("the attorney") who subsequently served as General Counsel of Company A.

On October 27, 2017, the attorney signed a declaration that recounted the following:

> Bijan called me up last year and said that his company had to register with FARA, the Foreign Agents Registration Act. At this time, I was not affiliated with [Company A]. It is important to note that I remember he said: "We have to register with FARA at the Justice Department." . . . Bijan asked me to come out to his house to assist with the registration. A few days later, on a Sunday afternoon, I went to Bijan's house. It was in September of 2016. While there, I said to Bijan, "Is this a foreign government or a foreign political party?" Bijan replied, "No, it's a foreign private company," I said: "Well, you don't have to register at FARA if it's a foreign private company." I asked Bijan if they were going to do any lobbying. Bijan told me that they might. I then said, "You can register with the U.S. Congress under the LDA which is the Lobby Disclosure Act." I also showed him the Federal Register that says it is not necessary for a private company to register with FARA. I did not ask any additional questions nor did I see the contract. I only asked if it was a private company. Later that same week, I registered the company under the LDA.

On September 30, 2016, Company A filed an LDA registration with the U.S. Congress, representing that it was performing work for Company B. The LDA registration did not mention the Republic of Turkey, any Turkish government official, or Fethullah Gulen.

On November 30, 2016, the FARA Registration Unit of the Department of Justice sent a letter to Company A requesting more information on whether Company A was required to register under FARA.

On December 1, 2016, Company A filed an LDA periodic lobbying report with the U.S. Congress, terminating Company A's LDA registration. The LDA lobbying report again did not mention the Republic of Turkey, any Turkish government official, or Fethullah Gulen.

In late December 2016, Company A hired a law firm to determine whether Company A had an obligation to file a retroactive registration under FARA.

On March 7, 2017, the law firm hired by Company A filed a retroactive FARA registration on behalf of Company A. The attorney identified above was not involved in preparing that filing. As detailed in the indictment, Company A's FARA registration contained

numerous material false statements and omissions based upon false information provided by the defendant.

## Argument

Relevant evidence is any evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," so long as "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." *United States v. Boyd*, 53 F.3d 631, 636 (4th Cir. 1995) (quoting Fed. R. Evid. 402). Relevance must be determined in relation to the charges and claims being tried. *United States v. Hedgepeth*, 418 F.3d 411, 419 (4th Cir. 2005).

In recognition of these principles, the Fourth Circuit has repeatedly held that district courts rightly grant motions *in limine* to preclude evidence irrelevant to the crimes charged. *See, e.g.*, *United States v. Zayyad*, 741 F.3d 452, 459–60 (4th Cir. 2014) (affirming the district court's granting of a motion *in limine* where the defendant's theory was unsupported by evidence, holding, "If the defendant wants to present a theory or belief that might have justified his actions, then he must present evidence that he in fact relied on that theory or belief. Otherwise, a defendant could introduce evidence that would invite the jury to speculate a non-existent defense into existence."); *United States v. Prince–Oyibo*, 320 F.3d 494, 501–02 (4th Cir. 2003) (holding that district court did not err in granting motion *in limine* to exclude evidence irrelevant to the only theory charged because "a defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial").

**I.     The Defendant Is Not Entitled To Present Evidence or Argument on the Legal Advice He Received from the Attorney Because Such Advice Is Not Relevant to the Crimes Charged**

*A. The Advice of Counsel "Defense"*

When supported by the facts, "[a] defendant may use his reliance on the legal advice of counsel to refute the government's proof that he intended to commit the offense." *United States v. Powell*, 680 F.3d 350, 356 (4th Cir. 2012) (quoting *United States v. Miller*, 658 F.2d 235, 237 (4th Cir. 1981)).[1] To be entitled to a jury instruction on this defense, "the defendant must establish (a) full disclosure of all pertinent facts to an attorney, and (b) good faith reliance on the attorney's advice." *Id.* (affirming denial of jury instruction on advice-of-counsel defense) (citing *United States v. Butler*, 211 F.3d 826, 833 (4th Cir. 2000)); *accord United States v. Dyer*, 750 F. Supp. 1278, 1293 (E.D. Va. 1990) (Ellis, J.).  Unless both of these elements are met, the defendant is not entitled to an advice-of-counsel jury instruction.

However, even where the facts would not support a jury instruction on the advice of counsel defense, some courts have permitted defendants to introduce evidence of their interactions with attorneys to show that they lacked the *mens rea* required for conviction. *See, e.g.*, *United States v. United Medical & Surgical Supply Corp.*, 989 F.2d 1390, 1403 (4th Cir. 1993) (holding, in a prosecution for securities fraud, that advice of counsel, even where not a complete defense, is "one factor a jury may consider when determining [the defendant's] state of mind"); *United States v. Okun*, No. CRIM. 3:08-CR-132, 2009 WL 414009, at *6 (E.D. Va. Feb. 18, 2009) (Payne, J.) (examining "the contention that evidence of statements by counsel to [the defendant], even if insufficient to support an advice of counsel defense, were admissible nonetheless as probative of [the defendant]'s lack of specific intent to defraud"); *see also United*

---

[1] Internal quotation marks are omitted throughout this motion.

*States v. Sprong*, 287 F.3d 663, 664-65 (7th Cir. 2002) ("There is no such things as an 'advice of counsel' defense. What is true, . . . is that if a criminal statute requires proof that the defendant knew he was violating the statute in order to be criminally liable for the violation, and it is unclear whether the criminal statute forbade his conduct, the fact that he was acting on the advice of counsel is relevant because it bears on whether he knew that he was violating the statute."); *United States v. Stevens*, 771 F. Supp. 2d 556, 565 (D. Md. 2011) (same).

As detailed below, however, there are several crucial limitations to the admission of advice-of-counsel evidence, each of which renders evidence of the defendant's interactions with the attorney inadmissible as a matter of law.

### B. Advice-of-Counsel Evidence Is Not Relevant and Not Admissible in this Case

For at least two reasons, the defendant's communications with the attorney are not relevant to the charges in the indictment, and evidence of those communications is not admissible. First, advice-of-counsel evidence is not relevant to violations of 18 U.S.C. § 951 because it is a general intent crime, and advice-of-counsel evidence is admissible only to negate a defendant's intent to commit specific intent crimes. Second, the attorney's declaration is inadmissible because it is hearsay.

#### 1. Reliance on the Advice of Counsel Is Not a Defense to Charges Under Section 951

The defendant is not entitled to introduce evidence of his interactions with the attorney to claim that he lacked the requisite intent to violate Section 951 or to conspire to do so because evidence of a defendant's reliance on the advice of counsel is only admissible to negate his intent to commit specific intent crimes, and Section 951 is a general intent crime. *United States v. Duran*, 596 F.3d 1283, 1291 (11th Cir. 2010) ("Section 951's plain language makes it clear that it is a general intent crime, as there is no *mens rea* element on the face of the statute."); *accord*

*United States v. Ducore*, 312 F. Supp. 3d 535, 537 (E.D. Va. 2018) (Ellis, J.) ("[I]t is well-settled that in the absence of an explicit statement that a crime requires specific intent, courts hold that only general intent is needed.") (quoting *United States v. Lewis*, 780 F.2d 1140, 1142 43 (4th Cir. 1986)). Therefore, "section 951 does not require proof that the defendant knew of the requirement to register." *United States v. Campa*, 529 F.3d 980, 999 (11th Cir. 2008); *accord United States v. Dumeisi*, 424 F.3d 566, 581 (7th Cir. 2005). Instead, the government must only prove the *mens rea* of general intent: that the defendants acted "knowingly," including that "they must have known that they had not provided prior notification to the Attorney General." *Duran*, 596 F.3d at 1292. "What the statute prohibits is clear on its face, and ignorance of the law is no defense to a criminal prosecution." *Id.*

As the Fourth Circuit held in *Polytarides*, "The basis for the defense of action taken on the advice of counsel is that, in relying on counsel's advice, defendant lacked the requisite intent to violate the law." 584 F.2d at 1353 (citing *United States v. Painter*, 314 F.2d 939, 943 (4th Cir.), *cert. denied*, 374 U.S. 831 (1963)). Where the government need not prove specific intent, evidence that the defendant relied in good faith on counsel's advice is irrelevant. *See United States v. Custer Channel Wing Corp.*, 376 F.2d 675, 682 (4th Cir. 1967) ("Good faith is a relevant consideration on an issue of specific intent where a pertinent inquiry would be whether defendant acted with bad motives."); *United States v. Stevens*, 771 F. Supp. 2d 556, 560 (D. Md. 2011) ("Good faith reliance on the advice of counsel is only relevant to specific intent crimes because such reliance demonstrates a defendant's lack of the requisite intent to violate the law.") (citing *United States v. Miller*, 658 F.2d 235, 237 (4th Cir. 1981); *Polytarides*, 584 F.2d at 1353)).

As a result, "an advice of counsel defense applies only where the violation requires proof of specific intent, that is, proof that a defendant has actual knowledge that his conduct is illegal." *United States v. Dyer*, 750 F. Supp. 1278, 1293 (E.D. Va. 1990) (Ellis, J.) (granting the government's motion *in limine* to exclude advice of counsel evidence on the ground that the charged offense did not require "proof that a defendant has actual knowledge that his conduct is illegal"); *see also Okun*, 2009 WL 414009, at *7 n.2 (construing the reference to "good faith" in *Linden v. United States*, 254 F.2d 560, 568 (4th Cir. 1958), as "relating to the specific intent element"); Pattern Crim. Jury Instr. 11th Cir. S18 comment (2010) ("This instruction should be used, where appropriate, only in cases where 'intent' is an element. It is not to be used where it is required only that the defendant acted 'knowingly.'").

Because Section 951 is a general intent crime, evidence of the defendant's interactions with the attorney is not admissible under established Fourth Circuit precedent.

2. The Attorney's Declaration Is Inadmissible Hearsay

The attorney's declaration is rank hearsay that was created long after the defendant could have taken any action based upon it.

"Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) (quoting Fed. R. Evid. 801(c)). The attorney's declaration is therefore a textbook example of inadmissible hearsay. In addition, because the declaration was executed on October 27, 2017—more than seven months after Company A's law firm filed a FARA registration on its behalf and almost a year after the Turkey project ended—it could not have been relied upon by the defendant as to any conduct charged in the indictment.

The portions of the attorney's declaration that recount what the defendant told him are also inadmissible. A defendant may not introduce his own out-of-court statements without testifying at trial. *See id.* at 696 (holding that the Federal Rules of Evidence do not "provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party"); *see also United States v. Hassan*, 742 F.3d 104, 135 (4th Cir. 2014) ("[Defendant]'s excluded statements, though possibly exculpatory, do not fall within any hearsay exception that would authorize their admission into evidence."). The defendant's own hearsay-within-hearsay statements in the declaration are therefore inadmissible for this reason as well.

Accordingly, the government respectfully requests that the Court preclude the defendant from presenting evidence or argument concerning the legal advice the attorney allegedly provided the defendant.

## II. The Defendant Is Not Entitled to Present Evidence or Argument on Company A's LDA Filings Because Such Evidence Is Not Relevant to the Crimes Charged

The Court should also preclude the defense from presenting evidence or argument concerning Company A's registration and filings under the LDA, which are not relevant to any charged offense and would serve only to confuse the issues and mislead the jury. *See* Fed. R. Evid. 403.

Because there is no allegation in the indictment that mentions the defendant's or Company A's failure to register under FARA, the fact that Company A registered under the LDA is simply not relevant. The indictment charges the defendant with acting as an undeclared agent of a foreign government. Whether Company A registered under the LDA—identifying

Company B and not the Government of Turkey as its client—has no bearing upon whether the defendant violated Section 951.

## Conclusion

Because evidence concerning (1) the legal advice the attorney allegedly provided the defendant and (2) Company A's registration and filings under the LDA lacks any probative value and would serve only to confuse the issues and mislead the jury, the government respectfully requests that the Court preclude the defense from presenting evidence or argument on these topics at trial.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

| /s/ | By: /s/ |
|---|---|
| Evan N. Turgeon | James P. Gillis |
| Trial Attorney | Virginia Bar No. 65055 |
| Counterintelligence | John T. Gibbs |
|    and Export Control Section | Virginia Bar No. 40380 |
| National Security Division | Assistant United States Attorneys |
| United States Department of Justice | The Justin W. Williams |
| 950 Pennsylvania Avenue, NW |    United States Attorney's Office |
| Washington, DC 20530 | 2100 Jamieson Avenue |
| (202) 353-0176 | Alexandria, VA 22314 |
| Evan.Turgeon@usdoj.gov | (703) 299-3700 |
|  | (703) 299-3982 (fax) |
|  | James.P.Gillis@usdoj.gov |
|  | John.Gibbs@usdoj.gov |

CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to counsel of record.

Respectfully submitted,

/s/
Evan N. Turgeon
Trial Attorney
U.S. Department of Justice