UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| | : | |
| BIJAN RAFIEKIAN, et al. | : | |

**DEFENDANT RAFIEKIAN'S REPLY IN SUPPORT OF MOTION TO PRECLUDE "KICKBACK" AND SYNONYMOUS TERMS**

Defendant Rafiekian, through counsel, respectfully submits the following reply brief in support of his motion to preclude the government from using the term "kickback" and other similar pejorative terms to describe the payments Flynn Intel Group ("FIG") made to Ekim Alptekin and his company, Inovo BV ("Inovo"), as referred to in paragraphs 31-38 of the Indictment.

The government concedes in its opposition brief that it seeks to use the term "kickback" in its closing argument precisely because the term "implies illegality." Opp'n 3-4. That is exactly why the term should be excluded from trial. Mr. Rafiekian is not on trial for causing FIG to make payments to Inovo. The government does not claim that those payments themselves were illegal, and Mr. Rafiekian has not been charged with bribery or anything of the sort. For this reason, describing these payments as "kickbacks," or in another manner that "implies illegality," is highly prejudicial. Through the use of such inflammatory language, a jury would incorrectly and improperly conclude that the payments were illegal (when in fact they were not). From this inaccurate premise, the jury would infer that Mr. Rafiekian is more likely guilty of the crimes for which he has been charged. Use of the term "kickbacks" is also completely unnecessary in the context of this case. If the payments themselves were legal and were made

1

legally (and the government does not allege otherwise), the government's only purpose in using language that presumes illegality is to improperly prejudice and mislead the jury.

The government is, of course, free to ask the jury to draw appropriate inferences from whatever evidence is admitted at trial.  But the government should not be permitted to poison the jury by arguing, in effect, that Mr. Rafiekian has committed other supposed crimes—subsumed in the term "kickback" and similar pejorative's—for which he has not been charged.

Dated: May 14, 2019                                           Respectfully submitted,

/s/
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
John C. Murphy (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone:  (202) 887-4000
Fax:  (202) 887-4288
E-mail:   mmacdougall@akingump.com
            shmitchell@akingump.com


/s/
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone:  (202) 464-3311
Fax:  (202) 463-3319
E-mail:   rtrout@troutcahceris.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 14th day of May 2019, true and genuine copies of Defendant's Reply in Support of Motion to Preclude Use of "Kickback" and Synonymous Terms was sent via electronic mail by the Court's CM/ECF system to the following:

James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office (Alexandria-NA)
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone:  (703) 299-3700
Email:  james.p.gillis@usdoj.gov
john.gibbs@usdoj.gov
evan.turgeon@usdoj.gov

/s/ _____
Robert P. Trout (VA Bar # 13642)

1