UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| | : | |
| BIJAN RAFIEKIAN, et al. | : | |

**DEFENDANT BIJAN RAFIEKIAN'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE OUT-OF-COURT
STATEMENTS BY CO-CONSPIRATORS**

Defendant Bijan Rafiekian, through counsel, respectfully submits this memorandum of law in support of his motion *in limine* to exclude out-of-court statements by alleged co-conspirators or in the alternative to hold a hearing to require the government to meet its burden before allowing the admission of such statements. For the reasons set forth below, such statements are inadmissible because there is no evidence that Mr. Rafiekian agreed with anyone not to provide notice to the Attorney General under 18 U.S.C. § 951 or to make false statements in a Foreign Agents Registration Act ("FARA") filing.

## BACKGROUND

On December 18, 2018, a grand jury indicted Mr. Rafiekian on two counts arising from his work with the Flynn Intel Group, Inc. ("FIG") on behalf of Inovo, BV ("Inovo"), a private Dutch company. Count One of the superseding indictment ("Indictment") alleges a conspiracy to (a) act as an agent of the government of Turkey without prior notification to the Attorney General,[1] ("Count One-(a)") and (b) file false information in documents filed with the Attorney General under the provisions of the FARA ("Count One-(b)"). Count Two alleges that Mr.

---

[1] Although Count I charges a violation of 18 U.S.C. § 951 rather than FARA, registration under FARA constitutes sufficient notice to satisfy Section 951. 28 C.F.R. § 73.3 ("Notification under 18 U.S.C. § 951 shall be effective only if it has been done in compliance with this section, *or if the agent has filed a registration under the Foreign Agents Registration Act* . . . ." (emphasis added)).

Rafiekian acted as an agent for the government of Turkey without prior notification to the Attorney General in violation of 18 U.S.C. § 951.  Indictment 17-19.

The Indictment references a single named co-conspirator, Ekim Alptekin.  The Indictment also alleges various communications between Alptekin and several Turkish government officials, and in a bill of particulars, the government has represented that at trial it intends to offer hearsay from three Turkish Ministers referred to in the indictment, plus a fourth senior Turkish official. These four senior Turkish officials, as well as Mr. Alptekin, are alleged by the government to be co-conspirators whose hearsay the government will seek to introduce pursuant to the Federal Rules of Evidence 801(d)(2)(E).

The Indictment refers to a number of out-of-court statements by Mr. Alptekin and the senior Turkish officials including but not limited to the following[2]:

- On or about July 29, 2016, ALPTEKIN emailed RAFIEKIAN, saying that he had met with a Turkish government minister ("Turkish Minister # l") and that, "He is interested in exploring this seriously and it is likely he'll want to meet with you and [Person A]. . . . [H]e asked me to formulate what kind of output we can generate on the short and mid-term as well as an indicative budget."  ALPTEKIN further told RAFIEKIAN, "Needles [sic] to tell you but he asked me not to read in anyone else for the time being and keep this confidential."  Indictment ¶ 10.

- On or about August 8, 2016, ALPTEKIN sent an email with the subject "Truth" to RAFIEKIAN and Person A, saying "I had a long meeting with [a Turkish government minister ("Turkish Minister #2")] upon the referral of [Turkish Minister #1].  I explained what we can offer.  He agreed to discuss in general lines at the council of ministers today and subsequently with [a senior Turkish leader ("Senior Turkish Leader #2")] in more detail."  Indictment ¶ 14.

- On or about August 10, 2016, ALPTEKIN sent an email with the subject "Truth" to RAFIEKIAN and Person A, saying, "I met with [Turkish Minister #1] and explained our proposed approach.  He is receptive and indicated he would like to meet with us during his upcoming visit to DC. . . .  I will inform you and we can strategize how best to

---

[2] This motion seeks to exclude out-of-court statements referenced in paragraphs 5, 6, 7, 9, 14, 15, 16, 20, 21, 28, 39, 40, 41, 42, 44, 49, 54, as well as any additional out-of-court statements by any co-conspirator.  If the Court rules that these out-of-court statements are inadmissible, Mr. Rafiekian respectfully requests that they be stricken from the indictment.

approach the meeting." ALPTEKIN again inquired about the then U.S. Secretary of State, asking, "Do we know anyone on his team?" Indictment ¶ 15.

- On or about August 10, 2016, ALPTEKIN sent an email with the subject "Truth" to RAFIEKIAN and Person A, saying, "I just finished in Ankara after several meetings today with [Turkish Minister #2] and [Turkish Minister #1]. I have a green light to discuss confidentiality, budget and the scope of the contract."

At least as described in the lengthy speaking indictment, any evidence of statements by the alleged co-conspirator Turkish officials would be hearsay within hearsay.

## ARGUMENT

"Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E) . . . , [t]here must be evidence that there was a conspiracy involving the declarant and the non-offering party, and that the statement was made in the course and in furtherance of the conspiracy." *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). Under Federal Rule of Evidence 104(a), the existence of the conspiracy and the defendant's involvement therein are preliminary questions of fact that must be resolved by the court. *Id.*; Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether . . . evidence is admissible").

To admit an out-of-court statement by a co-conspirator, the government must establish the following elements by a preponderance of the evidence: (1) the existence of the conspiracy, (2) that the defendant and declarant were members of and participated in the conspiracy, and (3) that the offered statement was made during the course of and in furtherance of the conspiracy. *Id.*; *United States v. Neal*, 78 F.3d 901, 905 (4th Cir. 1996). Courts should look to independent evidence—outside of the hearsay statement itself—to determine whether the statement is admissible. *See, e.g.*, *United States v. Blevins*, 960 F.2d 1252, 1256 (4th Cir. 1992); *Neal*, 960 F.2d at 905; *see also United States v. Borders*, 69 F. App'x 130, 132 (4th Cir. 2003) ("To admit a co-conspirator's out-of-court statement, the Government must demonstrate the existence of the

3

conspiracy by evidence extrinsic to the hearsay statements"). Courts should consider extrinsic evidence of the conspiracy, rather than just the hearsay statement itself, because co-conspirator statements are inherently unreliable. *See Bourjaily*, 483 U.S. at 179 (out-of-court statements are generally presumed to be unreliable, unless such presumption is adequately rebutted by sufficient proof); *see also United States v. Silverman*, 861 F.2d 571, 578 (9th Cir. 1988) ("When the out-of-court statement is one made by a co-conspirator purporting to implicate others in an unlawful conspiracy, its reliability is doubly suspect."). When the government offers no evidence linking the co-conspirator to the conspiracy, the co-conspirator's out-of-court statement is not admissible. *United States v. Heater*, 63 F.3d 311, 324-25 (4th Cir. 1995).

The bald reality is that absent reference to these hearsay statements, there is no evidence of any involvement of the Turkish government. Although there is double hearsay evidence to suggest that Mr. Alptekin might have been in communication with Turkish government officials, nothing in the discovery provided to date suggests that there will be evidence presented at trial to support that allegation. Moreover, even that tenuous evidence does not reasonably support the contention that Alptekin was even nominally part of a conspiracy in which FIG was either acting as an agent of the government of Turkey or taking action to avoid giving notice to the Attorney General of FIG's activities undertaken as part of its agreement with Inovo. And there is no evidence that Mr. Alptekin was part of a conspiracy to misrepresent facts in any filing that FIG was to make under FARA. Similarly, there is no evidence, hearsay or otherwise, that any Turkish official was part of such a conspiracy to have FIG act as an agent of Turkey, to have FIG avoid giving notice to the Attorney General, or to make misrepresentations of fact in FIG's FARA filings.

The speaking indictment makes reference to numerous communications between the defendants, yet the evidence that is detailed there does not make out the conspiracy alleged, nor the participation in it of Mr. Alptekin or any of the Turkish officials who are alleged to have been a part of it. Under the circumstances, Mr. Rafiekian respectfully requests that the statements be excluded or at a minimum that the Court hold a pre-trial hearing to determine whether the government is able to meet its burden to admit out-of-court statements made by any purported co-conspirators. In *United States v. James*, 590 F.2d 575 (5th Cir. 1979), the Court held that district courts should "require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator" because of the "danger to the defendant if the statement is not connected and because of the inevitable serious waste of time, energy and efficiency when a mistrial is required in order to obviate such danger." *Id.* at 582. Although the Fourth Circuit does not require a *James* hearing prior to admitting out-of-court statements of co-conspirators, the Court should exercise its discretion to hold such a hearing in this case if it believes there is any doubt that the government can meet the factual predicate for admitting the statements into evidence.

The Fourth Circuit allows conditional admission of co-conspirator declarations because the defendant's rights are safeguarded by the district court's ability "either to declare a mistrial or to dismiss the case if the government fails to prove *aliunde* that a conspiracy existed." *Id.* Although those options may safeguard a defendant's rights in some circumstances, they do not safeguard against the "the inevitable serious waste of time, energy and efficiency" that result from a mistrial or a dismissal after the case has been tried. *James*, 590 F.2d at 582. Given the lack of any evidence that Mr. Alptekin or any Turkish government officials participated in the

charged conspiracy, a pre-trial hearing on this issue will save all parties and the Court a great deal of time.

## CONCLUSION

For the foregoing reasons, Mr. Rafiekian respectfully requests that the Court grant this motion to exclude out-of-court statements by alleged co-conspirators. In the alternative, the Court should (1) hold a hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979) to determine whether the government can meet the factual predicate for admitting into evidence the out-of-court statements of any alleged co-conspirators, or (2) in any event, require that the government meet the factual predicate for admitting out-of-court statements of co-conspirators before such statements are shown to the jury. If the Court ultimately decides that such statements are inadmissible, Mr. Rafiekian respectfully requests that they be stricken from the Indictment.

Dated: May 28, 2019

Respectfully submitted,

*/s/*_____
James E. Tysse (VA Bar # 73490)
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
John C. Murphy (*Pro Hac Vice*)
Adam A. Bereston (*Pro Hac Vice*)
Samantha J. Block (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: mmacdougall@akingump.com
shmitchell@akingump.com

*/s/*_____
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*

Trout Cacheris & Solomon PLLC<br>
1627 Eye Street, NW<br>
Suite 1130<br>
Washington, DC 20006<br>
Telephone:  (202) 464-3311<br>
Fax:  (202) 463-3319<br>
E-mail:   rtrout@troutcahceris.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 28th day of May 2019, true and genuine copies of Defendant's Memorandum of Law in Support of Motion in Limine to Exclude Out-of-Court Statements by Co-Conspirators was sent via electronic mail by the Court's CM/ECF system to the following:

> James P. Gillis
> John T. Gibbs
> Evan N. Turgeon
> U.S. Attorney's Office (Alexandria-NA)
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> Telephone: (703) 299-3700
> Email:  james.p.gillis@usdoj.gov
>              john.gibbs@usdoj.gov
>              evan.turgeon@usdoj.gov

/s/ _____
Robert P. Trout (VA Bar # 13642)