UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| | : | |
| BIJAN RAFIEKIAN, et al. | : | |

**DEFENDANT RAFIEKIAN'S MEMORANDUM OF LAW IN SUPPORT OF
*IN CAMERA* INSPECTION OF ATTORNEY CLIENT COMMUNICATIONS**

Defendant Bijan Rafiekian, through counsel, respectfully submits this memorandum of law in support of his request that the Court conduct an *in camera* inspection of 27 redacted documents[1] that were produced in response to Mr. Rafiekian's March 5, 2019 subpoena ("Subpoena") (Dkt. No. 67) to Covington & Burling LLP ("Covington").[2]

## BACKGROUND

On March 5, 2019, Mr. Rafiekian served the Subpoena on Covington, requesting documents relating to Covington's representation of Flynn Intel Group, Inc. ("FIG"). (Dkt. No. 67). On March 15, 2019, Covington moved to quash the Subpoena (Dkt. No. 75). On April 9, 2019, the Court denied the motion to quash and ordered that "all documents within the scope of the subpoenas *duces tecum* be produced." (Dkt. No. 101). The Court's Order provided:

> Flynn and Rafiekian appear adverse to each other at this point. Given their status as joint clients for the purposes of the company's corporate representation, with equal access to legal advice rendered to FIG by Covington, and because each client has equal rights to the protection of the privilege, one of the joint clients cannot assert the privilege against the other if they subsequently become adversaries. . . . FIG's attorney-client and work-product privileges may not be asserted against Rafiekian . . . .[3]

---

[1] Attached hereto as Exhibit A, Covington's May 28, 2019 Privilege Log.

[2] To preserve any privilege associated with these documents, they have been filed under seal as an exhibit to this motion.

[3] (Dkt. No. 101 at 9–10) (internal citation and quotations omitted).

In response to the Subpoena, Covington made three productions totaling 11,537 documents. Several of these documents, however, contained redactions.

The parties met and conferred by telephone on May 20, 2019.  During the call, Covington explained that the redacted information likely pertained to its representation of Michael Flynn in his personal capacity and not Covington's representation of FIG.  Covington requested the Bates numbers of these redacted documents so that they could review them.  That day, counsel for Mr. Rafiekian sent Covington 32 Bates numbers corresponding to a sample of redacted documents in Covington's production that appeared to contain potentially responsive information.  On May 28, 2019, Covington provided seven unredacted documents and a privilege log containing 27 Bates numbers of documents with redactions relating to its representation of Michael Flynn.

## ARGUMENT

The Fourth Circuit construes assertions of work-product and attorney-client privilege "quite narrowly." *Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 271 (E.D. Va. 2004); *see also In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984) (The attorney-client privilege is to be "strictly confined within the narrowest possible limits consistent with the logic of its principle.") (internal citation omitted).  The proponent of the privilege bears the burden to establish its applicability.  *See Sheet Metal Workers Intern. Ass'n v. Sweeney*, 29 F.3d 120, 125 (4th Cir. 1994) ("The proponent must establish not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived.") (internal citation omitted).

Prior to defense counsel's May 20, 2019 call with Covington, Covington had not provided any clear basis for redacting the 27 documents attached hereto, or any of the other redacted documents in its production.  Covington has stated the redactions pertain to its personal

2

representation of Michael Flynn, but it is impossible to know how Covington distinguished between FIG's client file and Mr. Flynn's.  The Court, therefore, should conduct an *in camera* inspection of the 27 documents attached to this motion.  *See United States v. Zolin*, 491 U.S. 554, 572 (1989) (explaining that "a lesser evidentiary showing is needed to trigger in camera review than is required ultimately to overcome the privilege"); *Love v. Johnson*, 57 F.3d 1305, 1313 (4th Cir. 1995) ("When . . . an accused cannot possibly know, but may only suspect, that particular information exists which [is responsive], he is not required, in order to invoke the right, to make a particular showing of the exact information sought and how it is material and favorable. Instead, he need only at that stage at least make some plausible showing . . . .") (internal quotations omitted); *Fed. Election Comm'n v. Christian Coal.*, 178 F.R.D. 456, 462 (E.D. Va. 1998) (holding judge's *in camera* review in subpoena enforcement action of allegedly privileged attorney client documents, including those that the party seeking production never specifically objected to, was not an abuse of discretion).

*In camera* inspection is necessary to determine whether Covington has properly asserted the attorney-client privilege.  Even if the information that Covington has redacted or withheld relates in some manner to Covington's representation of Michael Flynn, that information may *also* relate to Covington's separate representation of FIG.  Where a lawyer simultaneously represents both a company and its CEO, it can be difficult to draw a line between where the representation of the corporation ends and the representation of the individual begins.  There also may be situations in which the representation properly relates to *both* clients simultaneously.

It is difficult to conceive how many of these redactions could be subject to a claim of privilege that would allow Covington to withhold the information from Mr. Rafiekian, a director of FIG (and thus a joint client of Covington in that capacity).  In many documents, Covington

3

has left most of the text visible, while choosing to redact only several words, sentences, and in some cases blocks of text.  The core subject matter of these emails pertained to Covington's representation of FIG, and the redactions are not explained.  It is not at all clear how Covington has drawn a line between its representation of FIG and its personal representation of Michael Flynn, and the defense is concerned that it has not been done properly.

For example, how did Covington handle information that was relevant to Covington's representation of *both* FIG and Mr. Flynn?  Was such information redacted or produced?  The selective redactions in these 32 documents suggest that Covington may not have drawn an appropriate line.  An *in camera* inspection of the 27 documents would permit the Court to determine if the redacted information in fact *only* relates to Covington's representation of Mr. Flynn, or whether it also implicates Covington's representation of FIG and should therefore have been produced.

## CONCLUSION

For the foregoing reasons, Mr. Rafiekian respectfully requests that the Court conduct an *in camera* inspection of 27 redacted documents attached hereto.  Mr. Rafiekian requests that the Court hear this motion on June 18, 2019 or at such other time as the Court may direct.

Dated: May 28, 2019

Respectfully submitted,
*/s/*
James E. Tysse (VA Bar # 73490)
Mark J. MacDougall (Pro Hac Vice)
Stacey H. Mitchell (Pro Hac Vice)
John C. Murphy (Pro Hac Vice)
Adam A. Bereston (Pro Hac Vice)
Samantha J. Block (Pro Hac Vice)
Counsel for Bijan Rafiekian
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
Telephone:  (202) 887-4000

Fax:  (202) 887-4288
E-mail:  mmacdougall@akingump.com
shmitchell@akingump.com


/s/
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone:  (202) 464-3311
Fax:  (202) 463-3319
E-mail:  rtrout@troutcahceris.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 28th day of May 2019, true and genuine copies of

Defendant's Memorandum of Law in Support of *In Camera* Inspection of Attorney Client

Communications was sent via electronic mail by the Court's CM/ECF system to the following:

    James P. Gillis
    John T. Gibbs
    Evan N. Turgeon
    U.S. Attorney's Office (Alexandria-NA)
    2100 Jamieson Avenue
    Alexandria, VA 22314
    Telephone:  (703) 299-3700
    Email:  james.p.gillis@usdoj.gov
            john.gibbs@usdoj.gov
            evan.turgeon@usdoj.gov

                                        */s/*_____
                                        Robert P. Trout (VA Bar # 13642)