# EXHIBIT G

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO
SEOUL   SHANGHAI   SILICON VALLEY   WASHINGTON

Robert K. Kelner

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5503
rkelner@cov.com

June 13, 2018

James P. Gillis
Evan N. Turgeon
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, VA 22314

Dear Counsel:

The U.S. Attorney's Office for the Eastern District of Virginia ("USAO") has requested to interview our client, Lt. Gen. (Ret.) Michael T. Flynn, in connection with an investigation by the USAO regarding the registration by our client the Flynn Intel Group, Inc. ("FIG") under the Foreign Agents Registration Act ("FARA") and the Lobbying Disclosure Act ("LDA"). We understand that you are seeking his cooperation, pursuant to his plea and cooperation agreement with the Special Counsel's Office. In connection with that interview, and his subsequent testimony before an EDVA grand jury, you have requested information that raises questions of privilege. This letter reflects the understanding we have reached with your office concerning the scope and terms of providing a voluntary and limited waiver in response to that request.

We previously informed you that FIG has in its possession a declaration obtained from its former General Counsel, Robert Kelley. FIG agrees to produce to you a copy of that declaration. You agree that, to the extent the document memorializes privileged legal advice or other privileged communications, and to the extent, if any, that the document itself is deemed to be attorney work product, by producing the document to you FIG does not waive attorney-client privilege or work product privilege, except with respect to the document itself and advice that Robert Kelley provided to FIG concerning whether or not it was required to register under FARA.

You are authorized to question Robert Kelley and his deputy Thomas Spencer regarding any legal advice they provided to FIG concerning registration under FARA and/or LDA, but you agree that you will not assert that by authorizing you to question Mr. Kelley and Mr. Spencer concerning such legal advice, General Flynn or FIG has waived any privilege with respect to Covington & Burling's subsequent defense of General Flynn and FIG in connection with the Department of Justice's FARA investigation or Covington's legal advice to FIG and General Flynn regarding their submissions to the FARA Registration Unit.

DC: 6744457-1

**COVINGTON**
June 13, 2018
Page 2

With respect to FIG's January 13, 2017 letter to the FARA Registration Unit and its March 7, 2017 FARA filing, you could ask questions to General Flynn concerning the contents of those submissions and factual information he or others shared or did not share with Covington & Burling lawyers who were working on preparation of the letter and subsequent filing. You agree that, to the extent we take the position that such purely factual communications in connection with preparation of the FARA filing were not privileged, you will not assert that any waiver of privilege resulted from General Flynn's answering those questions.

With respect to FIG's counsel at Covington & Burling LLP, you agree to limit the scope of questioning of counsel to questions regarding:

- factual representations made to counsel, in connection with preparation of FIG's FARA filing;

- the sources of such factual representations;

- factual information concerning who (other than counsel) reviewed drafts of the FARA filing;

- factual information concerning any comments or corrections or questions made by people who reviewed drafts of the FARA filing (other than counsel) concerning the filing; and

- When, how, and in what form counsel received communications from FIG personnel concerning the content of the FARA filing.

We inform you that, in August of 2016, Bijan Kian contacted Covington & Burling to explore whether to retain Covington to provide advice concerning FARA, but did not retain Covington to provide such advice at that time. You are authorized to ask Covington questions concerning that outreach by Mr. Kian, but you agree not to assert that, by authorizing you to do so, FIG waives privilege with respect to any subsequent legal advice by Covington & Burling to FIG after it was retained to provide FARA advice in late December 2016.

You agree that you will not assert that any answers provided by General Flynn or Covington & Burling lawyers waive privilege with respect to any aspect of Covington & Burling's legal defense of FIG or General Flynn, whether concerning FARA or any other matter, and that the scope of the voluntary, limited waiver authorized by FIG is defined by the terms of this letter. The parties further agree that, to the extent that the government has pre-existing grounds, not based on the provision of information pursuant to the terms of this letter, to argue for the non-existence of, or waiver of, any privilege, the provision of information as set forth in this letter does not limit the government's ability to assert such arguments. The parties also agree that there are no restrictions on the use of any information provided pursuant to this letter.

**COVINGTON**
June 13, 2018
Page 3

If the above terms are acceptable, please sign below to confirm your agreement to these terms.

Sincerely,

Robert K. Kelner
Stephen P. Anthony

By: _____
Assistant United States Attorney
U.S. Attorney's Office for the Eastern District of Virginia