IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 1:18-CR-457-AJT |
| BIJAN RAFIEKIAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION *IN LIMINE* TO PRECLUDE DEFENDANT
FROM PRESENTING EVIDENCE OR ARGUMENT ON
ADVICE OF COUNSEL OR THE LOBBYING DISCLOSURE ACT

In its response to the government's motion, the defendant makes several claims about the relevance of advice-of-counsel evidence in this case which reflect a misreading of the allegations in the indictment. Based on the charged offenses, evidence concerning (1) the defendant's September 2016 solicitation of legal advice concerning whether FIG should register under the Foreign Agents Registration Act (FARA), (2) an October 2017 declaration by the attorney who allegedly advised the defendant on that issue, and (3) FIG's filings under the Lobbying Disclosure Act (LDA) are not admissible because this evidence is not relevant to any charged offense.

I. **The Defendant's Interactions with Kelley Were in Furtherance of the Conspiracy**

The defense first claims that the defendant's communications with Kelley are relevant to Count 1 of the indictment, which alleges a conspiracy to violate 18 U.S.C. § 951 and to make false statements in a March 2017 FARA filing prepared by Covington & Burling. The defense claims that, "In the government's view, one of the ways in which the conspirators tried to

conceal Turkey's role was by registering under the LDA rather than giving notice under Section 951 or registering under FARA." Dkt. 156 at 7. This is not correct. Instead, the indictment alleges that the defendant sought to conceal Turkey's role by, among other things, claiming that the work was being done for the benefit of Alptekin's company Inovo rather than the Government of Turkey:

> RAFIEKIAN and ALPTEKIN conspired covertly and unlawfully to influence U.S. politicians and public opinion concerning a Turkish citizen living in the United States whose extradition was then being sought by the Government of Turkey. The defendants sought to discredit and delegitimize the Turkish citizen in the eyes of politicians and the public, and ultimately to secure the Turkish citizen's extradition. Although the Government of Turkey directed the work through ALPTEKIN, the defendants sought to conceal Turkey's involvement in the efforts to discredit the Turkish citizen. As part of this concealment, the defendants used ALPTEKIN's company, Company B [Inovo], rather than the Government of Turkey, to serve as Company A's [FIG's] "client." Company B was also to pay Company A's fee, although it is clear that Turkish government officials approved the budget for, and received regular updates on, the progress of Company A's work.

Ind. ¶ 3.

The indictment does not even mention a duty to file under FARA or the LDA. Indeed, it does not mention the LDA at all. Nor does it mention that a failure to file under one or the other statute was any part of the conspiracy. The FARA charges have one basis only – that the defendant made false statements on the FARA filing. In this respect they are indistinguishable from a charge under 18 U.S.C. § 1001. An advice of counsel defense cannot defeat a charge of knowingly making a false statement in either context. Thus, Kelley's advice concerning whether to file under FARA or the LDA simply has no relevance to the offenses charged.

**II.  Advice-of-Counsel Evidence Is Not Relevant Because the Conspiracy Was In Progress Before the Defendant Sought Legal Advice**

The defense next misconstrues the timing of the conspiracy, and claims that: "there could be no conspiracy *before* Mr. Rafiekian's consultation with Kelley because before that time Mr.

2

Rafiekian intended to file under FARA. Thus, to prove a conspiracy, the government must prove an agreement was reached between the time Mr. Rafiekian consulted with Kelley and the time Kelley filed the LDA registration less than a week later." Dkt. 156 at 7-8.

These claims are both factually and legally incorrect. As the indictment alleges, and as the grand jury found probable cause to believe, the conspiracy, including the concealment of Turkey's role, began in July 2016, continued through September 2016 (when the defendant allegedly consulted with Kelley), and did not end before March 2017. The indictment alleges acts in furtherance of the conspiracy committed by Rafiekian and Alptekin at least as early as July 27, 2016. *See* Ind. ¶ 8 and Count 1 ¶ 3.

Importantly, this timing renders evidence of the defendant's September 2016 contact with Kelley inadmissible because "[e]vidence of the advice of counsel, whether offered in support of a full-fledged advice of counsel defense or as probative of [the defendant's] knowledge or state of mind would be relevant only to those actions which took place after the statements of counsel were made known to the defendant." *Okun*, 2009 WL 414009, at *7 (citing *United States v. Polytarides*, 584 F.2d 1350, 1352 (4th Cir. 1978)). "It is critical to admissibility that the advice was received by the defendant before taking action." *Id.* (quoting *United States v. O'Connor*, 158 F. Supp. 2d 697, 728 (E.D. Va. 2001) (Ellis, J.)).

In *Polytarides*, for example, the Fourth Circuit applied this principle to a case in which the defendant received advice that his partially completed arms sale was legal. 584 F.2d at 1352. The Fourth Circuit explained that "[a] crucial element in the defense of acting upon the advice of counsel is that defendant secured the advice on the lawfulness of his possible *future* conduct." *Id.* at 1353 (emphasis added). "This restriction on evidence of advice of counsel also applies when the evidence is simply offered as relevant to the question of good faith, because

3

such evidence cannot be relevant if the defendant had already manifested his intent to take the action in question." *Okun*, 2009 WL 414009 at *7 (quoting *Polytarides*, 584 F.2d at 1353); *see also O'Connor*, 158 F. Supp. 2d at 728 (finding no defense where defendants took "significant steps in furtherance of the scheme" before receiving the advice in question). "In short, a defendant who takes significant steps toward the completion of his criminal action cannot avail himself of later-received advice of counsel respecting the lawfulness of that action." *Okun*, 2009 WL 414009 at *8.

Here, evidence of the defendant's interactions with Kelley is not admissible because the conspiracy was already in progress by the time the defendant met with Kelley in September 2016. As alleged in the indictment, the defendant had formed a conspiracy with Alptekin as early as July 2016, and overt acts had been completed well in advance of September 2016. *See, e.g.*, Ind. ¶¶ 8-20. For example, on or about September 3, 2016, the defendant sent Alptekin an email in which he stated, "We have been at work on this engagement since July 31st." Ind. at ¶ 22. Because the conspiracy was in progress before the defendant consulted with Kelley, evidence of Kelley's advice to the defendant is inadmissible to show the defendant's lack of criminal intent.

### III. Advice-of-Counsel Evidence Is Not Relevant to the Defendant's Intent to Violate § 951

The defense further claims that advice-of-counsel evidence is relevant to whether the defendant's violation of § 951 was committed knowingly. Dkt. 156 at 9. The defense suggests that the defendant may have misunderstood § 951's requirements and believed that "LDA registration would still give appropriate notice to the Attorney General." But this argument fails for two reasons. First, the duty to notify under Section 951 only arises when on is acting as an agent *of a foreign government*. According to the defendant, however, he never believed that he

was acting on behalf of the Government of Turkey. Rather, he sought advice allegedly to determine whether as an agent of Inovo, a foreign *corporation*, he had to file under FARA or under the LDA. If the government establishes that the defendant knew that he was taking direction from a foreign government, it will also have established that the defendant lied to Kelley about the client being Inovo. There could be no advice of counsel in that case. If the government fails to establish that the defendant understood that he was being directed by Turkey, any advice he received about filing under FARA or the LDA as an agent of Inovo would be irrelevant. In either case, the evidence is inadmissible. Finally, because § 951 is a general intent crime, as detailed in the government's motion and not disputed in the defense's response, "[w]hat the statute prohibits is clear on its face, and ignorance of the law is no defense to a criminal prosecution." *United States v. Duran*, 596 F.3d 1283, 1292 (11th Cir. 2010).[1] Again, the advice of Kelley is irrelevant.

The defense also suggests that the defendant's statement to Kelley that FIG's client was Inovo suggests that the defendant did not act knowingly. Dkt. 156 at 9-10. As detailed in the government's motion, however, any such statement by the defendant is inadmissible self-serving hearsay. *See* Dkt. 127 at ¶ 8. Should the defendant desire to present evidence of his prior statements, he can do so by testifying at trial.

### IV.     Kelley's Declaration is Not Admissible Under Rule 801(d)(1)(A)

Contrary to the defense's suggestion, Kelley's October 2017 declaration, which was obtained by a private investigator hired by FIG's outside counsel, is not admissible under Federal

---

[1] The defense asserts that "*none* of the decisions cited by the government resulted in exclusion of evidence pertaining to consultations with counsel." Dkt. 156 at 11 (emphasis in original). This claim is incorrect. In *United States v. Dyer*, Judge Ellis granted the government's motion to exclude advice-of-counsel evidence because the statute at issue was a general intent crime. 750 F. Supp. 1278, 1293 (E.D. Va. 1990) (Ellis, J.) ("Consistent with this construction of § 857, the Court granted the government's motion *in limine* excluding advice of counsel evidence.").

5

Rule of Evidence 801(d)(1)(A). That Rule excludes from the definition of hearsay prior statements where "The declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition." Kelley's declaration does not qualify under this provision because (1) Kelley was not subject to cross-examination about the statements therein and (2) it was not given at a trial, hearing, other proceeding, or in a deposition.

The government notes that in its response, the defense does not contest the inadmissibility of the hearsay-within-hearsay portions of Kelley's declaration that recount what the defendant allegedly told him. As noted in the government's motion, these portions are inadmissible because a defendant may not introduce his own self-serving, out-of-court statements without testifying at trial. Dkt. 127 at 7-8 (citing *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996); *United States v. Hassan*, 742 F.3d 104, 135 (4th Cir. 2014)).

**Conclusion**

Because evidence concerning (1) the legal advice Kelley allegedly provided the defendant and (2) FIG's registration and filings under the LDA lacks any probative value and would serve only to confuse the issues and mislead the jury, the government respectfully requests that the Court preclude the defense from presenting evidence or argument on these topics at trial.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

|   |   |
|---|---|
| _____/s/_____<br>Evan N. Turgeon<br>Trial Attorney<br>Counterintelligence<br>   and Export Control Section<br>National Security Division<br>United States Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>(202) 353-0176<br>Evan.Turgeon@usdoj.gov | By: _____/s/_____<br>James P. Gillis<br>Virginia Bar No. 65055<br>John T. Gibbs<br>Virginia Bar No. 40380<br>Assistant United States Attorneys<br>The Justin W. Williams<br>   United States Attorney's Office<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>(703) 299-3700<br>(703) 299-3982 (fax)<br>James.P.Gillis@usdoj.gov<br>John.Gibbs@usdoj.gov |

CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to counsel of record.

Respectfully submitted,

/s/
Evan N. Turgeon
Trial Attorney
U.S. Department of Justice