IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BIJAN RAFIEKIAN, *et.al.*<br><br>Defendants. | Case No. 1:18-CR-457-AJT |

GOVERNMENT'S RESPONSE TO MOTION
FOR ADDITIONAL PEREMPTORY CHALLENGES

The United States of America, by and through its undersigned counsel, hereby files this response in opposition to the defense Motion for Additional Peremptory Challenges (Docket Nos. 150-151).

In a non-capital case, such as this, in which the offenses charged are punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and defendants are entitled to 10 peremptory challenges of prospective jurors.   FED. R. CRIM. P. 24(b).   In seeking additional peremptory challenges, the defense overlooks the fact that this is a single defendant case.   FED. R. CRIM. P. 24(b) provides that the "court may allow additional peremptory challenges *to multiple defendants*." (Emphasis added). So while the Rule makes this discretionary with the Court in multi-defendant trials, it is silent regarding single defendant trials. *See, United States v. Esquivel*, 755 F. Supp. 434, 438 (D.D.C. 1990)("The Rule [on additional peremptory challenges] clearly does not apply, there being a single defendant in this case"). *See also, United States v. Wilson*, ("Since Wilson is the sole defendant 'there is no authority in [Rule 24(b)] for according extra challenges to a single defendant'") (Citations omitted); *United*

1

*States v. Awadallah*, 457 F.Supp. 2d 246, 250 (S.D.N.Y. 2006)("the Rule does not provide parallel authorization to grant additional peremptory challenges in the case of an individual defendant."). This comports with Local Rule 24(b), which provides in pertinent part, "In a criminal case *where there is more than one defendant*, the Court may allow each or both sides more than the usual number of peremptory challenges." (Emphasis added).

While this is ultimately a discretionary decision, the government submits that the Court should not grant the defendant additional peremptory challenges in this case. Providing the defendant with even more than the 10 peremptory challenges to which he is entitled, in comparison with only 6 peremptory challenges being allowed to the government, would result in an excessive and unfair imbalance in the exclusion and ultimate selection of prospective jurors between the defendant and the government. A defendant is not entitled to a stacked jury consisting of individuals whom defense counsel feels demonstrate a particular characteristic or may be more biased towards his view of the case, his style of presentation, or his client. A defendant is entitled only to an impartial jury which is representative of the community. *United States v. Hueftle*, 687 F.2d 1305, 1309 (10th Cir. 1982); *Jeffers v. United States*, 451 F. Supp. 1338 (N.D. Ind. 1978).

Moreover, the defense's argument that additional "peremptory challenges are appropriate in Mr. Rafiekian's case due to the significant media attention it has received and the highly polarizing nature of the Special Counsel's investigation," (Defense Memorandum for Additional Peremptory Challenges at p. 3) is unpersuasive. The solution for a case with significant media attention or a highly polarizing investigation is to handle it as Judges in this District do routinely – to have the Court ask all potential jurors about what they may have heard about the case.

Then the Court can conduct a searching voir dire to determine if there is anything about what an individual juror may have heard that would cause that juror to be less than fair and impartial. Affording a single defendant a number of additional peremptory challenges beyond the ten to which he is entitled by rule is not appropriate in this case.

Simply put, the defendant has demonstrated no need for additional defense peremptory challenges in order to ensure that members of the jury are representative of the community and impartial. In the absence of any such need, the court does not abuse its discretion in denying any such motion. *McClendon*, 782 F.2d at 787-788 (2 defendants granted only 10 peremptory challenges although they disagreed on the use of them); *Hueftle*, 687 F.2d at 1309 (15 defendants granted only 3 peremptory challenges although they disagreed over which jurors they thought would be more biased).

Should the Court see fit to grant the defendant additional peremptory challenges, the United States would request a proportionate number of additional peremptory challenges. *See Meredith*, 824 F.2d at 1423; *United States v. Scott*, 555 F.2d 522, 533 (5th Cir. 1977); *United States v. Haldeman*, 559 F.2d 31, 79-80 (D.C. Cir. 1976); *United States v. Tucker*, 526 F.2d 279, 283 (5th Cir. 1976); *United States v. Potts*, 420 F.2d 964 (4th Cir. 1970); Local Rule 24(B). Such a procedure would accommodate any concerns of the defendant(s), and prevent the impaneling of a jury perceived by the public or by any of the parties as unfairly chosen.

## **CONCLUSION**

For the reasons stated above, the Motion should be denied.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

| | |
|---|---|
| /s/<br>Evan N. Turgeon<br>Trial Attorney<br>Counterintelligence<br>    and Export Control Section<br>National Security Division<br>United States Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br>(202) 353-0176<br>Evan.Turgeon@usdoj.gov | By: /s/<br>John T. Gibbs<br>Virginia Bar No.40380<br>James P. Gillis<br>Virginia Bar No. 65055<br>Assistant United States Attorneys<br>Katie Sweeten<br>Special Assistant United States Attorney<br>The Justin W. Williams<br>    United States Attorney's Office<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>(703) 299-3700<br>(703) 299-3982 (fax)<br>James.P.Gillis@usdoj.gov<br>John.Gibbs@usdoj.gov |

CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to counsel of record.

Respectfully submitted,

/s/
John T. Gibbs
Assistant United States Attorney

4