## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

UNITED STATES OF AMERICA,  :
           :
v.            :  **Criminal Case No. 1:18-CR-457 (AJT)**
           :
BIJAN RAFIEKIAN, et al.    :

## DEFENDANT RAFIEKIAN'S MEMORANDUM IN SUPPORT OF HIS
## MOTION FOR AN EVIDENTIARY HEARING

On May 30, 2019, the government filed two motions to establish the crime-fraud exception to the attorney-client privilege, seeking to introduce at trial, among other things, certain privileged communications between the Defendant and lawyers representing Flynn Intel Group ("FIG").  [ECF Nos. 173 and 182].  The Defendant respectfully requests that the government's motions be decided upon an evidentiary hearing to be held on June 13, 2019.

The decision whether to hold an evidentiary hearing on privilege issues is within the Court's discretion.  *See United States v. Boender*, 649 F.3d 650, 658 (7th Cir. 2011). Nevertheless, "where a fact finder undertakes to weigh evidence in a proceeding seeking an exception to the privilege," the party invoking the privilege should have the "absolute right to be heard by testimony and argument."  *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 97 (3d Cir. 1992). The privilege must be given "adequate protection, and this can be assured only when the district court undertakes a thorough consideration of the issue, with the assistance of counsel on both sides of the dispute."  *Id.*  Given the important issues at stake in the government's motion, the Court should hold an evidentiary hearing to ensure that the attorney-client privilege is protected and that the government's assertions are put to the test.

As demonstrated by the government's crime-fraud motion, as well as by Defendant's motion to suppress privileged information wrongfully obtained by the government, issues

pertaining to the attorney-client privilege are among the most consequential issues in this case. Mr. Rafiekian was at all relevant times an officer, director, and major shareholder of FIG.  In that capacity, he was a joint client of FIG's attorneys and has an equal right to claim privilege over his communications with them.  Nevertheless, through all stages of this case, the government has repeatedly and wrongfully sought to use Mr. Rafiekian's privileged communications against him—first by leveraging its cooperation agreement with Michael Flynn to cause Mr. Flynn to "waive" privilege on behalf of FIG, with no notice or consent by Mr. Rafiekian; by interviewing FIG's attorneys on a wide range of privileged topics; by introducing privileged information into the grand jury proceedings (*see* Indictment ¶ 53); and now by seeking to use the crime-fraud exception to introduce privileged evidence at trial.

Given the extraordinary steps the government has taken to obtain this privileged information, it is clear the government believes this evidence is significant.  In fact, it is no exaggeration that without the government's intrusion into FIG's privileged communications, Mr. Rafiekian likely never would have been indicted.  Mr. Rafiekian is charged, among other things, with conspiring to make false statements in a filing under the Foreign Agents Registration Act ("FARA").  Because the FARA filing was drafted and thoroughly vetted by counsel and based on numerous interviews by counsel of multiple FIG employees, the preparation of the filing was cloaked in privilege.  The government thus needed to breach the privilege in order to make out a FARA charge against Mr. Rafiekian, and it has breached that privilege repeatedly.  An incorrect ruling on this critical evidentiary issue would have significant consequences, and the Court should take all appropriate steps to make sure it reaches the correct result.  An evidentiary hearing on this matter will ensure that the Court is able to do so.

2

An evidentiary hearing is also warranted by the complexity and breadth of the factual disputes that must be resolved in order to decide the government's crime-fraud motion.  A hearing will ensure that the facts are fully developed and aid the Court in reaching this critical decision.  As described in further detail in Mr. Rafiekian's opposition to the crime-fraud motion,[1] "the party invoking the crime-fraud exception must make a prima facie showing that (1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud."  *In re Grand Jury Proceedings #5 Empaneled Jan. 28, 2004*, 401 F.3d 247, 251 (4th Cir. 2005).  The government has attached over a hundred pages of exhibits to its motion, but it has not even attempted to explain how those exhibits relate to the elements of the crime-fraud exception. Indeed, the government's one-page application of the crime-fraud elements does not cite to a single exhibit.  *See* ECF No. 173 at 7.  Surely, more is required.  The government should be compelled to describe the evidence in support of its crime-fraud motion with particularity, and Mr. Rafiekian should be permitted an opportunity to put that evidence to the test before the Court rules on the motion.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Court hold an evidentiary hearing on June 13, 2019 in connection with the government's crime-fraud motions [ECF Nos. 173 and 182].

Dated June 6, 2019                                      Respectfully submitted,

                                                       */s/*_____
                                                       Mark J. MacDougall (*Pro Hac Vice*)

---

[1] The Defendant's opposition will be filed no later than on June 10.

Stacey H. Mitchell (*Pro Hac Vice*)
John C. Murphy (*Pro Hac Vice*)
Adam A. Bereston (*Pro Hac Vice*)
Samantha J. Block (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone:  (202) 887-4000
Fax:  (202) 887-4288
E-mail:   mmacdougall@akingump.com
              shmitchell@akingump.com


/s/
_____
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone:  (202) 464-3311
Fax:  (202) 463-3319
E-mail:   rtrout@troutcahceris.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 6th day of June 2019, true and genuine copies of Defendant

Rafiekian's Memorandum in Support of his Motion for an Evidentiary Hearing were sent via

electronic mail by the Court's CM/ECF system to the following:

James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office (Alexandria-NA)
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone:  (703) 299-3700
Email:  james.p.gillis@usdoj.gov

       john.gibbs@usdoj.gov
       evan.turgeon@usdoj.gov

*/s/*_____
Robert P. Trout (VA Bar # 13642)