IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 1:18-CR-457-AJT |
| BIJAN RAFIEKIAN, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO ENTER A SPECIAL APPEARANCE
ON BEHALF OF KAMIL EKIM ALPTEKIN

I.   Introduction

By this motion ("Motion") counsel for Kamil Ekim Alptekin respectfully request leave to enter a special appearance on his behalf for the limited purpose of opposing the Government's Motion to establish a crime-fraud exception to the attorney-client privilege between Mr. Alptekin and his former counsel, Arent Fox LLP.[1] Mr. Alptekin seeks this appearance as the holder of the privilege that the Government seeks to vitiate.[2] The Government is trying to take unfair advantage of Mr. Alptekin's absence to breach the attorney-client privilege. He should be afforded the same opportunity to challenge the Government's unwarranted attack on the privilege as any non-participant in this trial would be given, namely an opportunity to be heard. That is why he asks the Court to permit him to make a special appearance.

---

[1] Counsel for Mr. Alptekin has conferred with counsel for the Government and the Government does not consent to Mr. Alptekin being allowed to make a special appearance to contest the Government's Motion.

[2] The Motion, and any special appearance by Mr. Alptekin, if permitted, is made without prejudice to any other defenses, procedural or substantive, all of which are reserved.

II.     Procedural Background

In May 2017, to assist the Special Counsel, Mr. Alptekin's attorneys from Arent Fox arranged a voluntary, unsolicited meeting with the Special Counsel's Office.  Mr. Alptekin told them about his involvement with General Flynn, Mr. Rafiekian and FIG.  A few months later, the Special Counsel's colleagues informed Mr. Alptekin's current lawyers that the Special Counsel disbelieved some of what Mr. Alptekin had told them.  They said that neither side had been prepared for the previous unsolicited meeting and that if Mr. Alptekin changed his rendition of events and told them the truth (that is, conformed his rendition of the facts to what they believed), they would operate on a clean slate and all would be forgiven.  Mr. Alptekin refused to conform his facts to their beliefs, and months later this indictment ensued.

Although Mr. Alptekin was indicted in this case, he has not appeared before this Court and no proceedings have moved forward as to Mr. Alptekin in this matter.  On May 31, 2019, however, the Government moved this Court to find that statements made by Mr. Alptekin to his then-counsel, as well as other information or documents that he provided to that counsel, are not covered by the attorney-client privilege because the information falls within the crime-fraud exception to the privilege (the "Government's Motion").

III.    Argument

The Court can and should enter an order authorizing Mr. Alptekin's counsel to appear specially on his behalf to oppose the Government's Motion.  Courts have discretion to grant leave to make a special appearance for limited purposes.  *See, e.g.*, *Prudential Ins. Co. v. McKee*, 81 F.2d 508, 511 (4th Cir. 1936) (noting that "the right to specially appear in the federal court is substantial").  While there is extensive authority regarding the historical function of special appearances in civil cases, courts, including this one, have allowed special appearances in

criminal cases. *See, e.g.*, *United States v. Kolon Indus., Inc.*, 926 F. Supp. 2d 794, 797-99 (E.D. Va. 2013) (granting defendant leave to make a limited appearance for the purpose of moving to contest purported service of summons and to dismiss indictment for lack of personal jurisdiction); *United States v. Dotcom*, No. 12-cr-00003 (E.D. Va. Oct. 5, 2012), Dkt. No. 127 (granting foreign defendant leave to enter limited appearance to move to dismiss indictment for lack of personal jurisdiction); *United States v. Swank Corp.*, 797 F. Supp. 497, 499 (E.D. Va. 1992) (noting previous grant of leave to make a special appearance to permit the release of assets to retain counsel); *United States v. Tucor Int'l, Inc.*, 35 F. Supp. 2d 1172, 1176, 1183-85 (N.D. Cal. 1998) (noting previous grant of leave to make a special appearance to move to dismiss indictment), *aff'd,* 189 F.3d 834 (9th Cir. 1999); *United States v. Noriega*, 683 F. Supp. 1373, 1374 (S.D. Fla. 1988) (granting foreign defendant's motion to make special appearance to contest court's jurisdiction and attack sufficiency of indictment).

In this case, Mr. Alptekin does not seek to raise jurisdictional issues, but rather to protect his fundamental right to seek the confidential advice of counsel. At issue here is one of Mr. Alptekin's most important and protected rights. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009) (acknowledging "the importance of the attorney-client privilege, which 'is one of the oldest recognized privileges for confidential communications'") (citation omitted); *In re Grand Jury Proceedings #5 Empanelled* [sic] *Jan. 28, 2004*, 401 F.3d 247 (4th Cir. 2005) (same). The attorney-client privilege, when applicable, "affords all communications between attorney and client absolute and complete protection from disclosure." *In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997).

Yet, here, the Government seeks to deprive Mr. Alptekin of his right and privilege without even being given the opportunity to oppose the Government's Motion. Unlike other

cases that have denied special appearances to challenge an indictment, Mr. Alptekin seeks only to be given the opportunity to protect his privilege. Once the privilege is waived and information is released, the Government's knowledge of that information cannot be erased.[3]

In addition, not allowing Mr. Alptekin to specially appear to oppose the Government's Motion would violate Mr. Alptekin's constitutional due process rights. Because the Government does not consent to Mr. Alptekin's special appearance, it is requesting an *ex parte* hearing on this issue. The Fourth Circuit has made it clear that absent special circumstances, once the Government makes a *prima facie* showing, the privilege holder should have the opportunity to rebut the *prima facie* case. "The crime-fraud standard does seem to contemplate the possibility that the party asserting the privilege may respond with evidence to explain why the vitiating party's evidence is not persuasive." *In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 352 (4th Cir. 1994). The exception to that involves grand jury proceedings and on-going investigations requiring secrecy. *Id*. at 353. There is no such need to maintain secrecy in this case – there is no on-going investigation and there is no continuing grand jury matter. Therefore, there is no reason that the Government should be allowed to deny Mr. Alptekin of his due process rights by proceeding on an *ex parte* basis.

Counsel respectfully submits that the Court should exercise such discretion to allow a special appearance by counsel on Mr. Alptekin's behalf so that he may preserve his fundamental right to counsel.

IV. Conclusion

For the foregoing reasons, Mr. Alptekin's counsel respectfully requests that the Court grant its Motion for leave to allow counsel to appear specially on his behalf as the privilege

---

[3] It is not clear why the Government is seeking Mr. Alptekin's privileged communications in its case against Mr. Rafiekian. The Government's motion is at best premature.

4

holder for the limited purpose of opposing the Government's attempt to void the attorney-client privilege between Mr. Alptekin and his former counsel. If the Court grants the instant Motion, counsel request that it deem the opposition attached to that Motion filed.

Respectfully submitted this 6th day of June 2019.

By: /s/ Rodney F. Page
Rodney F. Page (Virginia Bar No. 12401)
Jennifer Kies Mammen (Virginia Bar No. 73102)
**BRYAN CAVE LEIGHTON PAISNER LLP**
1155 F Street, N.W.
Suite 700
Washington, D.C. 20004
Telephone: (202) 508-6000
Facsimile: (202) 508-6200
Rodney.Page@bclplaw.com
Jennifer.Mammen@bclplaw.com

*Attorneys for Specially-Appearing Defendant*
*Kamil Ekim Alptekin*

CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June 2019, I electronically filed the foregoing document entitled "MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ENTER A SPECIAL APPEARANCE ON BEHALF OF KAMIL EKIM ALPTEKIN" with the Clerk of Court using the CM/ECRF system, which will then send a notification of such filing to the counsel named below:

| | |
|---|---|
| James P. Gillis | Evan N. Turgron |
| John T. Gibbs | Trial Attorney |
| Assistant United States Attorneys | Counterintelligence and Export Control |
| **UNITED STATES ATTORNEY'S OFFICE** | Section |
| 2100 Jamieson Avenue | National Security Division |
| Alexandria, VA 22314 | **UNITED STATES DEPARTMENT OF JUSTICE** |
| Telephone: (703) 299-3700 | 950 Pennsylvania Ave., N.W. |
| Facsimile: (703) 299-3982 | Washington, D.C. 20530 |
| James.P.Gillis@usdoj.gov | Telephone: (202) 353-0176 |
| John.Gibbs@usdoj.gov | Evan.Turgeon@usdoj.gov |

*Attorneys for the United States of America*

| | |
|---|---|
| Robert Powel Trout | James Edward Tysse |
| **TROUT CACHERIS & SOLOMON, PLLC** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| 1627 Eye St. N.W. | Robert S. Strauss Tower |
| Suite 1130 | 2001 K Street NW |
| Washington, DC 20006 | Washington, DC 20006 |
| Telephone: (202) 464-3300 | Telephone: (202) 887-4571 |
| Facsimile: (202) 463-3319 | Facsimile: (202) 887-4288 |
| rtrout@troutcacheris.com | jtysse@akingump.com |

*Attorneys for Bijan Rafiekian*

By: /s/ Rodney F. Page
Rodney F. Page (Virginia Bar No. 12401)
**BRYAN CAVE LEIGHTON PAISNER LLP**
1155 F Street, N.W.
Suite 700
Washington, D.C. 20004
Telephone: (202) 508-6000
Facsimile: (202) 508-6200
Rodney.Page@bclplaw.com

*Attorney for Specially-Appearing Defendant Kamil Ekim Alptekin*