IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:18-CR-457-AJT |
| BIJAN RAFIEKIAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT RAFIEKIAN'S
MOTION FOR AN EVIDENTIARY HEARING

With the evidence that the United States has submitted to the Court with its motion to establish the crime-fraud exception, the government has established the *prima facie* showing necessary to vitiate the defendant's putative attorney-client privilege. In the defendant's motion, he claims that he "should be permitted an opportunity to put that evidence to the test." While the defendant may be entitled to submit evidence to the Court in an effort to rebut the government's *prima facie* showing, he has no right to the adversarial evidentiary hearing he seeks.

I. THE ELEMENTS OF THE CRIME-FRAUD EXCEPTION HAVE BEEN ESTABLISHED BY THE GRAND JURY AND BY THE GOVERNMENT'S EVIDENCE.

It is worth noting at the outset that the defendant has essentially conceded that the government has met the requirements for lifting the attorney-client privilege in this case. On page 3 of his memorandum, he has cited the correct standard articulated in *In re Grand Jury Proceedings #5*, 401 F.3d 247 (4th Cir. 2005). As mentioned in the government's motion to establish the exception, two grand juries in the District have independently found probable cause that the defendant "was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme." Id. at 251. With each returned indictment, the Grand Jury found that the defendant had conspired to act as an agent of the Government of

Turkey and that part of that conspiracy included making false statements in FIG's FARA filing. Thus, the defendant was "engaged in . . . a criminal . . . scheme when he sought the advice of counsel." *Id*. Moreover, the advice sought here, as far as Covington & Burling and Kirsten Verderame are concerned, was "to further the scheme" – that is, to submit a FARA filing containing the defendant's false statements that were made in furtherance of an important aspect of the conspiracy, which was to conceal the involvement of the Turkish government in the conspirators' efforts to sway politicians' and the public's opinion of Fethullah Gulen.

As to the second prong of *In re Grand Jury Proceedings #5*, the allegedly "privileged materials bear a close relationship to the client's existing or future scheme to commit a crime." 401 F.3d at 251. Indeed, as the defendant points out on page 2 of his memorandum, "the FARA filing was drafted . . . by counsel and based upon numerous interviews by counsel of multiple FIG employees" – which, the defendant does not contest, included himself. Thus, any communications the defendant had with Covington or Verderame that touched upon the FARA filing could hardly bear a closer relationship to the defendant's scheme.

Accordingly, the United States has established a *prima facie* case for invalidating the defendant's claimed attorney-client privilege.

II.     THE DEFENDANT HAS NO RIGHT TO AN ADVERSARIAL EVIDENTIARY HEARING.

Courts can and frequently do decide whether the crime-fraud exception applies to the attorney-client privilege in an *ex parte* proceeding without a hearing. *See In re Grand Jury Proceedings,* 33 F.3d 342, 348-49 (4th Cir. 1994) [hereinafter *In re Grand Jury Proceedings (1994)*"]; *In re Grand Jury Proceedings*, 674 F.2d 309, 310 (4th Cir. 1982). *See also In re Grand Jury Subpoena*, 223 F.3d 213, 219 (3d Cir. 2000) (collecting cases). "In the context of grand jury proceedings, the government may proffer *ex parte* the evidence on which it bases its

claim that a particular privilege does not apply, and that the court may weigh that evidence, gauge its adequacy, and rule on the claim without affording the putative privilege-holder a right to see the evidence proffered or an opportunity to rebut it." *In re Grand Jury Proceedings*, 183 F.3d 71, 79 (1st Cir. 1999). It follows that where, as here, the government has established the necessary *prima facie* showing openly, with full access by the defendant to the government's proof, the defendant has no right to an adversarial hearing to challenge the government's evidence or to require the government to reveal its trial strategy.

*If* a hearing is held, it should only be for the purpose of allowing the defendant to present his own evidence. In *In re Grand Jury Proceedings (1994)*, the Fourth Circuit suggested that a defendant may be permitted to present evidence to rebut the government's *prima facie* showing. That showing, however, "require[s] the defendant to *come forward* with an explanation." 33 F.3d at 352 (internal editing and citations omitted, emphasis added). It does not entitle him to an adversarial hearing.

> [Th]e party invoking the crime-fraud exception to the privilege bears the initial burden of making a *prima facie* showing of fraud or crime. The crime-fraud standard does seem to contemplate the possibility that the party asserting the privilege may *respond with evidence* to explain why the vitiating party's evidence is not persuasive.

33 F.3d at 352 (emphasis added).

The cases relied upon by the defendant provide no greater right. For example, *Haines v. Liggett Grp.*, 975 F.2d 81 (3d Cir. 1992), says only that "the party defending the privilege [should] be given the opportunity to be *heard, by evidence and argument*, at the hearing seeking an exception to the privilege."[1] *Id*. at 97 (emphasis added). The other case cited by the

---

[1] The Third Circuit relied upon due process grounds, which the Fourth Circuit has rejected. *In re Grand Jury Proceedings (1994)*, 33 F.3d at 351 ("We have expressly held that a court's *in*

defendant, *United States v. Boender*, 649 F.3d 650 (7th Cir. 2011), is to the same effect. It merely says that once the government has made a *prima facie* showing, it "allows the district court to *require the defendant to come forward* with an explanation for the evidence offered against the privilege." *Id.* at 655 (internal edits and citations omitted, emphasis added).

Thus, the defendant has no right to challenge the government's *prima facie* case directly in an adversarial evidentiary hearing, but may only *come forward* with an explanation for the government's evidence.

III. CONCLUSION

The defendant has offered no case that would support a right to an adversarial evidentiary hearing in this context. Rather, it is his burden to come forward with an explanation to rebut the government's proof. Moreover, since the evidence provided by the government to establish its *prima facie* showing is entirely documentary, all of which has been disclosed to the defendant, it is difficult to imagine what such a hearing would look like in this context. A document cannot be cross examined.

---

*camera* examination of evidence supporting the applicability of the crime-fraud exception is not violative of due process.").

For the reasons above, the defendant's motion for an evidentiary hearing should be denied.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

| _____/s/_____ | By: _____/s/_____ |
|---|---|
| Evan N. Turgeon | James P. Gillis |
| Trial Attorney | Virginia Bar No. 65055 |
| Counterintelligence | John T. Gibbs |
|    and Export Control Section | Virginia Bar No. 40380 |
| National Security Division | Assistant United States Attorneys |
| United States Department of Justice | The Justin W. Williams |
| 950 Pennsylvania Ave., NW |    United States Attorney's Office |
| Washington, DC 20530 | 2100 Jamieson Avenue |
| (202) 353-0176 | Alexandria, VA 22314 |
| Evan.Turgeon@usdoj.gov | (703) 299-3700 |
| | (703) 299-3982 (fax) |
| | James.P.Gillis@usdoj.gov |
| | John.Gibbs@usdoj.gov |

CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to counsel of record.

Respectfully submitted,

/s/
James P. Gillis
Assistant United States Attorney