IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BIJAN RAFIEKIAN, *et.al.*<br><br>Defendants. | Case No. 1:18-CR-457-AJT |

GOVERNMENT'S RESPONSE TO MOTION
*IN LIMINE* TO PRECLUDE ARGUMENT ABOUT TURKEY FUNDING

The United States of America, by and through its undersigned counsel, hereby files this response in opposition to the defense Motion *in Limine* to Preclude the Government from Arguing that Turkey Funded FIG's Work for Inovo. (Docket Nos. 165-166). For the following reasons, and as set forth more fully below, the defense motion should be denied. First, the government does not intend to make arguments in its opening statement, it only intends to highlight the evidence that the jury will hear during the trial, and to discuss the charges in the indictment. So to the extent that the motion is aimed at preventing argument in opening statement, it should be denied as moot. However, with regards to closing argument, the government does intend to argue all logical inferences from the evidence. This is fully appropriate, and is, in fact, the point of closing argument. This is so whether the evidence in the case is direct or circumstantial. Finally, no bill of particulars is required in this case. Since the defense will get to see, and contest, all of the government's evidence *prior to closing argument*, the defense can raise whatever objections it has to that evidence or to the government's closing argument at that time.

1

### A. Opening Statement Is Appropriately Limited to an Objective Summary of the Evidence

It is well settled that the "prosecutor's opening statement should be an objective summary of the evidence reasonably expected to be produced." *United States v. Brockington*, 849 F.2d 872, 875 (4th Cir. 1988).   In the instant case, the prosecution does not intend to make argument, it merely intends to summarize the evidence reasonably expected to be produced.   Accordingly, to the extent that the defense motion is aimed at preventing argument in the government's opening statement, it should be denied as moot.

### B. The Government Is Entitled to Make Arguments in Its Closing

It cannot be disputed that the government may argue all logical inferences in its closing argument, and it may do so whether the evidence that it relies upon is direct or circumstantial. Circumstantial evidence is not treated any differently than direct evidence in proving a case. This principal is supported by longstanding Supreme Court and 4th Circuit precedent as well as the sample jury instructions of this court and other circuits.

The Supreme Court established this precedent in *Holland v. United States*. In that case, the court declared that "Circumstantial evidence in this respect is intrinsically no different from testimonial evidence." *Holland v. United States*, 348 U.S. 121, 140 (1954). The Fourth Circuit has echoed this precedent in a long line of cases that say, "[C]ircumstantial evidence is treated no differently than direct evidence, and may be sufficient to support a verdict of guilty, even though it does not exclude every reasonable hypothesis consistent with innocence." *United States v. Gray*, 137 F.3d 765, 772 (4th Cir. 1998) (quoting *United States v. Jackson*, 863 F.2d 1168, 1173 (4th Cir. 1989)); *see also United States v. Abu Ali*, 528 F.3d 210, 236 (4th Cir. 2008.); *United States v. Martin*, 523 F.3d 281, 289 (4th Cir. 2008); *United States v. McCaskill*, 676 F.2d 995,

1003 (4th Cir. 1982); *United States v. Figurski*, 545 F.2d 389, 392 (4th Cir. 1976); *United States v. Chappell*, 353 F.2d 83, 84 (4th Cir. 1965).   The Jury Instructions in this district routinely and consistently reiterate the principle that the law makes no distinction between direct and circumstantial evidence. *O'Malley, Grenig and Lee's Federal Jury Practice and Instructions*, 1A Fed. Jury Prac. & Instr. § 12:04 (6th ed.).

In this case, there will be both direct and circumstantial evidence presented at trial. Some of this evidence could lend itself to an argument that the government of Turkey was funding FIG's work.   For example, as set forth in the indictment, the defendant received an email on August 10, 2016, from his co-conspirator Alptekin to tell him, "I just finished in Ankara after several meetings today with [Turkish Minister #2] and [Turkish Minister #1]. I have a green light to discuss confidentiality, **budget** and the scope of the contract." Superseding Indictment, Dkt. 141, Par. 16 [Emphasis added].   Once the project was underway, a rational juror could certainly conclude circumstantially that the source of the funding came from the Turkish government for a number of reasons, including the fact that the goal of the project, discrediting Fetullah Gulen, was so important to the government of Turkey.   In addition at least some of the money was wired from Turkey even though the purported source of the money, Alptekin's company Inovo, was in the Netherlands.   There is also reason to question the Alptekin was the true source of the money since he worked out a deal with the defendant to recoup 20% of that money.

The idea that the government can be prevented from arguing these logical inferences in closing argument is simply incorrect.   During closing arguments, the prosecution is entitled to argue all logical inferences based on admitted direct or circumstantial evidence. The inferences are allowed as long as the suggested inference can reasonably be drawn from the facts in

evidence. *United States v. Wilson*, 135 F.3d 291, 298 (4th Cir. 1998); *United States v. Brainard*, 690 F.2d 1117, 1122 (4th Cir. 1982); *United States v. Ojala*, 544 F.2d 940, 946 (8th Cir. 1976). *United States v. Bell*, 506 F.2d 207, 225-26 (D.C. Cir. 1974); *see also United States v. Francisco*, 35 F.3d 116, 120 (4th Cir. 1994) ( "It is undisputed that closing argument is not merely a time for recitation of uncontroverted facts, but rather the prosecution may make fair inferences from the evidence.").

The defense's focus on this argument that the government of Turkey was funding the project also overlooks the fact that this is not even something the government must prove. As the indictment makes clear, the conspiracy charge alleges, inter alia, that the defendant conspired to "knowingly act and cause others to act in the United States as an agent of a foreign government without prior notification to the Attorney General, in violation of 18 U.S.C. § 951." Superseding Indictment at p. 18, Par. 2(a). Since this charge and the substantive § 951 charge are the charge at issue, the government fully intends to argue in closing argument that the defendant acted and was engaged in a conspiracy to act as an agent of a foreign government. This argument will be fully supported by the evidence, both direct and circumstantial, that is presented at trial. In addition, depending on how the evidence comes in, the government may argue that the Turkish government was the source of the $530,000 FIG received for this project. Such evidence would only be further proof that the defendant was acting at the direction and control of the government of Turkey. If, prior to closing, defense counsel feel that such an argument would be error, they can raise it then, out of the presence of the jury, and the Court can rule on such an objection with the benefit of having heard all of the evidence in the case. Until then, any sort of ruling on this issue would be premature.

### C.  No Bill of Particulars Is Required

For the same reasons as set forth above, a bill of particulars is not required.   The defense has been provided with voluminous discovery in this case, and will be provided with the government's trial exhibits in advance of trial.   They will also have an opportunity to see, and contest, all of the government's evidence during trial.   All of that will occur *before* any arguments about the source of funding for this project can possibly be made.   The notion that the government must be burdened with the additional process of identifying which evidence (that the defense has already received) would relate to establishing the source of payments, over a month in advance of trial, is not supported by law.   A criminal trial is a very dynamic process, and there is no way to know at this stage how all of the evidence will come in, or which evidence will be the most powerful.   The government cannot even begin to fashion a final closing argument until it has observed how the evidence is received at trial.   The defense will get to observe and participate in the trial process as well.   The trial will be far more rigorous and far more accurate than anything that can be included in a bill of particulars, and for that reason, no bill or particulars should be required.

## CONCLUSION

For the reasons stated above, the Motion should be denied.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

| /s/ | By: /s/ |
|---|---|
| Evan N. Turgeon | John T. Gibbs |
| Trial Attorney | Virginia Bar No.40380 |
| Counterintelligence | James P. Gillis |
|    and Export Control Section | Virginia Bar No. 65055 |
| National Security Division | Assistant United States Attorneys |
| United States Department of Justice | Katie Sweeten |
| 950 Pennsylvania Ave., NW | Special Assistant United States Attorney |
| Washington, DC 20530 | The Justin W. Williams |
| (202) 353-0176 |    United States Attorney's Office |
| Evan.Turgeon@usdoj.gov | 2100 Jamieson Avenue |
| | Alexandria, VA 22314 |
| | (703) 299-3700 |
| | (703) 299-3982 (fax) |
| | James.P.Gillis@usdoj.gov |
| | John.Gibbs@usdoj.gov |

CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to counsel of record.

Respectfully submitted,

/s/
John T. Gibbs
Assistant United States Attorney