## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Criminal Case No. 1:18-CR-457 (AJT)** |
| | : | |
| **BIJAN RAFIEKIAN, et al.** | : | |

### DEFENDANT BIJAN RAFIEKIAN'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR A WRITTEN JURY QUESTIONNAIRE

Defendant Bijan Rafiekian, through counsel, respectfully submits this reply memorandum in support of his motion for a written jury questionnaire.

The government of course does not dispute the basic principle that the Court should seat an impartial and unbiased jury. The government also does not dispute that the Court has discretion to use a jury questionnaire here. *See* Gov't Resp. 2 ("[T]he court has broad discretion in conducting voir dire . . . ."). Instead, the government argues that a questionnaire is unnecessary because the proposed questions can be asked during the traditional voir dire process. *Id.* at 1. But this is not a traditional case.

There has been extensive publicity surrounding this case—in part caused by media interest in the government's key witness, Michael Flynn, a highly divisive political figure and target of Special Counsel Robert Mueller's investigation. Much of the media coverage has been prejudicial and inaccurate. Rather than merely commenting on the case, many news outlets have taken it upon themselves to conclude that Mr. Rafiekian is guilty prior to him going to trial.[1] As

---

[1] *See, e.g.*, Emily Goodin, *Muller ARRESTS Disgraced Mike Flynn's Business Partner and Reveals Their 'Illegal Lobbying for Turkey' in Rebuke to President for Attack In Probe Into National Security Advisor*, MAILONLINE (Dec. 17, 2018), https://www.dailymail.co.uk/news/article-6504645/Flynn-associate-arrested-illegal-lobbying-charges.html (concluding that FIG's consultancy fee to Mr. Alptekin "was actually payment to Alptekin[] for pretending he was Flynn's client when the Flynn Intel Group knew that its client was really the Turkish government."); James V. Grimaldi, Dion Nissenbaum, & Margaret Coker, *Ex-CIA Director: Mike Flynn and*

a result, responses to oral voir dire alone may not be sufficient to reveal juror biases.  Courts in

this district have used jury questionnaires in similar instances to impanel an impartial jury.  *See,*

*e.g.*, *Runyon v. United States*, 228 F. Supp. 3d 569, 663 (E.D. Va. 2017) (finding that the

questionnaire contributed to the "search for any bias and prejudice" and allowed efficient "focus

on specific issues"); *United States v. McDonnell*, 64 F. Supp. 3d 783, 795 (E.D. Va. 2014) (using

questionnaire as a "springboard" to identify jurors impacted by pre-trial publicity); *United States*

*v. Jefferson*, No. 1:07-cr-209 (E.D. Va. 2009) (ECF No. 421) (approving a questionnaire in the

trial of a former congressman for bribery-related offenses).[2]

The government also incorrectly suggests that jury questionnaires are only appropriate in

capital cases.  *See* Gov't Resp. at 3.   To the contrary, it is "common practice" in the Fourth

Circuit to employ comprehensive written questionnaires to facilitate voir dire.  *United States v.*

*Rolle*, 204 F.3d 133, 135 (4th Cir. 2000); *see also In re S.C. Press Ass'n*, 946 F.2d 1037, 1041

(4th Cir. 1991) (noting attorneys' "extensive[]" reliance in an extortion case on a jury

questionnaire during voir dire); *United States v. Woods*, 812 F.2d 1483, 1485 (4th Cir. 1987)

(permitting jury questionnaire in a mail fraud case).

Finally, the government claims that submitting a questionnaire would "not be

appropriate" as there would be insufficient time to agree on the appropriate set of questions to be

---

*Turkish Officials Discussed Removal of Erdogan Foe From U.S.*, WSJ (Mar. 24, 2017),
https://www.wsj.com/articles/ex-cia-director-mike-flynn-and-turkish-officials-discussed-removal-of-erdogan-foe-from-u-s-1490380426 (concluding that despite evidence to the contrary, "discussion [at the September 2016 New York meeting] involved ideas about how to get Fethullah Gulen . . . to Turkey without going through the U.S. extradition legal process…").

[2] The government relies heavily on *United States v. Montes*, but that case did not involve pretrial publicity at all and is not relevant here.  No. 12-cr-0029, 2013 WL 1347284, at *3 (N.D. W.Va. Apr. 3, 2013).  In *Montes*, the defendant requested a jury questionnaire due to the "sensitive" racial and sexual issues implicated in the case.  *Id.* at *1.  The court rejected the proposed questionnaire, explaining that the "questions contained in the proposed questionnaire, either mirror exactly or very closely resemble[d]" the traditional voir dire questions that the court "often asks in . . . every criminal case."  *Id.* at *2.

asked.  *See* Gov't Resp. at 4.  The government's concern, however, is unfounded.  In the Eastern District of Virginia, proposed voir dire questions are due seven days prior to trial.  *See* E.D. Va. Loc. Crim. R. 30.  This comports with Federal Rule of Criminal Procedure 24(a), which requires the Court to allow counsel to submit additional questions.  *See United States v. Salad*, No. 2:11CR34, 2013 WL 12203461, at *2 (E.D. Va. Mar. 29, 2013) (noting that Local Criminal Rule 30—which at the time only required proposed jury questions *five* days prior to trial—provided adequate time for counsel to submit suggestions).  To the extent this is of concern to the Court, the Defendant would be amenable to an alternative schedule.

## CONCLUSION

For the reasons stated above, Mr. Rafiekian respectfully requests that the Court grant this motion to permit the use of a written jury questionnaire to supplement oral voir dire.

Dated: June 11, 2019

Respectfully submitted,

*/s/*_____
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
John C. Murphy (*Pro Hac Vice*)
Adam A. Bereston (*Pro Hac Vice*)
Samantha J. Block (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone:  (202) 887-4000
Fax:  (202) 887-4288
E-mail:   mmacdougall@akingump.com
          shmitchell@akingump.com

/s/ _____
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone:  (202) 464-3311
Fax:  (202) 463-3319
E-mail:   rtrout@troutcahceris.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 11th day of June 2019, true and genuine copies of Defendant

Bijan Rafiekian's Reply to Government's Opposition to Defendant's Motion for a Written Jury

Questionnaire was sent via electronic mail by the Court's CM/ECF system to the following:

> James P. Gillis
> John T. Gibbs
> Evan N. Turgeon
> U.S. Attorney's Office (Alexandria-VA)
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> Telephone:  (703) 299-3700
> Email:  james.p.gillis@usdoj.gov
>           john.gibbs@usdoj.gov
>           evan.turgeon@usdoj.gov

> /s/_____
> Robert P. Trout (VA Bar # 13642)