UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Criminal Case No. 1:18-CR-457 (AJT) |
| : | |
| BIJAN RAFIEKIAN, et al. : | |

**DEFENDANT BIJAN RAFIEKIAN'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES**

Defendant Bijan Rafiekian, by and through counsel, respectfully submits this reply memorandum in support of his motion for additional peremptory challenges.

The government concedes that the court may grant additional peremptory challenges in the exercise of its discretion.  *See* Gov't Resp. at 1–2 (acknowledging that this is "ultimately a discretionary decision").  This is true even in a single-defendant case.  *See United States v. Potts*, 420 F.2d 964, 964–65 (4th Cir. 1970) (granting two additional peremptory challenges in single defendant case); *United States v. Moussaoui*, No. CR. 01-455-A, 2002 WL 1987955, at *1 (E.D. Va. Aug. 16, 2002) (granting each side 25 peremptory challenges in single defendant case); *United States v. Rodriguez*, 581 F.3d 775, 785 (8th Cir. 2009) (granting 10 additional peremptory challenges in single-defendant case).

The government does not dispute that this case has received international attention with online, print, and televised media outlets commenting on the evidence, much of it prejudicial.  For example, the media has stressed evidence of an alleged kidnapping scheme, which the government has acknowledged is false and inadmissible at trial.[1]  *See Marshall v. United States*,

---

[1] *See* Natasha Bertrand, *A Surge in Foreign-Influence Prosecutions*, ATLANTIC (Dec. 18, 2018), https://www.theatlantic.com/politics/archive/2018/12/michael-flynn-ex-associates-charged-turkey-lobby-case/578407/ ("It began with a meeting in New York in September 2016… in which they discussed kidnapping an exiled cleric and turning him over to Ankara."); David Kocieniewski & David Voreacos, *Flynn's Work for Turkey*

360 U.S. 310, 312-12 (1959) (setting aside conviction when jurors were exposed "through news accounts" to information that was not admitted at trial).  The extensive prejudicial publicity—which mainly burdens Mr. Rafiekian, not the government—is best mitigated by careful screening of potential jurors and granting of additional peremptory challenges to the Defendant.

This case presents unique challenges in selecting an impartial jury.  For that reason, Mr. Rafiekian requests that additional peremptory challenges be given to "protect [the trial] process from prejudicial outside influences."  *Sheppard v. Maxwell*, 384 U.S. 333, 362–63 (1966) ("Given the pervasiveness of modern communications and the difficulty of effacing prejudicial publicity from the minds of the jurors, the trial courts must take strong measures to ensure that the balance is never weighed against the accused."); *see also United States v. Blom*, 242 F.3d 799, 804 (8th Cir. 2001) (affirming district court's grant of additional peremptory challenges in single-defendant case to counter problems presented by pretrial publicity); *United States v. Johnson*, 362 F. Supp. 2d 1043, 1071 (N.D. Iowa 2005), *aff'd in part*, 495 F.3d 951 (8th Cir. 2007) (noting that "increasing the number of peremptory challenges may be an appropriate means for the court to counteract the problems of pretrial publicity in a single-defendant case").

Finally, Mr. Rafiekian is not seeking a "stacked jury," as the government implies—he is only seeking a fair one.  He is not trying to empanel jurors that are biased in his favor, but rather, to exclude jurors that may be biased against him.  *See Potts*, 420 F.2d at 964–65; *Moussaoui*, 2002 WL 1987955, at *1 n.3.  The defense agrees with the government that a "searching voir dire" is appropriate.  Gov't Resp. at 3.  However, additional peremptory challenges are still

---

*Laid Out in Charges Against Two Others*, BLOOMBERG (Dec. 17, 2018), https://www.bloomberg.com/news/articles/2018-12-17/two-michael-flynn-associates-indicted-in-virginia-federal-court ("During a meeting with Turkish officials, Kian and Flynn even discussed the possibility of kidnapping Gulen, the Wall Street Journal has reported.").

needed so that the defense can take appropriate action in response to what is learned during voir dire.

## CONCLUSION

For the reasons stated above, Mr. Rafiekian respectfully requests that the Court grant this motion for additional peremptory challenges.


Dated: June 11, 2019

Respectfully submitted,

/s/ _____
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
John C. Murphy (*Pro Hac Vice*)
Adam A. Bereston (*Pro Hac Vice*)
Samantha J. Block (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone:  (202) 887-4000
Fax:  (202) 887-4288
E-mail:   mmacdougall@akingump.com
          shmitchell@akingump.com


/s/ _____
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone:  (202) 464-3311
Fax:  (202) 463-3319
E-mail:   rtrout@troutcahceris.com

3

## CERTIFICATE OF SERVICE

I hereby certify that, on the 11th day of June 2019, true and genuine copies of Defendant Bijan Rafiekian's Reply to Government's Opposition to Defendant's Motion for Additional Peremptory Challenges was sent via electronic mail by the Court's CM/ECF system to the following:

> James P. Gillis
> John T. Gibbs
> Evan N. Turgeon
> U.S. Attorney's Office (Alexandria-VA)
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> Telephone: (703) 299-3700
> Email:  james.p.gillis@usdoj.gov
>         john.gibbs@usdoj.gov
>         evan.turgeon@usdoj.gov

/s/
Robert P. Trout (VA Bar # 13642)