UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| | : | |
| BIJAN RAFIEKIAN, et al. | : | |

**DEFENDANT RAFIEKIAN'S REPLY IN SUPPORT OF
MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM
<u>ARGUING THAT TURKEY FUNDED FIG'S WORK FOR INOVO</u>**

Defendant Rafiekian, through counsel, respectfully submits this reply brief in support of his motion *in limine* to preclude the government from (1) claiming in its opening statement that evidence exists that the government of Turkey funded the work that Flynn Intel Group, Inc. ("<u>FIG</u>") performed for Inovo, BV ("<u>Inovo</u>") and (2) arguing in closing that the government of Turkey funded the project. Alternatively, the government should be required to (a) file a bill of particulars explaining the basis for its claim that the government of Turkey funded the work, and (b) identify with specificity the documents in its production that support this claim.

## ARGUMENT

The takeaway from the government's opposition is that it has no evidence to support the claim that the government of Turkey "funded" any aspect of FIG's work for Inovo. Prior claims by the government that Turkey "funded" the engagement were simply false and based on speculation, not actual evidence.

In past briefing, the government stated as fact that the government of Turkey "funded" or "paid for" FIG's work:

- "In seeking to influence the American public about Gülen, the co-conspirators sought to conceal the fact that the *government of Turkey was funding this entire effort*." [ECF No. 125 at 2] (emphasis added)

- The "Turkish government . . . had to be happy about receiving exactly *what they were paying for*. . . ." [ECF No. 125 at 3] (emphasis added)

- The op-ed "was *paid for* by the Turkish government. . . ." [ECF No. 125 at 6] (emphasis added)

- "[T]he fact that *they continued to pay*, even after the op-ed was published, demonstrated that they were satisfied with that document" [ECF No. 125 at 8] (emphasis added)

- "[G]iven that *we know [Turkey] did pay for the op-ed* . . . , it is apparent that the Turkish leadership approved of the op-ed" [ECF No. 125 at 9] (emphasis added)

Now, the government has retreated from these false claims and offers only a halfhearted argument that the evidence "could lend itself to an argument that the government of Turkey was funding FIG's work." [ECF No. 193 at 2]. This is tantamount to a concession that the government in fact has no direct evidence that the government of Turkey funded FIG's work for Inovo.

According to the government, its claim of "funding" is premised on supposed "logical inferences" drawn from "circumstantial evidence." In reality, the government offers nothing but speculation. For example, the government cites an email from Mr. Alptekin to Mr. Rafiekian wherein Mr. Alptekin states, after allegedly meeting with certain Turkish officials, that he has "a green light to discuss confidentiality, **budget** and the scope of the contract." [ECF No. 193 at 3] (emphasis in original). Yet there is no indication that a budget (or a scope of contract) was ever sent to any Turkish government official, and the actual project budget noted that FIG would be engaged by Inovo, not the Turkish government. Ex. A, Gov. Ex. 18B ("A Dutch business consulting firm is engaging FIG to lead the campaign.").

The government posits that a juror could conclude "circumstantially that the source of the funding came from the Turkish government . . . [because] the goal of the project, discrediting Fetullah Gülen, was so important to the government of Turkey." [ECF No. 193 at 3]. Again, this

is pure speculation: the fact that the issue was "important" to Turkey is not evidence—even circumstantial evidence—that Turkey "funded" the project. Otherwise, an organization could be deemed an "agent" of a foreign government merely because they share a single policy goal.

Similarly, the government's contention that "at least some of the money was wired from Turkey" is misleading. As the government is well aware, the money paid to FIG was wired from an account belonging to *Ekim Alptekin*, a private Turkish citizen. Alptekin was the principal of Inovo, and because he is a Turkish citizen, it is not surprising that he wired the money from Turkey. Lastly, the defense is at a loss to explain how a 20% recoupment by Altepkin implies that the entire project was funded by Turkey.

The government claims this motion is "moot" with respect to the opening statement because it "does not intend to make arguments in its opening statement." [ECF No. 193 at 1]. The government does not represent, however, that it will refrain from suggesting in its opening statement that the evidence will show that the Turkish government funded FIG's work for Inovo. Because the government has presented no evidence that Turkey actually funded the Inovo engagement, any statement about such funding in the government's opening statement would be misleading and impermissible argument. Accordingly, the court should preclude the government from making any suggestion in its opening statement that Turkey "funded" FIG's work.

The government should also be precluded from making such an argument in its closing argument. The government has all but acknowledged it has no evidence to support its claim that the government of Turkey funded FIG's work for Inovo, and it should not be permitted to such evidence exists when in fact it does not. If the government adduces additional evidence at trial that it believes supports such a contention, the government may seek to have the Court revisit the issue at that time. As the government acknowledges, however, "[whether Turkey funded the

project] is not even something the government must prove" to make out a conspiracy charge under 18 U.S.C. § 951. The government is therefore free to present its case without reference to unsupported and unsubstantiated claims.

To the extent that additional evidence exists regarding Turkey's purported funding of FIG's work, other than the supposed "circumstantial evidence" referenced in the government's opposition, the government should be required to identify that evidence in advance of trial to avoid unfair surprise to Mr. Rafiekian. Such evidence would be significant, and Mr. Rafiekian should be alerted to it now to adequately prepare for trial. Accordingly, if such evidence exists, the government should be required to (1) file a bill of particulars explaining the basis of its claim that the government of Turkey funded FIG's work for Inovo, and (2) identify with specificity (including by document ID where available) any evidence in its production that support this claim.

## CONCLUSION

For the foregoing reasons, Mr. Rafiekian respectfully requests that the Court grant the Defedant's Motion *In Limine* to Preclude the Government from Arguing that Turkey Funded FIG's Work for Inovo.

Dated: June 11, 2019

Respectfully submitted,

*/s/*  _____
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
John C. Murphy (*Pro Hac Vice*)
Adam A. Bereston (*Pro Hac Vice*)
Samantha J. Block (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: mmacdougall@akingump.com

shmitchell@akingump.com


/s/ _____
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone: (202) 464-3311
Fax: (202) 463-3319
E-mail: rtrout@troutcahceris.com

5

## CERTIFICATE OF SERVICE

I hereby certify that, on the 11th day of June 2019, true and genuine copies of Defendant's Reply in Support of Motion *In Limine* to Preclude the Government from Arguing that Turkey Funded FIG's Work for Inovo was sent via electronic mail by the Court's CM/ECF system to the following:

> James P. Gillis
> John T. Gibbs
> Evan N. Turgeon
> U.S. Attorney's Office (Alexandria-NA)
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> Telephone:  (703) 299-3700
> Email:  james.p.gillis@usdoj.gov
>            john.gibbs@usdoj.gov
>            evan.turgeon@usdoj.gov

/s/_____
Robert P. Trout (VA Bar # 13642)