Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

offices may be held by the same person to the extent permitted by the General Corporation Law of the State of Delaware.

Section 3. Vacancies. A vacancy in officers shall be filled by the Board of Directors, or to the extent delegated to the Chairman of the Board, by the Chairman of the Board.

Section 4. Removal. Any officer elected by the Board of Directors may be removed, either with or without cause, by the Board of Directors at any meeting thereof, or to the extent delegated to the Chairman of the Board, by the Chairman of the Board.

Section 5. Resignation. Any officer may resign from the Corporation by providing notice in writing or by electronic transmission to the Board of Directors or to the Chairman of the Board; provided, however, that if such notice is given by electronic transmission, such electronic transmission must either set forth or be submitted with information from which it can be determined that the electronic transmission was authorized by the officer. Such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 6. The Chairman of the Board. The Chairman of the Board shall have the powers and duties customarily and usually associated with the office of the Chairman of the Board. The Chairman of the Board shall preside at meetings of the stockholders and of the Board of Directors.

Section 7. The President. The President shall be the chief executive officer of the Corporation. The President shall have, subject to the supervision, direction, and control of the Board of Directors, the general powers and duties of supervision, direction, and management of the affairs and business of the Corporation customarily and usually associated with the position of chief executive officer, including, without limitation, all powers necessary to direct and control the organizational and reporting relationships within the Corporation. If at any time the office of the Chairman of the Board shall not be filled, or in the event of the temporary absence or disability of the Chairman of the Board, the President shall perform the duties and exercise the powers of the Chairman of the Board.

Section 8. The Secretary. The Secretary shall attend meetings of the Board of Directors and meetings of the stockholders and record all votes and minutes of all such proceedings in a book or books kept for such purpose. The Secretary shall have all such further powers and duties as are customarily and usually associated with the position of Secretary or as may from time to time be assigned to him or her by the Board of Directors, the Chairman of the Board, or the President.

Section 9. The Treasurer. The Treasurer shall have custody of the Corporation's funds and securities, shall be responsible for maintaining the Corporation's accounting records and statements, shall keep full and accurate accounts of receipts and disbursements in books belonging to the Corporation, and shall deposit or cause to be deposited moneys or other valuable effects in the name and to the credit of the Corporation in such depositories as may be

- 9 -

A-27

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

designated by the Board of Directors. The Treasurer also shall maintain adequate records of all assets, liabilities, and transactions of the Corporation and shall assure that adequate audits thereof are currently and regularly made. The Treasurer shall have all such further powers and duties as are customarily and usually associated with the position of Treasurer or as may from time to time be assigned to him or her by the Board of Directors, the Chairman of the Board, or the President.

Section 10. Initial Officer(s). Until such time as the first annual meeting of the Board of Directors is held and new officers are appointed, the initial officers of the corporation shall be:

**Chairman of the Board**
Bijan Rafiekian

**President**
Bijan Rafiekian

**Secretary**
Bijan Rafiekian

**Chief Financial Officer**
Bijan Rafiekian

## ARTICLE V

## STOCK

Section 1. Certificates. The shares of capital stock of the Corporation shall be represented by certificates, unless the Certificate of Incorporation or the Board of Directors, by

- 10 -

**A-28**

resolution, otherwise provides that some or all of the shares of any class or series of the Corporation's capital stock shall be uncertificated. Every holder of capital stock of the Corporation represented by certificates shall be entitled to a certificate representing such shares. Certificates for shares of stock of the Corporation shall be issued under the seal of the Corporation, or a facsimile thereof, and shall be numbered and shall be entered in the books of the Corporation as they are issued. Each certificate shall bear a serial number, shall exhibit the holder's name and the number of shares evidenced thereby, and shall be signed by or in the name of the Corporation by the Chairman of the Board or a Vice Chairman, if any, or the President or any Vice President, and by the Secretary or an Assistant Secretary or the Treasurer or an Assistant Treasurer representing the number of shares registered in certificate form.

Section 2. Transfers. Transfers of stock of the Corporation shall be made on the books of the Corporation only upon surrender to the Corporation of a certificate (if any) for the shares duly endorsed or accompanied by proper evidence of succession, assignment, or authority to transfer.

Section 3. Lost, Stolen, or Destroyed Certificates. Any person claiming a certificate of stock to be lost, stolen, or destroyed shall make an affidavit or an affirmation of that fact, and shall give the Corporation a bond of indemnity in satisfactory form and with one or more satisfactory sureties sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the issuance of such new certificate or uncertificated shares, whereupon a new certificate (if requested) may be issued of the same tenor and for the same number of shares as the one alleged to be lost, stolen, or destroyed.

Section 4. Registered Stockholders. The names and addresses of the holders of record of the shares of each class and series of the Corporation's capital stock, together with the number of shares of each class and series held by each record holder and the date of issue of such shares, shall be entered on the books of the Corporation. The Corporation shall be entitled to recognize the exclusive right of a person registered on its books as the owner of shares of capital stock of the Corporation as the person entitled to exercise the rights of a stockholder, including, without limitation, the right to vote in person or by proxy at any meeting of the stockholders of the Corporation. The Corporation shall not be bound to recognize any equitable or other claim to or interest in any such shares on the part of any other person, whether or not it shall have express or other notice thereof, except as otherwise expressly provided by the General Corporation Law of the State of Delaware.

Section 5. Fractional Shares. The Corporation may, but shall not be required to, issue fractional shares of its capital stock if necessary or appropriate to effect authorized transactions. If the Corporation does not issue fractions of a share, it shall (1) arrange for the disposition of fractional interests by those entitled thereto, (2) pay in cash the fair value of fractions of a share as of the time when those entitled to receive such fractions are determined or (3) issue scrip or warrants in registered form (either represented by a certificate or uncertificated) or in bearer form (represented by a certificate) which shall entitle the holder to receive a full share upon the surrender of such scrip or warrants aggregating a full share. A certificate for a fractional share or an uncertificated fractional share shall, but scrip or warrants shall not unless

- 11 -

A-29

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

otherwise provided therein, entitle the holder to exercise voting rights, to receive dividends thereon and to participate in any of the assets of the Corporation in the event of liquidation.

## ARTICLE VI

## INDEMNIFICATION

Section 1. Indemnification. (a) Subject to Section 3 of this Article VI, the Corporation shall indemnify, to the full extent that it shall have power under applicable law to do so and in a manner permitted by such law, any person who is made or threatened to be made a party to any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative (hereinafter, a "Proceeding"), by reason of the fact that such person is or was a director or officer of the Corporation, or while serving as a director or officer of the Corporation, is or was serving at the request of Corporation as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust, or other enterprise, including service with respect to an employee benefit plan (collectively, "Another Enterprise").

(b) The Corporation may indemnify, to the full extent that it shall have power under applicable law to do so and in a manner permitted by such law, any person who is made or threatened to be made a party to any Proceeding, by reason of the fact that such person is or was an employee or agent of the Corporation, or while not serving as a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee, or agent of Another Enterprise.

Section 2. Advancement of Expenses. (a) Subject to Section 3 of this Article VI, with respect to any person who is made or threatened to be made a party to any threatened, pending, or completed Proceeding, by reason of the fact that such person is or was a director or officer of the Corporation or while serving as a director or officer of the Corporation, is or was serving at the request of Corporation as a director, officer, employee, or agent of Another Enterprise, the Corporation shall pay to the fullest extent not prohibited by applicable law the expenses (including attorneys' fees) incurred by such person in defending any such Proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that any advancement of expenses shall be made only upon receipt of an undertaking (hereinafter an "undertaking") by such person to repay all amounts advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal that such person is not entitled to be indemnified for such expenses under this Article VI or otherwise.

(b) With respect to any person who is made or threatened to be made a party to any Proceeding, by reason of the fact that such person is or was an employee or agent of the Corporation, or while not serving as a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee, or agent of Another Enterprise, the Corporation may, in its discretion and upon such terms and conditions, if any, as the Corporation deems appropriate, pay the expenses (including attorneys' fees) incurred by such person in defending any such Proceeding in advance of its final disposition.

Section 3. Actions Initiated Against The Corporation. Anything in Section 1(a) or Section 2(a) of this Article VI to the contrary notwithstanding, except as provided in Section

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

5(b) of this Article VI, with respect to a Proceeding initiated against the Corporation by any person who is or was serving as a director or officer of the Corporation (or by a person who, while serving as a director or officer of the Corporation, is or was serving at the request of Corporation as a director, officer, employee, or agent of Another Enterprise), whether initiated in such capacity or in any other capacity, the Corporation shall not be required to indemnify or to advance expenses (including attorneys' fees) to such person in connection with prosecuting such Proceeding (or part thereof) or in defending any counterclaim, cross-claim, affirmative defense, or like claim of the Corporation in such Proceeding (or part thereof) unless such Proceeding was authorized by the Board of Directors of the Corporation.

Section 4. Contract Rights. The rights to indemnification and advancement of expenses conferred upon any current or former director or officer of the Corporation pursuant to this Article VI (whether by reason of the fact that such person is or was a director or officer of the Corporation, or while serving as a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee, or agent of Another Enterprise) shall be contract rights, shall vest when such person becomes a director or officer of the Corporation, and shall continue as vested contract rights even if such person ceases to be a director or officer of the Corporation. Any amendment, repeal, or modification of, or adoption of any provision inconsistent with, this Article VI (or any provision hereof) shall not adversely affect any right to indemnification or advancement of expenses granted to any person pursuant hereto with respect to any act or omission of such person occurring prior to the time of such amendment, repeal, modification, or adoption (regardless of whether the Proceeding relating to such acts or omissions, or any proceeding relating to such person's rights to indemnification or to advancement of expenses, is commenced before or after the time of such amendment, repeal, modification, or adoption), and any such amendment, repeal, modification, or adoption that would adversely affect such person's rights to indemnification or advancement of expenses hereunder shall be ineffective as to such person, except with respect to any Proceeding that relates to or arises from (and only to the extent such Proceeding relates to or arises from) any act or omission of such person occurring after the effective time of such amendment, repeal, modification, or adoption.

Section 5. Claims. (a) If (i) a claim under Section 1(a) of this Article VI with respect to any right to indemnification is not paid in full by the Corporation (following the final disposition of the Proceeding) within sixty (60) days after a written demand has been received by the Corporation or (ii) a claim under Section 2(a) of this Article VI with respect to any right to the advancement of expenses is not paid in full by the Corporation within twenty (20) days after a written demand has been received by the Corporation, then the person seeking to enforce a right to indemnification or to an advancement of expenses, as the case may be, may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim.

(b) If successful in whole or in part in any suit brought pursuant to Section 5(a) of this Article VI, or in a suit brought by the Corporation to recover an advancement of expenses (whether pursuant to the terms of an undertaking or otherwise), the person seeking to enforce a right to indemnification or an advancement of expenses hereunder or the person from whom the Corporation sought to recover an advancement of expenses, as the case may be, shall be entitled to be paid by the Corporation the reasonable expenses (including attorneys' fees) of prosecuting or defending such suit.

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

(c)     In any suit brought by a person seeking to enforce a right to indemnification hereunder (but not a suit brought by a person seeking to enforce a right to an advancement of expenses hereunder), it shall be a defense that the person seeking to enforce a right to indemnification has not met any applicable standard for indemnification under applicable law.  With respect to any suit brought by a person seeking to enforce a right to indemnification or right to advancement of expenses hereunder or any suit brought by the Corporation to recover an advancement of expenses (whether pursuant to the terms of an undertaking or otherwise), neither (i) the failure of the Corporation to have made a determination prior to commencement of such suit that indemnification of such person is proper in the circumstances because such person has met the applicable standards of conduct under applicable law, nor (ii) an actual determination by the Corporation that such person has not met such applicable standards of conduct, shall create a presumption that such person has not met the applicable standards of conduct or, in a case brought by such person seeking to enforce a right to indemnification, be a defense to such suit.

(d)     In any suit brought by a person seeking to enforce a right to indemnification or to an advancement of expenses hereunder, or by the Corporation to recover an advancement of expenses (whether pursuant to the terms of an undertaking or otherwise), the burden shall be on the Corporation to prove that the person seeking to enforce a right to indemnification or to an advancement of expenses or the person from whom the Corporation seeks to recover an advancement of expenses is not entitled to be indemnified, or to such an advancement of expenses, under this Article VI or otherwise.

Section 6.  Determination of Entitlement to Indemnification.  Any indemnification required or permitted under this Article VI (unless ordered by a court) shall be made by the Corporation only as authorized in the specific case upon a determination that indemnification of the present or former director, officer, employee or agent is proper in the circumstances because he or she has met all applicable standards of conduct set forth in this Article VI and Section 145 of the General Corporation Law of the State of Delaware.  Such determination shall be made, with respect to a person who is a director or officer of the Corporation at the time of such determination, (i) by a majority vote of the directors who are not parties to such action, suit or proceeding, even though less than a quorum; (ii) by a committee of such directors designated by majority vote of such directors, even though less than a quorum; (iii) if there are no such directors, or if such directors so direct, by independent legal counsel in a written opinion; or (iv) by the stockholders.  Such determination shall be made, with respect to any person who is not a director or officer of the Corporation at the time of such determination, in the manner determined by the Board of Directors (including in such manner as may be set forth in any general or specific action of the Board of Directors applicable to indemnification claims by such person) or in the manner set forth in any agreement to which such person and the Corporation are parties.

Section 7.  Non-Exclusive Rights.  The indemnification and advancement of expenses provided in this Article VI shall not be deemed exclusive of any other rights to which any person may be entitled under any bylaw, agreement, vote of stockholders or disinterested directors, or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be such director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such person.

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

A-32

Section 8. Insurance. The Corporation may purchase and maintain insurance on behalf of any person who is or was a director, officer, employee, or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee, or agent of Another Enterprise against any liability asserted against such person and incurred by such person in any such capacity, or arising out of such person's status as such, whether or not the Corporation would have the power to indemnify such person against such liability under the provisions of this Article VI or otherwise.

Section 9. Severability. If any provision or provisions of this Article VI shall be held to be invalid, illegal, or unenforceable for any reason whatsoever: (1) the validity, legality, and enforceability of the remaining provisions of this Article VI (including, without limitation, each portion of any paragraph or clause containing any such provision held to be invalid, illegal, or unenforceable, that is not itself held to be invalid, illegal, or unenforceable) shall not in any way be affected or impaired thereby; and (2) to the fullest extent possible, the provisions of this Article VI (including, without limitation, each such portion of any paragraph or clause containing any such provision held to be invalid, illegal, or unenforceable) shall be construed so as to give effect to the intent manifested by the provision held invalid, illegal, or unenforceable.

Section 10. Miscellaneous. For purposes of this Article VI: (a) references to serving at the request of the Corporation as a director or officer of Another Enterprise shall include any service as a director or officer of the Corporation that imposes duties on, or involves services by, such director or officer with respect to an employee benefit plan; (b) references to serving at the request of the Corporation as a employee or agent of Another Enterprise shall include any service as an employee or agent of the Corporation that imposes duties on, or involves services by, such employee or agent with respect to an employee benefit plan; (c) a person who acted in good faith and in a manner such person reasonably believed to be in the interest of the participants and beneficiaries of an employee benefit plan shall be deemed to have acted in a manner not opposed to the best interests of the Corporation; and (d) references to a director of Another Enterprise shall include, in the case of any entity that is not managed by a board of directors, such other position, such as manager or trustee or member of the governing body of such entity, that entails responsibility for the management and direction of such entity's affairs, including, without limitation, general partner of any partnership (general or limited) and manager or managing member of any limited liability company.

## ARTICLE VII

## MISCELLANEOUS

Section 1. Books and Records. (a) Any books or records maintained by the Corporation in the regular course of its business, including its stock ledger, books of account, and minute books, may be kept on, or by means of, or be in the form of, any information storage device or method; provided, however, that the books and records so kept can be converted into clearly legible paper form within a reasonable time. The Corporation shall so convert any books or records so kept upon the request of any person entitled to inspect such records pursuant to the

A-33

Certificate of Incorporation, these Bylaws, or the provisions of the General Corporation Law of the State of Delaware.

(b)   It shall be the duty of the Secretary or other officer of the Corporation who shall have charge of the stock ledger to prepare and make, at least ten (10) days before every meeting of the stockholders, a complete list of the stockholders entitled to vote thereat, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the stockholder's name. Nothing contained in this subsection (b) shall require the Corporation to include electronic mail addresses or other electronic contact information on such list. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting for a period of at least ten (10) days prior to the meeting: (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of the meeting, or (ii) during ordinary business hours, at the principal place of business of the Corporation. In the event that the Corporation determines to make the list available on an electronic network, the Corporation may take reasonable steps to ensure that such information is available only to stockholders of the Corporation. If the meeting is to be held at a place, then the list shall be produced and kept at the time and place of the meeting during the whole time thereof, and may be inspected by any stockholder who is present. If the meeting is to be held solely by means of remote communication, then the list shall also be open to the examination of any stockholder during the whole time of the meeting on a reasonably accessible network, and the information required to access such list shall be provided with the notice of the meeting. The stock ledger shall be the only evidence of the identity of the stockholders entitled to examine such list.

Section 2. Voting Shares in Other Business Entities. The President or any other officer of the Corporation designated by the Board of Directors may vote any and all shares of stock or other equity interest held by the Corporation in any other corporation or other business entity, and may exercise on behalf of the Corporation any and all rights and powers incident to the ownership of such stock or other equity interest.

Section 3. Fiscal Year. The fiscal year of the Corporation shall be such fiscal year as the Board of Directors from time to time by resolution shall determine.

Section 4. Electronic Transmission. For purposes of these Bylaws, "electronic transmission" means any form of communication, not directly involving the physical transmission of paper, that creates a record that may be retained, retrieved, and reviewed by a recipient thereof, and that may be directly reproduced in paper form by such a recipient through an automated process.

Section 5. Amendment. These Bylaws may be altered, amended, or repealed at any annual or regular meeting of the Board of Directors or at any special meeting of the Board of Directors if notice of the proposed alteration, amendment, or repeal be contained in written notice of such special meeting, or at any meeting of the stockholders of the Corporation.

ARTICLE IX

- 16 -

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

## ADOPTION OF THE BY-LAWS

The Secretary of the Corporation hereby certifies that this is a true and correct copy of the bylaws approved and adopted by the Corporation.

_____

Bijan Rafiekian, Secretary

- 17 -

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

A-35

**U.S. Department of Justice**                          **Supplemental Statement**

Washington, DC 20530                              **Pursuant to the Foreign Agents Registration Act of**
                                                  **1938, as amended**

OMB No. 1124-0002; Expires April 30, 2017

For Six Month Period Ending <u>Nov. 30, 2016</u>

(Insert date)

## I - REGISTRANT

1. (a) Name of Registrant                    (b) Registration No.

   Flynn Intel Group, Inc.                        6406

   (c) Business Address(es) of Registrant
       44 Canal Center Plaza, Alexandria, VA 22314

2. Has there been a change in the information previously furnished in connection with the following?

   (a) If an individual:

   |  |  |  |
   |---|---|---|
   | (1) Residence address(es) | Yes ☐ | No ☐ |
   | (2) Citizenship | Yes ☐ | No ☐ |
   | (3) Occupation | Yes ☐ | No ☐ |

   (b) If an organization:

   |  |  |  |
   |---|---|---|
   | (1) Name | Yes ☐ | No ☒ |
   | (2) Ownership or control | Yes ☐ | No ☒ |
   | (3) Branch offices | Yes ☐ | No ☒  Flynn Intel Group's sole office closed in November 2016. |

   (c) Explain fully all changes, if any, indicated in Items (a) and (b) above.
       Flynn Intel Group, Inc. suspended activities in November 2016.

---

**IF THE REGISTRANT IS AN INDIVIDUAL, OMIT RESPONSE TO ITEMS 3, 4, AND 5(a).**

3. If you have previously filed Exhibit C¹, state whether any changes therein have occurred during this 6 month reporting period.

   Yes ☐      No ☒

   If yes, have you filed an amendment to the Exhibit C?      Yes ☐          No ☐

   If no, please attach the required amendment.

---

1 The Exhibit C, for which no printed form is provided, consists of a true copy of the charter, articles of incorporation, association, and by laws of a registrant that is an organization. (A waiver of the requirement to file an Exhibit C may be obtained for good cause upon written application to the Assistant Attorney General, National Security Division, U.S. Department of Justice, Washington, DC 20530.)

FORM NSD-2
Revised 03/14

A-36

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

(PAGE 2)

4. (a) Have any persons ceased acting as partners, officers, directors or similar officials of the registrant during this 6 month reporting period?

Yes ☐    No ☒

If yes, furnish the following information:

| Name | Position | Date Connection Ended |
|------|----------|----------------------|
|      |          |                      |

(b) Have any persons become partners, officers, directors or similar officials during this 6 month reporting period?

Yes ☐    No ☒

If yes, furnish the following information:

| Name | Residence Address | Citizenship | Position | Date Assumed |
|------|-------------------|-------------|----------|--------------|
|      |                   |             |          |              |

5. (a) Has any person named in Item 4(b) rendered services directly in furtherance of the interests of any foreign principal?

Yes ☐    No ☐

If yes, identify each such person and describe the service rendered.

(b) During this six month reporting period, has the registrant hired as employees or in any other capacity, any persons who rendered or will render services to the registrant directly in furtherance of the interests of any foreign principal(s) in other than a clerical or secretarial, or in a related or similar capacity?    Yes ☐    No ☒

| Name | Residence Address | Citizenship | Position | Date Assumed |
|------|-------------------|-------------|----------|--------------|
|      |                   |             |          |              |

(c) Have any employees or individuals, who have filed a short form registration statement, terminated their employment or connection with the registrant during this 6 month reporting period?    Yes ☒    No ☐

If yes, furnish the following information:

| Name | Position or Connection | Date Terminated |
|------|------------------------|-----------------|
|      | Flynn Intel Group, Inc. suspended activities in November 2016. |   |

(d) Have any employees or individuals, who have filed a short form registration statement, terminated their connection with any foreign principal during this 6 month reporting period?    Yes ☒    No ☐

If yes, furnish the following information:

| Name | Position or Connection | Foreign Principal | Date Terminated |
|------|------------------------|-------------------|-----------------|
|      |                        | The contract between Inovo BV and Flynn Intel Group ended by its terms on November 15, 2016. |   |

6. Have short form registration statements been filed by all of the persons named in Items 5(a) and 5(b) of the supplemental statement?

Yes ☐    No ☐

If no, list names of persons who have not filed the required statement.

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

A-37

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

(PAGE 3)

## II - FOREIGN PRINCIPAL

7. Has your connection with any foreign principal ended during this 6 month reporting period?    Yes ☒         No ☐
   If yes, furnish the following information:

   Foreign Principal                                               Date of Termination

   Inovo BV                                                        November 15, 2016


8. Have you acquired any new foreign principal(s)[2] during this 6 month reporting period?    Yes ☐         No ☒
   If yes, furnish th following information:

   Name and Address of Foreign Principal(s)                        Date Acquired


9. In addition to those named in Items 7 and 8, if any, list foreign principal(s)[2] whom you continued to represent during the 6 month reporting period.


10. (a) Have you filed exhibits for the newly acquired foreign principal(s), if any, listed in Item 8?
    Exhibit A[3]          Yes ☐           No ☐
    Exhibit B[4]          Yes ☐           No ☐

    If no, please attach the required exhibit.

    (b) Have there been any changes in the Exhibits A and B previously filed for any foreign principal whom you
        represented during this six month period?                  Yes ☐         No ☒
        If yes, have you filed an amendment to these exhibits?      Yes ☐         No ☐

        If no, please attach the required amendment.

---

2 The term "foreign principal" includes, in addition to those defined in Section 1(b) of the Act, an individual organization any of whose activities are directly or indirectly
  supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign government, foreign political party, foreign organization or foreign individual.
  (See Rule 100(a) (9)). A registrant who represents more than one foreign principal is required to list in the statements he files under the Act only those principals for whom he
  is not entitled to claim exemption under Section 3 of the Act. (See Rule 208.)
3 The Exhibit A, which is filed on Form NSD-3, sets forth the information required to be disclosed concerning each foreign principal.
4 The Exhibit B, which is filed on Form NSD-4, sets forth the information concerning the agreement or understanding between the registrant and the
  foreign principal.

(PAGE 4)

## III - ACTIVITIES

11. During this 6 month reporting period, have you engaged in any activities for or rendered any services to any foreign principal named in Items 7, 8, or 9 of this statement?        Yes ☒        No ☐

   If yes, identify each foreign principal and describe in full detail your activities and services:

   See attachment.

12. During this 6 month reporting period, have you on behalf of any foreign principal engaged in political activity[5] as defined below?
   Yes ☒        No ☐

   If yes, identify each such foreign principal and describe in full detail all such political activity, indicating, among other things, the relations, interests and policies sought to be influenced and the means employed to achieve this purpose.  If the registrant arranged, sponsored or delivered speeches, lectures or radio and TV broadcasts, give details as to dates, places of delivery, names of speakers and subject matter.

   See attachment.

13. In addition to the above described activities, if any, have you engaged in activity on your own behalf which benefits your foreign principal(s)?        Yes ☒        No ☐

   If yes, describe fully.

   Because of its expertise, Flynn Intel Group officials frequently write, speak, and give interviews on issues related to national security.  Although not undertaken at the direction or control of a foreign principal, it is possible that such activities may have an indirect benefit to a principal.  On his own initiative, Michael T. Flynn published an op-ed in The Hill on November 8, 2016, that related to the same subject matters as the Flynn Intel Group work for Inovo BV.  Neither Inovo BV, nor any other person requested or directed publication of the op-ed.

---

5  "Political activity," as defined in Section 1(o) of the Act, means any activity that the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting or changing the domestic or foreign policies of the United States or with reference to political or public interests, policies, or relations of a government of a foreign country or a foreign political party.

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

(PAGE 5)

## IV - FINANCIAL INFORMATION

14. (a)   **RECEIPTS-MONIES**
During this 6 month reporting period, have you received from any foreign principal named in Items 7, 8, or 9 of this statement, or from any other source, for or in the interests of any such foreign principal, any contributions, income or money either as compensation or otherwise?        Yes ☒          No ☐

If no, explain why.

If yes, set forth below in the required detail and separately for each foreign principal an account of such monies.[6]

| Date | From Whom | Purpose | Amount |
|------|-----------|---------|--------|
| See attachment. | | | |

Total _____

(b)   **RECEIPTS - FUNDRAISING CAMPAIGN**
During this 6 month reporting period, have you received, as part of a fundraising campaign[7], any money on behalf of any foreign principal named in Items 7, 8, or 9 of this statement?        Yes ☐          No ☒

If yes, have you filed an Exhibit D[8] to your registration?        Yes ☐          No ☐

If yes, indicate the date the Exhibit D was filed.      Date _____

(c)   **RECEIPTS-THINGS OF VALUE**
During this 6 month reporting period, have you received any thing of value[9] other than money from any foreign principal named in Items 7, 8, or 9 of this statement, or from any other source, for or in the interests of any such foreign principal?
Yes ☐      No ☒

If yes, furnish the following information:

| Foreign Principal | Date Received | Thing of Value | Purpose |
|-------------------|---------------|----------------|---------|
| | | | |

---

6, 7  A registrant is required to file an Exhibit D if he collects or receives contributions, loans, moneys, or other things of value for a foreign principal, as part of a fundraising campaign. (See Rule 201(e)).
8  An Exhibit D, for which no printed form is provided, sets forth an account of money collected or received as a result of a fundraising campaign and transmitted for a foreign principal.
9  Things of value include but are not limited to gifts, interest free loans, expense free travel, favored stock purchases, exclusive rights, favored treatment over competitors, "kickbacks," and the like.

(PAGE 6)

15. (a)  **DISBURSEMENTS-MONIES**
During this 6 month reporting period, have you
(1)  disbursed or expended monies in connection with activity on behalf of any foreign principal named in Items 7, 8, or 9 of this statement?   Yes ☒          No ☐

(2)  transmitted monies to any such foreign principal?          Yes ☐          No ☐

If no, explain in full detail why there were no disbursements made on behalf of any foreign principal.

If yes, set forth below in the required detail and separately for each foreign principal an account of such monies, including monies transmitted, if any, to each foreign principal.

| Date | To Whom | Purpose | Amount |
|------|---------|---------|--------|
| See attachment. | | | |

| | | | |
|--|--|--|--|
| | | | Total |

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

(PAGE 7)

(b) **DISBURSEMENTS-THINGS OF VALUE**

During this 6 month reporting period, have you disposed of anything of value[10] other than money in furtherance of or in connection with activities on behalf of any foreign principal named in Items 7, 8, or 9 of this statement?

Yes ☐          No ☒

If yes, furnish the following information:

| Date | Recipient | Foreign Principal | Thing of Value | Purpose |
|------|-----------|-------------------|----------------|---------|
|      |           |                   |                |         |

(c) **DISBURSEMENTS-POLITICAL CONTRIBUTIONS**

During this 6 month reporting period, have you from your own funds and on your own behalf either directly or through any other person, made any contributions of money or other things of value[11] in connection with an election to any political office, or in connection with any primary election, convention, or caucus held to select candidates for political office?

Yes ☒          No ☐

If yes, furnish the following information:

| Date | Amount or Thing of Value | Political Organization or Candidate | Location of Event |
|------|--------------------------|-------------------------------------|-------------------|
| Rafiekian 10/31/16 | $250 | Trump Make American Great Again Committee | |
| Rafiekian * | * | Zinke For Congress | |

\* Mr. Rafiekian is searching for records of the date and amount of the contribution, which he believes he made, and will amend this report when the information is located.

10, 11 Things of value include but are not limited to gifts, interest free loans, expense free travel, favored stock purchases, exclusive rights, favored treatment over competitors, "kickbacks," and the like.

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM          **A-42**

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

(PAGE 8)

## V - INFORMATIONAL MATERIALS

16. (a)  During this 6 month reporting period, did you prepare, disseminate or cause to be disseminated any informational materials?[12]

    Yes ☒      No ☐

If Yes, go to Item 17.

  (b)  If you answered No to Item 16(a), do you disseminate any material in connection with your registration?

    Yes ☐      No ☐

If Yes, please forward the materials disseminated during the six month period to the Registration Unit for review.

17.  Identify each such foreign principal.

Inovo BV.

18.  During this 6 month reporting period, has any foreign principal established a budget or allocated a specified sum of money to finance your activities in preparing or disseminating informational materials?    Yes ☐      No ☒

If yes, identify each such foreign principal, specify amount, and indicate for what period of time.
See attachment.

19.  During this 6 month reporting period, did your activities in preparing, disseminating or causing the dissemination of informational materials include the use of any of the following:

☐ Radio or TV broadcasts    ☐ Magazine or newspaper    ☐ Motion picture films    ☐ Letters or telegrams

☐ Advertising campaigns    ☐ Press releases    ☐ Pamphlets or other publications  ☐ Lectures or speeches

☒ Other *(specify)*  See attachment.

**Electronic Communications**

☐ Email

☐ Website URL(s): _____

☐ Social media websites URL(s): _____

☒ Other *(specify)*  See attachment.

20.  During this 6 month reporting period, did you disseminate or cause to be disseminated informational materials among any of the following groups:

    ☐ Public officials        ☐ Newspapers        ☐ Libraries

    ☐ Legislators        ☐ Editors        ☐ Educational institutions

    ☐ Government agencies    ☐ Civic groups or associations    ☐ Nationality groups

    ☒ Other *(specify)*  See attachment.

21.  What language was used in the informational materials:

    ☒ English        ☐ Other *(specify)* _____

22.  Did you file with the Registration Unit, U.S. Department of Justice a copy of each item of such informational materials disseminated or caused to be disseminated during this 6 month reporting period?    Yes ☐      No ☐  See attachment

23.  Did you label each item of such informational materials with the statement required by Section 4(b) of the Act?

    Yes ☐      No ☐  See attachment.

12  The term informational materials includes any oral, visual, graphic, written, or pictorial information or matter of any kind, including that published by means of advertising, books, periodicals, newspapers, lectures, broadcasts, motion pictures, or any means or instrumentality of interstate or foreign commerce or otherwise.  Informational materials disseminated by an agent of a foreign principal as part of an activity in itself exempt from registration, or an activity which by itself would not require registration, need not be filed pursuant to Section 4(b) of the Act.

## VI - EXECUTION

In accordance with 28 U.S.C. § 1746, the undersigned swear(s) or affirm(s) under penalty of perjury that he/she has (they have) read the information set forth in this registration statement and the attached exhibits and that he/she is (they are) familiar with the contents thereof and that such contents are in their entirety true and accurate to the best of his/her (their) knowledge and belief, except that the undersigned make(s) no representation as to truth or accuracy of the information contained in the attached Short Form Registration Statement(s), if any, insofar as such information is not within his/her (their) personal knowledge.

(Date of signature)                    (Print or type name under each signature or provide electronic signature[13])

March 07, 2017                         /s/ Michael T. Flynn                    eSigned

---

13 This statement shall be signed by the individual agent, if the registrant is an individual, or by a majority of those partners, officers, directors or persons performing similar functions, if the registrant is an organization, except that the organization can, by power of attorney, authorize one or more individuals to execute this statement on its behalf.

*Flynn Intel Group, Inc., Supplemental Statement*

**Attachment**

*Items 11-12*

> Note: In September 2016, the Flynn Intel Group filed a registration under the Lobbying Disclosure Act for its representation of Inovo BV ("Inovo"). Upon further review, and to eliminate any potential doubt, the Flynn Intel Group is electing to file a registration and supplemental statement under the Foreign Agents Registration Act in lieu of its prior LDA registration. Although the Flynn Intel Group was engaged by a private firm, Inovo BV, and not by a foreign government, because of the subject matter of the engagement, Flynn Intel Group's work for Inovo could be construed to have principally benefitted the Republic of Turkey. The Department's regulations provide that the LDA exemption from FARA registration is not available if a foreign government or political party is the principal beneficiary. *See* 28 C.F.R. § 5.307. This retroactive supplemental statement is being filed after the Flynn Intel Group closed its operations in November 2016, and the supplemental statement is therefore based on information that is currently available to Flynn Intel Group, to the best of its knowledge, after undertaking due diligence with the assistance of counsel.

In August 2016, Flynn Intel Group entered into a contract with Inovo, a consulting firm based in the Netherlands. The contract provided that Flynn Intel Group would perform research, engage a public relations firm and a filming and production crew to potentially distribute the results of its research, and hold weekly calls with the client to discuss progress on the project. Flynn Intel Group understood the engagement to be focused on improving U.S. business organizations' confidence regarding doing business in Turkey, particularly with respect to the stability of Turkey and its suitability as a venue for investment and commercial activity. Inovo has represented, through its counsel, that no part of the fees paid to Flynn Intel Group by Inovo was provided by any foreign government.

Under the contract, Flynn Intel Group conducted open-source research for Inovo and at Inovo's direction. The research, which was conducted by independent contractors retained for this purpose, focused on Mr. Fethullah Gülen and charter schools in the United States that are associated with, or allegedly associated with, Mr. Gülen. The results of Flynn Intel Group's research were provided to Inovo, and to S.G.R. LLC Government Relations and Lobbying, the public relations firm engaged by Flynn Intel Group. Flynn Intel Group and the public relations firm developed various materials and documents related to this research for potential dissemination. Because the project was terminated early, the full scope of the contract was not performed, and to the best of Flynn Intel Group's knowledge, none of the research materials prepared by the Flynn Intel Group were disseminated to third parties.

In early September 2016, Flynn Intel Group was invited by Mr. Alptekin to meet with a group of government officials from Turkey for the purpose of understanding better the political climate in Turkey at the time, as background for the project. Officials of the Republic of Turkey

attending this meeting on September 19, 2016, in New York, were the Minister of Foreign Affairs and the Minister of Energy, to the best of Flynn Intel Group's current understanding.

Mr. Rafiekian met with Miles Taylor, National Security Advisor to the House Committee on Homeland Security, on two occasions in approximately October 2016, at Mr. Taylor's office and at Flynn Intel Group's office. A representative of S.G.R. LLC Government Relations and Lobbying attended the meeting at Flynn Intel Group's office. Over the course of the discussions, Mr. Rafiekian raised the firm's representation of Inovo and issues related to the research conducted for Inovo concerning Mr. Gülen and Turkey. Flynn Intel Group also oversaw outreach, which was conducted by the public relations firm, to a state government official in Arkansas.

Pursuant to its contract with Inovo, Flynn Intel Group informally engaged a group of individuals (independent contractors) to form a film and production crew for the purposes of producing a video documentary based on its research associated with Mr. Gülen. The activities included a couple of videotaped interviews and other initial development of content. Because the contract was not extended, the full scope of anticipated work was not performed and, to the best of Flynn Intel Group's current knowledge, the video was neither finished nor disseminated to any third parties. S.G.R. LLC Government Relations and Lobbying created a Gulen-themed monopoly graphic at the direction of Flynn Intel Group. To the best of its knowledge, Flynn Intel Group did not disseminate this document or associated research (other than to Inovo).

In late October and early November 2016, Gen. Flynn of Flynn Intel Group developed an op-ed article based, in part, on the research conducted by Flynn Intel Group under the Inovo engagement. The op-ed was not written or published at the request of, or under the direction or control of, Inovo, the Republic of Turkey, or any other party. No compensation was received for the publication of the op-ed. In addition to Gen. Flynn, Bijan Rafiekian and an editor, Hank Cox, participated in the drafting. Inovo, Mr. Alptekin, and the Republic of Turkey did not participate in the drafting. Nonetheless, the op-ed addresses subject matter related to the research that Flynn Intel Group conducted for Inovo, and a draft of the op-ed was shared with Inovo in advance of publication. No changes, other than technical edits, were made to the op-ed based on feedback from Inovo. To the best of our knowledge, Inovo did not communicate with the Republic of Turkey regarding the op-ed or provide the draft op-ed to the government. S.G.R. LLC Government Relations and Lobbying assisted Flynn Intel Group with placement of the op-ed with *The Hill* publication.

*Item 14*

Payments received by Flynn Intel Group in connection with the project and purpose based on information contained in Flynn Intel Group's general ledger and accounting records.

| Date Received | Foreign Principal | Purpose | Amount |
|---|---|---|---|
| 09/09/2016 | Inovo BV | Consulting | $200,000.00 |
| 10/11/2016 | Inovo BV | Consulting | $185,000.00 |
| 11/14/2016 | Inovo BV | Consulting | $145,000.00 |

*Item 15*

Disbursements by Flynn Intel Group in connection with the project and purpose based on information contained in Flynn Intel Group's general ledger and accounting records.

| Date | To Whom | Purpose | Amount |
|------|---------|---------|--------|
| 10/14/2016 | Bob Kelley | Consultancy Fee | $2,500.00 |
| 10/31/2016 | Bob Kelley | Consultancy Fee | $2,500.00 |
| 11/21/2016 | Bob Kelley | Consultancy Fee | $5,000.00 |
| 10/04/2016 | Brian McCauley | Consultancy Fee | $5,000.00 |
| 10/13/2016 | Brian McCauley | Consultancy Fee | $3,000.00 |
| 11/14/2016 | Brian McCauley | Consultancy Fee | $5,000.00 |
| 12/05/2016 | Brian McCauley | Consultancy Fee | $15,000.00 |
| 09/19/2016 | Carl Pilgram | Administrative Support | $ 4,000.00 |
| 10/25/2016 | Carl Pilgram | Administrative Support | $4,000.00 |
| 11/16/2016 | Carl Pilgram | Administrative Support | $4,000.00 |
| 10/11/2016 | David Enders | Videography | $1,700.00 |
| 10/11/2016 | David Enders | Videography | $850.00 |
| 12/02/2016 | David Enders | Videography | $850.00 |
| 12/02/2016 | Hank Cox | Editing | $300.00 |
| 9/13/2016 | Inovo BV | Consultancy Fee | $40,000.00 |
| 10/17/2016 | Inovo BV | Consultancy Fee | $40,000.00 |
| 09/13/2016 | Michael G. Flynn | Administrative Support | $4,000.00 |
| 10/21/2016 | Michael G. Flynn | Administrative Support | $4,000.00 |
| 11/22/2016 | Michael G. Flynn | Administrative Support | $ 4,000.00 |
| 10/11/2016 | Mike Boston | Consultancy Fee | $ 8,000.00 |
| 10/14/2016 | Mike Boston | Consultancy Fee | $8,000.00 |
| 11/21/2016 | Mike Boston | Consultancy Fee | $8,000.00 |
| 11/10/2016 | Operational Behavioral Services | Consultancy Fee | $20,000.00 |
| 10/13/2016 | Paul Becker | Consultancy Fee | $1,500.00 |
| 11/22/2016 | Paul Becker | Consultancy Fee | $6,000.00 |
| 10/12/2016 | Rudi Bakhtiar | Interview | $1,200 |
| 10/11/2016 | SGR LLC | Public Affairs | $15,000.00 |
| 10/24/2016 | SGR LLC | Public Affairs | $10,000.00 |
| 11/16/2016 | SGR LLC | Public Affairs | $15,000.00 |
| 10/05/2016 | White Canvas Group | Public open source research | $7,500.00 |
| 12/16/2016 | White Canvas Group | Public open source research | $7,500.00 |

A-47

*Items 16-23*

Pursuant to the contract between Flynn Intel Group and Inovo BV, the parties anticipated that Flynn Intel Group would engage a public relations firm, Sphere Consulting, and engage a film production crew for the creation of a video. The public relations firm (S.G.R. LLC Government Relations and Lobbying) was engaged but the video was not completed or disseminated, to the best of our understanding. The budget for these activities was reflected in the engagement contract with S.G.R. LLC Government Relations and Lobbying; no separate budget related to informational materials. Because this is a retroactive registration prepared after Flynn Intel Group had already begun to close operations, this registration is based on documentation currently available to Flynn Intel Group. If additional relevant information is later identified, Flynn Intel Group will amend its registration.

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

OMB No. 1124-0005; Expires April 30, 2017

**U.S. Department of Justice**

Washington, DC 20530

## Short Form Registration Statement
## Pursuant to the Foreign Agents Registration Act of 1938, as amended

INSTRUCTIONS. Each partner, officer, director, associate, employee, and agent of a registrant is required to file a short form registration statement unless he engages in no activities in furtherance of the interests of the registrant's foreign principal or unless the services he renders to the registrant are in a secretarial, clerical, or in a related or similar capacity. Compliance is accomplished by filing an electronic short form registration statement at http://www.fara.gov.

Privacy Act Statement. The filing of this document is required for the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, for the purposes of registration under the Act and public disclosure. Provision of the information requested is mandatory, and failure to provide the information is subject to the penalty and enforcement provisions established in Section 8 of the Act. Every registration statement, short form registration statement, supplemental statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this Act is a public record open to public examination, inspection and copying during the posted business hours of the Registration Unit in Washington, DC. Statements are also available online at the Registration Unit's webpage: http://www.fara.gov. One copy of every such document, other than informational materials, is automatically provided to the Secretary of State pursuant to Section 6(b) of the Act, and copies of any and all documents are routinely made available to other agencies, departments and Congress pursuant to Section 6(c) of the Act. The Attorney General also transmits a semi-annual report to Congress on the administration of the Act which lists the names of all agents registered under the Act and the foreign principals they represent. This report is available to the public and online at: http://www.fara.gov.

Public Reporting Burden. Public reporting burden for this collection of information is estimated to average .429 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Chief, Registration Unit, Counterespionage Section, National Security Division, U.S. Department of Justice, Washington, DC 20530; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, DC 20503.

| 1. Name<br><br>Lt. Gen Michael T. Flynn (Ret.) | 2. Registration No.<br><br>6406 |
|---|---|
| 3. Residence Address(es)<br>Provided separately to the Department of Justice. | 4. Business Address(es)<br>44 Canal Center Plaza, Alexandria, VA 22314 |
| 5. Year of Birth   1958<br><br>Nationality   U.S.<br><br>Present Citizenship   U.S. | 6. If present citizenship was not acquired by birth, indicate when, and how acquired. |

7. Occupation   Consultant

8. What is the name and address of the primary registrant?

Name   Flynn Intel Group, Inc.          Address   44 Canal Center Plaza, Alexandria, VA 22314

9. Indicate your connection with the primary registrant:

☐ partner          ☒ director          ☐ employee          ☐ consultant

☐ officer          ☐ associate          ☐ agent          ☐ subcontractor

☐ other *(specify)*_____

10. List every foreign principal to whom you will render services in support of the primary registrant.

Inovo BV

11. Describe separately and in detail all services which you will render to the foreign principal(s) listed in Item 10 either directly, or through the primary registrant listed in Item 8, and the date(s) of such services. *(If space is insufficient, a full insert page must be used.)*

See attachment.

FORM NSD-6
Revised 03/14

**A-49**

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

12. Do any of the above described services include political activity as defined in Section 1(o) of the Act and in the footnote below?

Yes ☒    No ☐

If yes, describe separately and in detail such political activity.
See response to item 11.

13. The services described in Items 11 and 12 are to be rendered on a

☐ full time basis        ☒ part time basis        ☐ special basis

14. What compensation or thing of value have you received to date or will you receive for the above services?

☐ Salary: Amount $ _____ per _____    ☐ Commission at _____ % of _____

☒ Salary: Not based solely on services rendered to the foreign principal(s).

☐ Fee: Amount $ _____    ☐ Other thing of value _____

15. During the period beginning 60 days prior to the date of your obligation to register to the time of filing this statement, did you make any contributions of money or other things of value from your own funds or possessions and on your own behalf in connection with any election to political office or in connection with any primary election, convention, or caucus held to select candidates for any political office?    Yes ☐    No ☒

If yes, furnish the following information:

| Date | Amount or Thing of Value | Political Organization or Candidate | Location of Event |
|---|---|---|---|
| | | | |

## EXECUTION

In accordance with 28 U.S.C. § 1746, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this registration statement and that he/she is familiar with the contents thereof and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| March 07, 2017 | /s/ Michael T. Flynn | eSigned |
|---|---|---|
| *(Date of signature)* | *(Signature)* | |

Footnote: "Political activity," as defined in Section 1(o) of the Act, means any activity which the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party.

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

*Flynn Intel Group, Inc., Short Form (Flynn)*

## Attachment

*Item 11*

Flynn Intel Group was tasked to perform investigative research for a specified scope of work using its laboratory team of senior defense, diplomacy, development, and intelligence professionals over a three-month period. Flynn Intel Group was to retain an experienced filming and production crew in order to develop a short film piece on the results of its investigation, and a public affairs firm to utilize for public affairs as needed. Flynn Intel Group held weekly calls with the client to report engagement progress.

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

OMB No. 1124-0005; Expires April 30, 2017

**U.S. Department of Justice**

Washington, DC 20530

# Short Form Registration Statement
## Pursuant to the Foreign Agents Registration Act of 1938, as amended

INSTRUCTIONS. Each partner, officer, director, associate, employee, and agent of a registrant is required to file a short form registration statement unless he engages in no activities in furtherance of the interests of the registrant's foreign principal or unless the services he renders to the registrant are in a secretarial, clerical, or in a related or similar capacity. Compliance is accomplished by filing an electronic short form registration statement at http://www.fara.gov.

Privacy Act Statement. The filing of this document is required for the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.*, for the purposes of registration under the Act and public disclosure. Provision of the information requested is mandatory, and failure to provide the information is subject to the penalty and enforcement provisions established in Section 8 of the Act. Every registration statement, short form registration statement, supplemental statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this Act is a public record open to public examination, inspection and copying during the posted business hours of the Registration Unit in Washington, DC. Statements are also available online at the Registration Unit's webpage: http://www.fara.gov. One copy of every such document, other than informational materials, is automatically provided to the Secretary of State under Section 6(b) of the Act, and copies of any and all documents are routinely made available to other agencies, departments and Congress pursuant to Section 6(c) of the Act. The Attorney General also transmits a semi-annual report to Congress on the administration of the Act which lists the names of all agents registered under the Act and the foreign principals they represent. This report is available to the public and online at: http://www.fara.gov.

Public Reporting Burden. Public reporting burden for this collection of information is estimated to average .429 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Chief, Registration Unit, Counterespionage Section, National Security Division, U.S. Department of Justice, Washington, DC 20530; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, DC 20503.

| 1. Name | 2. Registration No. |
|---|---|
| Bijan Rafiekian | 6406 |

| 3. Residence Address(es) | 4. Business Address(es) |
|---|---|
| Provided separately to the Department of Justice. | 44 Canal Center Plaza, Alexandria, VA 22314 |

| 5. Year of Birth 1952 | 6. If present citizenship was not acquired by birth, indicate when, and how acquired. |
|---|---|
| Nationality U.S. | |
| Present Citizenship U.S. | |

7. Occupation Consultant

8. What is the name and address of the primary registrant?

Name Flynn Intel Group, Inc.                Address 44 Canal Center Plaza, Alexandria, VA 22314

9. Indicate your connection with the primary registrant:

☐ partner          ☒ director          ☐ employee          ☐ consultant

☐ officer          ☐ associate         ☐ agent             ☐ subcontractor

☐ other *(specify)*_____

10. List every foreign principal to whom you will render services in support of the primary registrant.
Inovo BV

11. Describe separately and in detail all services which you will render to the foreign principal(s) listed in Item 10 either directly, or through the primary registrant listed in Item 8, and the date(s) of such services. *(If space is insufficient, a full insert page must be used.)*
See attachment.

FORM NSD-6
Revised 03/14
**A-52**

12. Do any of the above described services include political activity as defined in Section 1(o) of the Act and in the footnote below?

      Yes ☒      No ☐

If yes, describe separately and in detail such political activity.

See response to item 11.

---

13. The services described in Items 11 and 12 are to be rendered on a

    ☐ full time basis        ☒ part time basis        ☐ special basis

---

14. What compensation or thing of value have you received to date or will you receive for the above services?

    ☐ Salary: Amount $ _____ per _____    ☐ Commission at _____ % of _____

    ☒ Salary: Not based solely on services rendered to the foreign principal(s).

    ☐ Fee: Amount $ _____        ☐ Other thing of value _____

---

15. During the period beginning 60 days prior to the date of your obligation to register to the time of filing this statement, did you make any contributions of money or other things of value from your own funds or possessions and on your own behalf in connection with any election to political office or in connection with any primary election, convention, or caucus held to select candidates for any political office?    Yes ☐    No ☒

If yes, furnish the following information:

| Date | Amount or Thing of Value | Political Organization or Candidate | Location of Event |
|------|--------------------------|-------------------------------------|-------------------|

---

## EXECUTION

In accordance with 28 U.S.C. § 1746, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this registration statement and that he/she is familiar with the contents thereof and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| March 07, 2017 | /s/ Bijan Rafiekian | eSigned |
|----------------|---------------------|---------|
| *(Date of signature)* | *(Signature)* | |

---

Footnote: "Political activity," as defined in Section 1(o) of the Act, means any activity which the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party.

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

*Flynn Intel Group, Inc., Short Form (Rafiekian)*

**Attachment**

*Item 11*

Flynn Intel Group was tasked to perform investigative research for a specified scope of work using its laboratory team of senior defense, diplomacy, development, and intelligence professionals over a three-month period. Flynn Intel Group was to retain an experienced filming and production crew in order to develop a short film piece on the results of its investigation, and a public affairs firm to utilize for public affairs as needed. Flynn Intel Group held weekly calls with the client to report engagement progress.

Received by NSD/FARA Registration Unit 03/07/2017 6:02:45 PM

**A-54**