IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) No. 1:18-CR-457-AJT<br>BIJAN RAFIEKIAN, et al., )<br>)<br>   Defendants. ) | |

REPLY TO GOVERNMENT'S OPPOSITION TO
MOTION TO ENTER A SPECIAL APPEARANCE ON BEHALF OF ALPTEKIN

The Government asserts that because Mr. Alptekin is a fugitive, his counsel has no standing to appear specially on his behalf in this matter solely to contest the application of the crime-fraud exception to his attorney-client privilege with his former counsel. The Government contends that Mr. Alptekin should be stripped of all legal rights with regard to his attorney-client privilege unless he accepts the jurisdiction of the court despite his residence and citizenship in Turkey. The effect of the Government's position is that application of the crime-fraud exception would be determined *ex parte*. To contend that this procedure would be unfair, the Government says, is "ludicrous." But the Government's analysis of the applicable law is wrong. The doctrine of fugitive disentitlement is limited to cases in which a fugitive seeks affirmative relief from the courts, and, if it applies at all to the present case, is discretionary with the court. Contrary to the Government's position, protection of the fundamental right of attorney-client privilege should impel this Court to allow an appearance by Mr. Alptekin for the limited purpose of protecting his privilege.

1

The case law relied upon by the Government shows that the fugitive disentitlement doctrine applies to attempts by a fugitive[1] to contest an indictment on the merits, to obtain its dismissal, or to appeal an adverse result.[2] The limited scope of this doctrine is made clear by the Supreme Court in *Degen v. U.S.*, in which the Court stated that "federal courts do have authority to <u>dismiss an appeal or a writ of certiorari</u> if the party seeking relief is a fugitive while the matter is pending." 517 U.S. 820, 824, 829 (1996) (declining to extend the doctrine to allow courts to disentitle fugitive claimants in civil forfeiture actions finding that such an extension would be unjustified and "would be an excessive response to the concerns here advanced") (emphasis added). The efforts of a party not before the court to obtain affirmative relief in that fashion may, in some circumstances, justify a limitation intended to protect the resources of a court and to discourage "litigants who will only comply with the favorable rulings of the court." But Mr. Alptekin seeks only to prevent the Government from depriving him of his right to confidential

---

[1] Under Seventh Circuit precedent, Mr. Alptekin would not be considered to be a fugitive. *See In re Hijazi*, 589 F.3d 401 (7th Cir. 2009); *see also* C. Booth, *Doctrine on the Run: The Deepening Circuit Split Concerning Application of the Fugitive Disentitlement Doctrine to Foreign Nationals*, 59 B.C.L. Rev. 1153 (2018) (analyzing the split between the Seventh and Second Circuits and arguing that the doctrine should not apply to foreign nationals who have not "fled" U.S. jurisdiction). Here, Mr. Alptekin, a Turkish citizen residing in Turkey, has not fled the jurisdiction and there have been no attempts, to counsel's knowledge, to extradite him. This Court need not resolve this issue because, as explained above, it has the discretion to hear Mr. Alptekin in opposition to the Government's motion.

[2] Every case the Government cited applying the doctrine involves a fugitive seeking an affirmative action from a court. *See Dawkins v. Mitchell*, 437 F.2d 646 (D.C. Cir. 1970) (appellants sought to enjoin the Attorney General and the Director of the FBI from enforcing a warrant); *U.S. v. Stanzione*, 391 F. Supp. 1201 (S.D.N.Y. 1975) (defense counsel sought dismissal of an indictment); *U.S. v. Oliveri*, 190 F. Supp. 2d 933 (S.D. Tex. 2001) (defendant moved to dismiss the indictment); *U.S. v. Kashamu*, 656 F. Supp. 2d 863 (N.D. Ill. 2009) (defendant moved to quash arrest and dismiss indictment); *Molinaro v. New Jersey*, 396 U.S. 365 (1970) (appellant failed to surrender to state authorities and bail was revoked while appeal was pending); *U.S. v. Corporan-Cuevas*, 35 F.3d 953 (4th Cir. 1994) (appellant failed to surrender to begin her prison term while appeal of underlying criminal conviction was pending). Courts have also applied the doctrine in habeas corpus matters, *see Bagwell v. Dretke*, 376 F.3d 408, 409 (5th Cir. 2004), but habeas challenges, like appeals and writs for certiorari, are affirmative requests for court action.

assistance of counsel. The Government has cited no case, and counsel is aware of no case, in which a court has applied the fugitive disentitlement doctrine to an individual who seeks to fend off the Government's attack on the individual's fundamental right to confidential communications with counsel.

To justify its harsh application of the law, the Government contends that the right to appeal a conviction is "arguably on par with, and, in practical effect, far more important than the attorney-client privilege." This grossly understates the importance of attorney-client privilege to American jurisprudence. As stated in *U.S. v. Hurley*:

> The attorney-client privilege is the most fundamental of all legal relationships and any interference with or disruption of that relationship should be exercised only under extraordinary circumstances. The privilege is the root of a just and orderly judicial process and courts must be vigilant in sustaining it and shielding it from encroachment. That the holder of the privilege is a fugitive is not in itself sufficient to deny the client the right to assert it.

728 F. Supp. 66, 67 (D. Mass. 1990) (finding that "[t]he so-called 'fugitive disentitlement doctrine,' as espoused in *Molinaro v. New Jersey*…, has never been applied to deprive one of the right to assert the fundamental relationship of our legal system as the attorney-client privilege" (internal citations omitted)). Requiring an individual convicted of a crime to appear before a court in order to seek a review of that conviction is far from denying an individual seeking to maintain an asserted privilege the ability to claim that fundamental protection.

Finally, even if the doctrine applied in this context, which it does not, application of the doctrine is discretionary.[3] *See Degen*, 517 U.S. at 824; *Molinaro*, 396 U.S. at 366. The teaching

---

[3] This discretion is mirrored in 28 U.S.C. § 2466, which was enacted after the Supreme Court issued its decision in *Degen v. U.S.* and gives the courts discretion to disallow a fugitive from filing a claim in a civil forfeiture action or in third party proceedings in any related criminal forfeiture action. If the courts have the discretion to permit a fugitive to challenge the Government's attempt to seize mere property, the courts can certainly have the discretion to permit an individual to ask the court to protect a fundamental right.

3

of *Degen v. U.S.*, which the Government relies on for the broad statement of applicable law, does not support the unfair use of the disentitlement doctrine advanced in this case. The holding of *Degen* Court was that there was "no necessity to justify disentitlement" in a civil forfeiture case in which the fugitive defendant sought to protect his property. 517 U.S. at 829. The Court observed that "the sanction of disentitlement is most severe," and "justice would be too rough" if an absent party were stripped of the right to appear in court at all on matters related to a criminal charge. *Id*. at 828-29. The same would be true in this case.

The Government is incorrect that Mr. Alptekin seeks to "prevent the [G]overnment's motion from going forward..." Govt's Opp. at 2. Mr. Alptekin is not asking this Court to strike the Government's motion, rather he asks to be heard on the merits of the motion. The fugitive disentitlement doctrine does not apply to an individual seeking to protect his fundamental rights, and if the Court finds that the doctrine could apply, it should use its discretion to hear Mr. Alptekin's opposition in the interests of fundamental fairness.

Mr. Alptekin should be heard on the motion because the Government's position is aggressively overbroad. The Government and Mr. Alptekin agree that the test for breaching the privilege based on the crime/fraud exception has two parts. The Government must make a prima facie showing: (1) that the client was engaged in (or was planning) criminal or fraudulent activity when the attorney-client communications took place; and (2) that the communications were intended by the client to facilitate or conceal the criminal or fraudulent activity. The Government largely relies on the indictment to establish that the Government has met that test. But as *United States v. Gorski*, 807 F.3d 451, 460-61 (1st Cir. 2015) (cited by the Government) makes clear, the indictment is not sufficient to bear the Government's entire burden. There, the Circuit agreed with the District Court that the indictment provides a reasonable basis to believe

that a defendant was engaged in criminal or fraudulent activity. *Id*. But the Circuit did not rely on the indictment to establish the second prong of the test. Rather, the Court "reviewed the numerous and varied documents" before it agreed that this prong had been satisfied. *Id*.

Moreover, the Government cites *United States v. Stewart*, No. 03 CR. 717 (MGC) 2003 WL 23024461, at *2 (S.D.N.Y. Dec. 29, 2003) for the unremarkable proposition that an indictment may provide probable cause that the crime charged was committed. But the Government omits the case's holding, which is more salient for this discussion, that is: "Although an indictment may provide probable cause to believe that the crime charged was committed, an indictment, standing alone, does not provide probable cause to believe that Stewart's communications with her lawyers were in furtherance of the conduct charged in the Indictment."

The attorney-client privilege is part and parcel of an individual's Sixth Amendment right. Indeed, it is the privilege that gives life to the right to counsel. Mr. Alptekin is not affirmatively seeking the Court's involvement to obtain a benefit, for example, to dismiss the indictment, to vacate a forfeiture or to hear an appeal. Mr. Alptekin is merely asking the Court to protect his right to counsel from an unwarranted attack by the Government. The Court has the discretion to grant this protection. Asking the Court to decide whether to apply the crime-fraud exception in his absence is unfair to Mr. Alptekin. The Court should not apply the crime-fraud exception on the state of this record.

Even if the Court were to consider application of the crime-fraud exception, it should be done only with respect to specific communications and not applied to accomplish a wholesale waiver of privilege, as the Government requests. The Government has not subpoenaed any documents or testimony from the former counsel, nor has it specified the communications it

seeks for which it seeks to remove the privilege. Without such specifications, in addition to being unable to determine whether any particular communication was intended to facilitate or conceal the criminal or fraudulent activity, it is also impossible to know whether any particular materials would be subject to attorney-client privilege only or whether they could also implicate fact and/or opinion work product, which would require additional scrutiny. Accordingly, the Government's motion to breach the privilege should be denied.

Respectfully submitted this 12th day of June 2019.

> By: /s/ Rodney F. Page
> Rodney F. Page (Virginia Bar No. 12401)
> Jennifer Kies Mammen (Virginia Bar No. 73102)
> **BRYAN CAVE LEIGHTON PAISNER LLP**
> 1155 F Street, N.W.
> Suite 700
> Washington, D.C. 20004
> Telephone:  (202) 508-6000
> Facsimile:   (202) 508-6200
> Rodney.Page@bclplaw.com
> Jennifer.Mammen@bclplaw.com
>
> *Attorneys for Specially-Appearing Defendant*
> *Kamil Ekim Alptekin*

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June 2019, I electronically filed the foregoing document entitled "REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO ENTER A SPECIAL APPEARANCE ON BEHALF OF ALPTEKIN" with the Clerk of Court using the CM/ECRF system, which will then send a notification of such filing to the counsel named below:

| | |
|---|---|
| James P. Gillis | Evan N. Turgron |
| John T. Gibbs | Trial Attorney |
| Assistant United States Attorneys | Counterintelligence and Export Control |
| **UNITED STATES ATTORNEY'S OFFICE** | Section |
| 2100 Jamieson Avenue | National Security Division |
| Alexandria, VA 22314 | **UNITED STATES DEPARTMENT OF JUSTICE** |
| Telephone: (703) 299-3700 | 950 Pennsylvania Ave., N.W. |
| Facsimile: (703) 299-3982 | Washington, D.C. 20530 |
| James.P.Gillis@usdoj.gov | Telephone: (202) 353-0176 |
| John.Gibbs@usdoj.gov | Evan.Turgeon@usdoj.gov |

*Attorneys for the United States of America*

| | |
|---|---|
| Robert Powel Trout | James Edward Tysse |
| **TROUT CACHERIS & SOLOMON, PLLC** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| 1627 Eye St. N.W. | Robert S. Strauss Tower |
| Suite 1130 | 2001 K Street NW |
| Washington, DC 20006 | Washington, DC 20006 |
| Telephone: (202) 464-3300 | Telephone: (202) 887-4571 |
| Facsimile: (202) 463-3319 | Facsimile: (202) 887-4288 |
| rtrout@troutcacheris.com | jtysse@akingump.com |

*Attorneys for Bijan Rafiekian*

By: /s/ Rodney F. Page
Rodney F. Page (Virginia Bar No. 12401)
**BRYAN CAVE LEIGHTON PAISNER LLP**
1155 F Street, N.W.
Suite 700
Washington, D.C. 20004
Telephone: (202) 508-6000
Facsimile: (202) 508-6200
Rodney.Page@bclplaw.com

*Attorney for Specially-Appearing Defendant Kamil Ekim Alptekin*