UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| | : | |
| BIJAN RAFIEKIAN, et al. | : | |

**DEFENDANT BIJAN RAFIEKIAN'S REPLY MEMORANDUM OF LAW REGARDING MOTION FOR EVIDENTIARY HEARING**

Defendant Bijan Rafiekian respectfully submits this reply memorandum of law regarding his Motion for an Evidentiary Hearing on the application of the crime-fraud exception.

The government drastically oversimplifies the issue, arguing in effect that because the Defendant has been indicted, the success of its crime-fraud motion is a foregone conclusion. Not so. The indictment is not remotely dispositive of the crime-fraud exception—if it were, then the exception would be found in virtually every criminal case, and the privilege would be rendered meaningless. *See United States v. Stewart*, No. 03 Cr. 717, 2003 WL 23024461, *2 (S.D.N.Y. Dec. 29, 2003) ("The Government's argument that the existence of the Indictment in this case eliminates attorney-client privilege or work product protection with regard to evidence relating to statements charged in the Indictment is not persuasive.").

The grand juries' findings were made entirely *ex parte*, after hearing only one side of the facts presented to them by zealous prosecutors. Needless to say, there is another side to the story that the Court may consider now. To the extent the grand juries' findings meet the government's *prima facie* case (and they do not), the government concedes that the Defendant is entitled to submit evidence and argument to rebut it. Opp'n 1, 3; *see also In re Grand Jury Proceedings*, 33 F.3d 343, 352 (4th Cir. 1994) ("The crime-fraud standard does seem to contemplate the

1

possibility that the party asserting the privilege may respond with evidence to explain why the vitiating party's evidence is not persuasive."). The Defendant did not have the opportunity to rebut the government's evidence before the grand jury—if he had, the result may well have been different. For the reasons set forth in the Defendant's opposition to the government's crime-fraud motion [ECF No. 195], the motion suffers from several critical flaws, both factual and legal.

Other than relying on the fact of the indictment, the government makes hardly any effort at all to meet its burden. It has simply attached over a hundred pages of unauthenticated exhibits and left it to the Court to sort out on its own, without explaining how any single one of those exhibits supports its prima facie case. And aside from the five statements referenced in paragraph 53 of the indictment, the government has not even specified what other privileged statements it seeks to introduce.

The government claims its *prima facie* showing is "entirely documentary," but that is wrong. To meet its burden, the government primarily relies not on its documentary evidence, but on the *indictment*, which was founded on extensive testimony from witnesses that the Defendant has not had an opportunity to question. The government concedes that the Defendant is entitled to an opportunity to rebut any *prima facie* showing. Because the government claims its *prima facie* showing is premised on the indictment itself, the only effective rebuttal is for the Defendant to be allowed an opportunity to examine grand jury witnesses whose testimony laid the foundation for the charges. As a result, if the Court determines that the government has met its *prima facie* burden, an evidentiary hearing is required to allow the Defendant to rebut it.

## CONCLUSION

If the Court finds that the government has met its *prima facie* burden to establish the crime-fraud exception, the Defendant respectfully requests that the Court hold an evidentiary hearing to allow the Defendant an opportunity to rebut it.

Dated June 12, 2019                                             Respectfully submitted,

*/s/*                               
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
John C. Murphy (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: mmacdougall@akingump.com
         shmitchell@akingump.com


*/s/*                               
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone: (202) 464-3311
Fax: (202) 463-3319
E-mail: rtrout@troutcahceris.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 12th day of June 2019, true and genuine copies of Defendant Rafiekian's Reply Memorandum Regarding the Government's Motion to Establish Crime-Fraud Exception was sent via electronic mail by the Court's CM/ECF system to the following:

James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office (Alexandria-NA)
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone:  (703) 299-3700
Email:  james.p.gillis@usdoj.gov
john.gibbs@usdoj.gov
evan.turgeon@usdoj.gov

*/s/*_____
Robert P. Trout (VA Bar # 13642)