UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Criminal Case No. 1:18-cr-00457 |
| **BIJAN RAFIEKIAN,** *et al.*, | |
| **Defendants.** | |

### MEMORANDUM IN SUPPORT OF NON-PARTY MICHAEL T. FLYNN'S MOTION TO INTERVENE AND TO BRIEF PRIVILEGE ISSUES *EX PARTE*

Non-Party Michael T. Flynn ("General Flynn") seeks leave to intervene in this matter for the limited purpose of addressing *ex parte* a single issue—the preservation of his privilege with respect to certain redacted documents to be submitted to this Court for *in camera* inspection in accord with the Court's June 12, 2019 Order. Dkt. No. 209.

### Background

In December 2016, General Flynn retained Covington & Burling LLP ("Covington") on behalf of his company, Flynn Intel Group, Inc. ("FIG"), and himself personally, to represent them jointly in connection with an inquiry by the U.S. Department of Justice concerning their compliance with the Foreign Agents Registration Act ("FARA"). On March 7, 2017, Covington filed a retroactive statement concerning the involvement of FIG, General Flynn and Defendant Bijan Rafiekian ("Mr. Rafiekian") on behalf of a foreign entity (the "March 7 FARA filing"). Afterwards, Covington continued to represent FIG and General Flynn in

connection with investigations by the Special Counsel's Office and the U.S. Attorney's Office for the Eastern District of Virginia.

Subsequently in the summer of 2017, General Flynn began cooperating with the Special Counsel's investigation. That cooperation was formalized in a plea agreement on December 1, 2017. Thereafter, General Flynn cooperated extensively with the Special Counsel's Office, and, pursuant to his plea agreement and beyond its requirements, he continues to cooperate with the U.S. Attorney's Office in this criminal case.

On March 5, 2019, Mr. Rafiekian subpoenaed Covington's entire client file pertaining to FIG and the March 7 FARA filing. Dkt. No. 67. Category 8 of the subpoena requested that Covington produce its "FIG client file, including, but not limited to, notes, memoranda, timesheets, billing records, and other documents associated with the FARA filing on behalf of the company." *Id.* Covington moved to quash the subpoena. Dkt No. 75. On April 9, 2019, this Court denied the motion to quash and ordered that "all documents within the scope of the subpoena *duces tecum* be produced." Dkt. No. 101.

Covington produced tens of thousands of documents in response to the subpoena. However, a small subset, totaling twenty-seven (27) documents, were produced with redacted passages.

These redactions relate solely to Covington's individual representation of General Flynn. General Flynn asserts, and continues to assert, the attorney-client and work-product privileges regarding the redacted passages.

On May 29, 2019, Mr. Rafiekian moved for an *in camera* inspection of the

redacted documents. Dkt No. 157. This motion was granted by the Court on June 12, 2019. Dkt No. 209. Covington is to produce unredacted versions of the twenty-seven (27) documents for an *in camera* inspection on or before June 19, 2019. *Id.*

General Flynn is the holder (or at least a joint holder) of the attorney-client privilege and work-product doctrine at issue in the redacted documents. The results of the *in camera* inspection will directly impact his rights and interests. As such, General Flynn seeks leave to intervene and address the Court on this issue. And for obvious reasons, he seeks to address the Court *ex parte*.

## **Argument**

"Intervention in criminal cases is generally limited to those instances in which a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case." *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004). "In addition, third parties are occasionally allowed to intervene in a criminal trial to challenge a request for production of documents on the ground of privilege, or to protect other rights implicated by a particular proceeding. *Id.* (internal citations omitted). *See e.g., In re Grand Jury Subpoena (Under Seal)*, 884 F.2d 124, 125 (noting that the district court allowed a client to intervene to protect communications within the attorney-client privilege in the context of grand jury subpoena to his attorney).

Intervention by General Flynn is appropriate and required now to protect his attorney-client privileged and work-product protections which are implicated

by *in camera* inspection of the redacted documents.

"[T]he attorney-client privilege protects confidential communications between the client and the attorney." *United States v. Under Seal (In re Grand Jury Proceeding)*, 33 F.3d 342, 348 (4th Cir. 1994). "The client is the holder of the privilege." *Id.* "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). "The work product privilege protects an attorney's work done in preparation for litigation." *United States v. Under Seal (In re Grand Jury Proceedings #5),* 401 F.3d 247, 250 (4th Cir. 2005). "Because the work product privilege protects not just the attorney-client relationship but the interests of attorneys to their own work product, the attorney, as well as the client, hold the privilege." *Id.* (internal citations omitted).

Depending on the nature of the documents in question, the attorney-client privilege can also serve as a stand-in to protect a client's Fifth Amendment rights; *Fisher v. United States,* 425 U.S. 391 (1976). Although General Flynn's penal interests are not at issue in this case, and although the subpoena here is not government-issued, his interest in protecting his constitutional rights remains.

General Flynn was represented by Covington in his personal capacity and through his company, FIG. At no point during his attorney-client relationship with Covington, this criminal case, or at any time, has General Flynn waived the attorney-client privilege or work product protection relating to his individual representation. As such, General Flynn requests the Court to maintain the redactions intact, and thereby his privileges.

**Conclusion**

For these reasons, General Flynn respectfully requests that the Court grant him leave to intervene and file *ex parte* briefing on the redacted documents no later than June 24, 2019, or at such other time as the Court may direct.

Dated: June 18, 2019

/s/ Jesse R. Binnall
Jesse R. Binnall, VSB No. 79292
Philip J. Harvey, VSB No. 37941
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, Virginia 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jbinnalll@harveybinnall.com

Sidney Powell
Sidney Powell, P.C.
2911 Turtle Creek Blvd., Suite 300
Dallas, Texas 75219
Tel: (214) 707-1775
sidney@federalappeals.com
*Admitted Pro Hac Vice*

W. William Hodes
The William Hodes Law Firm
3658 Conservation Trail
The Villages, Florida 32162
Tel: (352) 630-5788
wwh@hodeslaw.com
*Admitted Pro Hac Vice*

*Counsel for Non-Party Michael T. Flynn*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 18, 2019, I filed the foregoing in the office of the Clerk, which will provide notice to all counsel of record, using the CM/ECF system.

/s/ Jesse R. Binnall
Jesse R. Binnall, VSB # 79292
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jbinnall@harveybinnall.com

*Counsel for Non-Party Michael T. Flynn*
