IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v. )<br>) No. 1:18-CR-457-AJT<br>BIJAN RAFIEKIAN, *et al.*, )<br>)<br>    Defendants. ) | |

GOVERNMENT'S MEMORANDUM REGARDING THE
CRIME-FRAUD EXCEPTION TO THE WORK PRODUCT DOCTRINE

As directed by the Court at the June 13, 2019, hearing, the United States sets out below why the work product doctrine does not apply on the facts of this case and why, even if it were to apply, Rafiekian may not hide behind it. When the attorneys created the putative work product at issue here, they did so based upon false information from Rafiekian which he gave them as part of a scheme to further the crime in which he was engaged. In such circumstances, even as to "opinion work product," the guilty client may not use it to prevent the attorney from voluntarily providing the information.

I. THE DEFENDANT HAS FAILED TO ESTABLISH THE EXISTENCE OF A WORK PRODUCT PRIVILEGE.

Fundamental to the work product doctrine is that the information or materials prepared by the attorney must have been prepared in anticipation of litigation.

> [B]ecause litigation is an ever-present possibility in American life, it is more often the case than not that events are documented with the general possibility of litigation in mind. Yet, the mere fact that litigation does eventually ensue does not, by itself, cloak materials with work product immunity. The document must be prepared *because of* the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation.

*National Union Fire Insurance Co. v. Murray Sheet Metal Co.,* 967 F.2d 980, 984 (4th Cir. 1992) (citations and internal editing omitted, emphasis added).

The burden of establishing this essential element – that the documents were prepared or the information gathered *because of* litigation – is upon the party asserting the privilege, in this case, the defendant. *See, e.g., Solis v. Food Employers Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011) ("the party claiming the protection bears the burden of demonstrating the applicability of the work product doctrine"). Here, the defendant has not made even an attempt to establish that the information and materials at issue were prepared because of actual or anticipated litigation. To establish the existence of the work product privilege, the defendant would have to show much more than he has so far.

First, the work product privilege may not be applied blanketly to whole categories of documents or information.

> [B]ecause of the way the Funds have chosen to litigate this action—by failing to provide privilege logs or identify the litigation for which specific documents were prepared—we see no reason to reach the issue of whether the work product doctrine is subject to [an] exception. As the party claiming privilege, the Funds bear the burden of demonstrating the applicability of the privilege to specific documents.

*Solis*, 644 F.3d at 233.[1] "Determining the driving force behind the preparation of *each requested document* is therefore required in resolving a work product immunity question. *National Union*, 967 F.2d at 984 (emphasis added). *See also, e.g., Church of Scientology v. U.S. Dep't of Justice*, 30 F.3d 224, 236–37 (1st Cir. 1994) (attorney notes described as "marshalling facts and sources of information created in contemplation of litigation" and other "generalized comments about all

---

[1] "To establish the applicability of the work product privilege, [the party asserting it] must show, *as to each document*, that the work product in question was: (1) prepared by, or under the direction of, an attorney and (2) was prepared in anticipation of litigation." *Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 272 (E.D. Va. 2004) (Payne, J.) (emphasis added).

of the documents for which the work-product privilege was asserted" were insufficient to establish the privilege).

> [A]t a minimum, [the party] seeking to withhold a document in its entirety under [the work product privilege] must identify the litigation for which the document was created (either by name or through factual description) and explain why the work-product privilege applies to all portions of the document.

*Id.*

Of particular relevance here is the universal view that documents prepared and information provided for regulatory purposes – such as a FARA filing – do not constitute work product. "Thus, we have held that materials prepared . . . pursuant to regulatory requirements . . . are not documents prepared in anticipation of litigation." *National Union,* 967 F.2d at 984.

> The work product doctrine is not an umbrella that shades all materials prepared by a lawyer, however. The work product doctrine focuses only on materials assembled and brought into being in anticipation of litigation. Excluded from work product materials . . . are materials assembled . . . pursuant to public requirements unrelated to litigation.

*United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982) (internal edits omitted). *See also United States v. Textron Inc.*, 577 F.3d 21, 26 (1st Cir. 2009) ("work papers were independently required by statutory and audit requirements and . . . the work product privilege does not apply"); *Suggs v. Whitaker*, 152 F.R.D. 501, 505–06 (M.D.N.C. 1993) ("a court must be satisfied that the document or tangible thing was not created . . . pursuant to laws, regulations or other obligations").

For all that appears in the record of this case, the documents prepared and the information collected were – at least from the attorneys' perspective – simply for FIG's FARA filing. The defendant has not demonstrated otherwise for *any* of the documents or information he seeks to protect, much less for each individually as the courts have required. Accordingly, the work product privilege is not available to him.

II.     THE CRIME-FRAUD EXCEPTION VITIATES ANY PUTATIVE WORK PRODUCT PRIVILEGE.

As with the attorney-client privilege, the work product privilege is lost when the attorney's help is sought for the purpose of furthering a crime or fraud. "[W]e have held that the party invoking the crime-fraud exception must make a prima facie showing that (1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud." *In re Grand Jury Proceedings #5*, 401 F.3d 247, 251 (4th Cir. 2005).

In deciding upon the crime-fraud exception to the work product privilege, courts have applied different requirements depending upon whether the materials constitute "fact work product" or "opinion work product." "By 'fact work product' we are referring to those documents prepared by the attorney which do not contain the mental impressions, conclusions or opinions of the attorney. 'Opinion work product' is work product that contains those fruits of the attorney's mental processes." *In re Doe*, 662 F.2d 1073, 1076 (4th Cir. 1981). Opinion work product is given more protection for precisely that reason – that it involves the *attorney's* mental impressions. "[T]he privilege protects not just the attorney-client relationship but the interests of *attorneys* to their own work product." *In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017) (internal quotation and citation omitted) (emphasis added). *See also In re Doe*, 662 F.2d at 1079 ("It is true that *the lawyer* has the ultimate expression of the work product rule, inasmuch as it is *his* work product and his unfettered representation on behalf of the client which is being protected.") (emphasis added); *In re Sealed Case*, 676 F2d 793, 809 (D.C. Cir. 1982 ("The work product privilege protects . . . a complex of individual interests particular to attorneys that their clients may not share."). As the Court said in *Hickman v. Taylor*, 329 U.S. 495, 512 (1947), the reason for giving heightened protection to opinion work product was that "[a]n attorney's

thoughts, heretofore inviolate, would not be his own" and as a result, "[t]he effect upon the legal profession would be demoralizing." It is for this reason that the work product privilege, unlike the attorney-client privilege, belongs both to the client and the attorney and either may claim it. *In re Grand Jury Subpoena*, 870 F.3d at 316.

It has been said that opinion work product "enjoys a nearly absolute immunity," and that a party seeking it must "demonstrate attorney knowledge of or participation in the client's crime or fraud." *Id*. This is not the case, however, once the client's crime or fraud has been established and the attorney whose mental impressions are at stake has *voluntarily* agreed to waive the privilege. *In re Grand Jury Subpoenas*, 561 F.3d 408, 413 (5th Cir. 2009) ("The party intending crime or fraud cannot invoke the [opinion] work product doctrine, but if the other party did not intend crime or fraud, that party can invoke it.").

In *In re Grand Jury Subpoenas*, a grand jury subpoenaed a law firm for materials that included opinion work product. In the district court, the law firm asserted the work product privilege and refused to comply with the subpoena. The client also asserted the privilege. The district court found that the government had established that the client had been engaged in a crime when he consulted the law firm, but it also found that the innocent law firm had established that the materials in questions did include opinion work product. Nevertheless, the district court ordered their production. 561 F.3d at 410-411. The client appealed the district court's order, but significantly, the law firm did not. Under these circumstances, the Fifth Circuit held that the guilty client could not assert the opinion work product privilege.

> In this case, there is no suggestion that Law Firm or Lawyer engaged in criminal or fraudulent conduct or gave advice intending to further such conduct. They therefore could, as they did before the district court, invoke the work product privilege for the relevant documents. Law Firm and Lawyer, however, do not here appeal: only the appellants do. And *the appellants' right to invoke the privilege has been forfeited* by a showing, sufficient to overcome privilege, of their alleged

-5-

intention of soliciting advice in order to further their criminal activities. . . . . [T]he upshot is that since the crime-fraud exception applies to appellants as to these documents, the work product argument is not available to them.

*Id.* at 411-12 (emphasis added).

Similarly, in *In re Sealed Case*, a grand jury subpoenaed the former general counsel of a company in connection with an IRS investigation. The attorney was willing to surrender the documents, but the company objected on the grounds that they were protected by the work product privilege. Notably, the D.C. Circuit had "no doubt that all [of the] documents [were] precisely the sort of 'memoranda, . . . mental impressions,' and 'thoughts, heretofore inviolate' for which the *Hickman* doctrine was fashioned." 676 F.2d at 811. Nonetheless, the court ordered that the documents be produced.

> According to *Clark [v. United States*, 289 U.S. 1, 14 (1933)], no privilege applies "where the relation giving birth to it has been fraudulently begun or fraudulently continued." Therefore, an attorney's opinion work product cannot be privileged if the work was performed in furtherance of a crime, fraud, or other type of misconduct fundamentally inconsistent with the basic premises of the adversary system. In some circumstances the attorney may be innocently involved in the client's crime or fraud. But *a guilty client may not use the innocence or ignorance of its attorney to claim the court's protection* against a grand jury subpoena. Unless the blameless attorney is before the court with an independent claim of privilege, the client's use of an attorney's efforts in furtherance of crime or fraud negates the privilege.

*In re Sealed Case*, 676 F.2d at 812. (footnotes omitted, emphasis added).

In addition to the Fifth and D.C. Circuits, the Sixth Circuit has adopted the same holding:

> One court has interpreted *Hickman* as giving opinion work product nearly absolute immunity. But even this privilege can be waived by a client when the attorney was consulted in furtherance of a crime or fraud. However, since this privilege is jointly shared, an unknowing attorney may successfully assert the privilege even in the face of a client's fraud or crime.

*In re Antitrust Grand Jury*, 805 F.2d 155, 164 (6th Cir. 1986) (citations omitted).

Whether the guilty client's individual interests in the opinion work product are regarded as "forfeited," *In re Grand Jury Subpoenas*, 561 F.3d at 411-12, or "negate[d]," *In re Sealed*

-6-

*Case*, 676 F.2d at 812, or "waived," *In re Antitrust Grand Jury*, 805 F.2d at164, in all circumstances "[t]he privilege takes flight if the relation is abused." *Clark*, 289 U.S. at 15. All of these cases reflect the simple logic reflected in the Supreme Court's holding in *Clark*: "A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law." *Id*.

III. CONCLUSION

For these reasons, the United States respectfully requests that the Court rule *in limine* that statements made by defendant Rafiekian to Covington & Burling and to Kristen Verderame are not covered by the attorney-client privilege or the work product privilege because, *inter alia*, the statements fall within the crime-fraud exception to those privileges.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

_____/s/_____
Evan N. Turgeon
Trial Attorney
Counterintelligence
   and Export Control Section
National Security Division
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 353-0176
Evan.Turgeon@usdoj.gov

By: _____/s/_____
James P. Gillis
Virginia Bar No. 65055
John T. Gibbs
Virginia Bar No. 40380
Assistant United States Attorneys
The Justin W. Williams
   United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 299-3982 (fax)
James.P.Gillis@usdoj.gov
John.Gibbs@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to counsel of record.

Respectfully submitted,

/s/
James P. Gillis
Assistant United States Attorney