# EXHIBIT A
# (PROPOSED SUR-REPLY)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :   Criminal Case No. 1:18-CR-457 (AJT) |
| | : |
| BIJAN RAFIEKIAN, et al. | : |

**DEFENDANT RAFIEKIAN'S REPLY IN SUPPORT OF
MOTION *IN LIMINE* TO EXCLUDE OUT-OF-COURT
STATEMENTS BY CO-CONSPIRATORS**

Defendant Bijan Rafiekian, through counsel, respectfully submits this reply to the government's Supplemental Response to Defendant's Motion to Exclude Co-Conspirator Statements [ECF No. 225].

**ARGUMENT**

**I.   THE COURT SHOULD NOT CONSIDER THE GOVERNMENT'S UNTIMELY BRIEF**

The government's supplemental response was untimely filed without leave of the Court and should not be considered.  Pursuant to Local Rule 47, "[n]o further briefs or written communications [other than the original brief, the opposing party's response brief, and the moving party's reply brief] may be filed without first obtaining leave of court. . . .  All pleadings, motions, briefs, and filings of any kind must be timely filed[.]"  E.D. VA. CRIM. R. 47(F) & (H); *see also United States v. Clark*, No. 4:08-CR-124, 2009 WL 10677177, at *1 (E.D. Va. Apr. 27, 2009) ("Because the Government's response was untimely filed without an accompanying motion for extension of time to respond, it has not been considered by the Court.").

The government's opposition to the Defendant's Motion *in Limine* to Exclude Out-of-Court Statements by Co-Conspirators was due on June 10, 2019 by agreement of the parties.  *See* Ex. A (June 6, 2019 email from E. Turgeon to S. Mitchell et al.).  The government filed its

opposition on June 11, 2019 [ECF No. 198], and the Defendant filed his reply brief on the same day [ECF No. 204]. The court heard oral argument on the motion on June 13, 2019.[1] Now, after having the benefit of reviewing the Defendant's reply brief and hearing the Court's views at oral argument, the government seeks to file a belated "supplemental response," which raises new legal arguments that the government could have raised weeks ago. The government has not sought leave of this Court to accept an untimely filing, nor has it offered any reason why it could not have made this same argument in its earlier briefing. The court should not condone the government's attempt at a second bite at the apple.

## II.     THE DEFENDANT DID NOT ADOPT HIS ALLEGED CO-CONSPIRATORS' OUT-OF-COURT STATEMENTS

Even if the court is inclined to consider the government's untimely brief, the Court should reject the argument that the Defendant "adopted" the out-of-court statements of Alptekin and certain Turkish ministers. When a statement is offered as an adoptive admission, "the primary inquiry is [1] whether the statement was such that, under the circumstances, an innocent defendant would normally be induced to respond, and [2] whether there are sufficient foundational facts from which the jury could infer that the defendant heard, understood, and acquiesced in the statement." *United States v. Robinson*, 275 F.3d 371, 383 (4th Cir. 2001) (citation omitted). The government bears the burden to prove sufficient foundational facts

---

[1] At the hearing on June 13, 2019, the government requested and was given leave to file supplemental briefing only with respect to a narrow issue relating to work product protection:

> MR. GILLIS: If they raised the [work product] privilege, we would request the opportunity to respond to that more fully in further briefing.
> THE COURT: All right.
> . . .
> THE COURT: All right. Mr. Gillis, you said you would like a further opportunity to brief something on the opinion work product issue. If you would like to do that, you have leave to file.

Hr'g Tr. 8:11-14, 79:7-80:9 (June 13, 2019), ECF No. 213. The Court did not grant leave for the government to file additional briefing on any other topic.

2

showing that the defendant adopted the offered statement. *United States v. Recio*, 884 F.3d 230, 234 (4th Cir. 2018). It has failed to meet its burden for at least two reasons. First, it has failed to show that the out-of-court statements would have induced the Defendant to respond. And second, it has failed to show that the Defendant acquiesced in the statements.

### A. The Government Has Failed to Establish That the Out-of-Court Statements Would Normally Induce a Response

An innocent defendant would "normally be induced to respond" only when a statement is accusatory. *United States v. Williams*, 445 F.3d 724, 735 (4th Cir. 2006) (citation omitted); *see also* 1 MCCORMICK ON EVID. § 161 (7th ed.) (explaining that for a statement to be admitted as an adoptive or tacit admission, there must be "preliminary proof . . . of an *accusatory statement*.") (emphasis added). Where the statement is not accusatory, the defendant's failure to respond cannot be treated as a tacit or adoptive admission. *Id.*; *see also United States v. Hale*, 422 U.S. 171, 176 (1975) ("Failure to contest an assertion . . . is considered evidence of acquiescence only if it would have been natural under the circumstances to object to the assertion in question.").

Here, none of the out-of-court statements made by Alptekin or the Turkish ministers were accusatory—they did not remotely suggest that the Defendant had committed (or was about to commit) a crime. Instead, they were innocuous statements about legal activity. The government's only allegations of illegal conduct relate to a failure to give notice under Section 951 and making false statements in a FARA filing. None of the out-of-court statements at issue in this motion, however, relate to those acts.

It has been said before, but it is worth repeating: *acting as an agent of a foreign government is not per se illegal*. *See* 18 U.S.C. § 951. It was perfectly legal for Alptekin to converse with Turkish ministers about a prospective contract with FIG; and while the Defendant

3

disputes the allegations, it would have been perfectly legal for FIG to perform consulting work on behalf of the Turkish government. Indeed, the statute under which the Defendant is charged expressly allows a person to act as an agent of a foreign government in connection with a "legal commercial transaction." 18 U.S.C. § 951(d)(4). As a result, Alptekin's statements about lawful conversations with Turkish officials would not have induced a response or denial.[2]

Alptekin's out-of-court statements about the Turkish ministers also would not have induced a response for the additional reason that the Defendant was not a party to any of those conversations. The Defendant had no personal knowledge of those conversations and no basis to adopt or deny them. Although the government claims there is no "personal knowledge" requirement for an adoptive admission, virtually all of the cases it cites (and all of the cases within the Fourth Circuit) involved a defendant's adoption of facts within his personal knowledge, such as a crime he actually committed. *See supra* n. 2. The remaining cases cited by the government on this point involved clear-cut instances of adoption, like a defendant's signature attesting to the truthfulness of an out-of-court statement.[3] The government can point to

---

[2] The cases cited by the government, in contrast, involved accusatory statements describing obviously criminal conduct within the defendant's personal knowledge, like a murder or robbery in which the defendant participated. *United States v. Robinson*, 275 F.3d 371, 376 (4th Cir. 2001) (holding that defendant adopted statements of his co-defendant where each described a murder they committed and acted out the scene of the murder); *United States v. Higgs*, 353 F.3d 281, 310 (4th Cir. 2003) (holding that a defendant adopted an admission where his friend read a newspaper article aloud accusing him of a triple homicide, and the defendant did not disagree with the statements in the article); *United States v. Basic Constr. Co.*, 711 F.2d 570, 573 (4th Cir. 1983) (finding an adoptive admission where a corporate officer did not respond to a statement about illegal bid rigging); *United States v. Ward*, 377 F.3d 671, 676 (7th Cir. 2004) (finding an adoptive admission where the defendant remained silent when his sister said, in defendant's presence, "that's the money [the defendant] got when they robbed the bank"); *United States v. Beckham*, 968 F.2d 47, 52 (D.C. Cir. 1992) (finding an adoptive admission based on the declarant's statement to an undercover officer that he "could get another rock of crack from 'my buddy,'" and defendant then stood up, retrieved a stash of crack, and began to open it); *United States v. Rollins*, 862 F.2d 1282, 1296 (7th Cir. 1988) (finding adoptive admission where police informant arranged details of drug deal with defendant, and the defendant later completed that drug deal); *Marshall v. Young*, 833 F.2d 709, 712 (7th Cir. 1987) (court did not rule on the issue of adoptive admission issue, but held that the offered statement qualified under a hearsay exception because the defendant did not respond to an accusation that he was supposed to murder someone).

[3] *United States v. STABL, Inc.*, 800 F.3d 476, 483–84 (8th Cir. 2015) (finding an adoptive admission where defendant's agent signed a report under penalty of perjury); *Pillsbury Co. v. Cleaver-Brooks Div. of Aqua-Chem, Inc.*, 646 F.2d 1216, 1218 (8th Cir. 1981) (finding an adoptive admission where plaintiff's employee signed every page of a report written by defendant's employee).

no similar clear-cut evidence of adoption—instead, as discussed below, its argument is based on speculation, guesswork, and unfounded inferences.

### B. The Government Has Failed to Show That the Defendant Acquiesced to the Out-of-Court Statements

The government has also failed to show that the Defendant acquiesced to Alptekin's out-of-court statements regarding his contacts with Turkish officials. As an initial matter, the government offers no *direct* evidence of the Defendant's acquiescence to these statements. It does not point to a single exhibit in which the Defendant expressed any opinion about those specific statements.

Because it has no direct evidence, the government instead relies on a series of questionable inferences. The government explains its reasoning as follows:

> In no instance did the defendant challenge Alptekin's assertions, including those about the Turkish officials, which, "in terms of probable human behavior," Rafiekian would have refuted or at least challenged if he did not believe that Alptekin was discussing the Turkey project at the highest levels of the Turkish government. Instead, he responded to the emails positively, clearly showing that he received them and that he believed them.

Supp. Resp. 2. In other words, the government's argument is based on (1) the Defendant's silence, and (2) the Defendant's generally "positive" responses to Alptekin's emails.[4]

The Defendant's silence can be quickly addressed. Silence is only probative of an admission when the circumstances would normally induce a response. *Hale*, 422 U.S. at 176. Because Alptekin's statements were not accusatory, and because the Defendant lacked personal knowledge of the statements and had no basis to dispute them, the Defendant's silence is insufficient to meet the government's burden.

---

[4] The government also argues that the Defendant "told some of those working on the Turkey project that Alptekin had connections at the highest levels of the Turkish government." Supp. Resp. 2. The government has submitted no actual evidence in support of this claim. In any case, the Defendant's belief that Alptekin had connections with senior Turkish government officials is not the same as a belief that Alptekin spoke directly with those officials regarding a contract with FIG and that those officials spoke positively of the idea.

5

The government's remaining inferences fare no better.  The government argues that the Defendant would not have prepared a budget or thought about "campaign design and end product" if he did not believe Alptekin's statements.  Supp. Resp. 5, GEX 17.  This argument, however, ignores the fact the Defendant did not begin this work until *after* he learned that FIG would be engaged by a *Dutch client* on behalf of the *business community*—not by the Turkish government.  *See* GEX 17, 18A.  In fact, the government does not point to a single email in which the Defendant expressed an expectation that FIG would be engaged by the government of Turkey, as opposed to Inovo.

The Defendant's "positive responses" to Alptekin's emails also do not rise to an adoption of the specific out-of-court statements contained in the emails.  Vague platitudes, such as "[l]ooking forward to working together" (Supp. Resp. 3; GEX 8 (alteration in original)) or "[i]t was my pleasure continuing our conversation" (Supp. Resp. 4; GEX 10 (alteration in original)), should not be given any weight.  At most, the Defendant's "positive responses" show that he was trying to secure a business deal—not that he believed every word Alptekin said.  The Defendant's email responses are far too vague and far too generalized to allow the Court to decide that the he adopted specific, discrete "statements" in Alptekin's emails.

To the extent the emails suggest that Rafiekian thought Alptekin was "trustworthy in general" (Supp. Resp. 3), that is also not sufficient.  The rules of evidence require the adoption of a specific "statement" to establish admissibility, not a general belief in the trustworthiness of the declarant.  FED. R. EVID. 801(d)(2)(B).

Elsewhere, the government relies on pure speculation to support its claim.  For example, the government asserts:

> Although Alptekin's own communication to the defendant was encrypted, the defendant responded that in reliance upon it, he had "had a detailed discussion with

6

[General Flynn]" and that the defendant was "ready to engage on what needs to be done." The defendant's reference to senior Turkish Leader #1 suggests that Alptekin's communication concerning "what needs to be done" mentioned that individual.

Supp. Resp. 3. This is not an "inference"—it is a guess. The government does not possess the underlying communication and can only speculate about what it contains.

It is also clear from the government's brief that there is a wide range of communications between the Defendant and Alptekin that the government does not possess. *See* Supp. Resp. 4, 5 (referencing encrypted communications). The incomplete factual record, combined with the fact that these communications took place over email over the course of several weeks, significantly complicates the government's ability to meet its burden under Rule 801(d)(2)(B) compared to the cases cited by the government, which overwhelmingly involved in-person communications. *See supra* n. 2. In this circumstance, the Court should require clear proof of an adoptive admission—and certainly more than what the government has proffered here.

## CONCLUSION

For the foregoing reasons, Mr. Rafiekian respectfully requests that the Court grant the Defendant's Motion *In Limine* to Exclude Out-Of-Court Statements by Co-Conspirators.

Dated: June 26, 2019                              Respectfully submitted,

                                                                      */s/*
                                                               Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
John C. Murphy (*Pro Hac Vice*)
Adam A. Bereston (*Pro Hac Vice*)
Samantha J. Block (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: mmacdougall@akingump.com
           shmitchell@akingump.com

        */s/*_____
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone: (202) 464-3311
Fax: (202) 463-3319
E-mail: rtrout@troutcahceris.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 26th day of June 2019, true and genuine copies of Defendant's Reply in Support of Motion *In Limine* to Exclude Out-Of-Court Statements by Co-Conspirators was sent via electronic mail by the Court's CM/ECF system to the following:

James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office (Alexandria-NA)
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3700
Email: james.p.gillis@usdoj.gov
  john.gibbs@usdoj.gov
  evan.turgeon@usdoj.gov


  /s/
Robert P. Trout (VA Bar # 13642)

# EXHIBIT A

| | |
|---|---|
| **From:** | Turgeon, Evan (NSD) |
| **To:** | Mitchell, Stacey; Trout, Robert (External); MacDougall, Mark |
| **Cc:** | Gibbs, John (USAVAE); Gillis, James P. (USAVAE) |
| **Subject:** | RE: United States v. Rafiekian |
| **Date:** | Thursday, June 6, 2019 9:16:39 PM |

Correction: I wrote Tuesday, but meant Monday, June 10.

**From:** Turgeon, Evan (NSD)
**Sent:** Thursday, June 6, 2019 9:15 PM
**To:** Mitchell, Stacey <shmitchell@akingump.com>; Trout, Robert (External) <rtrout@troutcacheris.com>; MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Cc:** Gibbs, John (USAVAE) <■■■■■■■■>; Gillis, James P. (USAVAE) <■■■■■■■■>
**Subject:** RE: United States v. Rafiekian

Stacey and all,

We're going to need the full day on Tuesday. By my count, you filed five motions on the 28th and 29th, and we've already responded to two of them. The local rules give us 14 days to respond, so June 10 is already a compressed briefing schedule.

Best,
Evan

**From:** Mitchell, Stacey <shmitchell@akingump.com>
**Sent:** Thursday, June 6, 2019 6:39 PM
**To:** Turgeon, Evan (NSD) <■■■■■■■■>; Trout, Robert (External) <rtrout@troutcacheris.com>; MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Cc:** Gibbs, John (USAVAE) <■■■■■■■■>; Gillis, James P. (USAVAE) <■■■■■■■■>
**Subject:** RE: United States v. Rafiekian

Evan and all –

Would you be willing to agree to file oppositions by noon on Monday, June 10th? We have six motions outstanding, and we would like to give the Court at least a full day in advance of the hearing to review the replies. If you file by noon on June 10, we can file our replies by end of day on the 11th, allowing the Court the 12th to review in advance of the hearing on the 13th. Of course, if you have any of your oppositions ready to be filed tomorrow we'd greatly appreciate it if you would file those. We are striving to do so with our opposition to the Crime-Fraud motion.

As for the motion to dismiss, we're amenable to your schedule, which as I read it, would have your opposition due June 20th, our reply due June 25th and we would propose to have that heard on June 28th.

Best,

Stacey

**Stacey H. Mitchell**
**AKIN GUMP STRAUSS HAUER & FELD** LLP

Direct: +1 202.887.4338 | Internal: 24338

**From:** Turgeon, Evan (NSD) <▮>
**Sent:** Thursday, June 6, 2019 3:18 PM
**To:** Mitchell, Stacey <shmitchell@akingump.com>; Trout, Robert (External) <rtrout@troutcacheris.com>; MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Cc:** Gibbs, John (USAVAE) <▮>; Gillis, James P. (USAVAE) <▮>
**Subject:** RE: United States v. Rafiekian

Stacey and all,

We propose that oppositions to pending motions be due on the 10th, and replies be filed whenever in advance of the hearing they're ready. With regard to your new motion to dismiss, we suggest 14 days for a response and 3 days for a reply. Let me know if this works for you.

Thanks,
Evan

Evan N. Turgeon
Trial Attorney, Counterintelligence and Export Control Section
National Security Division, U.S. Department of Justice
(202) 353-▮

**From:** Mitchell, Stacey <shmitchell@akingump.com>
**Sent:** Thursday, June 6, 2019 11:44 AM
**To:** Gillis, James P. (USAVAE) <▮>; Trout, Robert (External) <rtrout@troutcacheris.com>; MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Cc:** Gibbs, John (USAVAE) <▮>; Turgeon, Evan (NSD) <▮>; Riesenberg, John (CRM) <▮>
**Subject:** RE: United States v. Rafiekian

Circling back on this. Thanks

**Stacey H. Mitchell**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
Direct: +1 202.887.4338 | Internal: 24338

**From:** Gillis, James P. (USAVAE) <▮>
**Sent:** Wednesday, June 5, 2019 3:11 PM
**To:** Mitchell, Stacey <shmitchell@akingump.com>; Trout, Robert (External) <rtrout@troutcacheris.com>; MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Cc:** Gibbs, John (USAVAE) <▮>; Turgeon, Evan (NSD) (JMD) <▮>; Riesenberg, John (CRM) <▮>
**Subject:** RE: United States v. Rafiekian

I'm obviously confused. Let me get back to you.

**From:** Mitchell, Stacey <shmitchell@akingump.com>
**Sent:** Wednesday, June 5, 2019 2:39 PM
**To:** Gillis, James P. (USAVAE) <​​​​​​​>; Trout, Robert (External) <rtrout@troutcacheris.com>; MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Cc:** Gibbs, John (USAVAE) <​​​​​​​>; Turgeon, Evan (NSD) (JMD) <​​​​​​​>; Riesenberg, John (CRM) <​​​​​​​>
**Subject:** RE: United States v. Rafiekian

Jim –

Is it your preference that we all file our oppositions on June 10th and replies are due June 11th? Just clarifying that this pertains to the motions that we filed on May 28 and your crime-fraud motion that was filed on May 30.

Additionally, we will be filing our motion to dismiss tomorrow as previously agreed. Do you want to propose a schedule for that? Do you intend to respond next week and argue that next Thursday?

Thanks,

Stacey

**Stacey H. Mitchell**
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Direct: +1 202.887.4338 | Internal: 24338

**From:** Gillis, James P. (USAVAE) <​​​​​​​v>
**Sent:** Wednesday, June 5, 2019 10:33 AM
**To:** Mitchell, Stacey <shmitchell@akingump.com>; Trout, Robert (External) <rtrout@troutcacheris.com>; MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Cc:** Gibbs, John (USAVAE) <​​​​​​​>; Turgeon, Evan (NSD) (JMD) <​​​​​​​>; Riesenberg, John (CRM) <​​​​​​​>
**Subject:** RE: United States v. Rafiekian

Hi, Stacy,

Oppositions due tomorrow seems a little unreasonable  I believe yours were filed two days before the last hearing, but can we say we'll file ours three days before the hearing?

You will have the Flynn 302s and the today.  Your friends just arrived and if they thing anything is missing, they can ask and we'll get it for them, but I checked yesterday, and you should have everything.

Jim

**From:** Mitchell, Stacey <shmitchell@akingump.com>
**Sent:** Tuesday, June 4, 2019 6:52 PM
**To:** Gillis, James P. (USAVAE) <​​​​​​​>; Trout, Robert (External) <rtrout@troutcacheris.com>; MacDougall, Mark <mmacdougall@AKINGUMP.COM>

**Cc:** Gibbs, John (USAVAE) <███████████>; Turgeon, Evan (NSD) (JMD) <███████████>; Riesenberg, John (CRM) <███████████>
**Subject:** RE: United States v. Rafiekian

Jim –

We will circle back with you in the coming days regarding that review; I would expect our review to be next week. Additionally, we're working with Latoya to have our folks come back over tomorrow and Thursday to finish reviewing the 302s. I was to have reminded you to look into the missing Flynn 302s, which are the ones on pages 2-3 of your list that you provided to us:

    5/26/2017
    11/21/2017
    11/29/2017
    6/13/2018
    6/14/2018
    6/25/2018
    7/26/2018 (there appear to be two on this date, we have one that was 2 pages, but not the one that is 4 pages)
    1/28/2019
    4/5/2019
    1/11/2018

Additionally, we are missing ███████████ 9/14/2017.

Finally, we're optimistic that an agreeable briefing schedule for the outstanding motions would be oppositions due June 6th and replies due June 11th. Our motion to dismiss will also be filed on that date per our prior agreement.

Thanks,

Stacey

**Stacey H. Mitchell**
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Direct: +1 202.887.4338 | Internal: 24338

---

**From:** Gillis, James P. (USAVAE) <███████████>
**Sent:** Tuesday, June 4, 2019 5:19 PM
**To:** Mitchell, Stacey <shmitchell@akingump.com>; Trout, Robert (External) <rtrout@troutcacheris.com>; MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Cc:** Gibbs, John (USAVAE) <███████████>; Turgeon, Evan (NSD) (JMD) <███████████>; Riesenberg, John (CRM) <███████████>
**Subject:** United States v. Rafiekian

**EXTERNAL Email**

Stacy and company,

When would you like to review the twelve and a half linear feet (more or less) of documents from the Office of International Affairs?

Jim

James P. Gillis
Assistant United States Attorney
office:  (703) 299-
mobile:

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.