FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| | : | |
| **BIJAN RAFIEKIAN, et al.** | : | **UNDER SEAL** |

**DEFENDANT'S MEMORANDUM REGARDING
NOTICE OF CORRECTION TO THE RECORD**

Defendant Bijan Rafiekian, through counsel, respectfully submits this memorandum regarding the government's *ex parte* Notice of Correction to the Record ("Notice"). As set forth below (1) the government should be precluded from "correcting" the record and introducing out-of-court statements by Michael T. Flynn under Federal Rule of Evidence 801(d)(2)(E), (2) the Court should order the government to produce all grand jury transcripts and 302 memoranda pertaining to Flynn, (3) the Court should hold an evidentiary hearing to determine whether the Indictment against the Defendant was procured through false statements by Flynn, and (4) the Notice, this memoranda, and all associated docket entries should immediately be unsealed and made part of the public record of this case.

**BACKGROUND**

The government's investigation of this matter began more than two years ago. Over 18 months ago, Michael T. Flynn pled guilty to lying to the government about a matter completely unrelated to this case and this defendant. Ex. A (Flynn Guilty Plea). At the time of his guilty plea, the government insisted that Flynn sign a Statement of Offense that included "facts" that were entirely unrelated to the offense to which Flynn pled guilty—but calculated to advance the prosecution theory underlying the current case. Ex. B (Statement of the Offense). The "facts"

included in the Statement of Offense purported to describe false representations in the Foreign Agent Registration Act ("FARA") filings that Flynn alone had signed on behalf of Flynn Intel Group ("FIG"). That Statement of Offense is, itself, demonstrably false.[1]

Since Michael Flynn's guilty plea on December 1, 2017, the government has had unlimited access to him as a cooperating witness and has interviewed him on multiple occasions about the facts of this case. Based in large part on Flynn's interviews and testimony, Mr. Rafiekian was indicted by a grand jury in December 2018. Flynn was featured prominently in the Indictment, in which he was described as "Person A."

Armed with all of the information that the grand jury, the FBI, the National Security Division of the Department of Justice, and the U.S. Attorney's Office has gathered, the government maintained (and presumably the grand jury concluded) that Flynn was not a co-conspirator in this case. On February 13, 2019, in response to Mr. Rafiekian's motion for a bill of particulars, the Court ordered the government to disclose names of persons whose statements the government planned to introduce at trial as statements of a co-conspirator—pursuant to Federal Rule of Evidence 801(d)(2)(E). On April 10, 2019, the government made that disclosure

---

[1] The Flynn Statement of the Offense, prepared by the government and signed by Flynn and his attorneys, asserts that the FARA filings falsely stated that "FIG did not know whether or the extent to which the Republic of Turkey was involved in the Turkey project." Ex. B at 5. But that does not accurately describe what is in the FARA filings. Here is the relevant language from the FARA filing:

> Flynn Intel Group does not know whether or the extent to which the Republic of Turkey was involved *with its retention by Inovo for the three-month project.* Flynn Intel Group is aware that Mr. Alptekin consulted with officials of the Republic of Turkey regarding potential work by Flynn Intel Group, and Mr. Alptekin introduced officials of the Republic of Turkey to Flynn Intel Group officials at a meeting on September 19, 2016, in New York.

Ex. C (FARA Filing) at [A-12].

of alleged co-conspirator testimony—with Flynn's name absent. As recently as June 13, 2019, the Court directly asked the government whether Flynn was a co-conspirator and, notwithstanding Flynn's December 1, 2017 signed Statement of Offense, the government unequivocally declared that he was not. But on July 3, 2019, the government advised the Court that it was changing its position and now labeling Flynn a co-conspirator. Rather than calling Flynn as a witness, the government has now stated that it will seek to introduce Flynn's statements as co-conspirator hearsay pursuant to Federal Rule of Evidence 801(d)(2)(E).

There are no new facts that the government has discovered about Flynn's role or his actions during the period charged in the Indictment. What has changed is that the government has determined that (a) Flynn's testimony is not to be believed, (b) the government lawyers cannot sponsor false testimony from Flynn, and (c) the government now cannot call Flynn as a witness. On the eve of trial, and more than four months after being ordered to identify all co-conspirators whose hearsay statements the government planned to introduce, the government wants a "do-over." That is to say, the government now seeks to sponsor hearsay from a declarant the government has conceded is not a credible witness about factual matters that are central to this case. The Court should not permit this to happen—either as a matter of law or pursuant to the Court's discretionary authority to prevent the government from making up its case as trial approaches.

The following is what Mr. Rafiekian's counsel knows about the specifics of this surprising last minute development. On July 2, 2019, defense counsel received an email from the government that stated:

> According to General Flynn's counsel, Flynn did not provide his Covington attorneys with any untruthful information, he did not read the FARA filing when he signed it, and he was not aware at the time that he signed the FARA filing that

3

> it contained the false statements and omissions that are listed in paragraph 5 of his statement of offense. According to Flynn's counsel, he agrees that the statements in the FARA filing are, in fact, false and misleading. According to Flynn's counsel, his testimony would remain consistent with the facts of his plea colloquy, his statement of the offense, and his testimony before the grand jury. We do not necessarily agree with these characterizations.

Ex. D. Defense counsel interpreted the email's final sentence as a euphemism for, "We've concluded [Flynn] is lying." Seeking clarity, defense counsel sought to arrange a call with the government lawyers. Before that call took place, the Court issued its Order of July 3 disclosing that the government would not be calling Flynn as a witness and as a result is seeking to amend its previous declaration that Flynn was not a co-conspirator, and seeking to introduce statements from Flynn as co-conspirator hearsay.

## ARGUMENT

### I. The Court Should Preclude the "Correction" of the Record and Exclude Out-of-Court Statements by Flynn Pursuant to Federal Rule of Evidence 801(d)(2)(E)

The government has styled its filing as a "Notice of Correction to the Record," but that is a misnomer because there is no mistake to "correct." This is not a case where the government has misstated a fact on the record. This is a conscious reversal. The government previously took the position, based on all of the available facts at its disposal, that Flynn was not a co-conspirator. Now, the government has reversed their legal position. The government should not be permitted to *change* the record retroactively and pretend that its prior position does not exist.

The government's reversal on the eve of trial regarding Flynn's status as an alleged co-conspirator should be rejected outright. The government's new position that Flynn is now considered a co-conspirator is disingenuous. Every shred of evidence about Flynn's role and actions during the alleged conspiracy has been known by the government for many months. As recently as three weeks ago, the government affirmatively represented to the Court that Flynn

4

was not a co-conspirator. The new Flynn version of events is not a disclosure of previously unknown facts relating to the alleged conspiracy. It is an unbelievable explanation, intended to make Flynn look less culpable than his signed December 1, 2017 Statement of Offense and consistent with his position at his sentencing hearing. In short, Flynn wants to benefit off his plea agreement without actually being guilty of anything. There are no new facts to suggest that Flynn has been revealed to be a co-conspirator. In truth, the only thing significant about this new version of events is that even the government is now convinced that Flynn is making it up.

More than four months have passed since the Court ordered the government to identify all alleged co-conspirators whose hearsay statements the government would seek to introduce at trial. (Docket # 47, Feb. 13, 2019). In addition to the co-defendant Alptekin, the government identified certain senior Turkish officials as unindicted co-conspirators. Flynn was conspicuously not on the government's list of co-conspirators whose hearsay the government planned to introduce. The government's approach to labeling individuals as co-conspirators is not rooted in any principled showing that the person knowingly participated in a criminal conspiracy. Rather, the government clearly views the question of who participated in the alleged conspiracy as a tool to avoid the hearsay rule.

Flynn is available to testify at trial. But the government has now declared Flynn to not be a credible witness, yet seeks to admit his out-of-court statements (and not his testimony) as true and not subject to cross-examination. This is not a case where the defense alone is saying the declarant is unreliable. Here, the government acknowledges that the declarant is not credible about matters that are at the heart of this case. The government should not be permitted to introduce Flynn's alleged co-conspirator hearsay because (a) such designation was not disclosed by the government, as ordered by the Court in February, (b) as recently as June 13, 2019, the

government reiterated its position that Flynn was not a co-conspirator, and (c) given the government's concession that Flynn, although available, would not testify truthfully, none of his statements bear any indicia of credibility.

Permitting the government to proceed at trial as it has now requested—in the presence of this contorted record—would deny Mr. Rafiekian the basic due process rights of any citizen facing a criminal trial.

## II. The Court Should Order the Immediate Production of Grand Jury Transcripts and 302 Memoranda Regarding Contacts with Flynn and Flynn's Counsel

The government's case against Mr. Rafiekian was made possible only through the extensive cooperation of Michael Flynn—a convicted liar. The investigation and Indictment proceeded only because Flynn, as part of his plea agreement, was willing to sign onto a concocted Statement of Offense that included false representations entirely unrelated to the offense to which he pled guilty. He sat for dozens of interviews with government attorneys and agents, produced tens of thousands of documents, and until this week was the presumptive cornerstone witness for the government. At the same time, the government turned a blind eye to related unlawful conduct by Flynn including: (a) unlawful waiver of FIG's attorney-client privilege without the Defendant's consent and (b) filing of a demonstrably false certificate of dissolution with the Delaware Secretary of State.

The government has belatedly realized what should have been clear all along—Flynn is not to be believed. If Flynn made false statements to the grand jury—as now seems likely—that would provide strong grounds to dismiss the Indictment. The district court can exercise its supervisory authority to dismiss an Indictment for errors in grand jury proceedings where the defendant can demonstrate an irregularity in the proceedings that operated to his prejudice. *See*

6

*United States v. Brewer*, 1 F.3d 1430, 1433 (4th Cir. 1993). Such prejudice exists where (1) the irregularity substantially influences the decision to indict or (2) there is grave doubt that the decision to indict was free from the substantial influence of such irregularities. *Id.* Because Flynn's testimony was surely central to the evidence considered by the grand jury, there is significant reason for concern that false statements made by Flynn to the grand jury substantially influenced its decision to issue the Indictment. For these reasons, the government should be compelled to produce Flynn's grand jury testimony to the defense, as well as any pertinent 302 memoranda, so that the defense may evaluate whether grounds exist to move the court to dismiss the Indictment.[2]

### III. The Government's Notice of Correction to the Record Should be Unsealed and the Government's Ex Parte Motion Should be Produced to the Defense

It is well-settled that defendants in criminal cases and the public have a right to a trial open to public scrutiny, grounded in the First and Sixth Amendments. *See Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984) (public's First Amendment right); *Waller v. Georgia*, 467 U.S. 39, 44-45 (1984) (defendant's Sixth Amendment right). The standard governing whether the public trial right has been infringed is the same whether the right is asserted by the media under the First Amendment or by a defendant under the Sixth Amendment. *Waller*, 467 U.S. at 46-47. Under this constitutional standard, trial proceedings, pre-trial proceedings, and court documents are presumptively open to the public and may be closed only if certain criteria are met. These criteria are:

---

[2] Although the defense would normally be given access to Flynn's grand jury transcript as *Jencks* material, in light of the government's decision not to call him, the defense will not have access to the transcript without the Court ordering it to be produced.

1. an "overriding interest" must exist to close the trial,

2. the closure is no broader than necessary to protect that interest,

3. the court considers reasonable alternatives to closure, and

4. the court makes specific findings on the record concerning the existence of the overriding interest, the breadth of the closure, and the unavailability of alternatives to facilitate appellate review.

*See Press-Enterp.*, 464 U.S. at 510; *Bell v. Jarvis*, 236 F.3d 149, 164-65 (4th Cir. 2000); *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018).

The government suggests that maintaining the Notice under seal is necessary to maintain the impartiality of the venire. This explanation is unpersuasive and, if applied broadly, would have all noteworthy criminal cases proceed in secret—contrary to the clear First and Sixth Amendment doctrines that assure free and open criminal proceedings. Moreover, whatever media coverage takes place will likely focus on the fact that Flynn will not be a witness after all—something the jury will learn before retiring to deliberate. If the publicity includes conjecture that the government is not calling Flynn because the prosecutors believe he has lied—or would lie if called to testify—that speculation will not bear on any witness whose testimony the jury will hear. In short, any such media discussion will relate to a person who is not going to be a witness (Flynn) and will not relate to any of the evidence at trial. Finally, the tool for dealing with any potential bias in the venire associated with pretrial publicity is a proper *voir dire*—not secrecy in the conduct of pre-trial proceedings.

Dated: July 5, 2019                     Respectfully submitted,

/s/_____
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)

8

John C. Murphy (*Pro Hac Vice*)
Adam A. Bereston (*Pro Hac Vice*)
Samantha J. Block (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: mmacdougall@akingump.com
shmitchell@akingump.com


/s/
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone: (202) 464-3311
Fax: (202) 463-3319
E-mail: rtrout@troutcahceris.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 5th day of July 2019, true and genuine copies of Defendant Rafiekian's Memorandum Regarding Notice of Correction to the Record were sent via email to the following:

> James P. Gillis
> John T. Gibbs
> Evan N. Turgeon
> U.S. Attorney's Office (Alexandria-VA)
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> Telephone: (703) 299-3700
> Email: james.p.gillis@usdoj.gov
> john.gibbs@usdoj.gov
> evan.turgeon@usdoj.gov

/s/_____
Robert P. Trout (VA Bar # 13642)