UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| BIJAN RAFIEKIAN, et al. | : | UNDER SEAL |

### DEFENDANT BIJAN RAFIEKIAN'S REPLY REGARDING THE GOVERNMENT'S NOTICE OF CORRECTION TO THE RECORD

Defendant Bijan Rafiekian respectfully submits this reply to the government's Response ("Response") to the Defendant's Memorandum Regarding Notice of Correction to the Record. The Defendant will respond to the points raised by the government in its Response at the hearing scheduled for later this afternoon, but one point warrants a brief written reply to address misstatements made by the government.

In the final paragraph of its Response, the government states:

> Finally, the defendant continues to beat the drum that there was a "demonstrably false certificate of dissolution" in the winding up of FIG's operations. To the extent that it has any bearing upon the issues here, it warrants mentioning that the defendant *knows* that he fully approved of the dissolution of FIG and that he *knew* in advance that this was being done. This is clear from the defendant's own emails, which are attached. Having claimed so often in this and earlier pleadings that the dissolution was somehow nefarious, one wonders how the defense would characterize this assertion now.

The answer to the government's question is that nothing has changed. The undisputed fact is that Michael Flynn sought to dissolve Flynn Intel Group ("FIG") by filing a fraudulent certificate of dissolution with the Delaware Secretary of State in April 2018. That certificate of dissolution falsely stated that the dissolution of FIG had been "duly authorized by the Board of Directors and Stockholders in accordance with subsections (a) and (b) of Section 275 or by

unanimous consent of Stockholders in accordance with subsection (c) of the General Corporation Law of the State of Delaware."[1]

None of this happened. FIG's board did not meet regarding the dissolution. The board of FIG did not adopt a resolution regarding the dissolution or cause a meeting of the stockholders to address it. No shareholder meeting ever took place in connection with the dissolution, and FIG's shareholders never voted to dissolve. Other than Mr. Flynn, Mr. Rafiekian was the only other shareholder and director of FIG, yet through Flynn's actions, the Defendant was cut out from the process completely. Then, after filing the false certificate of dissolution, Flynn caused FIG to waive the attorney-client privilege without the Defendant's consent.

The government obfuscates these facts by pointing to an email chain[2] addressing the dissolution of FIG dated in November 2016—seventeen months before Flynn caused FIG to file the false certificate of dissolution. Circumstances in November 2016 were far different from those in April 2018. In November 2016, Flynn was the presumptive National Security Adviser, and it would be another three months before he was fired from that position for lying to the FBI.

---

[1] Section 275 provides:
(a) If it should be deemed advisable in the judgment of the board of directors of any corporation that it should be dissolved, the board, after the adoption of a resolution to that effect by a majority of the whole board at any meeting called for that purpose, shall cause notice of the adoption of the resolution and of a meeting of stockholders to take action upon the resolution to be mailed to each stockholder entitled to vote thereon as of the record date for determining the stockholders entitled to notice of the meeting.

(b) At the meeting a vote shall be taken upon the proposed dissolution. If a majority of the outstanding stock of the corporation entitled to vote thereon shall vote for the proposed dissolution, a certification of dissolution shall be filed with the Secretary of State pursuant to subsection (d) of this section.

(c) Dissolution of a corporation may also be authorized without action of the directors if all the stockholders entitled to vote thereon shall consent in writing and a certificate of dissolution shall be filed with the Secretary of State pursuant to subsection (d) of this section.

[2] The emails are between Mr. Rafiekian and Kristen Verderame, an attorney representing FIG, as well as other members of Flynn Intel Group. Mr. Rafiekian is deeply concerned with how the government came to possess these emails, as they are obviously privileged and should have been reviewed and sequestered by a taint team. At a minimum, the government's possession and use of this privileged email raises even more questions about its use of FIG's privileged communications throughout this case, as described in the Defendant's motion to suppress [ECF No. 163].

By April 2018, circumstances had changed. In December 2016, FIG learned that the DOJ had opened an investigation. In March 2017, FIG filed a FARA registration form. The government issued a subpoena to FIG shortly thereafter. In December 2018, Flynn pled guilty to lying to the FBI. As part of the Statement of Offense, Flynn included a set of admissions regarding alleged false statements in the FARA filing. By April, 2018—when the false certificate was filed—Mr. Flynn was a cooperating witness anxious to assist the government in every way in the prosecution of Mr. Rafiekian.

Thus, while the idea of dissolving FIG may have seemed uncontroversial to everyone in November 2016, everything had changed by the time Flynn decided to secretly dissolve FIG with his false certification. Mr. Rafiekian had well-defined rights as a director and shareholder of FIG. Mr. Flynn had an obligation not to file a false certificate with the Delaware Secretary of State. Neither the government nor anyone else disputes these facts. The government's effort to confuse this straightforward issue with irrelevant (and apparently privileged) e-mail communications does not change anything.

Dated: July 8, 2019

Respectfully submitted,

/s/
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
John C. Murphy (*Pro Hac Vice*)
Adam A. Bereston (*Pro Hac Vice*)
Samantha J. Block (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail:  mmacdougall@akingump.com
             shmitchell@akingump.com

/s/_____
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone: (202) 464-3311
Fax: (202) 463-3319
E-mail: rtrout@troutcahceris.com

# CERTIFICATE OF SERVICE

I hereby certify that, on the 8th day of July 2019, true and genuine copies of Defendant Rafiekian's Reply Regarding the Government's Notice of Correction to the Record were sent via email to the following:

James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office (Alexandria-VA)
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3700
Email: james.p.gillis@usdoj.gov
       john.gibbs@usdoj.gov
       evan.turgeon@usdoj.gov

/s/
Robert P. Trout (VA Bar # 13642)