# EXHIBIT 1

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal Case No. 1:18-CR-457 (AJT)** |
| | **:** | |
| **BIJAN RAFIEKIAN, et al.** | **:** | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1

# PROPOSED SUPPLEMENTS TO STANDARD INTRODUCTORY INSTRUCTIONS

**Defendant's Proposed Jury Instruction No. 1**

**<u>Instructions at Beginning of Trial</u>**

This case is now officially on trial, and you are the jurors in the case.  A preliminary word about your duties and trial procedures.  The function of the jury is to decide the disputed fact issues in the case.  Obviously, in order to discharge this duty, it is important that you listen carefully to the witnesses as they testify and form no judgment with respect to any witness or the outcome of the case as the trial moves forward.  In short, it is important to keep an open mind throughout the entire trial.

It is equally important to observe the witnesses as they testify.  The reason for this is that the credibility of most witnesses, if not all, will be an issue.  You will be called upon to appraise the credibility or the truthfulness of a particular witness's testimony.  Often times it is not what a witness says, but how the witness says it that may give you a clue as to whether or not to accept his or her version of an incident or an event as credible or believable.  In short, the witness's manner of testifying before you, the witness's appearance—that is, general demeanor—is a factor that may play an important part in your reaching a judgment as to whether or not you can accept that witness's testimony as reliable.

As the trial proceeds, you may have impressions of a witness or a subject, but you must not allow these impressions to become fixed or hardened because if you do, in a sense you foreclose consideration of the testimony of other witnesses or other evidence that may come in subsequent to the witness you heard.  This would be unfair to one side or the other.  A case can be presented only step by step, witness by witness, before the totality of all the evidence is before you.

We know from experience that frequently we will hear a person give a version of an event which sounds most impressive and even compelling, and yet, when we hear another

person's version of the same event or even the same witness cross examined with respect to it—what seemed so very compelling and impressive may be completely dissipated or weakened.

I am simply saying or trying to say to you in plain English, remember that usually there may be another side to every story.  Thus, it is important to keep an open mind throughout the taking of evidence.

The defendant, his attorneys, and the government attorneys are now instructed not to speak to jurors or to speak about the case in your presence.  Thus, you should understand that if they fail to acknowledge your presence, if you should see them at times when the court is not in session, they are not impolite or discourteous, but simply following the order of the court.

Now a word about trial procedure.  The trial will start with what are called opening statements.  The attorneys representing the government and the attorneys representing the defendant will, before any evidence is received, appear before you and make opening statements. This is a sort of framework or reference as to what the case is about—the issues in the case—and the attorneys will set forth what they believe—and I underscore the word believe—the evidence will show.  These statements by the lawyers are made in good faith and on the basis of their preparation for trial.  But I must caution you now, and probably will again during the course of the trial, that however helpful these opening statements may be so that we can follow the testimony with reference to the issues in the case, they are not a substitute for the evidence.  The only evidence that you may act upon is that which you will hear from a witness who will be sworn in your presence, takes an oath to tell the truth, and following questioning on direct examination, is subject to cross-examination, and such documents or exhibits as are admitted in evidence.

The totality of the testimony of witnesses and the exhibits constitute the evidence upon which you will reach a verdict in the case.  So, too, if during the course of the trial a lawyer for either the government or the defense should make any statement with reference to a fact matter, or include a fact reference in a question, or eventually in his summation refers to fact matters, you will bear in mind that statements by the lawyers are not evidence.  The sole and only evidence is that to which I have already referred.

After the opening statements, the government will offer its proof—that is called the government's direct case.  Upon the conclusion of the government's case, the defendant may go forward with his case.  If there is any rebuttal, the government will offer rebuttal.  A defendant is not required to make an opening statement or offer any proof.  As I have already told you, the defendant has no burden of proof and is presumed to be innocent of the charges.  The sole burden of proof is upon the government, and to sustain its charges, it must do so beyond a reasonable doubt.  If a defendant decides not to make an opening statement or offer proof, in no respect may this be considered against a defendant.

Upon the conclusion of all the testimony the lawyers will again address you.  This is called a summation and each will urge upon you the arguments that he or she believes supports whatever position he or she advocates.  You will, of course, listen attentively to the lawyers.  The determination as to whether or not you accept any argument advanced before you by the prosecution or the defense is entirely up to you.  You make the fact determination.  You may accept such arguments as appeal to you; if not, you may reject them.

Following the lawyers' summation, I will instruct you as to the law and it is then that you go into the jury room and undertake your fact-finding function.  The ultimate decision in finding

5

the facts, deciding the facts, is yours.  This must be based upon the evidence presented before you.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 1-1 (modified).

**Defendant's proposed Jury Instruction No. 2**

**Preliminary Instruction – Contact With Others**

Now that you have been chosen as jurors for this trial, you are required to decide this case based solely on the evidence and the exhibits that you see and hear in this courtroom. At the end of the case, I will give you instructions about the law that you must apply, and you will be asked to use that law, together with the evidence you have heard, to reach a verdict. In order for your verdict to be fair, you must not be exposed to any other information about the case, the law, or any of the issues involved in this trial during the course of your jury duty. This is very important, and so I am taking the time to give you some very detailed explanations about what you should do and not do during your time as jurors.

First, you must not try to get information from any source other than what you see and hear in this courtroom. This means you may not speak to anyone, including your family or friends. You may not use any printed or electronic sources to get information about this case or the issues involved. This includes the internet, reference books or dictionaries, newspapers, magazines, television, radio, computers, Blackberries, iPhones, Smartphones, or any other electronic device. You may not do any personal investigation, including visiting any of the places involved in this case, using Internet maps or Google Earth, talking to any possible witnesses, or creating your own demonstrations or reenactments of the events which are the subject of this case.

Second, you must not communicate with anyone about this case or your jury service, and you must not allow anyone to communicate with you. In particular, you may not communicate about the case via emails, text messages, tweets, blogs, chat rooms, comments or other postings, Facebook, Twitter, Instagram, LinkedIn, or any other websites or social media. This applies to

communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

The court recognizes that these rules and restrictions may affect activities that you would consider to be normal and harmless, and I assure you that I am very much aware that I am asking you to refrain from activities that may be very common and very important in your daily lives. However, the law requires these restrictions to ensure the parties have a fair trial based on the evidence that each party has had an opportunity to address.  If one or more of you were to get additional information from an outside source, that information might be inaccurate or incomplete, or for some other reason not applicable to this case, and the parties would not have a chance to explain or contradict that information because they wouldn't know about it.  That's why it is so important that you base your verdict only on information you receive in this courtroom.

Some of you may have heard about trials where the jurors are not permitted to go home at night, or were sequestered for the entire length of the trial.  For a variety of reasons, this is something we rarely do anymore.  It is far more of an imposition on your lives than the court wishes to make.  However, it was effective in keeping jurors away from information that might affect the fairness of the trial—that was the entire purpose.

You must not engage in any activity, or be exposed to any information, that might unfairly affect the outcome of this case.  Any juror who violates these restrictions I have

8

explained to you jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  As you can imagine, a mistrial is a tremendous expense and inconvenience to the parties, the court, and the taxpayers.  If any juror is exposed to any outside information, or has any difficulty whatsoever in following these instructions, please notify the court immediately.  If any juror becomes aware that one of your fellow jurors has done something that violates these instructions, you are obligated to report that to the court as well.  If anyone tries to contact you about the case, either directly or indirectly, or sends you any information about the case, please report this promptly as well.

These restrictions must remain in effect throughout this trial.  Once the trial is over, you may resume your normal activities.  At that point, you will be free to read or research anything you wish.  You will be able to speak—or choose not to speak—about the trial to anyone you wish.  You may write, or post, or tweet about the case if you choose to do so.  The only limitation is that you must wait until after the verdict, when you have been discharged from your jury service.

**Authority:**

American College of Trial Lawyers, Jury Instruction Cautioning Against Use of the Internet and Social Networking (Sept. 2010); *see also United States v. Lawson*, 677 F.3d 629 (4th Cir. 2012).

**Defendant's proposed Jury Instruction No. 3**

**<u>Pretrial Publicity</u>**

There has been some publicity about this case prior to the beginning of this trial.

You, of course, must lay aside and completely disregard anything you may have read or heard about this case outside of this courtroom because your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions to you at the close of the case about the law you must apply to the evidence.

To rely upon anything you see or hear outside of this courtroom in reaching your verdict is a violation of your oath as a juror.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (6th ed. 2015) §10.02, modified.

**Defendant's proposed Jury Instruction No. 4**

**<u>Publicity During Trial</u>**

Reports about this trial may appear in newspapers, on radio and television, and on the internet.

You must not read any news stories or accounts or blogs about the case, or anyone involved in the case, in print or on the internet.  Similarly, you must not listen to any radio or television reports about the case or anyone involved in the case.  The case must be decided by you solely and exclusively on the evidence which will be received here in court.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (6th ed. 2015) §11.08, modified.

**Defendant's Proposed Jury Instructions No. 5**

**<u>Objections and Rulings</u>**

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards.  It is the sworn duty of the attorneys on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his or her client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.03 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 6**

**<u>Court's Comments to Counsel</u>**

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the party to whom an admonition of the Court may have been addressed during the trial of this case.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.04 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 7**

**<u>Court's Questions to Witnesses</u>**

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter – not to help one side of the case or hurt the other side.

Remember at all times that you as jurors are the sole judges of the facts of this case.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.05 (6th ed. 2015).

**Defendant's Proposed Jury Instruction No. 8**

**Tape Recordings and Typed Transcripts**

[If applicable]  Tape and video recordings of conversations may be played for you during the course of this trial.  Typed transcripts of these recordings may be furnished to [or shown to] you.  These typed transcripts of the conversations are being given to you solely for your convenience to the extent they may assist you in following the conversation or in identifying the speakers.

The tapes themselves [and the testimony about them] are evidence in the case but the typed transcripts are not evidence.  What you hear on the tapes is evidence.  What you read on the transcript is not.  If you perceive any variation between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording alone that particular words were spoken or if you cannot determine from the tape recording alone who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

**Authority:**

Adapted from 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 11.10, 14.09 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 9**

**<u>Note-Taking By Jury</u>**

If you want to take notes during the course of the trial, you may do so.  If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence.  Also, if you take notes, do not discuss them with anyone before or during your deliberations.  Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror, and your notes are not to be shown to any other juror during your deliberations.

**Authority:**

Adapted from Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 1-3; *see also United States v. Wild*, 47 F.3d 669 (4th Cir. 1995).

# INSTRUCTIONS AT
# THE CLOSE OF EVIDENCE

**Defendant's Proposed Jury Instruction No. 10**

**Introduction to the Final Charge – Province of the Court and the Jury**

Now that you have heard all of the evidence to be received in this trial and the arguments of counsel, it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court – those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

Your role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence.  It is only the answer which is evidence.  Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection.  What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence.

The evidence does not include questions.  Only the answers are evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

19

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice as to any party.

**Authority:**

Adapted from 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.01 (6th ed. 2015), modified; and Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 2-3, modified.

**Defendant's Proposed Jury Instruction No. 11**

**<u>Judging the Evidence</u>**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the government has proved that the defendant is guilty beyond a reasonable doubt, say so.  If the government has not met its burden to prove the defendant guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.  Remember as well that the law never imposes upon any defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.


**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.02 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 12**

**<u>Evidence Admitted for a Limited Purpose Only</u>**

In certain instances evidence may be admitted only for a particular purpose and not for all purposes.  For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned.


**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.09 (6th ed. 2015).

**Defendant's Proposed Jury Instruction No. 13**

**Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted**

The evidence in this case consists of the sworn testimony of the witnesses – regardless of who may have called them; all exhibits received in evidence – regardless of who may have produced them or introduced them into evidence; all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

[If applicable]  The Court has taken judicial notice of certain facts or events.  When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.  You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the Courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case.

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  You are permitted to draw from the facts

23

which you find have been proved such reasonable inferences as you feel are justified in the light

of your experience and common sense.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.03 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 14**

**<u>Direct and Circumstantial Evidence</u>**

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should consider all the evidence in the case and give it the weight you feel is deserved.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.04 (6th ed. 2015), modified.

### Defendant's Proposed Jury Instruction No. 15

### <u>Inferences from the Evidence</u>

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.05 (6th ed. 2015).

**Defendant's Proposed Jury Instruction No. 16**

**<u>Jury's Recollection Controls</u>**

If any reference by the Court or by counsel to matters of testimony or exhibits does not comport with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.07 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 17**

**<u>The Question Is Not Evidence</u>**

The questions asked by a lawyer for any of the parties to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.


**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.08 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 18**

**<u>The Indictment is Not Evidence</u>**

An indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crimes charged.  Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13.04 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 19**

**<u>Consider Only the Offense Charged</u>**

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.09 (6th ed. 2015).

**Defendant's Proposed Jury Instruction No. 20**

**<u>Consider Each Count Separately</u>**

A separate crime is charged in each count of the indictment.  Each charge, and the evidence pertaining to it, should be considered separately by the jury.  The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.12 (6th ed. 2015).

**Defendant's Proposed Jury Instruction No. 21**

**Presumption of Innocence, Burden of Proof, and Reasonable Doubt**

I instruct you that you must presume the Defendant to be innocent of the crimes charged. Thus, the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" – with no evidence against him.  The indictment, as you already know, is not evidence of any kind.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant.  The presumption of innocence alone, therefore, is sufficient to acquit the defendant, that is, to result in a verdict of Not Guilty.

The burden is always upon the prosecution to prove the defendant's guilt beyond a reasonable doubt.  This burden never shifts to the defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.  If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt – the jury must, of course, adopt the conclusion of innocence.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense— the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.[1]

---

[1] *But see, e.g., United States v. Oriakhi*, 57 F.3d 1290, 1300 (4th Cir. 1995) ("It is well settled in this circuit that a district court should not attempt to define the term 'reasonable doubt' in a jury instruction absent a specific request for such a definition from the jury.").

With regard to each offense charged in the indictment, unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses, you must find the defendant Not Guilty of that offense.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.10 (6th ed. 2015), modified; *see also Bell v. Wolfish*, 441 U.S. 520 (1979); *Holland v. United States*, 348 U.S. 121 (1954); *United States v. Spires*, 628 F.3d 1049 (8th Cir. 2011); *United States v. Reives*, 15 F.3d 42, 43 (4th Cir. 1994); *United States v. Van Anh*, 523 F.3d 43 (1st Cir. 2008).

**Defendant's Proposed Jury Instruction No. 22**

**Credibility of Witnesses**

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness, you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case or to other witnesses, the manner in which each witness's own interests might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent mis-recollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

34

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.01 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 23**

**<u>Credibility of Witnesses – Informants</u>**

[If applicable]  The testimony of an informant, someone who provides evidence against someone else for money or another benefit from the government, or to escape or reduce punishment for his or her own misdeeds or crimes, or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

The jury must determine whether the informer's testimony has been affected by self-interest, or by the agreement he or she has with the government, or his or her own interest in the outcome of the case, or by prejudice against the defendant.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.02 (6th ed. 2015), modified; *United States v. Anty*, 203 F.3d 305, 310 (4th Cir. 2000).

36

**Defendant's Proposed Jury Instruction No. 24**

**<u>Credibility of Witnesses – Immunized Witnesses</u>**

[If applicable]  The testimony of an immunized witness, someone who has been told either that his or her crimes will go unpunished in return for testimony or that his or her testimony will not be used against him or her in return for that cooperation with the government, must be examined and weighed by the jury with greater care than the testimony of someone who is appearing in court without the need for such an agreement with the government.

The jury must determine whether the testimony of an immunized witness has been affected by self-interest, or by the agreement he or she has with the government, or by his or her own interest in the outcome of the case, or by prejudice against any the defendant.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.03 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 25**

**<u>Credibility of Witnesses – Accomplices</u>**

[If applicable]  The testimony of an alleged accomplice, someone who said he or she participated in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime.

The fact that an alleged accomplice has entered or agreed to enter a plea of guilty to any of the offenses charged is not evidence of the guilt of any other person, including the defendant.

The jury must determine whether the testimony of the accomplice has been affected by self-interest, or by an agreement he or she may have with the government, or by his or her own interest in the outcome of the case, or by prejudice against the defendant.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.04 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 26**

**<u>Credibility of Witnesses – Inconsistent Statements</u>**

One or more of the parties may attempt to discredit the testimony of a witness or, as we sometimes say, impeach the witness, by showing that the witness previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only for the purpose of discrediting or impeaching the credibility of the witness and are not admissible for the purpose of establishing the truth of those earlier statements which were made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.


**Authority:**

Adapted from 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.06 (6th ed. 2015).

**Defendant's Proposed Jury Instruction No. 27**

**<u>Defendant's Right Not to Testify</u>**

[If applicable]  A defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered by the jury in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that the defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.14 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 28**

**<u>Character Evidence – Reputation of the Defendant</u>**

The defendant has offered evidence of his good general reputation for truth, veracity, honesty, and integrity.  The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crimes charged, may give rise to a reasonable doubt since the jury may think it improbable or unlikely that a person of good character for truth, veracity, honesty, or integrity would commit such a crime or crimes.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.15 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 29**

**<u>Weaker or Less Satisfactory Evidence</u>**

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to, consider this fact in your deliberations.

You must remember, however, that a defendant is not obliged to produce any evidence or to call any witnesses.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.14 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 30**

**<u>Absence of Witness</u>**

If it is peculiarly within the power of either the government or the defense to produce a witness who could give relevant testimony on an issue in the case, failure to call that witness may give rise to an inference that this testimony would have been unfavorable to that party.  No such conclusion should be drawn by you, however, with regard to a witness who is equally available to both parties or where the testimony of that witness would be merely repetitive or cumulative.

The jury must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.


**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.15 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 31**

**<u>Absence of Witness – Michael Flynn</u>**

You will remember it said that MICHAEL FLYNN, also referred to as GENERAL MICHAEL FLYNN was – along with Mr. Rafiekian – a shareholder, director and officer of Flynn Intel Group, Inc. and was also present when many of the events that have been the subject of testimony in this trial took place.  MICHAEL FLYNN was also described as being a party to a plea agreement with the Department of Justice, in which he agreed to cooperate with the government and, in particular, appear and testify at any trial in which his testimony is considered relevant by the government.  This may have caused you to wonder why MR. FLYNN was not called as a witness to answer questions in this trial.

If you believe it is peculiarly within the power of the government to produce MICHAEL FLYNN, and if you believe MICHAEL FLYNN could give relevant testimony on an issue in this case, then then you may consider the government's failure to call MICHAEL FLYNN as a witness when you decide whether the government has proved beyond a reasonable doubt that the defendant committed the crime.  In other words, you may conclude that the government did not call MICHAEL FLYNN as a witness because his testimony would have hurt the government's case.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.15 (6th ed. 2015), modified; Federal Judicial Center, Pattern Criminal Jury Instructions No. 39 (1st ed. 1987), modified.

**Defendant's Proposed Jury Instruction No. 32**

**<u>Objections and Rulings</u>**

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. It is the sworn duty of the attorneys on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.03 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 33**

**<u>Opinion Evidence - The Expert Witness</u>**

[If applicable]  During the course of this trial, you heard the testimony of [name], who was described to us as an expert in [subject].  This witness was permitted to testify even though he did not actually witness any of the events involved in this trial.

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those witnesses who are described as "expert witnesses."  An "expert witness" is someone who, by education or experience, may have become knowledgeable in some technical, scientific, or very specialized area.  The law allows that person to state an opinion here about matters in that particular field.  If that person's knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  Merely because the expert has expressed an opinion does not mean, however, that you must accept this opinion.  The same as with any other witness, it is up to you to decide whether you believe the testimony and choose to rely upon it.  Part of that decision will depend on your judgment about whether the expert's background of training and experience is sufficient for him to give the expert opinion that you heard.  You must also decide whether the expert's opinions were based on sound reasons, judgment, and information.

46

If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you – the jury – are the sole judges of the facts of this case.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.01 (6th ed. 2015) ; Federal Judicial Center, Pattern Criminal Jury Instructions No. 27 (1st ed. 1987), modified.

**Defendant's Proposed Jury Instruction No. 34**

**Tape Recordings and Typed Transcripts – Final**

[If applicable]  Tape and video recordings of conversations have been received in evidence and have been played for you.  Typed transcripts of these tape-recorded conversations have been furnished to or shown to you solely for your convenience to the extent they may assist you in following the conversation or in identifying the speakers.

The tapes themselves are evidence in the case but the typed transcripts are not evidence. What you heard on the tapes is evidence.  What you read on the transcript is not.  If you perceive any variation between the two, you will be guided solely by the tapes and not the transcripts.

If you cannot, for example, determine from the tape recording alone that particular words were spoken or if you cannot determine from the tape recording alone who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

**Authority:**

Adapted from 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.09 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 35**

**Charts and Summaries**

[If not admitted]

Charts or summaries have been prepared and shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records and other documents which are in evidence in the case.  Such charts or summaries are not evidence in this trial or proof of any fact.  If you find that these charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard the charts or summaries.

In other words, such charts or summaries are used only as a matter of convenience for you and to the extent that you find that they are not accurate summaries of facts or figures shown by the evidence in the case, you can disregard them entirely.

[If admitted]

Charts or summaries have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case.  You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.


**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.02 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 36**

**<u>Number of Witnesses</u>**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all of the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

As stated before, the law never imposes upon any defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.16, 15.14 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 37**

**Impermissible To Infer Participation From Association**

You may not infer that a defendant was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 6-4; *see also United States v. Miranda*, 425 F.3d 953 (11th Cir. 2005); *United States v. Manjarrez*, 258 F.3d 618 (7th Cir. 2001).

**Defendant's Proposed Jury Instruction No. 38**

**<u>Law Enforcement Witness</u>**

You have heard the testimony of one or more law enforcement officials.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 7-16, revised; *see also United States v. Bethancourt*, 65 F.3d 1074 (3d Cir. 1995); *Bush v. United States*, 375 F.2d 602 (D.C. Cir. 1967).

## Defendant's Proposed Jury Instruction No. 39

### <u>"Knowingly" – Defined</u>

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17.04 (6th ed. 2015).

## Defendant's Proposed Jury Instruction No. 40

### <u>"Willfully" – Defined</u>

The term "willfully," as used in these instructions to describe the alleged state of mind of the defendant, means that he knowingly performed an act or failed to act, deliberately and intentionally as contrasted with accidentally, carelessly, or unintentionally.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17.05 (6th ed. 2015).

**Defendant's Proposed Jury Instruction No. 41**

**Proof of Knowledge or Intent**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17.07 (6th ed. 2015).

## Defendant's Proposed Jury Instruction No. 42

### Advice of Counsel

Defendant claims that he is not guilty of the willful or deliberate wrongdoing as charged in Counts 1(a) and 2 of the indictment because he acted on the basis of advice from his attorney.

If before taking any action or failing to take some action, Defendant while acting in good faith and for the purpose of securing advice on the lawfulness of his future conduct sought and obtained the advice of an attorney whom he considered to be competent, and made a full and accurate report or disclosure to this attorney of all important and material facts of which he had knowledge or had the means of knowing, and then acted strictly in accordance with the advice his attorney gave following this full report or disclosure, then Defendant would not be willfully or deliberately doing wrong in performing some act the law forbids or omitting some act which the law requires, as those terms are used in these instructions.

Whether Defendant acted in good faith for the purpose of truly seeking guidance as to questions about which he was in doubt, and whether he made a full and complete report or disclosure to his attorney, and whether he acted strictly in accordance with the advice received, are all questions for you to determine.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 19.08 (6th ed. 2015).

# COUNT ONE

**Defendant's Proposed Jury Instruction No. 43**

**Nature of Offense Charged – Count One: Conspiracy**

Count One of the indictment alleges that from on or about July 2016 through at least March 2017, the Defendant came to some type of agreement or understanding to (1) knowingly act and cause others to act in the United States as an agent of a foreign government, other than in connection with a legal commercial transaction, without prior notification to the Attorney General, in violation of 18 U.S.C. § 951; and (2) to willfully make in a document filed with or furnished to the Attorney General under the provisions of the Foreign Agents Registration Act a false statement of a material fact, and to willfully omit from the document a material fact required to be stated therein.  The indictment alleges that in furtherance of the conspiracy, the Defendant and his alleged co-conspirators performed the acts and omissions described in paragraphs 8 through 50 and paragraphs 52 through 63 of the indictment.

The defendant has entered a plea of not guilty to this charge.  The government, therefore, assumes the responsibility of proving beyond a reasonable doubt each of the essential elements of the offense charged in Count One of the indictment as to the defendant.

**Authority:**

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13.01 (6th ed. 2015), modified; 2 O'Malley at § 31:01, modified; 18 U.S.C. § 371; *United States v. Caldwell*, 989 F.2d 1056, 1058-59 (9th Cir. 1993); 18 U.S.C. § 201(b).

**Defendant's Proposed Jury Instruction No. 44**

**Essential Elements of the Crime Charged – Count One: Conspiracy**

In order to sustain its burden of proof for the crime of conspiracy to knowingly act and cause others to act in the United States as an agent of a foreign government, other than in connection with a legal commercial transaction, without prior notification to the Attorney General, and to willfully make false statements of material fact or willfully omit from the document a material fact required to be stated therein in a document filed with Attorney General under the provisions of the Foreign Agents Registration Act, the government must prove the following four essential elements beyond a reasonable doubt:

*One*:  The conspiracy, agreement, or understanding to knowingly act and cause others to act in the United States as an agent of a foreign government, other than in connection with a legal commercial transaction, without prior notification to the Attorney General, and to willfully make false statements of material fact or willfully omit from the document a material fact required to be stated therein in a document filed with Attorney General under the provisions of the Foreign Agents Registration Act, as described in the indictment, was formed, reached, or entered into by two or more persons;

*Two*:  At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement;

*Three*:  With knowledge of the purpose of the conspiracy, agreement, or understanding, the defendant then deliberately joined the conspiracy, agreement or understanding; and

*Four*:  At some time during the existence or life of the conspiracy, agreement or understanding, one of its alleged members knowingly performed one of the overt acts charged in

the indictment, with all of you agreeing on the particular overt act that you find was committed, and did so in order to further or advance the purpose of the agreement.

**Authority:**

Adapted from 2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.03 (6th ed. 2015), modified, and Ninth Circuit Model Jury Instructions, § 8.21.

**Defendant's Proposed Jury Instruction No. 45**

**Conspiracy – Existence of an Agreement**

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

For Count One, as to each defendant, the government must prove that the defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would knowingly act and cause others to act in the United States as an agent of a foreign government, other than in connection with a legal commercial transaction, without prior notification to the Attorney General, and willfully make false statements of material fact or willfully omit from the document a material fact required to be stated therein in a document filed with Attorney General under the provisions of the Foreign Agents Registration Act by means of some common plan or course of action as alleged in Count One of the indictment.  It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.  But a conspiracy cannot be inferred from ambiguous conduct that is consistent with both lawful and unlawful action.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant and find him Not Guilty.

**Authority:**

2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.04 (6th ed. 2015), modified; Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding that inferences of illegal intent may not be drawn from ambiguous conduct that is consistent with both lawful and unlawful intent and that suggests only the "mere possibility of misconduct"); *see also United States v. Lewis*, 53 F. 3d 29 (4th Cir. 1995); *United States v. Caldwell*, 989 F.2d 1056, 1058-59 (9th Cir. 1993).

**Defendant's Proposed Jury Instruction No. 46**

**<u>Conspiracy – Membership in an Agreement</u>**

Before the jury may find that the defendant, or any other person, became a member of the conspiracy charged in Count One of the indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at a place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

To prove a defendant conspired to commit a federal offense, the government must prove the defendant intended to commit the substantive offenses that are the alleged objects of the conspiracy.

I will discuss the essential elements of 18 U.S.C. § 951 momentarily.

To find the Defendant guilty with respect to the alleged conspiracy to violate Section 618, you must find that the Defendant conspired to make false statements of material fact in the FARA filing or conspired to omit a material fact required to be stated in the FARA filing.

For a defendant to join a conspiracy, he must share with the partners in the criminal plan the same overall goal and must agree to pursue the same criminal objective.

A defendant cannot join a conspiracy after its central objectives have been achieved. Acts of covering up, even though done in the context of a mutually understood need for secrecy,

cannot themselves constitute proof that concealment of the crime after its commission was part of the initial agreement among the conspirators.

**Authority:**

2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.05 (6th ed. 2015); *Salinas v. United States*, 522 U.S. 52, 63 (1997); *United States v. Johnson*, 149 F. Supp. 3d 678, 685 (E.D. Va. 2016)*; Grunewald v. United States*, 353 U.S. 391, 402 (1957).

**Defendant's Proposed Jury Instruction No. 47**

**<u>Conspiracy – Materiality</u>**

To find the Defendant guilty with respect to an alleged conspiracy to make false statements in a FARA filing, you must find that the defendant conspired to make false statements of material fact or conspired to omit a material fact.

A fact is material if there is a substantial likelihood that a reasonable person would consider the statement or fact to be significant or important.  This is an objective test, measuring what facts a hypothetical reasonable person would probably think important, not what any individual person actually considered to be important.

A finding of materiality must be based on the facts existing when the statement was made.  Materiality cannot be changed in hindsight.  You may not consider events occurring after the statement or omission in determining whether the statement or omission was material when it was made.


**Authority:**

2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 31.05, 162:148 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 48**

**Conspiracy – Acts and Declarations of Alleged Co-Conspirators**

[If applicable]  Evidence has been received in this case that certain persons, who are alleged in Count One of the indictment to be co-conspirators of the defendant, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count One of the indictment.

Because these acts may have been performed and these statements may have been made outside the presence of the defendant, and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

**Authority:**

2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.06 (6th ed. 2015), modified

**Defendant's Proposed Jury Instruction No. 49**

**<u>Conspiracy – Overt Act Defined</u>**

In order to sustain its burden of proof under Count One of the indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further or advance the goal of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action, performed by one of the parties to or one of the members of the agreement or conspiracy, which evidences that agreement.

Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

**Authority:**

2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.07 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 50**

**<u>Single or multiple conspiracies</u>**

In order to sustain its burden of proof for Count One, the government must show that the single conspiracy alleged in Count One of the indictment existed.  Proof of separate or independent conspiracies is not sufficient.

In determining whether or not any single conspiracy has been shown by the evidence in the case you must decide whether common, master, or overall goals or objectives existed which served as the focal point for the efforts and actions of any members to the agreement.  In arriving at this decision you may consider the length of time the alleged conspiracy existed, the mutual dependence or assistance between various persons alleged to have been its members, and the complexity of the goal(s) or objective(s) shown.

A single conspiracy may involve various people at differing levels and may involve numerous transactions which are conducted over some period of time and at various places.  In order to establish a single conspiracy, however, the government need not prove that an alleged co-conspirator knew each of the other alleged members of the conspiracy nor need it establish that an alleged co-conspirator was aware of each of the transactions alleged in the indictment.

Even if the evidence in the case shows that the defendant was a member of some conspiracy, but that this conspiracy is not the single conspiracy charged in the indictment, you must acquit the defendant of this charge.  Unless the government proves the existence of the single conspiracy described in the indictment beyond a reasonable doubt, you must acquit Defendant of this charge.

**Authority:**

2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.09 (6th ed. 2015), modified.

# COUNT TWO

**Defendant's Proposed Jury Instruction No. 51**

**<u>Nature of the Offense Charged</u>**

Count 2 of the indictment charges that from approximately July 2016 through approximately March 2017, the Defendant knowingly acted and caused others to act in the United States as an agent of a foreign government, that is, the Government of Turkey, other than in connection with a legal commercial transaction, without prior notification to the Attorney General as required by law.

The Defendant has entered a plea of "not guilty" and has denied that he is guilty of the offense charged in Count 2 of the indictment.  The government, therefore, assumes the responsibility of proving beyond a reasonable doubt each of the essential elements of the offense charged in Count Two of the indictment as to the defendant.


**Authority:**

1 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13.01 (6th ed. 2015), modified.

**Defendant's Proposed Jury Instruction No. 52**

**Essential Elements of the Offense Charged**

In order to sustain its burden of proof for the crime charged in Count Two of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

*One:*  The Defendant acted in the United States as an agent of a foreign government, in this case, the government of Turkey;

*Two:*  The Defendant was not engaged in a legal commercial transaction;

*Three:*  The Defendant was required to notify the Attorney General that he would be acting in the United States as an agent of Turkey;

*Four:*  The Defendant failed to notify the Attorney General that he would be acting in the United States as an agent of the government of Turkey; and

*Five:*  The Defendant acted knowingly.


**Authority:**

1 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13.03 (6th ed. 2015), modified; 18 U.S.C. § 951

## Defendant's Proposed Jury Instruction No. 53

### <u>"Agent" – Defined</u>

In order to sustain its burden of proof under Count Two of the indictment, the government must prove beyond a reasonable doubt that the Defendant acted as an "agent of a foreign government"—in this case, the government of Turkey.  An "agent of a foreign government" means an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official, except such term does not include any person engaged in a legal commercial transaction.  Proof that the Defendant's actions benefited the government of Turkey, or proof that the government of Turkey held a favorable view of the work performed by the Defendant, is insufficient to show that the Defendant acted as an agent of a foreign government, in the absence of evidence that the Defendant agreed to act subject to Turkey's direction or control.

To find the defendant guilty, you must unanimously agree as to the act or acts he performed in the United States as an agent of the government of Turkey.

**Authority:**

18 U.S.C. § 951; 28 C.F.R. § 73.1, modified.

**Defendant's Proposed Jury Instruction No. 54**

**<u>"Legal Commercial Transaction" – Defined</u>**

The term "agent" does not include any person that is engaged in a "legal commercial transaction."  A legal commercial transaction means any exchange, transfer, purchase or sale, of any commodity, service or property of any kind, including information or intellectual property, not prohibited by federal or state legislation or implementing regulations.  It is the government's burden to prove beyond a reasonable doubt that the Defendant was not engaged in a legal commercial transaction.  In addition, the government must prove beyond a reasonable doubt that the Defendant was engaged in a commercial activity on behalf of Turkey that was prohibited by federal or state law other than the alleged failure to give notice to the Attorney General and the alleged false statements in the FARA filing.  If the government fails to meet this burden, you must acquit Defendant of this charge.


**Authority:**

18 U.S.C. § 951; 28 C.F.R. § 73.1, modified.

## Defendant's Proposed Jury Instruction No. 55

### <u>"Knowingly" – Defined</u>

In order to sustain its burden of proof under Count One of the indictment, the government must prove beyond a reasonable doubt that the Defendant acted "knowingly."  This requirement applies to every element of the offense.  Thus, the government must prove the following elements beyond a reasonable doubt:

*One:* The Defendant knowingly acted in the United States as an agent of Turkey;

*Two:*  The Defendant knew he was not engaged in a legal commercial transaction;

*Three:*  The Defendant knew he was required to give notification to the Attorney General; and

*Four:*  The Defendant knew he had not given notification to the Attorney General.

If the government fails to meet this burden with respect to any of these elements, you must acquit Defendant of this charge.

**Authority:**

18 U.S.C. § 951; *Rehaif v. United States*, No. 17-9560, 2019 WL 2552487, at *4 (U.S. June 21, 2019)*; Liparota v. United States*, 471 U.S. 419, 426 (1985); *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994).

**Defendant's Proposed Jury Instruction No. 56**

**<u>Theory of the Defense – Explained</u>**

The Defendant has pleaded "Not Guilty" to the charges contained in Count One and Count Two of the Indictment.  This plea of not guilty puts in issue each of the essential elements of the offenses as described in these instructions and imposes on the government the burden of establishing each of these elements by proof beyond reasonable doubt.

The Defendant, moreover, contends that he is not guilty of the crime charged for following reasons:

[Defendant reserves his right to provide a more detailed Theory of the Defense instruction at the close of the government's case]

**Authority:**

1 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 19.09 (6th ed. 2015), modified.

# FINAL INSTRUCTIONS

**Defendant's Proposed Jury Instruction No. 57**

**Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your Foreperson.  The Foreperson will preside over your deliberations and will be your spokesperson here in Court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.  If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.  Keep in mind that all jurors are independent and equal.  No one juror, including the foreperson, has more power or authority than any other juror.

Remember at all times that you are not partisans.  You are judges – judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of Court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the Jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A Form of Verdict has been prepared for your convenience.  You will take this Form to the Jury Room and, when you have reached unanimous agreement as to your verdicts, you will have your Foreperson write your verdicts, date and sign the form, and then return with your verdicts to the Courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your Foreperson or by one or more members of the jury, through the Court Security Officer.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

The Court Security Officer, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

**Authority:**

Adapted from 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 20.01 (6th ed. 2015), and Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 9-7.

**Defendant's Proposed Jury Instruction No. 58**

**Right To See Exhibits And Hear Testimony; Communications With Court**

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon request.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits.

Your requests for exhibits—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.  In any event, do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a unanimous verdict is reached.

**Authority:**

Adapted from Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 9-3.

**Defendant's Proposed Jury Instruction No. 59**

**Final Instruction—Contact With Others**

During your deliberations, you should not discuss, or provide any information about, the case with anyone other than your fellow jurors while in the jury room.  This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter, Instagram, blogging or any Internet chat room, web site, social media, or other feature.  In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and only then while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet.  Information that you may find on the Internet or in a printed reference might be incorrect or incomplete.  In our court system, it is important that you not be influenced by anyone or anything outside this courtroom.  Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 2-21; *see also United States v. Lawson*, 677 F.3d 629 (4th Cir. 2012).