IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:18-CR-457-AJT |
| BIJAN RAFIEKIAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

The United States requests that the following substantive instructions be read to the Jury

prior to deliberation.

1.     Introduction to the Final Charge

2.     Objections and Rulings

3.     Court's Comments to Counsel

4.     Court's Questions to Witnesses

5.     Court's Comments on Certain Evidence

6.     Evidence Admitted for a Limited Purpose Only

7.     Judging the Evidence

8.     Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences
       Permitted

9.     Direct and Circumstantial Evidence

10.     Inferences from the Evidence

11.     Jury's Recollection Controls

12.     The Question Is Not Evidence

13.     Presumption of Innocence, Burden of Proof, and Reasonable Doubt

14.     Consider Each Count Separately

15.     The Indictment Is Not Evidence

16.     "On or About" – Explained

17.     Pleading in the "Conjunctive" (and); Proving in the Disjunctive (or)

18.     Opinion Evidence – the Expert Witness [If Necessary]

19.     Charts and Summaries [If Necessary]

20.     Credibility of Witnesses – Generally

21.     Credibility of Witnesses – Inconsistent Statements

22.     Failure of the Defendant to Testify/Testimony of the Defendant

23.     False Exculpatory Statements

24.     "Knowingly" – Defined

25.     "Willfully" – Defined

26.     Proof of Knowledge or Intent

27.     Nature of the Offense Charged — Count One

28.     Statutes Defining the Offense — Count One

29.     Essential Elements of the Offense — Count One

30.     "Overt Act"—Defined

31.     "False, Fictitious or Fraudulent Statements and Representations"-- Defined

32.     "Material" -- Defined

33.     Conspiracy – Existence of an Agreement

34.     Acts and Declarations of Co-Conspirators

35.     Success of Conspiracy Immaterial

36.     All Means and Methods Need Not Be Proven

37.     Multiple Objects of One Conspiracy

38.     Nature of the Offense — Count Two

39.     Proof of a Conspiracy by Circumstantial Evidence

40.     Statute Defining the Offense— Count Two

41.     Elements of the Offense — Count Two

42.     Foreign Nation or Government – Defined

43.     Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court

        Verdict Form

Dated July 9, 2018                         Respectfully submitted,

                                           G. ZACHARY TERWILLIGER
                                           UNITED STATES ATTORNEY


                                            By:      _____/s/_____
                                           James P. Gillis
                                           Virginia Bar No. 65055
                                           John T. Gibbs
                                           Virginia Bar No. 40380
                                           Assistant United States Attorneys
                                           The Justin W. Williams
                                           United States Attorney's Office
                                           2100 Jamieson Avenue
                                           Alexandria, VA 22314
                                           (703) 299-3700
                                           (703) 299-3982 (fax)
                                           James.P.Gillis@usdoj.gov
                                           John.Gibbs@usdoj.gov


                                           _____/s/_____
                                           Evan N. Turgeon
                                           Trial Attorney
                                           Counterintelligence
                                            and Export Control Section
                                           National Security Division
                                           United States Department of Justice
                                           950 Pennsylvania Ave., NW
                                           Washington, DC 20530
                                           (202) 353-0176
                                           Evan.Turgeon@usdoj.gov

INSTRUCTION NO. 1

<u>Introduction to the Final Charge</u>

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of

the arguments of counsel it becomes my duty to give you the final instructions of the Court as to

the law that is applicable to this case.  You should use these instructions to guide you in your

decisions.

All of the instructions of law given to you by the Court—those given to you at the

beginning of the trial, those given to you during the trial, and these final instructions—must

guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court

and to apply these rules of law to the facts as you find them to be from the evidence received

during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their

closing arguments to you.  If, however, any difference appears to you between the law as stated

by counsel and that as stated by the Court in these instructions, you, of course, are to be

governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider

the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court.

Regardless of any opinion you may have as to what the law ought to be, it would be a violation

of your sworn duty to base any part of your verdict upon any other view or opinion of the law

than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 12.01 (6th ed. 2008)

INSTRUCTION NO. 2

<u>Objections and Rulings</u>

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards.  It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his or her client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 11.03 (6th ed. 2008).

INSTRUCTION NO. 3

Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 11.04 (6th ed. 2008).

INSTRUCTION NO. 4

<u>Court's Questions to Witnesses</u>

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 11.05 (6th ed. 2008).

INSTRUCTION NO. 5

<u>Court's Comments on Certain Evidence</u>

The law of the United States permits a federal judge to comment to the jury on the evidence in a case.  Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely.  You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 11.06 (6th ed. 2008).

INSTRUCTION NO. 6

<u>Evidence Admitted for a Limited Purpose Only</u>

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 11.09 (6th ed. 2008).

INSTRUCTION NO. 7

<u>Judging the Evidence</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal*  § 12.02 (6th ed. 2008).

INSTRUCTION NO. 8

Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as proved.

The Court has taken judicial notice of certain facts or events.  When the Court declares that it has taken judicial notice of some fact or event, you must accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted

to draw from the facts which you find have been proved such reasonable inferences as you feel

are justified in the light of your experience and common sense.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 12.03
(6th ed. 2008).

INSTRUCTION NO. 9

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 12.04 (6th ed. 2008).

INSTRUCTION NO. 10

Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 12.05 (6th ed. 2008).

INSTRUCTION NO. 11

Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 12.07 (6th ed. 2008).

INSTRUCTION NO. 12

<u>The Question Is Not Evidence</u>

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 12.08 (6th ed. 2008).

INSTRUCTION NO. 13

Presumption of Innocence, Burden of Proof, and Reasonable Doubt

I instruct you that you must presume the defendant to be innocent of the crimes charged.

Thus, the defendant, although accused of crimes in the Indictment, begins the trial with a "clean

slate"—with no evidence against him.  The Indictment, as you already know, is not evidence of

any kind.  The law permits nothing but legal evidence presented before the jury in court to be

considered in support of any charge against a defendant.  The presumption of innocence alone,

therefore, is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable

doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the

case.

The burden of proof is upon the prosecution to prove guilt beyond a reasonable doubt.

This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal

case the burden or duty of calling any witnesses or producing any evidence.

It is not required that the government prove guilt beyond all possible doubt.  The test is

one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant has

committed each and every element of the offenses charged in the Indictment, you must find the

defendant not guilty of the offenses.

1A O'Malley, Grenig and Lee,  *Federal Jury Practice and Instructions: Criminal* § 12.10
(6th ed. 2008) (modified to conform with 4th Circuit definitions of reasonable doubt); *United
States v. Reives*, 15 F.3d 42, 45 (4th Cir.), *cert. denied*, 512 U.S. 1207 (1994);  *United States
v. Headspeth*, 852 F.2d 753, 755 (4th Cir. 1988);  *United States v. Love*, 767 F.2d 1052, 1060
(4th Cir. 1985), *cert. denied*, 474 U.S. 1081 (1986).

INSTRUCTION NO. 14

<u>Consider Each Count Separately</u>

A separate crime is charged in each count of the Indictment.  Each charge, and the evidence pertaining to it, should be considered separately by the jury.  The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 12.12 (6th ed. 2008).

INSTRUCTION NO. 15

<u>The Indictment Is Not Evidence</u>

An Indictment is but a formal method used by the government to accuse a defendant of a crime or crimes.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crimes charged.  Even though this Indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this Indictment and, therefore, denies that he is guilty of the charges.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 13.04 (6th ed. 2008)

INSTRUCTION NO. 16

<u>"On or About" – Explained</u>

The indictment charges that each offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that each offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 13.05 (6th ed. 2008).

INSTRUCTION NO. 17

<u>Disjunctive Proof</u>

Where a statute is worded in the disjunctive—meaning it uses the word "or"—federal

pleading requires the government to charge in the conjunctive—meaning it must use the word

"and." Where a statute specifies several alternative ways in which an offense may be committed,

if only one of those alternatives is proved beyond a reasonable doubt that is sufficient for

conviction.

As given in *United States v. Nicholas Young*, 1:16-cr-265 (E.D. Va. December 18, 2017).

INSTRUCTION NO. 18

<u>Opinion Evidence – the Expert Witness</u>

The rules of evidence ordinarily do not permit witnesses to testify as to their own

opinions or their own conclusions about important questions in a trial.  An exception to this rule

exists as to those persons who are described as "expert witnesses".  An "expert witness" is

someone who, by education or by experience, may have become knowledgeable in some

technical, scientific, or very specialized area.  If such knowledge or experience may be of

assistance to you in understanding some of the evidence or in determining a fact, an "expert

witness" in that area may state an opinion as to a matter in which he or she claims to be an

expert.

You should consider each expert opinion received in evidence in this case and give it

such weight, if any, as you may think it deserves.  You should consider the testimony of expert

witnesses just as you consider other evidence in this case.  If you should decide that the opinion

of an expert witness is not based upon sufficient education or experience, or if you should

conclude that the reasons given in support of the opinion are not sound, or if you should

conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part

or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this

case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 14.01 (6th ed.
2008).

INSTRUCTION NO. 19

Charts and Summaries

Charts and Summaries Not Admitted Into Evidence

Charts or summaries have been prepared by the government and shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, and other documents which are in evidence in the case.  Such charts or summaries are not evidence in this trial or proof of any fact.  If you find that these charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard the charts or summaries.  In other words, such charts or summaries are used only as a matter of convenience for you and to the extent that you find they are not, in truth, summaries of facts or figures shown by the evidence in the case, you can disregard them entirely.

Charts and Summaries Admitted Into Evidence

Charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* § 14:02 (6th ed. 2008).

INSTRUCTION NO. 20

<u>Credibility of Witnesses – Generally</u>

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 15.01 (6th ed. 2008).

INSTRUCTION NO. 21

Credibility of Witnesses – Inconsistent Statements

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 15.06 (6th ed. 2008).

INSTRUCTION NO. 22

Failure of the Defendant to Testify/Testimony of the Defendant

(Part A below offered if the defendant does not testify.  Part B offered if the defendant does testify.)


A.

A defendant has the absolute right not to testify and the jury must not draw a presumption of guilt or any inference against a defendant because he did not testify.


Adapted from Federal Judicial Center Committee to Study Criminal Jury Instructions, Pattern Criminal Instructions, No. 22 (1982); Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.14 (3d ed. 1977).


B.

The law permits the defendant, if he so desires, to testify in his own behalf.  A defendant who wishes to testify is a competent witness; and defendant's testimony is to be judged in the same way as that of any other witness.

The testimony of a defendant is before you and you must determine to what extent you believe it. The vital interest of the defendant in the result of his case does not by itself automatically mean that he has not told the truth. Yet the defendant has an interest in the outcome of this case greater than that of any other witness, and you may consider that interest in weighing the credibility of his testimony.


Part B, as given, *United States v. Joseph Johnson*, 3:93-CR-19 (E.D. Va. Jan. 7, 1994) (Spencer, J.).

INSTRUCTION NO. 23

<u>False Exculpatory Statements</u>

Statements knowingly and voluntarily made by defendant BIJAN RAFIEKIAN upon being informed that a crime had been committed or upon being accused of a criminal charge may be considered by the jury.

When a defendant voluntarily offers an explanation or voluntarily makes some statement tending to show his innocence and it is later shown that the defendant knew that this statement or explanation was false, the jury may consider this as showing a consciousness of guilt on the part of a defendant since it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to a defendant's explanation or statement points to a consciousness of guilt on his part and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury since you are the sole judges of the facts of this case.

In your evaluation of evidence of an exculpatory statement shown to be false, you may consider that there may be reasons—fully consistent with innocence—that could cause a person to give a false statement showing that he did not commit a crime.  Fear of law enforcement, reluctance to become involved, and simple mistake may cause a person who has committed no crime to give such a statement or explanation.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 14.06 (6th ed. 2008).

INSTRUCTION NO. 24

<u>"Knowingly" – Defined</u>

The term "knowingly", as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 17.04 (6th ed. 2008); as given in *United States v. Hoffman*, 2:12-cr-00184-RGD (Aug. 21, 2013) (Doumar, J.).

INSTRUCTION NO. 25

<u>"Willfully" – Defined</u>

The term "willfully", as used in these instructions to describe the alleged state of mind of the defendant, means that he knowingly performed an act, deliberately and intentionally, as contrasted with accidentally, carelessly, or unintentionally.

---

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 17.05 (6th ed. 2008); as given in *United States v. Hoffman*, 2:12-cr-00184-RGD (Aug. 21, 2013) (Doumar, J.); *see also* O'Malley at 40:14 (scienter for offenses under 18 U.S.C. § 1001) ("A person acts "willfully," as that term is used in these instructions, when that person acts deliberately, voluntarily, and intentionally.").

INSTRUCTION NO. 26

<u>Proof of Knowledge or Intent</u>

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 17.07 (6th ed. 2008).

INSTRUCTION NO. 27

Nature of the Offense Charged — Count One

(Conspiracy)

Count one of the Indictment charges that:


From at least July 2016, through at least March 2017, in the Eastern District of Virginia and elsewhere, the defendant, BIJAN RAFIEKIAN, together with others known and unknown, knowingly and intentionally conspired with Kamil Ekim Alptekin to knowingly act and cause others to act in the United States as an agent of a foreign government, that is, the Government of Turkey without prior notification to the Attorney General, to willfully make in a document filed with or furnished to the Attorney General under the provisions of the Foreign Agents Registration Act a false statement of a material fact, and to willfully omit from the document a material fact required to be stated therein, and to willfully omit from the document a material fact or a copy of a material document necessary to make the statements therein and the copies of documents furnished therewith not misleading.


(All in violation of Title 18, United States Code, Sections 371, 951 and Title 22, United States Code Section 6188(a)(2).


Indictment.

INSTRUCTION NO. 28

Statutes Defining the Offenses – Count One

(Conspiracy)

Title 18, United States Code, Section 371 provides, in part, that:

If two or more persons conspire either to commit any offense against the United States . . . or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each

shall be guilty of an offense against the United States.

The court further instructs the jury that Title 18, United States Code, Section 951 provides, in part, that:

Whoever, other than a diplomatic or consular officer or attaché, acts in the United States as an agent of a foreign government without prior notification to the Attorney General

shall be guilty of an offense against the United States.

The court further instructs the jury that Title 22, United States Code, Section 618(a)(2) provides, in pertinent part, that:

Any person who in any registration statement or supplement thereto or in any other document filed with or furnished to the Attorney General under the provisions of this subchapter willfully makes a false statement of a material fact or willfully omits any material fact required to be stated therein or willfully omits a material fact or a copy of a material document necessary to make the statements therein and the copies of documents furnished therewith not misleading

shall be guilty of an offense against the United States.

(18 U.S.C § 371, 18 U.S.C. § 951, 22 U.S.C § 618(a)(2)).

INSTRUCTION NO. 29

Essential Elements of the Charged Offense – Count One

(Conspiracy)

Count One of the indictment charges the defendant with conspiracy to act as an agent of a foreign government, that is, the Government of Turkey, without prior notification to the Attorney General.

Four essential elements are required to be proved in order to establish the offense of

Conspiracy as charged in Count 1 of the Indictment:


One:      The conspiracy, agreement, or understanding to act as an agent of a foreign

          government and to make false statements and willful omissions in a FARA filing,

          as described in the indictment, was formed, reached, or entered into by two or

          more persons;

Two:      At some time during the existence or life of the conspiracy, agreement, or

          understanding, Defendant knew the purpose(s) of the agreement; and

Three:    With knowledge of the purpose(s) of the conspiracy, agreement, or understanding,

          Defendant then deliberately joined the conspiracy, agreement, or understanding;

          and

Four:     At some time during the existence or life of the conspiracy, agreement, or

          understanding, one of its alleged members knowingly performed one of the overt

          acts charged in the indictment and did so in order to further or advance the

          purpose of the agreement.


2 Fed. Jury Prac. & Instr. § 31:03 (6th ed.)

INSTRUCTION NO. 30

"Overt Act" – Defined

In order to sustain its burden of proof under Count of the indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goal(s) of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.

Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged. The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

2 Fed. Jury Prac. & Instr. § 31:07 (6th ed.)

INSTRUCTION NO. 31

"False, Fictitious or Fraudulent Statements or Representations" – Defined

A false or fictitious statement or representation is an assertion which is untrue when made or when used and which is known by the person making it or using it to be untrue. A fraudulent statement or representation is an assertion which is known to be untrue and which is made or used with the intent to deceive.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 40:08 (6th ed. 2008).

INSTRUCTION NO. 32

<u>"Material" – Defined</u>

The test of materiality is whether the false statement has a natural tendency to influence a governmental action or is capable of influencing a governmental action.  It is not necessary for the government to prove that the statement here charged actually did influence a governmental action.

*United States v. Stover*, 499 F. App'x 267, 273 (4th Cir. 2012) (affirming proposed instruction); *see also United States v. Garcia-Ochoa*, 607 F.3d 371, 375 (4th Cir. 2010) (first sentence), *cert. denied*, 562 U.S. 975 (2010); *United States v. Hamilton*, 699 F.3d 356, 362 (4th Cir. 2012) (second sentence).

INSTRUCTION NO. 33

Conspiracy - Existence of an Agreement

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that Defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate Title 18, United States Code, Section 951 and Title 22 United States Code Section 618(a)(2) by means of some common plan or course of action as alleged in Count of the indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

2 Fed. Jury Prac. & Instr. § 31:04 (6th ed.)

INSTRUCTION NO. 34

Acts and Declarations of Co-Conspirators

Evidence has been received in this case that certain persons, who are alleged in Count One of the Indictment to be co-conspirators of the defendant, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals. Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count One of the Indictment against the defendant.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:06 (6th ed. updated Feb. 2014).

INSTRUCTION NO. 35

Success of Conspiracy Immaterial

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 31:08 (6th ed. updated Feb. 2014).

INSTRUCTION NO. 36

<u>All Means and Methods Need Not be Proven</u>

The Court instructs the jury that the evidence in the case need not establish that all the means or methods set forth in the indictment were agreed upon to carry out the alleged conspiracy; nor that all means or methods which were agreed upon were actually used or put into operation; nor that all of the persons charged to have been members of the alleged conspiracy were such.

What the evidence in the case must establish beyond a reasonable doubt is that the alleged conspiracy was knowingly formed, and that one or more of the means and methods described in the indictment were agreed upon to be used in an effort to effect or accomplish some object or purpose of the conspiracy as charged in the indictment; and that two or more persons, including one or more of the accused, were knowingly members of the conspiracy as charged in the indictment.

(Adapted from 2 Devitt & Blackmar, Federal Jury Practice & Instructions, Section 27.04 (3d ed. 1977)).

INSTRUCTION NO. 37
Multiple Objects of One Conspiracy


Count 1 charges the defendant with conspiring to commit multiple offenses. Specifically, it is alleged that the defendant conspired to act as an agent of a foreign government in violation of Title 18, United States Code, Section 951; and to make false statements and willful omissions in a filing under the provisions of the Foreign Agents Registration Act, or FARA, in violation of Title 22 United States Code, Section 618(a)(2).

You may find that the government has met its burden of proof as to none, one, or both of the multiple objects charged in this count. To find the defendant guilty of the offense, however, you must agree unanimously as to which one or more of the intents charged, if any, were proved beyond a reasonable doubt.

INSTRUCTION NO. 38
Nature of the Charged Offense—Count Two

Count Two of the indictment charges that:

From approximately July 2016 through approximately March 2017, in the Eastern

District of Virginia and elsewhere, BIJAN RAFIEKIAN and another defendant, Kamil Akim

Alptekin, knowingly acted and caused others to act in the United States as an agent of a foreign

government, that is, the Government of Turkey, without prior notification to the Attorney

General, as required by law.

(All in violation of Title 18, United States Code, Sections 951 and 2)

Indictment.

INSTRUCTION NO. 39

Proof of a Conspiracy by Circumstantial Evidence

Proof of a conspiracy may be made by circumstantial evidence; it need not and normally will not be proven by direct evidence. A jury can draw the reasonable inference that a defendant received payment to encourage their perception in a fraudulent scheme, and thus, the payments promoted that ongoing fraud.

Adapted from *United States v. Giunta*, 925 F.2d 758, 764 (4th Cir. 1991); *United States v. Valdez*, 726 F.3d 684, 691 (5th Cir. 2013).

INSTRUCTION NO. 40

Statutes Defining the Offenses – Count Two

Title 18, United States Code, Section 951 defines the offense of acting in the United States as an

agent of a foreign government. The statutes provide, in pertinent part, that:

> Whoever, other than a diplomatic or consular officer or attaché, acts in the United States
> as an agent of a foreign government without prior notification to the Attorney General

shall be guilty of an offense against the United States.

(18 U.S.C. § 951)

INSTRUCTION NO. 41

Essential Elements of the Charged Offense – Count Two

Count Two of the indictment charges BIJAN RAFIEKIAN with knowingly acting in the United States as an agent of a foreign government without prior notification to the Attorney General.

In order to establish a violation of Count Two, the government must prove the following propositions:

First: that BIJAN RAFIEKIAN acted in the United States as an agent of a foreign government;

Second: that BIJAN RAFIEKIAN failed to notify the Attorney General of the United States that he would be acting in the United States as an agent of the foreign government prior to so acting; and

Third: that BIJAN RAFIEKIAN acted knowingly.

Fourth: that BIJAN RAFIEKIAN acted, at least in part, as an agent for a foreign government in the Eastern District of Virginia, during the time period alleged in the indictment.

.

As given in *United States v. C. Gregory Turner*, No. 13 CR 572; 18 U.S.C § 951

INSTRUCTION NO. 42

Foreign Nation or Government – Defined

For purposes of the charges in the Indictment, the term "foreign nation" refers to any nation other than the United States and the term "foreign government" refers to any government other than the government of the United States, regardless of whether the nation or government is an ally or enemy of the United States.

As given in *United States v. Hoffman*, 2:12-cr-00184-RGD (Aug. 21, 2013) (Doumar, J.).

INSTRUCTION NO. 43

<u>Verdict – Election of Foreperson – Duty to Deliberate – Unanimity –
Punishment – Form of Verdict – Communication with the Court</u>

Upon retiring to your jury room to begin your deliberation, you must elect one of your

members to act as your foreperson.  The foreperson will preside over your deliberations and will

be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a

verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be

unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another

with a view towards reaching an agreement if you can do so without violence to individual

judgment.  Each of you must decide the case for himself and herself, but do so only after an

impartial consideration of the evidence in the case with your fellow jurors.  In the course of your

deliberations, do not hesitate to reexamine your own views and to change your opinion if

convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of

the opinion of your fellow jurors or for the mere purpose of thereby being able to return a

unanimous verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts of

this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you

have seen or read outside of court may be considered.  Nothing that I have said or done during

the course of this trial is intended in any way to somehow suggest to you what I think your

verdict should be.  Nothing said in these instructions and nothing in any form of verdict, is to

suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A Form of Verdict has been prepared for your convenience and reads as follows:

[*The verdict or a summary can be read to the jury*]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the court security officer that he too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court— how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

(1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions: Criminal* § 20.01 (6th ed. 2008))

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:18-CR-457-AJT |
| BIJAN RAFIEKIAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **VERDICT FORM**

### **Count One**

(Conspiracy to Act as an Agent of a Foreign Government and To Make False Statements and

Willful Omissions in a FARA Filing)

We, the jury, unanimously find the defendant, BIJAN RAFIEKIAN,

_____ as charged in Count One of the Indictment.

**(Guilty or Not Guilty)**

### **Count Two**

(Acting in the United States as an Agent of a Foreign Government)

We, the jury, unanimously find the defendant, BIJAN RAFIEKIAN,

_____ as charged in Count Two of the Indictment.

**(Guilty or Not Guilty)**

So, Say We All, this \_\_\_ day of July, 2019.

_____
FOREPERSON

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have caused an electronic copy of the foregoing to be served via ECF upon counsel for Defendant Bijan Rafiekian.


By:                                                       /s/              
James P. Gillis
Virginia Bar No. 65055
John T. Gibbs
Virginia Bar No. 40380
Assistant United States Attorneys
The Justin W. Williams
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 299-3982 (fax)
James.P.Gillis@usdoj.gov
John.Gibbs@usdoj.gov


                                              /s/            
Evan N. Turgeon
Trial Attorney
Counterintelligence
 and Export Control Section
National Security Division
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 353-0176
Evan.Turgeon@usdoj.gov