UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BIJAN RAFIEKIAN, et al.,<br><br>Defendants. | No. 1:18-CR-457-AJT |

## MEMORANDUM OF LAW IN SUPPORT OF MATTHEW M. NOLAN, ESQ.'S EMERGENCY MOTION TO QUASH TRIAL SUBPOENA

Non-Party Matthew M. Nolan, Esq., a partner at the law firm of Arent Fox LLP ("Arent Fox"), respectfully submits this memorandum of law in support of his emergency motion to quash the subpoena for trial testimony (the "Subpoena"), attached hereto as Exhibit 1. On its face, the Subpoena improperly seeks attorney-client communications and work product relating to advice an attorney (Arent Fox) provided to its client (Defendant Ekim Alptekin). In the absence of a waiver of the privilege by the client, or a Court Order finding the privilege was waived, Arent Fox and Mr. Nolan cannot ethically breach the privilege. Defendant Alptekin has not waived the privilege. Therefore, Arent Fox and Mr. Nolan are obligated to and will protect the confidentiality of communications with Defendant Alptekin.

I.  **BACKGROUND**

In January 2017, Ekim Alptekin retained Arent Fox LLP to provide legal advice relating to the Foreign Agents Registration Act ("FARA"). In the course of the representation, Mr. Nolan had conversations with Defendant Alptekin. On January 18, 2017, Arent Fox sent Defendant Alptekin a memorandum containing a legal opinion relating to the FARA (the

"Memo"). The Memo includes facts and information provided by Defendant Alptekin in communications with Mr. Nolan for the purpose of obtaining legal advice, conclusions, and legal analysis. Subsequently, Arent Fox continued to represent Defendant Alptekin until September 2017. Arent Fox and Mr. Nolan understand that the Subpoena is geared to eliciting testimony regarding communications related to the Memo. Such communications are privileged. Information relating to Arent Fox's representation of Defendant Alptekin after the date of the Memo is both attorney-client privileged and work product, neither of which has been waived.

On May 31, 2019, the government filed a motion arguing that the information provided by Defendant Alptekin to Arent Fox with respect to the Memo is discoverable pursuant to the crime-fraud exception. [ECF No. 182.] According to its motion, the government seeks disclosure of "statements made by defendant Ekim Alptekin to his attorneys at Arent Fox LLP, or other information or documents provided by him to the firm." [ECF No. 182 at 8.] Although the Court heard argument on the motion on June 13, 2019, it has not yet ruled on the government's motion. In the meantime, counsel for Defendant Bijan Rafiekian issued a subpoena to Mr. Nolan requiring his testimony at trial. Notably, Defendant Rafiekian himself has opposed the government's motion to establish the crime-fraud exception with respect to Mr. Nolan's testimony, arguing that the government has not and cannot satisfy the exception. [ECF No. 195.]

Mr. Nolan objects to the Subpoena even if a waiver of the attorney-client privilege is found due to the crime-fraud exception. The government's motion regarding the crime-fraud exception is geared towards the representation related to the Memo. To the extent the Court rules that the crime-fraud exception applies, any consequent waiver of attorney-client privilege could only apply to communications related to the Memo. Therefore, even if Mr. Nolan is

required to testify due to a crime-fraud exception, any such testimony should be strictly limited to attorney-client communications relating to the Memo and not any other facet of Arent Fox's prior representation of Defendant Alptekin.

## II. ARGUMENT

### A. The Subpoena Improperly Seeks Confidential Attorney-Client Communications.

The Subpoena seeking testimony from Mr. Nolan regarding his representation of Defendant Alptekin is fundamentally flawed in that it seeks attorney-client communications. Conversations between Mr. Nolan and Defendant Alptekin relating to the Memo and any other aspect of Arent Fox's representation fall squarely within the attorney-client privilege. In particular, the Memo recites facts communicated by the client to Mr. Nolan in order to obtain legal advice relating to FARA. Defendant Alptekin has not waived the privilege with respect to the communications, and therefore Mr. Nolan cannot disclose them.

Arent Fox and Mr. Nolan are obligated to protect the confidentiality of attorney-client communications, both by a common law duty and by the rules of professional conduct. *See* D.C. Rules of Prof. Conduct 1.6.[1] The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The privilege has a "venerable pedigree," and "has long been recognized at common law." *United States v. (Under Seal)*, 748 F.2d 871, 873, 875 (4th Cir. 1984). The core purpose of the privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* at 874. "Because the attorney-client privilege exists for the benefit of the client, the client holds the privilege." *In Re Grand Jury Proceedings #5*

---

[1] Mr. Nolan is licensed to practice in the District of Columbia.

3

*Empaneled Jan. 28, 2004*, 401 F.3d 247, 250 (4th Cir. 2005). As such, neither Arent Fox nor Mr. Nolan can waive the privilege.

The proponent of the attorney-client privilege must establish "not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). Defendant Alptekin retained Arent Fox in January 2017 to provide legal advice relating to the FARA. Arent Fox's, and specifically Mr. Nolan's, communications with Defendant Alptekin with respect to this engagement were privileged and confidential. Defendant Alptekin has not consented to Arent Fox's disclosure of privileged information, nor does Defendant Rafiekian, or anyone else, contend that the privilege has been waived.

Requiring Arent Fox and Mr. Nolan to disclose what Defendant Alptekin told them in the course of the representation, as well as related documents, would undermine the foundation of the privilege. "[T]he privilege exists to protect not only the giving of professional advice to those who can act on it *but also the giving of information to the lawyer to enable him to give sound and informed advice.*" *Upjohn*, 449 U.S. at 390 (emphasis added). An attorney's ability to give competent legal advice is "undermined if an attorney had to caution a client about revealing relevant circumstances lest the attorney later be compelled to disclose those circumstances." *Schaeffler v. United States*, 806 F.3d 34, 40 (2d Cir. 2015). Therefore, the Subpoena should be quashed.

### B. The Subpoena Seeks Protected Work Product.

Testimony relating to Arent Fox's representation of Defendant Alptekin *after* the Memo was provided to Defendant Alptekin is not only privileged, as discussed above, but it is also protected work product. "The work product privilege protects the work of the attorney done in

4

preparation for litigation." *In Re Grand Jury Proceeding, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 348 (4th Cir. 1994). In *Hickman v. Taylor*, the Supreme Court wrote, "[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney." 329 U.S. 495, 510 (1947). Arent Fox's notes, memoranda, and testimony relating to its representation of Defendant Alptekin are classic examples of work product and cannot be disclosed. *See In re Grand Jury Subpoena,* 220 F.R.D. 130, 147 (D. Mass. 2004) ("[O]nce a governmental investigation has begun, litigation is sufficiently likely to satisfy the 'anticipation' requirement."); *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997) ("Federal courts have concluded that once an investigation by a federal agency has commenced, that a corporation may reasonably be said to anticipate litigation.").

Courts analyze work product in two categories: fact work product and opinion work product. "Both are generally protected and can be discovered only in limited circumstances." *Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d at 348. Fact work product is a "transaction of the factual events involved" and may be disclosed upon a "showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *In re Grand Jury Proceedings, John Doe*, 102 F.3d 748, 750 (4th Cir. 1996) (quoting *In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d at 348). Opinion work product "represents the actual thoughts and impressions of the attorney," and it is "more scrupulously protected." *Id.* "[O]pinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *In re John Doe*, 662 F.2d 1073, 1080 (4th Cir. 1981) (quoting *In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977)). "Because the work product privilege protects not just the attorney-client relationship but the interests of attorneys to their own work product, the

5

attorney, as well as the client, hold the privilege." *In re Grand Jury Proceedings #5*, 401 F.3d at 250 (internal citation omitted).

The Fourth Circuit has held, based on Supreme Court rulings in *Upjohn* and *Hickman*, that oral statements of witnesses require heightened protection. In *Upjohn*, the Court held that "memoranda based on oral statements of witnesses [that] . . . would reveal the attorney's mental processes ... deserv[e] special protection." 449 U.S. at 400-01. Similarly, the *Hickman* Court stated that "[u]nder ordinary conditions, [no legitimate purpose is served by] forcing an attorney to repeat or write out all that witnesses have told him," regardless of whether "oral statements made by witnesses . . . [are] presently in the form of [the attorney's] mental impressions or memoranda." 329 U.S. at 512–13.

Relying on these rulings, the Fourth Circuit specifically held that asking the question "what did the witness tell you" seeks opinion work product, and that "a lawyer's recollection of a witness interview constitutes opinion work product entitled to heightened protections." *In re Grand Jury Subpoena*, 870 F.3d 312, 317–18 (4th Cir. 2017) (alterations omitted). "It does not matter whether an attorney draws on her memories, as opposed to written notes, in recalling what was said; the opinion-work-product privilege offers *increased protection* to both sources *because both require disclosure of the attorney's mental processes*." *Id.* at 317 (emphasis added).

The testimony sought "falls squarely within the category of . . . opinion work product . . . that the Supreme Court strongly shields from discovery." *Id.* at 318. Indeed, "imperfect recitations from memory of what a witness said would inevitably reveal what the attorney deemed important enough to remember." *Id.* at 317. Therefore, it is improper to ask attorneys to testify regarding what their clients have said. Accordingly, the Subpoena should be quashed.

6

### C. The Crime-Fraud Exception Does Not Apply, But In the Event It Does, Any Disclosure Should Be Limited to the Four-Corners of the Memorandum Containing Arent Fox's Legal Opinion.

The government seeks disclosure of attorney-client privileged and work product materials by virtue of the crime-fraud exception. It is well-established in the Fourth Circuit that to invoke the crime-fraud exception, the movant must make a prima facie showing that "(1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud." *In re Grand Jury Proceedings #5*, 401 F.3d at 251. As set forth in Defendant Ekim Alptekin's Opposition to the Government's Motion to Establish Crime-Fraud Exception, [ECF No. 188-1], in Defendant Bijan Rafiekian's Memorandum of Law in Opposition to the Motions to Establish Crime-Fraud Exception, [ECF No. 195], and Defendant Bijan Rafiekian's Sur-Reply to Government's Memorandum Regarding the Crime-Fraud Exception to the Work Product Doctrine, [ECF No. 231-1], the government has failed to make a prima facie showing that the crime-fraud exception should be invoked.

Moreover, with respect to compelling disclosure of opinion work product under the crime-fraud exception, which is exactly what the government seeks to do here, the government "must demonstrate *attorney knowledge of or participation in* the client's crime or fraud." *In re Grand Jury Subpoena*, 870 F.3d at 316 (emphasis added). Neither Mr. Nolan nor any other attorney or employee of Arent Fox has any knowledge as to the truth or falsity of the information provided by Defendant Alptekin in connection with the engagement. Indeed, the government "make[s] no contention . . . that Arent Fox or its attorneys were aware that the statements that Alptekin made . . . were false or that the statements were otherwise in furtherance of any crime

or fraud." [ECF No. 182 at 1-2.] Therefore, the government is precluded from establishing the crime-fraud exception with respect to opinion work product.

To the extent that the Court finds that the government has established the crime-fraud exception, Mr. Nolan's testimony should be limited only to the information contained in the Memo and Arent Fox's representation of Defendant Alptekin related only to the Memo. *See In re Grand Jury Subpoena*, 870 F.3d at 316–17 ("Because the government does not claim that the Defense Team was aware of the Defendant's alleged crime or fraud, the reach of the grand jury's subpoena under the crime-fraud exception is limited to fact work product.").

### III. CONCLUSION

The Subpoena for Mr. Nolan's testimony seeks disclosure of information protected by the attorney-client privilege and work product doctrine. In particular, testimony regarding what Defendant Alptekin told Arent Fox is privileged and shielded from disclosure. Even if the government is able to establish the crime-fraud exception, it cannot establish that the exception applies to anything other than Arent Fox's representation of Defendant Alptekin with respect to the Memo. As a result, attorney-client privilege and work product protect all other aspects of Arent Fox's representation. For these reasons, Matthew M. Nolan, Esq. respectfully requests that the Court grant its motion and quash the Subpoena.

Dated: July 9, 2019

Respectfully submitted,

*/s/ Barbara Wahl*
BARBARA WAHL (VSB No. 24647)
NADIA A. PATEL (VSB No. 84300)
Arent Fox LLP
1717 K Street, NW
Washington, DC 20006-5344
Telephone: (202) 857-6000
barbara.wahl@arentfox.com
nadia.patel@arentfox.com

*Counsel for Non-Party Matthew M. Nolan, Esq.*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2019, the foregoing was filed with the office of the Clerk of Court, which will provide notice to all counsel of record using the CM/ECF system, and a true and correct copy of such filing was served via email on the following:

James Philip Gillis
Evan N. Turgeon
John T. Gibbs
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
evan.turgeon@usdoj.gov
james.p.gillis@usdoj.gov
john.gibbs@usdoj.gov

Robert Powel Trout
Trout Cacheris & Solomon, PLLC
1627 Eye St. N.W., Ste. 1130
Washington, DC 20006
rtrout@troutcacheris.com

James Edward Tysse
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street NW
Washington, DC 20006
jtysse@akingump.com

Rodney Fred Page
Bryan Cave Leighton Paisner LLP
1155 F Street, NW, Ste. 700
Washington, DC 20004
rfpage@bclplaw.com

/s/ Barbara Wahl
BARBARA WAHL
Arent Fox LLP
1717 K Street, NW
Washington, DC 20006-5344
Telephone: (202) 857-6000
Barbara.wahl@arentfox.com
*Counsel for Non-Party Matthew M. Nolan, Esq.*

9