UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| | : | |
| BIJAN RAFIEKIAN, et al. | : | |

### DEFENDANT BIJAN RAFIEKIAN'S OPPOSITION TO MATTHEW M. NOLAN, ESQ.'S EMERGENCY MOTION TO QUASH TRIAL SUBPOENA

Defendant Bijan Rafiekian, through counsel, submits this opposition to Matthew M. Nolan's Emergency Motion to Quash Trial Subpoena [ECF No. 288].

### BACKGROUND

Matthew M. Nolan, an attorney at Arent Fox LLP, represented Ekim Alptekin from January 2017 to September 2017. Mr. Nolan drafted a memorandum (the "Memorandum") dated January 18, 2017, to Mr. Alptekin, which purportedly "recites facts communicated by the client to Mr. Nolan in order to obtain legal advice relating to FARA." ECF No. 288 at 3. In Mr. Nolan's motion to quash, he asserts that Mr. Alptekin has not waived his attorney-client privilege. *See id.* On July 2, 2019, Mr. Rafiekian served Mr. Nolan with a subpoena to testify at trial and may seek to elicit testimony from Mr. Nolan relating to the Memorandum.

### ARGUMENT

The right to offer testimony of a witness is a fundamental element of due process of law. *See Washington v. Texas*, 388 U.S. 14, 19 (1967) ("The right to offer testimony of witness, and to compel their attendance, if necessary, is in plain terms the right to present a defense . . . ."); *United States v. Moussaoui*, 382 F.3d 453, 471 (4th Cir. 2004) (explaining that the right to a compulsory process "is integral to our adversarial criminal justice system"). Federal Rule of

Criminal Procedure 17(c) "implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor." *In re Martin Marietta Corp.*, 856 F.2d 619, 621 (4th Cir. 1988); *United States v. Rosen*, 520 F. Supp. 2d 802, 810 (E.D. Va. 2007) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("[F]ew rights are more fundamental than that of an accused to present witnesses in his own defense.")).

Mr. Rafiekian takes no position at this point as to whether the Memorandum and related communications between Mr. Nolan and his client are in fact privileged. At this stage, however, the claim of privilege is both premature and unsupported. Furthermore, there are a number of non-privileged topics about which Mr. Nolan may testify.

## I. MR. NOLAN'S CLAIM OF PRIVILEGE IS PREMATURE

Under Rule 17(c), a subpoena may be quashed or modified only if compliance would be burdensome or overbroad.[1] *See* FED. R. CRIM. P. 17(c). Mere speculation, however, is insufficient to justify a motion to quash. *See United States v. Rosen*, 520 F. Supp. 2d 802, 812 (E.D. Va. 2007) (refusing to quash trial subpoena at pretrial stage based on allegations of evidence that may be introduced because basing it on "information now available is to risk denying defendants their Sixth Amendment rights"); *In re Grand Jury Matter (Special Grand Jury Narcotics Dec. Term, 1988, Motion to Quash Subpoena)*, 926 F.2d 348, 351 (4th Cir. 1991) ("Only the showing of actual conflict, rather than mere speculative assertions, may overcome the concrete obligation of every person to appear . . . .") (internal citation and quotations omitted).

---

[1] Rule 17 only explicitly provides for a motion to quash in the case of subpoenas *duces tecum*, which courts in this district have recognized but not decided. *See United States v. Lindh*, 210 F. Supp. 2d 780, 782 (E.D. Va. 2002) ("[T]here is a threshold question whether a motion to quash is appropriate to challenge a subpoena to testify. . . . Here, it is assumed, but not decided, that a motion to quash is an appropriate procedural vehicle to raise the First Amendment privilege issue.").

Mr. Rafiekian does not oppose allowing Mr. Alptekin to assert the attorney-client privilege with respect to the Memorandum and any underlying communications. The proper procedure, however, is not to grant Mr. Nolan's motion to quash, which is based solely on speculative claims about the nature of his testimony. Instead, should the government attempt to introduce the Memorandum at trial, Mr. Alptekin may enter an appearance at that time and object to its admission on the basis of privilege. *See* ECF No. 216 (granting Mr. Alptekin's motion for special appearance to protect attorney-client privilege). Likewise, should Mr. Nolan be called to testify, he may appear and assert privilege at that time on behalf of his client with respect to communications underlying the Memorandum. *See United States v. Lindh*, 210 F. Supp. 2d 780, 782 (E.D. Va. 2002) (noting that "although some courts allow motions to quash subpoenas to testify, the better practice in ordinary cases is to require the witnesses to appear and claim any privilege or immunity") (internal citation and quotations omitted).

This Court has already deferred decision on all motions filed by the parties (including Mr. Alptekin) relating to privilege issues. ECF No. 292 at 33. A decision on Mr. Nolan's motion to quash should likewise be deferred until the issue is squarely presented during trial, consistent with the Court's prior order. Until the question of the Memorandum's protected status is resolved, Mr. Nolan should remain under subpoena. While the defense understands that Mr. Nolan is busy and is respectful of his time, it is impossible to predict how the Court's rulings and the government's evidence will affect Mr. Rafiekian's case.

### II. MR. NOLAN'S ASSERTION OF PRIVILEGE IS UNSUPPORTED BY COMPETENT EVIDENCE

Deferring resolution of the privilege issues raised in the Motion is also necessary because Mr. Nolan has failed to support the claim of privilege with any competent evidence. Any claim of privilege must be supported by competent evidence, such as an affidavit or declaration, not mere conclusory and unsworn statements in a memorandum of law. *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 750-51 (E.D. Va. 2007) ("It is incumbent upon the proponent to specifically and factually support his claim of privilege, usually by affidavit. An improperly asserted privilege is the equivalent of no privilege at all. A conclusory allegation that a communication is protected by attorney-client privilege is inadequate to meet this burden.") (citation, quotation, and alterations omitted); *United States v. Ghavani*, 882 F. Supp. 2d 532, 536 (S.D.N.Y. 2012) ("It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship, a burden not discharged by mere conclusory or ipse dixit assertions."); *FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 15 (D.D.C. 2016) ("The basis of a privilege must be adequately established in the record, through evidence sufficient to establish the privilege with reasonable certainty. This requires the party asserting privilege to adduce competent evidence in support of its claims, something beyond conclusory statements, generalized assertions, and unsworn averments of its counsel.") (citation, quotation, and alterations omitted).

Mr. Nolan has failed to submit any competent evidence to support his claim of privilege. He has proffered not a single document, other than the subpoena itself, nor any other competent evidence to establish the existence of the privilege. Thus, a decision on whether Mr. Nolan may properly assert privilege must await the development of the evidence at trial, including facts that

may be adduced through the testimony of Mr. Nolan himself. In any case, Mr. Rafiekian should be entitled to question Mr. Nolan to assess whether a claim of privilege can be validly raised.

### III. MR. NOLAN MAY TESTIFY ABOUT NON-PRIVILEGED TOPICS

Mr. Nolan is rightfully concerned that the Memorandum is privileged and that his testimony may reveal confidential communications with his client. Even if such communications are privileged, however, there are many non-privileged topics about which Mr. Nolan may competently testify. For example, Mr. Rafiekian's counsel may ask questions to elicit non-privileged information regarding the factual circumstances surrounding his the memorandum's creation, including whether (1) Mr. Alptekin alone provided the information on which the Memorandum is based, (2) Mr. Nolan relied on any documents to create the Memorandum, and (3) he spoke with Mr. Rafiekian in connection with the Memorandum. A valid claim of privilege would not prevent him from testifying altogether. Rather, the assertion of privilege would merely allow him to raise objections at trial if questions seek to elicit privileged information. Accordingly, Mr. Nolan's assertions are not adequate grounds for quashing the subpoena. Instead, he should be required to testify if called and raise objections to questions on a case-by-case basis as they arise.

### CONCLUSION

For the foregoing reasons, Mr. Rafiekian respectfully requests that the Court deny Mr. Nolan's motion to quash.

Dated: July 11, 2019

Respectfully submitted,

/s/ _____
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)

5

John C. Murphy (*Pro Hac Vice*)
Adam A. Bereston (*Pro Hac Vice*)
Samantha J. Block (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: mmacdougall@akingump.com
shmitchell@akingump.com


*/s/*_____
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone: (202) 464-3311
Fax: (202) 463-3319
E-mail: rtrout@troutcahceris.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 11th day of July 2019, true and genuine copies of Defendant Bijan Rafiekian's Opposition to Government's Motion in Limine to Exclude Defendant's Inadmissible Hearsay Statements was sent via electronic mail by the Court's CM/ECF system to the following:

>James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office (Alexandria-VA)
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3700
Email:  james.p.gillis@usdoj.gov
 john.gibbs@usdoj.gov
 evan.turgeon@usdoj.gov

/s/
Robert P. Trout (VA Bar # 13642)