UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| | : | |
| BIJAN RAFIEKIAN, et al. | : | |

**DEFENDANT BIJAN RAFIEKIAN'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S INADMISSIBLE HEARSAY STATEMENTS**

Defendant Bijan Rafiekian, through counsel, respectfully submits his opposition to the government's motion *in limine* to preclude alleged hearsay [ECF No. 291].

**I.      The Government's Motion is Premature**

The government's motion is premature. The government fails to identity any specific statements it seeks to exclude, and there are any number of potential bases for admitting the Defendant's out-of-court statements depending on the nature of the statement, the foundation that can be laid at trial and available exceptions to and exclusions from the hearsay rule (Federal Rules of Evidence 801(d) and 803). Accordingly, any decisions regarding the admissibility of the Defendant's exculpatory out-of-court statements should be deferred until trial to afford the Court the opportunity to determine whether an adequate foundation for admissibility has been laid and whether the statement may be admitted under the Federal Rules of Evidence. *See United States v. Edelen*, No. 12-4239, 2014 U.S. App. LEXIS 4715 at *20 (4th Cir. Mar. 13, 2014) ("In order to determine whether an out-of-court statement qualifies as inadmissible hearsay under Rule 801, the district court must identify the actual purpose for which a party is introducing the statement at issue."). Because it does not point to any specific statements it wishes to exclude, the government

is essentially asking the Court to issue an advisory opinion stating how and when the Court may enforce the Federal Rules of Evidence—an unnecessary waste of the Court's time.

## II. Many of Mr. Rafiekian's Out-of-Court Statements Are Likely Admissible

There are twenty-three enumerated exceptions to the rule against hearsay, as well as several identified exclusions (*i.e.*, out-of-court statements that are not considered hearsay at all). *See* FED. R. EVID. 801(d), 803. Depending on the facts, any number of these exceptions or exclusions may apply to render these statements admissible. As just two examples: (A) the Defendant's out-of-court exculpatory statements may be admissible under the rule of completeness, and (B) those statements may be admissible to show the Defendant's state of mind.

### A. Mr. Rafiekian's Statements May Be Admissible Under the Rule of Completeness

As the government acknowledges, under Federal Rule of Evidence 106, a party may introduce any other part of a writing or recorded statement which ought in fairness to be considered at the same time.[1] *See* Fed. R. Evid. 106. Under this "rule of completeness," inadmissible evidence may be used to complete the record. *See United States v. Gravely*, 840 F.2d 1156, 1163 (4th Cir. 1988) ("The cross-designated portions, while perhaps not admissible standing alone, are admissible as a remainder of a recorded statement. Fed. R. Evid. 106 allows an adverse party to introduce any other part of a writing or recorded statement which ought in fairness be considered

---

[1] Courts have noted that a blanket rule prohibiting oral statements from falling under Rule 106 "invites abuse." *See United States v. Bailey*, 322 F. Supp. 3d 661, 670 (D. Md. 2017).

> While the "practical reasons" why oral conversations are excluded from Rule 106 undoubtedly include the need to avoid "he said, she said" disputes about the content of an unrecorded or unwritten statement, those concerns do not justify creating an environment in which the prosecution may be able to introduce the defendant's out-of-context inculpatory oral statements, but where the defendant is powerless to do anything at that time because Rule 106 does not reach oral statements.

*Id.*

contemporaneously."); *United States v. Sutton*, 801 F.2d 1346, 1369 (D.C. Cir. 1986) ("Since this was a criminal case [the defendant] had a constitutional right not to testify, and it was thus necessary for [the defendant] to rebut the government's inference with the excluded portions of these recordings.").

Even if Rule 106 does not apply to oral statements, Rule 106 only *partially* codified the common law rule of completeness, "and for situations beyond the reach of Rule 106, the common law still applies." *United States v. Bailey*, 322 F. Supp. 3d 661, 670 (D. Md. 2017); *see also Beech Aircraft v. Rainey*, 488 U.S. 153, 172 (1988) ("The Federal Rules of Evidence have partially codified the doctrine of completeness in Rule 106."); 1 KENNETH S. BROUN, MCCORMICK ON EVIDENCE § 56, at 392 n.5 (7th ed. 2013) ("In *Beech Aircraft Corp. v. Rainey*, the Court indicated that Rule 106 'partially codified' the completeness doctrine. The implication is that the uncodified aspect of the doctrine is still in effect in federal court.").[2] The common law, unlike Rule 106, *does* apply to oral statements. *Bailey*, 322 F. Supp. 3d at 664 (explaining that the common law rule applies to "conversations"). Courts have also held that notwithstanding Rule 106, trial courts have substantial discretion under Rule 611(a)[3] to apply the rule of completeness to oral statements where doing so would "rectify abuses of the adversary system caused by incomplete or misleading renditions of oral statements." *Id.* at 671–72 (citing cases).

Permitting the government to quote only the inculpatory aspects of Mr. Rafiekian's out-of-court statements, while excluding all exculpatory aspects of those statements, would present a

---

[2] The Fourth Circuit has not decided whether Federal Rule of Evidence 106 overrides preexisting common law. *See United States v. Diggs*, 731 Fed. Appx. 225, 227 (4th Cir. 2018) ("Assuming without deciding that Federal Rule of Evidence 106 did not override the common law Rule of Completeness . . . .").

[3] Rule 611(a)(1) states, "The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth." The Fourth Circuit does not appear to have addressed the interplay between Rule 106 and Rule 611.

misleading picture for the jury. The government should not be permitted "to lift selected portions [of Mr. Rafiekian's statements] out of context." *Gravely*, 840 F.2d at 1163. If the Defendant is prohibited from providing a complete record or required to wait until his case in chief to put the government witness's statements in its proper context, it may be too late to counteract the effect of the testimony on the jury.

### B. Many of Mr. Rafiekian's Out-of-Court Statements Are Not Hearsay

Hearsay is an out of court statement by a declarant used to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Thus, out-of-court statements are not hearsay if they are admitted to prove something other than the truth of the matter asserted, such as a person's intent or state of mind. *See* Fed. R. Evid. 803(3) (providing that the hearsay rule does not exclude a "statement of the declarant's then existing state of mind"); *United States v. Leake*, 642 F.2d 715, 720 (4th Cir. 1981) (finding district court erred by excluding out-of-court statement that was circumstantial evidence of defendant's state of mind); *United States v. Bellinger*, 652 F. App'x 143, 148 (4th Cir. 2016) (holding witness testimony, in a murder case, that victim threatened to stab another inmate within earshot of defendant was relevant to defendant's state of mind and not hearsay).

The defense anticipates that many of the out-of-court statements that the government seeks to exclude will be offered as evidence of Defendant's state of mind, and not to prove the truth of the matter asserted. For example, a hypothetical out-of-court statement by Mr. Rafiekian that "FIG was engaged by Inovo" would not be introduced to prove the truth of that fact (*i.e.*, that FIG was in fact engaged by Inovo). Rather, the statement shows that Mr. Rafiekian *believed* that fact to be true and thus did not intend to act as an agent of the government of Turkey—it is circumstantial evidence of Defendant's state of mind. *See Leake*, 642 F.2d at 720 ("Although the testimony

recounted the out-of-court statement of another, it was not hearsay because the statement was not offered to prove the truth of the matter asserted. [The declarant's] statement to [the defendant] concerning the returned funds was not offered to prove that the money was, in fact, used to finance a country music concert; its purpose rather was to show that [the defendant] believed that the funds were being used in a legitimate fashion.").

## CONCLUSION

For the foregoing reasons, Mr. Rafiekian respectfully requests that the Court deny the government's Motion in Limine to Exclude Defendant's Inadmissible Hearsay Statements.

Dated: July 11, 2019

Respectfully submitted,

/s/
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
John C. Murphy (*Pro Hac Vice*)
Adam A. Bereston (*Pro Hac Vice*)
Samantha J. Block (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail:   mmacdougall@akingump.com
          shmitchell@akingump.com


/s/
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone: (202) 464-3311
Fax: (202) 463-3319
E-mail:   rtrout@troutcahceris.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 11th day of July 2019, true and genuine copies of Defendant Bijan Rafiekian's Opposition to Government's Motion in Limine to Exclude Defendant's Inadmissible Hearsay Statements was sent via electronic mail by the Court's CM/ECF system to the following:

James P. Gillis
John T. Gibbs
Evan N. Turgeon
U.S. Attorney's Office (Alexandria-VA)
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3700
Email:  james.p.gillis@usdoj.gov
        john.gibbs@usdoj.gov
        evan.turgeon@usdoj.gov

/s/
Robert P. Trout (VA Bar # 13642)