IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BIJAN RAFIEKIAN, *et al.*,<br><br>*Defendants*. | No. 1:18-cr-457-AJT |

**UNITED STATES' PRE-TRIAL MEMORANDUM ON
CO-CONSPIRATOR STATEMENTS**

On May 28, 2019, defendant Bijan Rafiekian moved *in limine* to exclude statements by alleged co-conspirators. The government submitted its response on June 11, 2019. On July 9, 2019, the Court granted defendant's motion in part "without prejudice to the presentation at trial of additional evidence concerning the existence of the alleged conspiracy." Dkt. 292. As the government intends to continue seeking admission of these co-conspirator statements at trial, it submits this additional memorandum to aid in the distillation of evidentiary arguments and to promote the efficient administration of the trial.

**I.     An agreement need not be unlawful to trigger admissibility under Rule 801(d)(2)(E).**

When granting defendant's motion in limine, the Court stated that "[a] conspiracy is an agreement between two or more persons to accomplish an unlawful objective or a lawful objective through an unlawful act" and then concluded that the government had not yet shown by a preponderance that Rafiekian and Alptekin had agreed "to have Rafiekian operate as an undisclosed Turkish agent or cause the filing of a false FARA statement." Dkt. 292, at 27–28. The government respectfully submits that this statement conflates the standard for criminal conspiracy and the

1

standard for admissibility under Rule 801(d)(2)(E). In order to prove a substantive count of criminal conspiracy, the government must certainly prove—and is confident the evidence adduced at trial will do so—that Rafiekian agreed to commit unlawful acts. However, admissibility under Rule 801(d)(2)(E) extends more broadly to statements during and in furtherance of *any* agreed-upon joint venture, whether lawful or unlawful in nature.

Six federal circuits have expressly addressed this issue, and all six have reached this conclusion. *See, e.g.*, *United States v. El-Mezain*, 664 F.3d 467, 503 (5th Cir. 2011) ("[A] statement may be admissible under Rule 801(d)(2)(E) if it is made in furtherance of a lawful joint undertaking."); *United States v. Gewin*, 471 F.3d 197, 201 (D.C. Cir. 2006); *United States v. Russo*, 302 F.3d 37, 45 (2d Cir. 2002); *United States v. Kelley*, 864 F.2d 569, 573 (7th Cir. 1989); *United States v. Layton*, 855 F.2d 1388, 1398–400 (9th Cir. 1988), *overruled on other grounds by United States v. George*, 960 F.2d 97 (9th Cir. 1992); *United States v. Trowery*, 542 F.2d 623, 626–27 (3d Cir. 1976). Although the Fourth Circuit has not squarely ruled on this issue, it has cited with approval the Ninth Circuit's decision holding that a joint venture need not be illegal to fall within Rule 801(d)(2)(E). *See United States v. Shores*, 33 F.3d 438, 442 & n.3 (4th Cir. 1994) (citing *Layton*). The consensus is such that the leading federal evidence treatises have adopted this statement of the law. *See, e.g.*, 2 McCormick on Evidence § 259 & n.43 (7th ed. 2016); Mueller & Kirkpatrick, Federal Evidence § 8:59 (4th ed. 2019).

The reason for this distinction is that, as numerous courts have recognized, the co-conspirator hearsay exception is not predicated on the existence of a *criminal* conspiracy but on more fundamental "concepts of agency and partnership law." *Gewin*, 471 F.3d at 201; *see also United States v. Coe*, 718 F.2d 830, 835–36 & n.3 (7th Cir. 1983) (describing "concepts of agency law" behind the rule); *United States v. Postal*, 589 F.2d 862, 886 n.41 (5th Cir. 1979) (same). Rule

801(d)(2)(E) "embodies the long-standing doctrine that when two or more individuals are acting in concert toward a common goal, the out-of-court statements of one are not hearsay and are admissible against the others, if made in furtherance of the common goal." *United States v. Weisz*, 718 F.2d 413, 433–34 (D.C. Cir. 1983) (citing *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 249 (1917)). That the Rule uses the term "conspiracy" does not "refer solely to unlawful combinations." *Id.* at 433. Whether lawful or unlawful, a joint venture makes its participants "partners in the joint undertaking" and therefore "agents of each other." *El-Mezain*, 664 F.3d at 503. As the Third Circuit explained, the rule's "rationale is the common sense appreciation that a person who has authorized another to speak or to act to some joint end will be held responsible for what is later said or done by his agent, whether in his presence or not." *Trowery*, 542 F.2d at 626. Indeed, that understanding is explicit in the legislative history. *See* S. Rep. 93-1277, 1974 U.S.C.C.A.N. 7051, 7073 ("While this rule refers to a coconspirator, it is this committee's understanding that the rule is meant to carry forward the universally accepted doctrine that a joint venturer is considered as a coconspirator for the purpose of this rule even though no conspiracy has been charged.").

Accordingly, so long as the government establishes an agreement between Rafiekian and Alptekin to engage in a common enterprise or joint venture, their statements during and in furtherance of that venture are not hearsay under Rule 801(d)(2)(E). The government need not show that the purpose or means of that joint venture was unlawful. Moreover, as the Court noted in its order, statements are admissible if they occur within the context of any joint venture in which defendant knowingly participated. *See* Dkt. 292, at 27.

**II.     Agreements may be tacit and proved by circumstantial evidence.**

It is well established that an agreement—for purposes of criminal conspiracy or a lawful joint venture—"need not be shown to have been explicit." *Iannelli v. United States*, 420 U.S. 770,

777 n.10 (1975). The Fourth Circuit has repeatedly confirmed that "[a] tacit or mutual understanding between or among the alleged conspirators is sufficient to show a conspiratorial agreement." *United States v. Chorman*, 910 F.2d 102, 109 (4th Cir. 1990); *accord United States v. Hackley*, 662 F.3d 671, 679 (4th Cir. 2011); *United States v. Ellis*, 121 F.3d 908, 922 (4th Cir. 1997). A co-conspirator need not have "full knowledge of all of the conspiracy's details" so long as "he joins the conspiracy with an understanding of the unlawful nature thereof." *United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996) (en banc). Moreover, a party to a conspiracy may have the requisite knowledge of its nature through willfulness blindness or deliberate ignorance. *See United States v. Bivins*, 104 F. App'x. 892, 897 (4th Cir. 2004) ("Because willful blindness serves as a proxy for knowledge, there is nothing inconsistent in saying that a defendant knowingly joined a conspiracy because he was willfully blind to the conspiracy's existence and purpose."); *accord United States v. Camara*, 908 F.3d 41, 45 n.1 (4th Cir. 2018) (affirming willfulness blindness instruction on a conspiracy charge); *United States v. Sterling*, 701 F. App'x. 196, 205 (4th Cir. 2017) (same).

The existence of a conspiracy—and a person's connection to it—"generally is proved by circumstantial evidence and the context in which the circumstantial evidence is adduced," and "may be inferred from a development and collocation of circumstances." *Burgos*, 94 F.3d at 858 (quoting *Glasser v. United States*, 315 U.S. 60, 80 (1942)). Moreover, it is well established that "subsequent conduct may be highly probative of prior intent." *United States v. Hadaway*, 681 F.2d 214, 217 (4th Cir. 1982); *accord United States v. Torrez*, 869 F.3d 291, 302 (4th Cir. 2017). "That one has thought in a particular illegal way over a period of time is evidence that one's thought patterns had already been so developed and were so operating on another previous occasion." *Hadaway*, 681 F.2d at 217. As a common example, later attempts to hide or obscure conduct indicates consciousness of guilt and, therefore, criminal intent. *See, e.g.*, *United States v. Zayyad*, 741

F.3d 452, 463 (4th Cir. 2014). Indeed, the Fourth Circuit has specifically noted that "[f]rustration of investigatory efforts" by federal officials "in a highly regulated environment" may be "central to the conspiracy" and thus constitute an act in furtherance of the conspiracy's objects. *United States v. Mann*, 161 F.3d 840, 859 (4th Cir. 1998). The government may therefore rely on circumstantial evidence, including subsequent actions by co-conspirators or joint venturers, to prove both the existence of an agreement—express or tacit—and its object.

### III. Conclusion

The Court concluded in its pre-trial order that there was already a preponderance of evidence establishing the Turkish government's direction and control of Inovo's contract with Flynn Intel Group. *See* Dkt. 292, at 29. Rafiekian's central role in causing FIG to enter into that contractual relationship, and his continued activities carrying out that contract in concert with Alptekin and Inovo, thus establishes the necessary joint venture that gives rise to admissibility under Rule 801(d)(2)(E). Though knowledge of criminality is not required for admissibility, the government is confident that the evidence adduced at trial will show not only the existence of this joint venture but an agreement between Rafiekian and Alptekin that Rafiekian and FIG would carry on advocacy activities on behalf of the Turkish government in the United States while concealing those activities from his associates, the United States public, and federal regulators in violation of federal law.

                                                   Respectfully submitted,

                                                   G. ZACHARY TERWILLIGER
                                                 UNITED STATES ATTORNEY

| _____/s/_____ | By: | _____/s/_____ |
|---|---|---|
| Evan N. Turgeon | | John. T. Gibbs |
| Trial Attorney | | Virginia Bar No. 40380 |
| Counterintelligence and Export | | James P. Gillis |
|     Control Section | | Virginia Bar No. 65055 |
| National Security Division | | Assistant United States Attorneys |
| United States Department of Justice | | Katie Sweeten |
| 950 Pennsylvania Avenue NW | | Special Assistant United States Attorney |
| Washington, DC 20530 | | United States Attorney's Office for the Eastern |
| (202) 353-0176 | |     District of Virginia |
| evan.turgeon@usdoj.gov | | 2100 Jamieson Avenue |
| | | Alexandria, VA 22314 |
| | | Tel.: (703) 299-3700 |
| | | Fax:  (703) 299-3981 |
| | | james.p.gillis@usdoj.gov |
| | | john.gibbs@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                /s/
         John T. Gibbs
         Assistant United States Attorney