IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:18-CR-457-AJT |
| BIJAN RAFIEKIAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The government hereby moves the Court to order the Flynn Intel Group ("FIG") and Covington & Burling LLP ("Covington") to produce to the government materials responsive to two 2017 grand jury subpoenas to FIG, which the Court recently ruled are neither subject to attorney-client privilege nor protected opinion work product.[1]

On April 5, 2017, the government served a grand jury subpoena on the Flynn Intel Group ("FIG") by way of its then-counsel, Covington & Burling LLP ("Covington"). *See* Exhibit 1, attached hereto. The April 5th subpoena directed FIG to produce by April 27, 2017,

> any and all documents and physical objects currently in the possession, custody, or control of Flynn Intel Group ("FIG"), including but not limited to contracts, bank records, communications (whether paper or electronic (email)) and attachments, internal memoranda, and any drafts thereof, relating to [numerous topics, including] [a]ny records, research, payments, invoices, communications, correspondence, or internal memoranda (including related drafts thereof) relating to FIG's work for or interactions with Inovo BV; . . . Ekim Alptekin; individuals associated with the government of the Republic of Turkey; . . . [and] articles (published,

---

[1] On April 9, 2019, the Court ordered that Covington produce FIG's client file, including these materials, to the defendant. Dkt. 101.

> unpublished, or contemplated) relating to research conducted for Inovo BV or the Republic of Turkey.

*Id.*

On June 15, 2017, the government served a second subpoena on FIG by way of Covington. *See* Exhibit 2, attached hereto. The June 15th subpoena directed FIG to produce by June 28, 2017,

> any and all documents and physical objects relating or belonging to the Flynn Intel Group LLC ("FIG LLC") or Flynn Intel Group Inc. ("FIG INC"), including but not limited to contracts, bank records, financial records, business records, communications (whether paper or electronic (email)) and attachments, internal memoranda, and any drafts thereof, from January 1, 2014, to present, whether said documents and physical objects are currently in the possession, custody, or control of FIG LLC, FIG INC, or any agents or custodians of FIG LLC or FIG INC, including but not limited to Michael T. Flynn, Michael G. Flynn, Bijan Rafiekian. Responsive material shall include any and all information, records, documents, and communications drafted for, created by, pertaining to, or involving FIG LLC or FIG INC.

*Id.*

In its memorandum opinion on July 9, 2019, the Court ruled that:

> Defendant Rafiekian's statements to the law firm of Covington & Burling LLP ("Covington") are not privileged to the extent made for the purposes of the public disclosures contained in the March 7, 2017 filing by Covington on behalf of FIG pursuant to the Foreign Agents Registration Act ("FARA"); [and]
>
> Covington's opinion work product pertaining to the FARA filing, including the information it received, its assessment of that information, the judgments it made, and what caused it to include the allegedly false statements, is not protected opinion work product.

Dkt. 292 at 3.

On Friday, July 12, 2019, the government verbally requested that current counsel for FIG produce these materials, and noted that time was of the essence, given that trial was scheduled to begin on Monday, July 15. Also on July 12, the government emailed this request to FIG's

current counsel and to Covington, attaching the April 5th subpoena, the June 15th subpoena, and the Court's memorandum opinion. Covington responded by email the same day, copying FIG's current counsel and General Flynn's current counsel, and proposed that the government engage with them because they are the ones who would have to authorize any production at this point because the documents belong to them. To date, neither FIG's current counsel nor General Flynn's current counsel have responded to the government's request to produce these documents.

In light of the importance of these documents to the government's case, *see* Dkt. 292 at 35, the government respectfully requests that the Court order FIG and Covington to produce these materials to the government immediately.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

| /s/ | By: /s/ |
|---|---|
| Evan N. Turgeon | James P. Gillis |
| Trial Attorney | Virginia Bar No. 65055 |
| Counterintelligence | John T. Gibbs |
|     and Export Control Section | Virginia Bar No. 40380 |
| National Security Division | Assistant United States Attorneys |
| United States Department of Justice | The Justin W. Williams |
| 950 Pennsylvania Ave., NW |     United States Attorney's Office |
| Washington, DC 20530 | 2100 Jamieson Avenue |
| (202) 353-0176 | Alexandria, VA 22314 |
| Evan.Turgeon@usdoj.gov | (703) 299-3700 |
| | (703) 299-3982 (fax) |
| | James.P.Gillis@usdoj.gov |
| | John.Gibbs@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to counsel of record.

I further certify that on July 14, 2019, I served a copy of the foregoing by email on:

David A. Warrington
Kutak Rock LLP
*Counsel for Flynn Intel Group*
1625 Eye Street, NW, Suite 800
Washington, DC 20006
(202) 828-2437
(202) 828-2488 (fax)
david.warrington@kutakrock.com


Respectfully submitted,

/s/
Evan N. Turgeon
Trial Attorney
U.S. Department of Justice