**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 1:18-CR-457-AJT** |
| | ) | |
| **BIJAN RAFIEKIAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIRD-PARTY FLYNN INTEL GROUP'S OPPOSITION TO THE**
**GOVERNMENT'S MOTION TO COMPEL AND MOTION TO QUASH**

Flynn Intel Group ("FIG") files this opposition to the government's motion to compel production of documents responsive to two Spring 2017 subpoenas (Dkt. 312) filed on the afternoon of the Sunday before trial of this matter is set to begin.

**BACKGROUND**

On Friday, July 12, 2019 at approximately 10:35 a.m. at the conclusion of a government witness preparatory interview of FIG's former counsel Robert Kelner ("Kelner") of the law firm Covington and Burling ("Covington"), counsel for the government, Evan Turgeon asked the undersigned if, as new counsel for FIG,[1] it would produce documents responsive to two 2017 subpoenas (Dkts. 312-1 and 2) in light of the Court's July 9, 2019 order (Dkt. 292). On behalf of FIG the undersigned counsel responded that he would review the issue in light of the Court's order and the documents sought by those subpoenas and asked Mr. Turgeon to forward the copies of subpoenas as the undersigned had not

---

[1]     The undersigned was retained as counsel for FIG on June 19, 2019.

previously seen them.  Mr. Turgeon sent them to counsel at 2:09 p.m.  At 3:55 p.m. on Sunday, July 14, 2019, the government filed and served its motion to compel.

In reviewing this issue several matters have become apparent.

First, the subpoenas are much broader in their requests for documents than is the scope of what would be permissible to be produced by the Court's order (Dkt. 292).  In essence, the Court's order held that documents and information provided to Covington in preparation for the Foreign Agents Registration Act ("FARA") filing was not privileged or otherwise protected because they were provided for use in a public filing.  The process of reviewing documents that would fit within that category is ongoing.

Second, the government likely already has many of the documents that would be covered by the Court's order.  The corporate documents, as requested by the April 5, 2017 subpoena (Dkt. 312-1), were part of the public FARA filing and have been attached as exhibits to various filings in this case.  Indeed, there have been several filings that have contained the hand written and typed notes of Covington attorneys working on preparing the FIG's FARA filing.  Dkt. No. 270; *see also* Dkt. No. 98, United States v. Michael T. Flynn, Case No. 1:17-cr-232(EGS) in the United States District Court for the District of Columbia.

Furthermore, given that the government has had Covington and its attorneys as cooperating witnesses in this case for more than a year—Mr. Kelner is scheduled to testify for the Government in its case in chief—the

government has already had access to the information authorized to be disclosed pursuant to the Court's limited order.  Indeed, Covington, on behalf of its prior clients, FIG included, granted a limited waiver of privilege on June 13, 2018 that waived privilege to precisely the information sought by the government in its motion to compel as limited by the Court's July 9th Order.  Pursuant to that limited waiver the government was permitted to ask Covington attorneys regarding:

1.    factual representations made to counsel, in connection with the preparation of FIG's FARA filing;

2.    the sources of such factual representations;

3.    factual information concerning who (other than counsel) reviewed drafts of the FARA filing;

4.    factual information concerning any comments or corrections or questions made by people who reviewed drafts of the FARA filing (other than counsel) concerning the filing; and

5.    When, how, and in what form counsel received communications from FIG personnel concerning the content of the FARA filing.

Exh. 1.

Shortly after this limited waiver was given, on June 21, 2018, the government interviewed Covington's Brian Smith ("Smith").  The government's first question to Smith was:

> What are all the sources of information, witnesses, statements of witnesses, Bijan, and others, that Covington used to complete, first, the letter was sent originally, and the ultimately the FARA filing itself.

3

Exh. 2 at 12 (notes of the government's June 21, 2018 interviews of Covington attorneys Kelner and Smith).

For more than a year, the government has been provided with information and testimony about what was provided to Covington lawyers in preparation for the FARA filing and by whom. Within the last month alone, the government has conducted two witness preparation sessions with Mr. Kelner (totaling more than five and a half hours in the last week alone) which covered this material in great detail.

Since mid 2017, the government has also been in possession of FIG's documents obtained by the Office of Special Counsel, including data from every electronic device of FIG's Chief Executive Officer retired Lieutenant General Michael T. Flynn ("Flynn"). If the government was concerned that they did not have certain documents or information responsive to two subpoenas issued more than two years ago (April 5, 2017 and June 15, 2017 respectively) it should not have waited until this late date, literally the night before trial, to seek to obtain those documents or information.

Third, the undersigned does not yet have a full copy of the FIG file. The effort to obtain the full file[2] and put it in a platform so that it may be reviewed is ongoing. A review of those documents in counsel's possession has already started, but there is no way to complete that review prior to the start of trial on Monday, July 15, 2019, nor, given the size of the files presently in counsel's

---

[2]      The undersigned has been informed that the full file exceeds 256 gigabytes.

possession, is it likely that such a review would be completed before the end of this trial.

Additionally, there are several common interest privilege parties that must be put on notice and have the opportunity to be heard with regard to any documents that may fall subject to those privileges that are not covered by the Court's order.  As an example, at 8:08 p.m. today, the undersigned received an email from counsel for Mr. Ekim Alptekin, Austin Campriello of the Bryan Cave law firm, which stated as follows:

> As we advised Ms. Powell and Mr. Binnall [counsel for Flynn], for a period of time leading up to General Flynn's cooperation with the Special Counsel we, on behalf of Mr. Alptekin, had a joint defense/common interest agreement with the Covington lawyers.  As the email below reports, pursuant to that agreement we had communications with Covington lawyers. Covington had note-takers present during our face-to-face meetings.  Those communications are protected by the attorney/client privilege and written memorialization's [sic] of them are protected as work product.  Mr. Alptekin has not waived and does not waive any privilege or protection with respect to oral or written communications or any documents.  Thank you for your attention to this matter.

The defendant in this case, Mr. Rafiekian also had such an agreement and he is entitled to be heard on this matter.

As a final matter, this motion on the eve of trial, in light of the above-referenced information is exceedingly burdensome to a company that is no longer conducting business and has no assets.  The cost and expense of combing through gigabytes of documents to respond to these 2017 subpoenas to see what is responsive, non-privileged or otherwise protected, and within the

5

scope of the Court's July 9th order is likely to be prohibitive.  Even so, a good faith effort is underway to review documents and to provide the government, and all parties, with documents as is appropriate, though this is likely just producing documents to the government that they already have and have had for some time.

Therefore, Flynn Intel Group respectfully requests that the Court deny the government's motion to compel, thereby quashing these subpoenas.

Dated: July 14, 2019                 Respectfully submitted,

                              _____/s/_____
                              David A. Warrington (Va. Bar No. 72293)
                              Kutak Rock LLP
                              1625 Eye Street, NW, Suite 800
                              Washington, DC 20006
                              Phone: (202) 828-2437
                              Facsimile: (202) 828-2488
                              david.warrington@kutakrock.com
                              Counsel for Flynn Intel Group

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to counsel of record, and further certify that I served a copy of the foregoing by electronic mail on the following:

Evan N. Turgeon
Trial Attorney
Counterintelligence
and Export Control Section
National Security Division
United States Department of
Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 353-0176
Evan.Turgeon@usdoj.gov

James P. Gillis
Virginia Bar No. 65055
John T. Gibbs
Virginia Bar No. 40380
Assistant United States Attorneys
The Justin W. Williams
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 299-3982 (fax)
James.P.Gillis@usdoj.gov
John.Gibbs@usdoj.gov


_____/s/_____
David A. Warrington