IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:18-CR-457-AJT |
| BIJAN RAFIEKIAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## LEGAL COMMERCIAL TRANSACTION JURY INSTRUCTION

I.    **The Government Need Not Prove a Criminal Violation
of Any Statute to Establish that the Defendant's Conduct
Was Not a Legal Commercial Transaction**

Defendant's Proposed Jury Instruction 54A requests the Court to instruct the jury,

contrary to law, that "in order to find the Defendant guilty on Count Two, the government must

also prove beyond a reasonable doubt that the defendant violated FARA." This is incorrect. To

prove that defendant's acts were not a "legal commercial transaction"—and thus that he was an

"agent of a foreign government" under § 951—the government need only prove that his acts

constituted conduct prohibited by FARA, regardless of whether the defendant may also be

subject to criminal penalties for a violation of that statute.

DOJ regulations defining a "legal commercial transaction" require that it be a transaction

"not prohibited by federal or state legislation or implementing regulations." 28 C.F.R. § 73.1(f).

Thus, the necessary *mens rea* to subject the defendant to criminal enforcement under FARA is

unrelated to whether his acts were "not prohibited by federal or state legislation or implementing regulations." The government is not aware of any case law suggesting otherwise.

As detailed in the statute and as introduced at trial through the testimony of FARA Unit Intelligence Research Specialist Jeffrey Gilday, FARA prohibits any person from "act[ing] as an agent of a foreign principal *unless*" he has filed a compliant registration statement. 22 U.S.C. § 612(a) (emphasis added); *see also United States v. Manafort*, 318 F. Supp. 3d 1, 4 (D.D.C. 2018) (holding that FARA prohibits "acting" as an unregistered agent, not just failure to register). FARA also makes it unlawful to disseminate informational materials on behalf of a foreign principal without filing copies with the Attorney General within 48 hours (§ 614(a)) and labeling the materials as being disseminated on behalf of a foreign principal (§ 614(b)), or to contact government officials without immediately disclosing the foreign principal (§ 614(e), (f)).

FARA thus prohibits these acts but only imposes criminal penalties when the acts are committed with a specific *mens rea*.[1] But by prohibiting them, FARA renders them not "legal commercial transactions," such that defendant cannot claim the benefit of § 951(d)(4)'s exception. As a result, the relevant *mens rea* must be derived from § 951, not from FARA's independent criminal enforcement statute.

This is reinforced by the fact that there are numerous substantive and conspiracy cases under Section 951, including in this district, where the conduct at issue was not inherently criminal. For example, in *United States v. Soueid*, the defendant was convicted of a substantive violation of Section 951 for collecting video and audio recordings and other information about individuals in the United States and Syria who were protesting the government of Syria, and

---

[1] The fact that FARA violations are also enforced civilly only buttresses this conclusion. *See RM Broad., LLC v. United States Dep't of Justice*, 379 F. Supp. 3d 1256, 1262 (S.D. Fla. 2019) (holding that "RM Broadcasting is an agent of a foreign principal and is required to register pursuant to FARA").

providing these materials to Syrian intelligence agencies in order to silence, intimidate, and potentially harm the protestors. No. 1:11-CR-494 (E.D. Va. Oct. 28, 2011) (Hilton, J.). In *United States v. Butina*, the defendant was convicted of substantive and conspiracy violations of Section 951 for acting as an agent of a Russian government official for providing information about Americans who were in a position to influence United States politics and taking steps to establish an unofficial line of communication between Russia and these Americans. No. 1:18-cr-00218 (D.D.C. Apr. 26, 2019). And in *United States v. Chapman et al.*, the government charged eight individuals with conspiracy to violate Section 951 for carrying out long-term, "deep-cover" assignments in the United States on behalf of the Russian Federation "in the service of one primary, long-term goal: to become sufficiently 'Americanized' such that they can gather information about the United States for Russia, and can successfully recruit sources who are in, or are able to infiltrate, United States policy-making circles." No. 10-CR-598 (S.D.N.Y. June 27, 2010).

In all of these cases, where the conduct at issue was similar to the conduct for which the defendant has been charged, the conduct was not inherently criminal, other than being undertaken in violation of Section 951. As a result, the jury need not find a criminal FARA violation to support a conviction under the Section 951 prong of Count 1.

II. **A Conspiracy To Violate FARA Need Not Be Proved To Establish a FARA Violation**

Additionally, defendant's proposed instruction 54A further requests the Court to instruct the jury that "in order to find that the Defendant conspired to violate Section 951 for Count 1, the government must also prove beyond a reasonable doubt that the Defendant conspired to violate FARA." This is also an incorrect statement of the law because an individual substantive

violation of FARA is sufficient to render the defendant's conduct illegal under the definition of

"legal commercial transaction."

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY


_____/s/_____          By: _____/s/_____
Evan N. Turgeon                            James P. Gillis
Trial Attorney                             Virginia Bar No. 65055
Counterintelligence                        John T. Gibbs
   and Export Control Section              Virginia Bar No. 40380
National Security Division                 Assistant United States Attorneys
United States Department of Justice        The Justin W. Williams
950 Pennsylvania Ave., NW                     United States Attorney's Office
Washington, DC 20530                       2100 Jamieson Avenue
(202) 353-0176                             Alexandria, VA 22314
Evan.Turgeon@usdoj.gov                     (703) 299-3700
                                           (703) 299-3982 (fax)
                                           James.P.Gillis@usdoj.gov
                                           John.Gibbs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2019, I electronically filed the foregoing using the

CM/ECF system, which will send a notification of such filing to counsel of record.


Respectfully submitted,


_____/s/_____
Evan N. Turgeon
Trial Attorney
U.S. Department of Justice