UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| | : | |
| BIJAN RAFIEKIAN, et al. | : | |

**DEFENDANT RAFIEKIAN'S RESPONSE TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S LEGAL COMMERCIAL TRANSACTION JURY INSTRUCTION**

Defendant Rafiekian, through counsel, respectfully submits this response to the Government's Opposition to Defendant's Legal Commercial Transaction Jury Instruction [ECF No. 337].

## ARGUMENT

The government agrees that the only conduct the Defendant engaged in this case other than a "legal commercial transaction" is his supposed failure to register under FARA, and therefore that the jury must be instructed that it is the government's burden to "prove that his acts constituted conduct prohibited by FARA."[1] The only dispute is over whether the government may prove that he committed those prohibited acts as a strict liability offense, or whether there is any sort of *mens rea* requirement.

But this Court has already answered that question. In its July 9 Order, the Court held as follows:

---

[1] Defendant continues to assert his objection that the indictment fails to allege any such failure to register under FARA, given that it neither alleges a substantive FARA violation nor even lists the statute or regulation that the Defendant supposedly violated. *See United States v. Daniels*, 973 F.2d 272, 275 (4th Cir. 1992) (finding count in indictment "fatally defective" and dismissing it post-verdict because, although "the indictment returned by the grand jury properly charged Daniels with the knowing transfer of a firearm, it utterly failed to charge that Daniels had accomplished this transfer in violation of the provisions of" an incorporated-by-reference statute, such that there was no guarantee "the grand jury considered and found each of the[] elements").

> Although Rafiekian is not charged with a FARA violation under 22 U.S.C. 612(a), these activities would violate FARA, and therefore be illegal, if they are covered activities and Rafiekian *willfully engaged in them* as an agent of the Turkish government and without a proper FARA registration.

Mem. Op. & Order 24 (July 9, 2019), ECF No. 292 (emphasis added) (footnotes omitted). The Defendant's proposed jury instruction 54A is merely a recitation of what this Court already held.

Without addressing this Court's prior order, the government essentially asks this Court to reconsider it. In the government's view, it is free to prove that the Defendant's acts constituted conduct prohibited by FARA—and accordingly that his conduct was not a legal commercial transaction within the meaning of Section 951—even if it could not prosecute Mr. Rafiekian for any crime. For example, if Mr. Rafiekian had forgotten to fill in a box of the FARA registration form—thus rendering it not "a true and complete registration statement," 22 U.S.C. § 612(a))—the logic of the government's position would render all of the underlying conduct not a "legal commercial transaction" and fully expose him to prosecution under Section 951. That cannot be right.

Instead, it is quite clear from the caselaw that FARA is an "example of a statutory registration requirement," *United States v. Duran*, 596 F.3d 1283, 1294 n.5 (11th Cir. 2010), that punishes the failure to register, not the underlying actions. As the Supreme Court has noted, through FARA, "Congress . . . had a general purpose to regulate agents of foreign principals in the public interest by directing them to register and furnish such information as the Act prescribed." *Viereck v. United States*, 318 U.S. 236, 243 (1943). Indeed, the government made that clear in its opening statement. *See* Trial Tr. 31:3-10 (July 15, 2019), ECF No. 324 ("By the same token, we require transparency from foreign governments when they engage in activities here in this country. In particular, when a foreign government task [sic] its agents to engage in conduct on its behalf in the United States, we require these agents to identify themselves to the

Department of Justice and to reveal what they are doing.  *Failure to do so is a crime*.") (emphasis added).

The government contends that Section 612(a) prohibits acting as an unregistered agent, not merely failing to register.  But Section 612 is titled "Registration statement" and 612(a) is titled "Filing; contents"—both suggesting that the true thrust of the section is the registration requirement.  *See United States v. McGoff*, 831 F.2d 1071, 1075 (D.C. Cir. 1987) (noting that "FARA's registration requirements are set forth in section 612(a)").[2]  Beyond that, FARA has murky compliance requirements—including a number of exceptions, carveouts, and caveats for different types of actions and statuses—suggesting that merely "acting," at least without a guilty *mens rea*, should not be considered illegal by itself.  In other words, although "[t]he general purpose of the legislation was to identify agents of foreign principals who might engage in subversive acts or in spreading foreign propaganda, and to require them to make public record of the nature of their employment," the specific "means adopted to accomplish that end are defined by the statute itself"—that is, by requiring disclosure in the enumerated circumstances but only making "willful" violations illegal.  *Viereck*, 318 U.S. at 241.

Moreover, the government chose not to bring criminal charges against the Defendant under FARA presumably because it knew it could not prove the "willfulness" *mens rea* required under that statute.  *See* 22 U.S.C. 618(a)(1) ("Any person who . . . willfully violates any provision of this subchapter or any regulation thereunder . . . shall, upon conviction thereof, be punished by a fine . . . or by imprisonment . . . .").  It is telling that the government cannot even

---

[2] The only case the government cites for the proposition that FARA is not a registration statute dealt with a separate issue—whether the "conduct detailed in the indictment . . . 'promoted' the commission of a FARA offense, and the offense . . . generated 'proceeds' for purposes of the money laundering statute." *United States v. Manafort*, 318 F. Supp. 3d 1, 3 (D.D.C. 2018).  Nor did that case actually consider the application of the "legal commercial transaction" element and whether certain conduct fell within the definition of that term.

3

describe why the Defendant's conduct was illegal without relying on the substantive terms of FARA.  The government's case is essentially a FARA case brought under a different statute.  The Court should reject the government's attempt to bring a failure-to-register charge without satisfying FARA's *mens rea*.  Because the Defendant has been charged under a *criminal* statute, FARA's *mens rea* should apply.

In any event, because the government is prosecuting the Defendant for conduct that, at its core, is not crime—lobbying, public relations, and consulting services that are otherwise legal and commercial—"the presumption in favor of a scienter requirement should apply to each of the statutory elements" of the crime.  *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2195 (2019).  Because the absence of a legal commercial transaction is an element of Section 951, the government must prove scienter with respect to that element as well—*i.e.*, that the Defendant *knew* he was not engaged in a legal commercial transaction.  Accordingly, at a bare minimum, the government must prove that Rafiekian *knew* that he was engaged in conduct that was not a legal commercial transaction— meaning that, as applied here, he must know that his conduct violated FARA.

Dated: July 20, 2019

Respectfully submitted,

*/s/*
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
James E. Tysse (VA Bar #73490)
John C. Murphy (*Pro Hac Vice*)
Adam A. Bereston (*Pro Hac Vice*)
Samantha J. Block (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
Telephone:  (202) 887-4000
Fax:  (202) 887-4288

        E-mail:  mmacdougall@akingump.com
                   shmitchell@akingump.com

*/s/*_____
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Trout Cacheris & Solomon PLLC
1627 Eye Street, NW
Suite 1130
Washington, DC 20006
Telephone:  (202) 464-3311
Fax:  (202) 463-3319
E-mail:   rtrout@troutcahceris.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 20th day of July 2019, true and genuine copies of Defendant Rafiekian's Response to Government's Opposition to Defendant's Legal Commercial Transaction Jury Instruction were sent via electronic mail by the Court's CM/ECF system to the following:

    James P. Gillis
    John T. Gibbs
    Evan N. Turgeon
    U.S. Attorney's Office (Alexandria-NA)
    2100 Jamieson Avenue
    Alexandria, VA 22314
    Telephone: (703) 299-3700
    Email: james.p.gillis@usdoj.gov
           john.gibbs@usdoj.gov
           evan.turgeon@usdoj.gov

 

/s/_____
Robert P. Trout (VA Bar # 13642)