IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:18-CR-457-AJT |
| BIJAN RAFIEKIAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **GOVERNMENT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

The government hereby submits the following supplemental proposed jury instructions,

which are identical to the instructions submitted in docket entry 343.

INSTRUCTION NO. 27

<u>Nature of the Offense Charged – Count One</u>

(Conspiracy)


Count One of the Indictment charges that:


From at least July 2016, through at least March 2017, in the Eastern District of Virginia and elsewhere, the defendant, BIJAN RAFIEKIAN, together with others known and unknown, knowingly and intentionally conspired:

(1)   To knowingly act and cause others to act in the United States as an agent of a foreign government without prior notification to the Attorney General, in violation of 18 U.S.C. § 951; and

(2)   To willfully make in a document filed with or furnished to the Attorney General under the provisions of the Foreign Agents Registration Act (FARA) a false statement of a material fact, and to willfully omit from the document a material fact required to be stated therein, and to willfully omit from the document a material fact or a copy of a material document necessary to make the statements therein and the copies of documents furnished therewith not misleading.


A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.  There are two objects of the conspiracy charged in Count One: first, the defendant is accused of having conspired to knowingly act or cause others to act in the United States as an agent of a foreign government

without prior notification to the Attorney General in violation of Title 18, United States Code, Section 951, and, second, the defendant is accused of having conspired to make false statements and willful omissions in a FARA filing, in violation of Title 22, United States Code, Section 618(a)(2).

(All in violation of Title 18, United States Code, Sections 371, 951 and

Title 22, United States Code Section 618(a)(2).

Superseding Indictment.

INSTRUCTION NO. 28

<u>Statutes Defining the Offenses – Count One</u>

(Conspiracy)

Title 18, United States Code, Section 371 provides, in part, that:

> If two or more persons conspire either to commit any offense against the United States . . . or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each

shall be guilty of an offense against the United States.

Title 18, United States Code, Section 951 provides, in part, that:

> Whoever, other than a diplomatic or consular officer or attaché, acts in the United States as an agent of a foreign government without prior notification to the Attorney General

shall be guilty of an offense against the United States.

Title 22, United States Code, Section 618(a)(2) provides, in part, that:

> Any person who in any registration statement or supplement thereto or in any other document filed with or furnished to the Attorney General under the provisions of this subchapter willfully makes a false statement of a material fact or willfully omits any material fact required to be stated therein or willfully omits a material fact or a copy of a material document necessary to make the statements therein and the copies of documents furnished therewith not misleading

shall be guilty of an offense against the United States.

18 U.S.C §§ 371, 951; 22 U.S.C § 618(a)(2).

INSTRUCTION NO. 29

Essential Elements of the Charged Offense – Count One

(Conspiracy)


The essential elements of conspiracy to act as an agent of a foreign government and to make false statements and willful omissions in a FARA filing, each of which the Government must prove beyond a reasonable doubt, are as follows:

First, that the conspiracy, agreement, or understanding to act as an agent of a foreign government or to make false statements and willful omissions in a FARA filing, as described in the Indictment, was formed, reached, or entered into by two or more persons;

Second, that at some time during the existence or life of the conspiracy, agreement, or understanding, the defendant, BIJAN RAFIEKIAN, knew the purpose of the conspiracy, agreement, or understanding;

Third, that with knowledge of the purpose of the conspiracy, agreement, or understanding, the defendant, BIJAN RAFIEKIAN, then deliberately joined the conspiracy, agreement, or understanding; and

Fourth, that at some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the Indictment and did so in order to further or advance the purpose of the agreement.


2 Fed. Jury Prac. & Instr. § 31:03 (6th ed.)

INSTRUCTION NO. ▢

Elements of the Conspiracy's Objects –

Making False Statements and Willful Omissions in a FARA Filing

In Count One, the government has alleged that one of the objects of the conspiracy was to make false statements and willful omissions in a FARA filing.  For Count One, the government does not have to prove that the defendant committed this crime; only that this was an object of the conspiracy.  In considering whether this was an object of the conspiracy, the following legal principles and definitions apply.

The elements of the crime of making false statements and willful omissions in a FARA filing are:

First, that the defendant made a false statement of a material fact, omitted a material fact required to be stated, or omitted a material fact necessary to the make the statements not misleading;

Second, that the defendant made such a statement in a document filed with or furnished to the Attorney General under FARA; and

Third, that the defendant acted willfully.

22 U.S.C. §§ 612 & 618(a)(2).

INSTRUCTION NO. 32

<u>"Material" – Defined</u>

For purposes of Count One, a statement is "material" if it has a natural tendency to influence a governmental action or is capable of influencing a governmental action.  It is not necessary for the government to prove that the statement here charged actually did influence a governmental action.

*United States v. Stover*, 499 F. App'x 267, 273 (4th Cir. 2012) (affirming proposed instruction); *see also United States v. Garcia-Ochoa*, 607 F.3d 371, 375 (4th Cir. 2010) (first sentence), *cert. denied*, 562 U.S. 975 (2010); *United States v. Hamilton*, 699 F.3d 356, 362 (4th Cir. 2012) (second sentence).

For purposes of Count One, Congress has stated in FARA that the following information is material:

1. The name of every foreign principal for whom the registrant is acting, assuming or purporting to act or has agreed to act;  [22 U.S.C. § 612(a)(3)]

2. The extent, if any, to which each such foreign principal is supervised, directed, owned, controlled, financed, or subsidized, in whole or in part, by any government of a foreign country or foreign political party, or by any other foreign principal;  [22 U.S.C. § 612(a)(3)]

3. Copies of each written agreement and the terms and conditions of each oral agreement, including all modifications of such agreements;  [22 U.S.C. § 612(a)(4)]

4.      Where no contract exists, a full statement of all the circumstances, by reason
        of which the registrant is an agent of a foreign principal;  [22 U.S.C.
        § 612(a)(4)]

5.      A comprehensive statement of the nature and method of performance of each
        such contract, and of the activity or activities engaged in by the registrant as
        agent of a foreign principal for each such foreign principal, including a
        detailed statement of any such activity which is a political activity;  [22 U.S.C.
        § 612(a)(4)]

6.      A detailed statement of every activity which the registrant is performing or is
        assuming or purporting or has agreed to perform for himself or any other
        person other than a foreign principal and which requires his registration
        hereunder, including a detailed statement of any such activity which is a
        political activity;  [22 U.S.C. § 612(a)(6)]

7.      The name, business, and residence addresses, and if an individual, the
        nationality, of any person other than a foreign principal for whom the
        registrant is acting, assuming or purporting to act or has agreed to act under
        such circumstances as require his registration hereunder; the extent to which
        each such person is supervised, directed, owned, controlled, financed, or
        subsidized, in whole or in part, by any government of a foreign country or
        foreign political party or by any other foreign principal;  [22 U.S.C.
        § 612(a)(7)]

8.      A detailed statement of the money and other things of value spent or disposed
        of by the registrant during the preceding sixty days in furtherance of or in

connection with activities which require his registration hereunder and which have been undertaken by him either as an agent of a foreign principal or for himself or any other person or in connection with any activities relating to his becoming an agent of such principal,  [22 U.S.C. § 612(a)(8)]

9.   Copies of each written agreement and the terms and conditions of each oral agreement, including all modifications of such agreements, or, where no contract exists, a full statement of all the circumstances, by reason of which the registrant is performing or assuming or purporting or has agreed to perform for himself or for a foreign principal or for any person other than a foreign principal any activities which require his registration hereunder;  [22 U.S.C. § 612(a)(9)]

10.   Anything else required to be listed on the FARA forms;  and [22 U.S.C. §§  612(a)(10); 612(b)]

11.   Any further statements and documents as are necessary to make the statements made in the registration statement and supplements thereto, and the copies of documents furnished therewith, not misleading.  [22 U.S.C. § 612(a)(11)]

It is for you to determine, however, whether any of the statements in the FARA filings that the government has alleged were false were material false statements.

INSTRUCTION NO. ▢

<u>Elements of the Conspiracy's Objects – Acting as an Agent of a Foreign Government</u>


In Count One, the government has also alleged that a second object of the conspiracy was to knowingly act or cause others to act in the United States as an agent of a foreign government, that is, the Government of Turkey, without prior notification to the Attorney General.  For Count One, the government does not have to prove that the defendant committed this crime; only that this was an object of the conspiracy.  In considering whether this was an object of the conspiracy, the legal principles and definitions applicable to the offense charged in Count Two of the Indictment apply.  I will explain Count Two and those principles and definitions now.


Superseding Indictment.

INSTRUCTION NO. 38

Nature of the Charged Offense – Count Two

(Acting in the United States as an Agent of a Foreign Government)


Count Two of the Indictment charges that:


From approximately July 2016 through approximately March 2017, in the Eastern District of Virginia and elsewhere, the defendant, BIJAN RAFIEKIAN, knowingly acted and caused others to act in the United States as an agent of a foreign government, that is, the Government of Turkey, without prior notification to the Attorney General, as required by law.


(All in violation of Title 18, United States Code, Sections 951 and 2)


Superseding Indictment.

INSTRUCTION NO. 40

Statute Defining the Offense – Count Two

(Acting in the United States as an Agent of a Foreign Government)

Title 18, United States Code, Section 951 provides, in part, that:

> Whoever, other than a diplomatic or consular officer or attaché, acts in the United States as an agent of a foreign government without prior notification to the Attorney General shall be guilty of an offense against the United States.

18 U.S.C. § 951(a).

INSTRUCTION NO. 41

Essential Elements of the Charged Offense – Count Two

(Acting in the United States as an Agent of a Foreign Government)


The essential elements of knowingly acting or causing others to act in the United States as an agent of a foreign government, each of which the Government must prove beyond a reasonable doubt, are as follows:

First, that the defendant, BIJAN RAFIEKIAN, acted or caused others to act in the United States as an agent of a foreign government except as engaged in a legal commercial transaction;

Second, that the defendant, BIJAN RAFIEKIAN, failed to notify the Attorney General of the United States that he would be acting in the United States as an agent of the foreign government prior to so acting;

Third, that the defendant, BIJAN RAFIEKIAN, acted knowingly.

Fourth, that the defendant, BIJAN RAFIEKIAN, acted or caused others to act at least in part, as an agent for a foreign government in the Eastern District of Virginia during the time period alleged in the indictment.


18 U.S.C. § 951.

INSTRUCTION NO. ▓

Legal Commercial Transaction

The term "legal commercial transaction" means any exchange, transfer, purchase or sale, of any commodity, service or property of any kind, including information or intellectual property, not prohibited by federal or state legislation or implementing regulations.  [28 C.F.R. § 73.1(f)]

The government has alleged that the defendant's conduct was not a "legal commercial transaction" because it was prohibited under the following provisions of the Lobbying Disclosure Act:

1.    Registration forms under the Lobbying Disclosure Act must truthfully state the name of the registrant's client;  [2 U.S.C. § 1603(b)(2)]

2.    Registration forms under the Lobbying Disclosure Act must truthfully state the name of any organization, other than the client, that contributes more than $5,000 to the registrant or the client in the quarterly period to fund the lobbying activities of the registrant;  [2 U.S.C. § 1603(b)(3)(A)]

3.    Registration forms under the Lobbying Disclosure Act must truthfully state, to the extent practicable, specific issues that have (as of the date of the registration) already been addressed or are likely to be addressed in lobbying activities; and  [2 U.S.C. § 1603(b)(5)(A)]

4.    Registration forms under the Lobbying Disclosure Act must truthfully state the name of each employee of the registrant who has acted or whom the

registrant expects to act as a lobbyist on behalf of the client.  [2 U.S.C.

§ 1603(b)(5)(B)]


The government has also alleged that the defendant's conduct was not a "legal

commercial transaction" because it was prohibited under the following provisions of the Foreign

Agents Registration Act (FARA):

5.     No person shall act as an agent of a foreign principal unless he has filed a true

and complete FARA registration form with the Attorney General,;  [22 U.S.C.

§ 612(a)]

6.     No person acting as an agent of a foreign principal shall disseminate

informational materials, including op-ed articles, on behalf of a foreign

principal without filing two copies of the materials with the Attorney General

within 48 hours,;  [22 U.S.C. § 614(b)]

7.     No person acting as an agent of a foreign principal shall disseminate

informational materials, including op-ed articles, on behalf of the foreign

principal without labeling the materials as being disseminated on behalf of the

foreign principal,;  [22 U.S.C. § 614(b)]

8.     No person acting as an agent of a foreign principal shall contact any

government official, including any member of Congress, for the purpose of

lobbying in the interests of the foreign principal without informing the official

that the person is lobbying for the foreign principal,.  [22 U.S.C. § 614(e)]

INSTRUCTION NO. ▢

Legal Commercial Transaction – Agent of a Foreign Principal

For purposes of the requirements listed in numbers five though eight of Jury Instruction number ▢ ("Legal Commercial Transaction"), the term "agent of a foreign principal" means any person who both:

1. acts as an agent, representative, employee, or servant, or in any other capacity acts at the order, request, or under the direction or control, of a foreign principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal, or agrees, consents, assumes or purports to act as, or who holds himself out to be, whether or not pursuant to contractual relationship, an agent of a foreign principal; and  [22 U.S.C. § 611(c)(1, 2)]

2. does any of the following, directly or through any other person:

   a. engages within the United States in political activities for or in the interests of such foreign principal;  [22 U.S.C. § 611(c)(1)(i)]

      i. The term "political activities" includes any activity (1) intended to influence the U.S. government or public with regard to changing U.S. policies or (2) with reference to a foreign country's political or public interests.  [22 U.S.C. § 611(o)]

   b. acts within the United States as a public relations counsel or publicity agent for or in the interests of such foreign principal;  [22 U.S.C. § 611(c)(1)(ii)]

      i. The term "public-relations counsel" includes any person who engages directly or indirectly in representing a principal in any way in any public

relations matter pertaining to political or public interests, policies, or

relations of such principal.  [22 U.S.C. § 611(g)]

    ii.  The term "publicity agent" includes any person who engages directly or

indirectly in the publication or dissemination of oral or written information

or matter of any kind, including publication by means of periodicals,

newspapers, or otherwise.  [22 U.S.C. § 611(h)]

c.  within the United States disburses or dispenses contributions, money, or other

things of value for or in the interest of such foreign principal; or  [22 U.S.C.

§ 611(c)(1)(iii)]

d.  within the United States represents the interests of such foreign principal before

any agency or official of the Government of the United States.  [22 U.S.C.

§ 611(c)(1)(iv)]


For purposes of this instruction, the term "foreign principal" includes the government of a

foreign country, a foreign political party, an individual outside of the United States unless that

individual is a U.S. citizen who lives in the United States, and entities—such as corporations,

partnerships, or organizations—that are organized under the laws of or have their principal place

of business in a foreign country.  [22 U.S.C. § 611(b)(1-3)]

In this case, the government has alleged that the Government of Turkey, Kamil Ekim

Alptekin, and Inovo B.V. are foreign principals.  It is for you to determine whether any of these

entities are foreign principals.

INSTRUCTION NO. ▮

<u>Legal Commercial Transaction – The Lobbying Disclosure Act Exception</u>

The Lobbying Disclosure Act ("LDA") Exception is an exception to certain requirements under FARA.  The LDA exception would apply, and therefore the defendant's conduct would not have been in violation of the requirements listed in numbers five though eight of Jury Instruction number ▮ ("Legal Commercial Transaction"), if you find that all of the following requirements are met:

1.  FIG was engaged in lobbying activities; and

2.  FIG registered under the Lobbying Disclosure Act; and

3.  The Government of Turkey was not the principal beneficiary of those lobbying activities; and

4.  FIG's lobbying activities were not done at the order, request, or under the direction or control of the Government of Turkey.

Thus, if you find that FIG engaged in lobbying, that its lobbying did not principally benefit the government of Turkey, and that is lobbying also was not done at the request, order, direction or control of the government of Turkey, and that FIG registered under the Lobbying Disclosure Act, you should find that the Lobbying Disclosure Act Exception applies as to the requirements listed in numbers five though eight of Jury Instruction number ▮ ("Legal Commercial Transaction").

However, if you find that FIG lobbied on behalf of government of Turkey,  that the government of Turkey was the principal beneficiary of FIG's lobbying, or did not register under the LDA, then the Lobbying Disclosure Act Exception does not apply to the requirements listed in numbers five though eight of Jury Instruction number ▮ ("Legal Commercial Transaction").

22 U.S.C. § 613(h); 28 C.F.R. § 5.307.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

<table>
<tr><td>_____/s/_____</td><td>By: _____/s/_____</td></tr>
<tr><td>Evan N. Turgeon</td><td>James P. Gillis</td></tr>
<tr><td>Trial Attorney</td><td>Virginia Bar No. 65055</td></tr>
<tr><td>Counterintelligence</td><td>John T. Gibbs</td></tr>
<tr><td>   and Export Control Section</td><td>Virginia Bar No. 40380</td></tr>
<tr><td>National Security Division</td><td>Assistant United States Attorneys</td></tr>
<tr><td>United States Department of Justice</td><td>The Justin W. Williams</td></tr>
<tr><td>950 Pennsylvania Ave., NW</td><td>   United States Attorney's Office</td></tr>
<tr><td>Washington, DC 20530</td><td>2100 Jamieson Avenue</td></tr>
<tr><td>(202) 353-0176</td><td>Alexandria, VA 22314</td></tr>
<tr><td>Evan.Turgeon@usdoj.gov</td><td>(703) 299-3700</td></tr>
<tr><td></td><td>(703) 299-3982 (fax)</td></tr>
<tr><td></td><td>James.P.Gillis@usdoj.gov</td></tr>
<tr><td></td><td>John.Gibbs@usdoj.gov</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2019, I electronically filed the foregoing using the

CM/ECF system, which will send a notification of such filing to counsel of record.

Respectfully submitted,

_____/s/_____
Evan N. Turgeon
Trial Attorney
U.S. Department of Justice