IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cr-457-AJT-1 |
| | ) | |
| BIJAN RAFIEKIAN, | ) | |
| a/k/a "Bijan Kian," | ) | |
| | ) | |
| Defendant. | ) | |

# **<u>JURY INSTRUCTIONS</u>**

INSTRUCTION NO. 1

Introduction to Final Charge

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel may quite properly refer to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

## INSTRUCTION NO. 2

### **Objections and Rulings**

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards.  It is the sworn duty of the attorneys on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his or her client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

INSTRUCTION NO. 3

**Court's Comments to Counsel**

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the party to whom an admonition of the Court may have been addressed during the trial of this case.

INSTRUCTION NO. 4

**Court's Comments on Certain Evidence**

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

## INSTRUCTION NO. 5

### **Court's Questions to Witnesses**

During the course of a trial, I have occasionally asked questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter – not to help one side of the case or hurt the other side.

Remember at all times that you as jurors are the sole judges of the facts of this case.

## INSTRUCTION NO. 6

### **Note-Taking by Jury**

The Court has permitted you to take notes during the course of this trial.

You, of course, were not obliged to take notes. If you did not take notes you should not be influenced by the notes of another juror, but rely upon your own recollection of the evidence.

Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is. Notes taken by any juror, moreover, are not evidence in the case and must not take precedence over the independent recollection of the evidence received in the case. Any notes taken by any juror concerning this case should not be disclosed to anyone other than a fellow juror.

## INSTRUCTION NO. 7

### Presumption of Innocence, Burden of Proof and, Reasonable Doubt

I instruct you that you must presume the Defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against him.  The indictment is not evidence of any kind.  The defendant is, of course, not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.  The presumption of innocence alone, therefore, is sufficient to acquit the Defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense— the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Defendants has committed each and every element of the offenses charged in the indictment, you must find Defendants not guilty of the offenses.  If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

## INSTRUCTION NO. 8

### Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

INSTRUCTION NO. 9

**Judging the Evidence**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

## INSTRUCTION NO. 10

### Evidenced Received in Case – Stipulations, Judicial Notice, and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted

to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

## INSTRUCTION NO. 11

### **Direct and Circumstantial Evidence**

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

<u>INSTRUCTION NO. 12</u>

**<u>Inferences from the Evidence</u>**

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

## INSTRUCTION NO. 13

### **The Question Is Not Evidence**

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

## INSTRUCTION NO. 14

### **The Indictment is Not Evidence**

An indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crimes charged.  Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

## INSTRUCTION NO. 15

### **Weaker or Less Satisfactory Evidence**

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to, consider this fact in your deliberations.

You must remember, however, that a defendant is not obliged to produce any evidence or to call any witnesses.

## INSTRUCTION NO. 16

### **Number of Witnesses**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

## INSTRUCTION NO. 17

### **Law Enforcement Witness**

You have heard the testimony of one or more law enforcement officials.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

INSTRUCTION NO. 18

**Evidence Admitted for a Limited Purpose Only**

In certain instances evidence has been admitted only for a particular purpose and not for all purposes.  For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned.

<u>INSTRUCTION NO. 19</u>

**<u>Declarations of Co-Conspirators and Others</u>**

Evidence has been received in this case of statements made by Kamil Ekim Alptekin, who is alleged in Count One of the Indictment to be a co-conspirator of the Defendant, and others, including Michael T. Flynn. Such statements were admitted, not as evidence that what he stated was, in fact, true, but solely as evidence of what was said to or in the presence of the Defendant, Mr. Rafiekian. Accordingly, those statements may be considered by you solely for that purpose in connection with any issue that relates to what information Mr. Rafiekian had at any particular time.

INSTRUCTION NO. 20

**Acts of Co-Conspirators and Others**

Evidence has been received in this case that certain persons, who are alleged in Count One of the indictment to be co-conspirators of the Defendant, and others, have done things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count One of the indictment against the Defendant.

Since these acts may have been performed outside the presence of Defendant and even done or said without the defendant's knowledge, these acts should be examined with particular care by you before considering them against the defendant who did not do the particular act.

Acts done by an alleged co-conspirator before a defendant joined a conspiracy may also be considered by you in determining whether the government has sustained its burden of proof in Count One of the indictment.  Acts done before an alleged conspiracy began or after an alleged conspiracy ended, however, may only be considered by you regarding the person who performed that act.

INSTRUCTION NO. 21

**Failure of Defendant to Testify**

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the Defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

## INSTRUCTION NO. 22

### **Character Evidence**

The defendant has offered evidence of his good general reputation for truth and veracity, honesty and integrity, and being a law-abiding citizen.  The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crimes charged, may give rise to a reasonable doubt since the jury may think it improbable or unlikely that a person of good character for truth and veracity, honesty or integrity, and being a law-abiding citizen would commit such a crime or crimes.

INSTRUCTION NO. 23

**Credibility of Witnesses – Generally**

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

## INSTRUCTION NO. 24

### Credibility of Witnesses – Inconsistent Statements

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

<u>INSTRUCTION NO. 25</u>

**<u>Consider Only the Offense Charged</u>**

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

## INSTRUCTION NO. 26

### **Consider Each Count Separately**

A separate crime is charged in each count of the indictment.  Each charge, and the evidence pertaining to it, should be considered separately by the jury.  The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

INSTRUCTION NO. 27

**"On or About" – Explained**

The indictment charges that each offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that each offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

<u>INSTRUCTION NO. 28</u>

**<u>Disjunctive Proof</u>**

Where a statute is worded in the disjunctive—meaning it uses the word "or"—federal

pleading requires the government to charge in the conjunctive—meaning it must use the word

"and." Where a statute specifies several alternative ways in which an offense may be committed,

if only one of those alternatives is proved beyond a reasonable doubt that is sufficient for

conviction.

## INSTRUCTION NO. 29

### **"Knowingly" – Defined**

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

INSTRUCTION NO. 30

**Proof of Knowledge or Intent**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

## INSTRUCTION NO. 31

### **Advice of Counsel**

Defendant claims that he is not guilty of the willful or deliberate wrongdoing as charged in Counts One and Two of the indictment because he acted on the basis of advice from his attorney.

If before taking any action or failing to take some action, Defendant while acting in good faith and for the purpose of securing advice on the lawfulness of his future conduct sought and obtained the advice of an attorney whom he considered to be competent, and made a full and accurate report or disclosure to this attorney of all important and material facts of which he had knowledge or had the means of knowing, and then acted strictly in accordance with the advice his attorney gave following this full report or disclosure, then Defendant would not be willfully or deliberately doing wrong in performing some act the law forbids or omitting some act which the law requires, as those terms are used in these instructions.

Whether Defendant acted in good faith for the purpose of truly seeking guidance as to questions about which he was in doubt, and whether he made a full and complete report or disclosure to his attorney, and whether he acted strictly in accordance with the advice received, are all questions for you to determine.

## INSTRUCTION NO. 32

## <u>Nature of the Offense Charged – Count One</u>

Count One of the indictment alleges a conspiracy in violation of Title 18, United States Code, Section 371. Title 18, United States Code, Section 371 provides, in part, that:

> If two or more persons conspire either to commit any offense against the United States . . . [o]r any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each . . .

shall be guilty of an offense against the United States.

Briefly summarized, Count One of the indictment alleges a conspiracy that had two unlawful objectives in violation of Section 371. The first alleged unlawful objective was to violate Title 18, United States Code, Section 951 (sometimes referred to in these instructions as simply Section 951), which prohibits acting as an agent of a foreign government without proper disclosure. The second unlawful objective was to violate Title 22, United States Code, Section 618 (a) (sometimes simply referred to in these instructions as Section 618 (a)), which prohibits filing or causing to be filed a materially false registration statement under the Foreign Agents Registration Act, referred to as FARA.

More specifically, Count One of the Indictment charges that:

From at least July 2016, through at least March 2017, in the Eastern District of Virginia and elsewhere, the defendant, BIJAN RAFIEKIAN, together with others known and unknown, knowingly and intentionally conspired with Kamil Ekim Alptekin (a) to knowingly act and cause others to act in the United States as an agent of a foreign government, that is, the Government of Turkey without prior notification to the Attorney General, in violation of Title 18, United States Code, Section 951; and (b) to willfully make in a document filed with or furnished to the Attorney General under the provisions of the Foreign Agents Registration Act a false statement

of a material fact, and to willfully omit from the document a material fact required to be stated therein, and to willfully omit from the document a material fact or a copy of a material document necessary to make the statements therein and the copies of documents furnished therewith not misleading, in violation of Title 22, United States Code, Section 618(a)(2), all in violation of Title 18, United States Code, Section 371.

You may find that the government has met its burden of proof as to none, one, or both of the unlawful objectives charged in this count. To find the defendant guilty of the offense of conspiracy, however, you must agree unanimously as to which one or more of the charged unlawful objectives, if any, prove beyond a reasonable doubt.

The Defendant has entered a plea of not guilty to this charge. The government therefore assumes the responsibility of proving beyond a reasonable doubt each of the essential elements of the offense charged in Count One of the indictment as to the Defendant.

## INSTRUCTION NO. 33

### **Essential Elements of the Charged Offense – Count One (Conspiracy)**

As I have already stated, Count One of the indictment charges the defendant with conspiracy to violate Sections 951 and 618(a).

Four essential elements are required for the government to prove the offense of Conspiracy as charged in Count 1 of the Indictment:

One: The conspiracy, agreement, or understanding to violate Section 951 and 618(a) as described in the indictment, was formed, reached, or entered into by two or more persons;

Two: At some time during the existence or life of the conspiracy, agreement, or understanding, the Defendant knew the purpose(s) of the agreement; and

Three: With knowledge of the purpose(s) of the conspiracy, agreement, or understanding, Defendant then deliberately joined the conspiracy, agreement, or understanding; and

Four: At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed an overt act, within the Eastern District of Virginia, in order to further or advance the purpose of the agreement.

INSTRUCTION NO. 34

**Conspiracy - Existence of an Agreement**

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail. The government must prove that the Defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate Title 18, United States Code, Section 951 and Title 22, United States Code, Section 618(a)(2) by means of some common plan or course of action as alleged in Count One of the indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy. Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant and find him not guilty.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. Proof of a conspiracy may be made by circumstantial evidence; it need not be proven by direct evidence. Moreover, to prove that a conspiracy existed, the government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or

methods to carry out the alleged conspiracy; or that all means or methods which were agreed upon were actually used were put into operation. Nor is the government required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

What the evidence in the case must establish beyond a reasonable doubt is that the alleged conspiracy was knowingly formed, and that one or more of the means and methods that the government has alleged were agreed upon to be used in an effort to effect or accomplish some object or purpose of the conspiracy as charged in the indictment; and that two or more persons, including the defendant, were knowingly members of the conspiracy as charged in the indictment.

INSTRUCTION NO. 35

**Conspiracy – What Constitutes Unlawful Conduct Under Section 951 and 618(a)**

As I have explained to you, the indictment charges a conspiracy to violate Section 951 and Section 618 (a) and you therefore must consider whether any conspiracy included an agreement to engage in conduct that would violate those laws.

A. <u>What conduct constitutes a violation of Section 951:</u>

Title 18, United States Code, Section 951 provides, in part, that:

> Whoever, other than a diplomatic or consular officer or attaché, acts in the United States as an agent of a foreign government without prior notification to the Attorney General

shall be guilty of an offense against the United States.

For the purposes of Section 951, an "agent of a foreign government" means "an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official, except that such term does not include . . . any person engaged in a legal commercial transaction." A "legal commercial transaction" means "any exchange, transfer, purchase or sale, of any commodity, service or property of any kind, including information or intellectual property, not prohibited by federal or state legislation or implementing regulations."

Based on these definitions, in order to be an "agent of a foreign government" a person must agree to operate within the United States subject to the direction or control of a foreign government or official and to engage in conduct other than a "legal commercial transaction." In order to prove a conspiracy to violate Section 951, the government must therefore prove that there existed a conspiracy whose objective was to engage in conduct, other than a legal commercial transaction, subject to the direction and control of a foreign government or official.

The government alleges that the conspiracy had as one of its objectives a violation of Section 951 because the conspiracy contemplated lobbying activities and an op-ed, which was placed in the newspaper *The Hill* and its website on November 8, 2016. The government contends that the lobbying activities and the op-ed did not meet the definition of a legal commercial transaction, and the person who engaged in those activities was therefore not excluded from the definition of an "agent of a foreign government" under Section 951, because engaging in those activities violated another provision of FARA, not separately charged, that is, Section 612 of Title 22 of the United States Code, and therefore were "prohibited by federal legislation."

The Court further instructs you that Title 22, United States Code, Section 612(a) states, in pertinent part, that "no person shall act as an agent of a foreign principal unless he has filed with the Attorney General a true and complete registration statement and supplements thereto . . . " as required by FARA.  For the purposes of Section 612(a), an "agent of a foreign principal" is defined as:

> [A]ny person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal, and who directly or through any other person
>
> (i) engages within the United States and political activities for or in the interests of such foreign principal;
>
> (ii) acts within the United States as a public relations counsel, publicity agent, information – service employee or political consultant for or in the interests of such foreign principal;
>
> (iii) within United States solicits, collects, disperses, or dispenses contributions, loans, money, or other things of value for or in the interests of such foreign principal; or

(iv) within the United States represents the interests of such foreign principal before any agency or official of the Government of the United States.

Accordingly, in order to prove that there existed a conspiracy to violate Section 951, the government must prove that the alleged conspiracy included an agreement to engage in conduct that violated Section 612(a). The government must therefore prove that the conspiracy had as one of its objectives conduct that satisfied the essential elements of a violation of Section 612(a), namely, that a person would act as an "agent of a foreign principal," specifically the government of Turkey, as defined for the purposes of Section 612(a), without filing with the Attorney General the required registration statement and supplements under FARA.

In determining whether the government has proven a conspiracy to violate Section 951, the government is not required to prove that the conspiracy contemplated all of the activities that would cause conduct to constitute a violation of Section 612, but you must unanimously agree which contemplated activities constituted a violation of Section 612(a).

B. <u>What conduct constitutes a violation of Section 618(a):</u>

Section 618(a) of Title 22, United States Code provides, in pertinent part, that:

Any person who in any registration statement or supplement thereto or in any other document filed with or furnished to the Attorney General under the provisions of this subchapter willfully makes a false statement of a material fact or willfully omits any material fact required to be stated therein or willfully omits a material fact or a copy of a material document necessary to make the statements therein and the copies of documents furnished therewith not misleading . . .

shall be guilty of an offense against the United States.

A false statement of fact is an assertion that is untrue when made or when used and which is known by the person making it or using it to be untrue.

For the purpose of determining whether a false statement of fact or an omission of a fact was "material," the test of materiality is whether in light of any false statement or omission, the

filed FARA registration statement and associated forms that have been received into evidence failed to provide the information requested.

A person acts "willfully" when he knowingly performed an act, deliberately and intentionally, as contrasted with accidentally, carelessly, or unintentionally and with knowledge that his conduct was unlawful.

Accordingly, in order for you to find that there existed a conspiracy to violate section 618(a), the government must prove that the conspiracy included an agreement that any registration statement filed under FARA would contain a willful material false statement or omission.

## INSTRUCTION NO. 36

### Conspiracy – Membership in an Agreement

In order for the jury to find that the defendant or any other person became a member of the conspiracy charge in Count One, the evidence must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at a place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspiratorial agreement.

To prove defendant joined the alleged conspiracy, the government must prove the defendant intended to commit at least one of the substantive offenses that are the alleged unlawful objectives of the conspiracy agreement.

For a defendant to join a conspiracy, he must share with the partners in the criminal plan the same overall goal and must agree to pursue the same criminal objective. A defendant cannot join a conspiracy after its central objectives have been achieved.

## INSTRUCTION NO. 37

### "Overt Act" – Defined

In order to sustain its burden of proof under Count One of the indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act in the Eastern District of Virginia and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goals of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.

Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

## INSTRUCTION NO. 38

### **Foreign Nation or Government – Defined**

For purposes of the charges in the Indictment, the term "foreign nation" refers to any nation other than the United States and the term "foreign government" refers to any government other than the government of the United States, regardless of whether the nation or government is an ally or enemy of the United States.

## INSTRUCTION NO. 39

### Single or multiple conspiracies

In order to sustain its burden of proof for Count One, the government must show that the single conspiracy alleged in Count One of the indictment existed. Proof of separate or independent conspiracies is not sufficient.

In determining whether or not any single conspiracy has been shown by the evidence in the case you must decide whether common, master, or overall goals or objectives existed which served as the focal point for the efforts and actions of any members to the agreement. In arriving at this decision you may consider the length of time the alleged conspiracy existed, the mutual dependence or assistance between various persons alleged to have been its members, and the complexity of the goal(s) or objective(s) shown.

A single conspiracy may involve various people at differing levels and may involve numerous transactions which are conducted over some period of time and at various places. In order to establish a single conspiracy, however, the government need not prove that an alleged co-conspirator knew each of the other alleged members of the conspiracy nor need it establish that an alleged co-conspirator was aware of each of the transactions alleged in the indictment.

Even if the evidence in the case shows that the defendant was a member of some conspiracy, but that this conspiracy is not the single conspiracy charged in the indictment, you must acquit the defendant of this charge. Unless the government proves the existence of the single conspiracy described in the indictment beyond a reasonable doubt, you must acquit Defendant of this charge.

INSTRUCTION NO. 40

**Nature of the Charged Offense—Count Two**

Count Two of the indictment charges that:

From approximately July 2016 through approximately March 2017, in the Eastern

District of Virginia and elsewhere, BIJAN RAFIEKIAN and another defendant, Kamil Ekim

Alptekin, knowingly acted and caused others to act in the United States as an agent of a foreign

government, that is, the Government of Turkey, without prior notification to the Attorney

General, as required by law, all in violation of Title 18, United States Code, Sections 951 and 2.

The defendant has entered a plea of "not guilty" and has denied that he is guilty of the

offense charged in count two of the indictment. The government, therefore, assumes the

responsibility of proving beyond a reasonable doubt each of the essential elements of the offense

charged in count two of the indictment as to the defendant.

INSTRUCTION NO. 41

**Essential Elements of the Charged Offense – Count Two**

Count Two of the indictment charges BIJAN RAFIEKIAN with knowingly acting in the United States as an agent of a foreign government without prior notification to the Attorney General.

In order to establish a violation of Count Two, the government must prove beyond a reasonable doubt the following:

First: that BIJAN RAFIEKIAN acted in the United States as an agent of a foreign government;

Second: that BIJAN RAFIEKIAN failed to notify the Attorney General of the United States that he would be acting in the United States as an agent of the foreign government prior to so acting;

Third: that BIJAN RAFIEKIAN acted knowingly, that is, that he knew he was a person who agreed to operate within the United States subject to the direction or control of a foreign government or official and to engage in conduct other than a "legal commercial transaction," as defined in Instruction 35; and that he knew he had not provided prior notification to the Attorney General; and

Fourth: that BIJAN RAFIEKIAN acted, at least in part, as an agent for a foreign government in the Eastern District of Virginia, during the time period alleged in the indictment.

As the Court has previously instructed you with respect to Count One – the conspiracy charge, in order to prove that the defendant acted as an agent of a foreign government without notification in violation of Section 951, the government must prove beyond a reasonable doubt that the defendant agreed to engage in conduct at the direction and control of a foreign

government that did not constitute a legal commercial transaction, as that term has already been defined for you in connection with Count One.

INSTRUCTION NO. 42

**Final Instruction—Contact With Others**

During your deliberations, you should not discuss, or provide any information about, the case with anyone other than your fellow jurors while in the jury room. This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter, Instagram, blogging or any Internet chat room, web site, social media, or other feature. In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and only then while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. Information that you may find on the Internet or in a printed reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

INSTRUCTION NO. 43

**Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you

should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A Form of Verdict has been prepared for your convenience and reads as follows:

[*The verdict or a summary can be read to the jury*]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the court security officer that he too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person— not even to the Court— how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.