**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Criminal Case No. 1:18-CR-457-AJT-1** |
| | : | |
| **BIJAN RAFIEKIAN, et al.** | : | |

**JOINT STATEMENT REGARDING ISSUES THAT**
**REMAIN OUTSTANDING FOR DECISION**

The United States and Defendant Bijan Rafiekian jointly submit this position statement

regarding the issues that remain outstanding for decision by the Court in further proceedings.

**BACKGROUND**

On July 23, 2019, the jury found Rafiekian guilty of knowingly acting as an unregistered

Turkish agent as well as a related conspiracy count.  Jury Verdict, ECF No. 355.  After this Court

extended the deadline, Order, ECF No. 359, Rafiekian timely filed his motion for a new trial under

Federal Rule of Criminal Procedure 33.  Def. Rafiekian's Mot. for a New Trial Pursuant to Fed.

R. of Crim. P. 33, ECF No. 361.  The Court granted Rafiekian's motion for acquittal on both counts

and granted a conditional new trial.  Opinion and Order, ECF Nos. 372–73.

On March 18, 2021, the Fourth Circuit reversed this Court's judgment of acquittal, vacated

the conditional grant of a new trial, and remanded for further proceedings consistent with its

opinion.  *See United States v. Rafiekian*, 991 F.3d 529, 552 (4th Cir. 2021).  The en banc Fourth

Circuit subsequently denied Rafiekian's petition for en banc rehearing.  The mandate issued on

May 5, 2021.  Mandate, ECF No. 383.  This Court set a deadline of May 13, 2021, for the parties

to identify any remaining outstanding issues.  Order, ECF No. 384.

## THE PARTIES' POSITIONS

*Rafiekian's position*.  The issue that remains outstanding is whether the Court should grant a new trial on matters that were either unaddressed or otherwise remain outstanding for decision following the Fourth Circuit's judgment.  Accordingly, Rafiekian seeks leave to renew his Rule 33 motion, and to file a supplemental brief in support, in order to address several issues that are now ripe for resolution by this Court.

*First*, the supplemental brief will discuss why a new trial is necessary in light of an issue this Court specifically reserved in 2019:  namely, the "substantial issues Rafiekian has raised with respect to the adequacy of the information he was provided regarding the matters referenced in Defendant's Exhibit 66." *United States v. Rafiekian*, No. 1:18-CR-457-AJT-1, 2019 WL 4647254, at *17 n.46 (E.D. Va. Sept. 24, 2019).  As this Court recognized at the time, "Rafiekian . . . raised" this issue in post-trial briefing, *id.*, and he did so specifically in answer to the government's responsive argument that "the jury could—and did—rationally infer" Rafiekian's guilt based on DX66.  ECF No. 365 at 13–14; *see also* ECF No. 366 at 2, 8–11 (arguing that government's reliance on DX66 has "invited a new trial on yet another ground").  Although the government now claims that this argument was untimely, the government did not file a surreply or seek further briefing on this issue.  Instead, the government forfeited its objection by declining to raise it and instead addressing Rafiekian's argument on the merits at the Rule 33 hearing.  *See* ECF No. 368 at 38–41; *see also* Gov't CA4 Reply Br. at 33 n.19 ("The government agrees that the district court reserved whether DX66's pre-trial disclosures were adequate[.]").  The Fourth Circuit's decision, which concerned whether a district court can "grant a new trial for its own reason," *Rafiekian*, 991 F.3d at 551, did not address, let alone foreclose, this Court's ability to consider issues that Rafiekian (rather than the Court) indisputably "raised."  In fact, the government itself distinguished

Rafiekian's DX66 argument from the one it claimed Rafiekian never made. *See* Gov't CA4 Reply Br. at 32 ("Contrary to defendant's suggestion, he never asked for the instruction he now says was necessary. *He asserted only that the exhibit DX66 was inadequately disclosed*, which he concedes is not on appeal.") (emphasis added). In these circumstances, there is no timeliness obstacle to addressing an issue that this Court specifically and properly reserved. *See, e.g.*, *Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 396 (4th Cir. 1994) (district court did not abuse discretion in considering legal argument raised for the first time in a reply brief where non-moving party did not seek leave to submit further briefing); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) (noting that power to consider argument raised in reply is "discretionary[] and courts are not precluded from considering such issues in appropriate circumstances"). At a minimum, however, the Court should await full supplemental briefing before ruling on the government's belated objection.

*Second*, in light of the Fourth Circuit's recognition that "the district court may have additional justifications for its decision" not reflected in the record, the supplemental brief will address whether a new trial should be granted on weight-of-the-evidence grounds. *See Rafiekian*, 991 F.3d at 550 (declining to affirm weight-of-the-evidence ruling because "[o]n the record as it comes to us, we cannot say whether the court appreciated" limits on its discretion).

*Finally*, Rafiekian intends to renew his Rule 33 motion with respect to additional grounds raised during and immediately following his trial in 2019 but that were left unaddressed by this Court's and the Fourth Circuit's rulings, including whether the government made arguments improperly shifting the burden of proof to Rafiekian and whether the Court adequately defined "materiality" in its jury instructions.

Given the complex issues implicated by this case, the range of matters addressed in the Fourth Circuit's lengthy opinion, and the complicated factual and procedural history of this case, Rafiekian believes that supplemental briefing will assist the Court in efficiently resolving these and any other outstanding issues in light of the Fourth Circuit's mandate.  Accordingly, Rafiekian proposes the following supplemental briefing schedule:

| FILING | DUE DATE |
|---|---|
| Defendant's Supplemental New-Trial Brief | Monday, June 28, 2021 (46 days) |
| United States' Response Brief | Friday, August 13, 2021 (46 days) |
| Defendant's Reply Brief | Friday, September 3, 2021 (21 days) |

*The United States' position*.  The United States does not believe the Fourth Circuit's remand opens the door for additional briefing on any and all arguments in favor of a new trial. *See Volvo Trademark Holding Aktiebolaget v. Clark Machinery Co.*, 510 F.3d 474, 481 (4th Cir. 2007) ("[U]nder the mandate rule a remand proceeding is not the occasion for raising new arguments or legal theories."). Instead, the government believes the only outstanding issues are those that were timely presented in defendant's original Rule 33 motion and which have not yet been decided by the Court.

Briefly, with respect to defendant's first suggested topic for briefing, defendant did not assert any error with respect to DX66 as a basis for a new trial in his Rule 33 motion and, as the Fourth Circuit just held, such a failure precludes granting a new trial on that ground. *See Rafiekian*, 991 F.3d at 551 & n.24. Defendant first contended that DX66 warranted a new trial in his reply brief, and thus, this new-trial argument is untimely under the strict time limitations of Rule 33, contravenes well-established Fourth Circuit law prohibiting new arguments in reply briefs, and

4

precluded the government from offering a response on the merits. Accordingly, the government does not believe a new trial could be granted on that ground, and thus supplemental briefing on the issue is unnecessary.

With respect to defendant's other three suggested topics—weight of the evidence, burden-shifting arguments, and the materiality instructions—the government does not object to supplemental briefing limited to explaining how the Fourth Circuit's decision affects those grounds previously timely raised in defendant's Rule 33 motion. *See, e.g.*, *Rafiekian*, 991 F.3d at 545–47 (noting that the government would have to rely on circumstantial cases to prosecute foreign operatives and finding that evidence "strongly suggests" Alptekin acted as a middleman for the Turkish government); *id*. at 548 & n.23 (finding "considerable evidence" of a conspiratorial agreement and noting even defense evidence was "consistent with" this agreement); *id.* at 547 (sustaining Count One on the § 951 object, which given the jury's special verdict necessarily renders any instructional error on the FARA object harmless).

If the Court feels supplemental briefing would aid the Court's decisional process, the government defers to the Court on the appropriate schedule or length limitations on the parties' submissions. In any event, the government does not concede that defendant's supplemental briefing or arguments constitute timely presentation of any issue and reserves the right to argue that any issues or arguments presented in supplemental briefing do not comply with the requirements of Rule 33, the mandate rule, or other applicable legal standards and thus are not available grounds for granting a new trial.

## CONCLUSION

For the foregoing reasons, Rafiekian respectfully requests that the Court enter the above briefing schedule.  The United States does not object to appropriately limited supplemental briefing

as described above and defers to the Court on the proposed schedule.  A proposed order is attached.

Dated: May 13, 2021                                   Respectfully submitted,

                                                      /s/_____
                                                      Mark J. MacDougall (*Pro Hac Vice*)
                                                      Stacey H. Mitchell (*Pro Hac Vice*)
                                                      James E. Tysse (VA Bar #73490)
                                                      Adam A. Bereston (*Pro Hac Vice*)
                                                      Samantha J. Block (*Pro Hac Vice*)
                                                      *Counsel for Bijan Rafiekian*
                                                      Akin Gump Strauss Hauer & Feld LLP
                                                      2001 K Street NW
                                                      Washington, DC 20006
                                                      Telephone:  (202) 887-4000
                                                      Fax:  (202) 887-4288
                                                      E-mail:  mmacdougall@akingump.com
                                                                shmitchell@akingump.com


                                                      /s/_____
                                                      Robert P. Trout (VA Bar #13642)
                                                      *Counsel for Bijan Rafiekian*
                                                      Schertler Onorato Mead & Sears
                                                      901 New York Avenue, N.W.
                                                      Suite 500 West
                                                      Washington, DC 20001
                                                      Telephone:  (202) 628-4199
                                                      Fax:  (202) 628-4177
                                                      E-mail:  rtrout@schertlerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 13th day of May 2021, true and genuine copies of the parties

Joint Statement Regarding Issues that Remain Outstanding for Decision was sent via electronic

mail by the Court's CM/ECF system to the following:

James P. Gillis
John T. Gibbs
Evan N. Turgeon
Adrian T. Grano-Mickelsen
U.S. Attorney's Office (Alexandria-VA)
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone:  (703) 299-3700
Email:  james.p.gillis@usdoj.gov
           john.gibbs@usdoj.gov
           evan.turgeon@usdoj.gov
           agrano@usa.doj.gov


                                              /s/_____
                                              James E. Tysse (VA Bar #73490)

7