UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Case No. 1:18-CR-457 (AJT) |
| | : | |
| BIJAN RAFIEKIAN, et al. | : | |

DEFENDANT BIJAN RAFIEKIAN'S MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCLOSURE OF CLASSIFIED MATERIAL AND EX PARTE
STATEMENT AND FOR AN EXTENSION OF TIME TO FILE REPLY IN SUPPORT OF
RAFIEKIAN'S RENEWED MOTION FOR A NEW TRIAL

Defendant Bijan Rafiekian, through counsel, respectfully moves the Court to compel

disclosure of classified material and the government's *ex parte* statement in support of its

Memorandum in Opposition to Defendant's Renewed Motion for a New Trial filed with the

Court on August 13, 2021.  For the reasons set forth below, Mr. Rafiekian cannot adequately

respond to the government's arguments without access to the underlying classified material and

the *ex parte* statement and seeks an extension of thirty (30) days to reply in support of his

Renewed Motion for New Trial.  Counsel for Mr. Rafiekian has conferred with the government

and the government consents to the thirty-day extension.

## BACKGROUND

Bijan Rafiekian was the Vice-Chairman, Director, Secretary, and Treasurer of the Flynn

Intel Group ("FIG"), which he co-founded and co-owned with Michael Flynn, FIG's Chairman

and CEO.  In 2016, FIG entered into a commercial agreement to produce an investigative "60

Minutes"-style video documentary for Inovo BV ("Inovo"), a Dutch company owned by Kamil

Ekim Alptekin, a prominent Turkish businessman, about the U.S.-based Turkish Islamic cleric

Fethullah Gülen.  Flynn led the engagement. In December 2018, Rafiekian was charged in a two-

count indictment (the "Indictment") arising from the work performed by FIG on behalf of Inovo as well as certain disclosures that FIG (under Flynn's signature), Flynn, and Rafiekian made under FARA.  Count One alleged a conspiracy in violation of 18 U.S.C. § 371 with two objects: (1) to knowingly act and cause others to act in the United States as an agent of the government of Turkey without prior notification to the Attorney General, in violation of 18 U.S.C. § 951; and (2) to willfully make false statements of material fact or willfully omit material facts in a document filed with the Attorney General under FARA.  Count Two charged Rafiekian with knowingly acting and causing others to act in the United States as an agent of the government of Turkey without prior notification to the Attorney General, in violation of 18 U.S.C. § 951.

Following a series of *ex parte* hearings pursuant to the Classified Information Procedures Act ("CIPA"), the government, on the eve of trial, handed Mr. Rafiekian's defense counsel a one-sentence summary informing Mr. Rafiekian that the government was aware of classified evidence relating to interactions between Michael Flynn and (co-defendant) Ekim Alptekin that did not "refer[] to" Mr. Rafiekian.  Def. Ex. 66 ("DX66").  Mr. Rafiekian's counsel immediately sought access to the underlying classified material for which DX66 was the designated summary. *See* Hr'g Tr. 31 (Jul 12, 2019), ECF No. 309.  The Court took the request under advisement, noting that it "underst[ood] the defense's concern and w[ould] continue to consider whether additional disclosure of information" would be necessary as the case developed.  *Id.* at 32.

On July 23, 2019, the jury returned a guilty verdict on both counts.  Jury Verdict, ECF No. 355.  Mr. Rafiekian filed a Motion for Judgment of Acquittal and Motion for New Trial, which the Court granted on September 24, 2019.  *See* ECF Nos. 360, 361, 372, 373.  In its Order, the Court expressly reserved the CIPA issue, noting, "Given the Court's Rule 29 ruling, there is no need for the Court to consider at this time the substantial issues Mr. Rafiekian has raised with

2

respect to the adequacy of the information he was provided regarding the matters referenced in Defendant's Exhibit 66." *United States v. Rafiekian*, No. 1:18-CR-457-AJT-1, 2019 WL 4647254, at *17 n.46 (E.D. Va. Sept. 24, 2019).

Following the government's appeal, the Fourth Circuit reversed the judgment of acquittal, vacated the conditional new-trial grant, and remanded. *United States v. Rafiekian*, 991 F.3d 529, 552 (4th Cir. 2021). The Fourth Circuit did not address the inadequacy of the government's pretrial disclosure of classified material.

On remand, Mr. Rafiekian filed a Renewed Motion for a New Trial Pursuant to Federal Rule of Criminal Procedure 33, seeking a new trial based in part on Mr. Rafiekian's lack of access to the underlying classified material and the government's misuse of DX66 at trial. *See* Mr. Rafiekian's Mem. in Supp. of Renewed Mot. for New Trial (June 28, 2021), ECF No. 387. In addition, Mr. Rafiekian sought discovery of the classified evidence that the government sought to summarize through DX66 pursuant to Fed. R. Crim. P. 16, given that the inadequate disclosures implicated his Sixth Amendment rights to confront witnesses against him and to effective assistance of counsel. *Id.* at 15. On August 13, 2021, the government filed its Opposition to Defendant's Renewed Motion for a New Trial. *See* ECF No. 290. In responding to Mr. Rafiekian's argument with respect to the inadequacy of the government's CIPA disclosure, the government noted that it had filed a separate *ex parte* statement *in camera* "[b]ecause these arguments go to the discoverability of privileged information." ECF No. 390 at 13. The government did not file a redacted version of the *ex parte* statement, or any other notice of the filing, on the public docket.

## ARGUMENT

As a general rule, *ex parte* communications "should be avoided whenever possible and, even when they are appropriate, their scope should be kept to a minimum." *United States v. Napue*, 834 F.2d 1311, 1318 (7th Cir. 1987). That is because such communications are "fundamentally at variance with our conceptions of due process," *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 357 (4th Cir. 2007) (quoting *Thompson v. Greene*, 427 F.3d 263, 269 n.7 (4th Cir. 2005)), and "deprive the defendant of notice of the precise content of the communications and an opportunity to respond." *Napue*, 834 F.2d at 1319. Accordingly, departures from this general rule must have compelling justification such as the need to act quickly or keep sensitive information from the opposing party. *United States v. Thompson*, 827 F.2d 1254, 1258 (9th Cir. 1987).

The government's use of classified material has been shrouded in an opaque and disruptive cloak of secrecy throughout this case (notwithstanding the fact that Mr. Rafiekian's trial counsel currently hold Top Secret/SCI security clearances) that has stymied Mr. Rafiekian's ability to present a meaningful defense. Now, the government seeks to obscure even *its own arguments* related to its use of classified evidence through the use of *ex parte* and *in camera* submissions to the Court. Without knowledge of what "privilege" the government seeks to protect in its secret submission to the Court, Mr. Rafiekian's counsel cannot provide effective assistance in responding to the government's arguments.

CIPA establishes procedures that balance the government's interest in protecting classified information against the constitutional rights of criminal defendants. *See United States v. Abu* Ali, 528 F.3d 210, 247 (4th Cir. 2008). Accordingly, CIPA provides for *in camera* and *ex parte* review of a government claim to withhold classified information. *See* 18 U.S.C.A. § APP.

4

3 § 6(c)(2).  However, that review must be accompanied by a government showing that a substitution for classified information of a statement or summary would "provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information."  *Id.* at § 6(c)(1); *see United States v. Fernandez*, 913 F.2d 148, 163 (4th Cir. 1990) (affirming district court's finding that government's proposed substitutions of relevant classified information did not provide defendant with a fair trial).  The government's privilege not to disclose classified information "must . . . give way" when that information is helpful or material to the defense.  *United States v. Smith*, 780 F.2d 1102, 1107 (4th Cir. 1985) (citing *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)).

As set forth in Mr. Rafiekian's Renewed Motion for New Trial, which Mr. Rafiekian incorporates here by reference, the government's one-sentence summary of critical classified information that was given to Mr. Rafiekian on the eve of trial does not meet that standard.  *See generally*, ECF No. 387 at 15–18.  The logical premise of the government's decision to provide this summary to Mr. Rafiekian is that the underlying classified material was relevant or necessary to Mr. Rafiekian's defense—*i.e.*, that the government was aware of "multiple, independent pieces of information" about Mr. Rafiekian's alleged co-conspirators that do not "reference" the lone person standing trial for that conspiracy.  Yet, it is clear that the disclosed summary, even if designed to provide Mr. Rafiekian with exculpatory information, was inadequate.  Without access to the classified material for which DX66 is a purported substitute, Mr. Rafiekian's counsel are precluded from developing informed arguments as to the potentially exculpatory nature of that evidence.  The inadequacy of the government's CIPA summary warrants a new trial and compels disclosure of the underlying classified evidence.   But the government's improper use, in the instant briefing, of *ex parte* communications to shield even its

5

*arguments* about the adequacy of its CIPA summary is even more directly offensive to Mr. Rafiekian's Sixth Amendment rights.  *Cf. Simer v. Rios*, 661 F.2d 655, 679 (7th Cir. 1981) (finding no prejudice from *ex parte* communication where party had a full opportunity to respond by way of oral argument and legal memoranda).

Mr. Rafiekian's inability to examine the government's *ex parte* statement prevents him from effectively responding to the government's arguments regarding the adequacy of its CIPA statement.  Section 4 of CIPA provides that "[t]he court *may permit* the United States to make a request for such authorization [for protection of classified information] in the form of a written statement to be inspected by the court alone."  18 U.S.C. § APP. 3 § 4 (emphasis added); *see United States v. Abu Ali*, 528 F.3d 210, 246 (4th Cir. 2008) ("Section 4 . . .  allows the United States to request such an authorization by *ex parte* written statement."); *United States v. Kotey*, No. 1:20-CR-239, 2021 WL 3088012, at *3 n.2 (E.D. Va. June 28, 2021) (noting that CIPA "permit[s] the Court to proceed *ex parte* in determining whether certain classified material is discoverable," though observing that "[t]he Fourth Circuit has not addressed this issue directly"). But as that language makes clear, the court is plainly not *required* to do so; instead, the district court has "discretion" to decide whether to "proceed *ex parte* and *in camera*."  *United States v. Muhanad Mahmoud Al-Farekh*, 956 F.3d 99, 109 (2d Cir. 2020); *see, e.g.*, *Abu Ali*, 528 F.3d at 253 (evaluating district court's ex parte procedures for "abuse of discretion").

Without access to the *ex parte* statement, Mr. Rafiekian can only speculate as to the privilege on which the government relies.  Thus, the harm is twofold:  Mr. Rafiekian is deprived of a meaningful opportunity to present a complete defense without access to the underlying classified material, and he is precluded from responding to the government's arguments regarding the adequacy of its CIPA summary.  *See RZS Holdings AVV*, 506 F.3d at 357 (quoting

6

*In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986)) ("fair hearing requires [a] 'reasonable opportunity to know the claims of the opposing party and to meet them"); *see also Napue*, 834 F.2d at 1319 ("Even where the government acts in good faith and diligently attempts to present information fairly during an *ex parte* proceeding, the government's information is likely to be less reliable and the court's ultimate findings less accurate than if the defendant had been permitted to participate.").

 In order to protect Mr. Rafiekian's most basic right to due process (as well as his right to appeal an adverse judgment, if necessary), the Court should order the government to immediately disclose the underlying classified material, the *ex parte* statement, and all related exhibits.  If the *ex parte* statement that the government has submitted to the Court or any associated exhibits include classified information, those equities can be accommodated through the oversight of the Court Security Officer who is already assigned to this case and the procedures followed by the Justice Management Division for the handling of classified evidence. Because Mr. Rafiekian cannot adequately respond to the government's opposition to his Renewed Motion for New Trial without disclosure of the underlying classified material and the *ex parte* statement, Mr. Rafiekian respectfully requests an extension of thirty (30) days to file his reply in support of his Renewed Motion for New Trial.

## CONCLUSION

For the foregoing reasons, Mr. Rafiekian respectfully moves the Court to grant his Motion to Compel and order disclosure to cleared defense counsel of the underlying classified material for which DX66 is a purported substitute, as well as the government's *ex parte* statement in support of its Opposition to Defendant's Renewed Motion for a New Trial.  Mr.

Rafiekian also respectfully moves the Court for a thirty (30) day extension to file his reply in support of his Renewed Motion for New Trial.

Dated: August 20, 2021                          Respectfully submitted,

                                                /s/_____
                                                Mark J. MacDougall (*Pro Hac Vice*)
                                                Stacey H. Mitchell (*Pro Hac Vice*)
                                                James E. Tysse (VA Bar #73490)
                                                Adam A. Bereston (*Pro Hac Vice*)
                                                Samantha J. Block (*Pro Hac Vice*)
                                                Madeline Bardi (*Pro Hac Vice*)
                                                *Counsel for Bijan Rafiekian*
                                                Akin Gump Strauss Hauer & Feld LLP
                                                2001 K Street NW
                                                Washington, DC 20006
                                                Telephone:  (202) 887-4000
                                                Fax:  (202) 887-4288
                                                E-mail:   mmacdougall@akingump.com
                                                          shmitchell@akingump.com


                                                /s/_____
                                                Robert P. Trout (VA Bar # 13642)
                                                *Counsel for Bijan Rafiekian*
                                                Schertler Onorato Mead & Sears
                                                901 New York Avenue, N.W.
                                                Suite 500 West
                                                Washington, DC 20001
                                                Telephone:  (202) 628-4199
                                                Fax:  (202) 628-4177
                                                E-mail:   rtrout@schertlerlaw.com

8

## CERTIFICATE OF SERVICE

I hereby certify that, on the 20th day of August 2021, true and genuine copies of

Defendant Bijan Rafiekian's Motion to Compel Disclosure of Classified Material and *Ex Parte*

Statement and for an Extension of Time to File Reply in Support of Rafiekian's Renewed Motion

for a New Trial was sent via electronic mail by the Court's CM/ECF system to the following:

> James P. Gillis
> John T. Gibbs
> Evan N. Turgeon
> Aidan T. Grano-Mickelsen
> U.S. Attorney's Office (Alexandria-VA)
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> Telephone:  (703) 299-3700
> Email:  james.p.gillis@usdoj.gov
> john.gibbs@usdoj.gov
> evan.turgeon@usdoj.gov
> agrano@usa.doj.gov

/s/_____
James E. Tysse (VA Bar #73490)