IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BIJAN RAFIEKIAN,<br><br>*Defendant*. | No. 1:18-cr-457-AJT |

**THE UNITED STATES' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE
OF CLASSIFIED INFORMATION AND EX PARTE STATEMENT**

## TABLE OF CONTENTS

**Table of Authorities** ................................................................................................................. ii

**Argument** ..................................................................................................................................... 1

    I.    When the government asserts that privileged information is not discoverable, well-established law authorizes *ex parte* submissions for *in camera* review. ........................... 1

    II.   The materials defendant seeks are not discoverable. .......................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Brady v. Maryland*,
  373 U.S. 83 (1963) .................................................................................................................. 6

*In re Grand Jury Subpoena*,
  884 F.2d 124 (4th Cir. 1989) ................................................................................................... 6

*In re Restraint of Bowman Gaskins Fin. Grp.*,
  345 F. Supp. 2d 613 (E.D. Va. 2004) ...................................................................................... 6

*Love v. Johnson*,
  57 F.3d 1305 (4th Cir. 1995) ................................................................................................... 6

*United States v. Abu Ali*,
  528 F.3d 210 (4th Cir. 2008) ................................................................................................ 5, 7

*United States v. Abu-Jihaad*,
  630 F.3d 102 (2d Cir. 2010) .................................................................................................... 5

*United States v. Al-Farekh*,
  956 F.3d 99 (2d Cir. 2020) ...................................................................................................... 7

*United States v. Aref*,
  533 F.3d 72 (2d Cir. 2008) ...................................................................................................... 5

*United States v. Asgari*,
  940 F.3d 188 (6th Cir. 2019) ................................................................................................ 4, 7

*United States v. Campa*,
  529 F.3d 980 (11th Cir. 2008) ................................................................................................. 4

*United States v. Caro*,
  597 F.3d 608 (4th Cir. 2010) ................................................................................................... 6

*United States v. Dumeisi*,
  424 F.3d 566 (7th Cir. 2005) ................................................................................................... 2

*United States v. King*,
  628 F.3d 693 (4th Cir. 2011) ................................................................................................... 6

*United States v. Klimavicius-Viloria*,
  144 F.3d 1249 (9th Cir. 1989) ................................................................................................. 5

*United States v. Kotey*,
  — F. Supp. 3d — , 2021 WL 3088012 (E.D. Va. June 28, 2021) ..................................... 4, 5, 7

*United States v. Libby*,
  429 F. Supp. 2d 18 (D.D.C. 2006) ........................................................................................... 7

*United States v. Libby*,
  429 F. Supp. 2d 46 (D.D.C. 2006) ........................................................................................ 4, 7

*United States v. Marshall*,
  872 F.3d 213 (4th Cir. 2017) .................................................................................................. 1

*United States v. Meija*,
  448 F.3d 436 (D.C. Cir. 2006) ......................................................................................... 3, 5, 8

*United States v. Moussaoui*,
  591 F.3d 263 (4th Cir. 2010) .................................................................................................. 5

*United States v. O'Hara*,
  301 F.3d 563 (7th Cir. 2002) .................................................................................................. 4

*United States v. Pringle*,
  751 F.2d 419 (1st Cir. 1984) ............................................................................................... 5, 6

*United States v. Sarkissian*,
  841 F.2d 959 (9th Cir. 1988) ............................................................................................... 5, 8

*United States v. Smith*,
  780 F.2d 1102 (4th Cir. 1985) (en banc) ................................................................................ 2

*United States v. Yunis*,
  867 F.2d 617 (D.C. Cir. 1989) ................................................................................................ 2

**Statutes**

18 U.S.C. app. 3, § 4 ............................................................................................................ passim
18 U.S.C. app. 3, § 5 ..................................................................................................................... 3
18 U.S.C. app. 3, § 6 ..................................................................................................................... 3
18 U.S.C. app. 3, § 7 ..................................................................................................................... 8

**Other Authorities**

Exec. Order 13,526 ........................................................................................................................ 7
H.R. Rep. No. 96-831 (1980) ..................................................................................................... 4, 8
Kris, David S. & J. Douglas Wilson,
  National Security Investigations & Prosecutions (2019) ........................................................ 4
S. Rep. 96-823 (1980), *as reprinted in* 1980 U.S.C.C.A.N. 4294 ................................................. 2

**Rules**

Fed. R. Crim. P. 16 ........................................................................................................................ 6

# ARGUMENT

This Court has already held that, under well-established principles, a defendant is not entitled to participate in the government's *ex parte* proceedings addressing the discoverability of classified information. *See* Dkt. 44. The government's use of statutory procedures designed to safeguard privileged information is both ordinary and consistent with the defendant's rights, constitutional and otherwise. Defendant's contrary arguments offer no reason to depart from the settled practice in this case and other cases generally by reading the protections of the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3, out of the codebook.[1]

## I.   When the government asserts that privileged information is not discoverable, well-established law authorizes *ex parte* submissions for *in camera* review.

In his renewed motion for a new trial, defendant asked this Court to order further disclosures, including of potentially classified materials, in order to permit him to develop his arguments. *See, e.g.*, Dkt. 387, at 13–14. The government then filed an unclassified response, in which it addressed the vast majority of defendant's arguments, and a classified *ex parte* statement addressing non-discoverability, notice of which it gave in its public filing. *See, e.g.*, Dkts. 390, 391. Defendant now expands the argument in his renewed new-trial motion, asserting that the Court should order immediate further discovery before he files his reply and should further order disclosure of the government's classified statement. Such relief would run contrary to the uniform practice of courts in cases involving classified material and to this Court's own prior decision.

Contrary to defendant's assertion that the government's filing was in some way improper, the governing legal framework and a consistent body of case law all recognize that *ex parte* filing

---

[1] In this memorandum, the government cites the relevant section of 18 U.S.C. app. 3 as "CIPA § __." The government has also omitted internal quotation marks, alterations, and citations throughout this memorandum, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

is necessary to safeguard the interests that CIPA protects. Even outside the context of classified information, courts have recognized *ex parte* mechanisms are appropriate when one party asserts a right to see material protected by privilege. Those mechanisms become all the more critical when classified material is involved. As the Fourth Circuit has explained, CIPA neither creates a governmental privilege nor changes the substantive rules of admissibility; rather, it provides a procedural mechanism by which the government can assert its common-law privilege over classified material without requiring disclosures to defense counsel. *See United States v. Smith*, 780 F.2d 1102, 1105–06 (4th Cir. 1985) (en banc). Nor does CIPA create discovery rights for a defendant beyond what exist under the requirements of the Constitution and the Federal Rules. *See, e.g.*, *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) ("As [defendant] concedes, the CIPA does not create any discovery rights for the defendant."); *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989) ("[Section 4] creates no new rights of or limits on discovery of a specific area of classified information.").

Instead, "CIPA was enacted by Congress in an effort to combat the growing problem of graymail, a practice whereby a criminal defendant threatens to reveal classified information during the course of his trial in the hope of forcing the government to drop the criminal charge against him." *Smith*, 780 F.2d at 1105 (citing S. Rep. 96-823, at 1–4 (1980), *as reprinted in* 1980 U.S.C.C.A.N. 4294–98)) (footnote omitted). In doing so, the Act "provides a procedure by which the court can delete portions of classified documents to be discovered by a defendant" or can permit substitutions. *Id.* at 1105 n.7. Although defendant candidly acknowledges that CIPA provides for "*in camera* and *ex parte* review of a government claim to withhold classified information," he argues that this procedure requires "a government showing" that a substitution or summary would "provide the defendant with substantially the same ability to make his defense as would disclosure

2

of the specific classified information." Dkt. 395, at 4–5 (citing CIPA § 6(c)). Defendant's argument blurs the lines of CIPA's procedural structure by assuming discoverability.

CIPA § 6, to which defendant cites, addresses the procedure by which the United States may obtain pretrial rulings on admissibility or form when either the defense files a notice of intent to use classified information (*e.g.*, CIPA § 5) or when the government wishes to introduce classified information against the defendant. For example, as part of that section, CIPA permits the government to refer to classified information by general category where it has not been previously disclosed (CIPA § 6(b)(1)) or, when seeking to use a substitutionary method of evidence, to file an affidavit of the Attorney General that, upon request of the government, is examined "in camera and ex parte" (CIPA § 6(c)(2)). Section 6 governs procedures for determining the admissibility and form of classified material for use "in trial or pretrial proceedings." *United States v. Meija*, 448 F.3d 436, 457 (D.C. Cir. 2006). Where the dispute is whether classified material is discoverable by defense counsel *at all*, however, such proceedings are governed by Section 4. *See, e.g.*, CIPA § 4; *see also Meija*, 448 F.3d at 457 (distinguishing between Section 6 proceedings and Section 4 proceedings).[2] Although the defendant is correct that Section 4 uses permissive, not mandatory, language regarding the government's ability to file an *ex parte* statement concerning discoverability that is reviewed *in camera*, the unbroken practice of courts has been to authorize

---

[2] The full text of CIPA § 4 reads: "The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal."

3

such filings.[3] Indeed, according to a learned treatise on the subject, "no court in a published decision has prevented the government from filing its Section 4 application ex parte and in camera." David S. Kris & J. Douglas Wilson, National Security Investigations & Prosecutions § 26:7 & n.15 (2019).

The Court should not break new ground by rejecting this commonsense, settled practice for several reasons. First, as a judge of this Court has recently explained, "failure to proceed *ex parte* would frustrate the purpose of CIPA § 4 by removing the very protections that the statute provides." *United States v. Kotey*, — F. Supp. 3d — , 2021 WL 3088012, at *4 (E.D. Va. June 28, 2021) (Ellis, J.). "'[S]ince the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.'" *Ibid.* (quoting H.R. Rep. No. 96-831, pt. 1, at 27 n.22 (1980)). Because a Section 4 determination may result in the subject material "not [being] discoverable at all," "defense counsel's participation in the process at this point would improperly permit defense counsel to access otherwise non-discoverable classified information." *Ibid.* The list of courts applying similar reasoning is lengthy. *See, e.g.*, *United States v. Asgari*, 940 F.3d 188, 192 (6th Cir. 2019) ("Nothing in § 4 suggests that defense counsel has a role to play when the district court assesses the relevance or helpfulness of the classified information. Just the opposite."); *United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) ("The right that section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel

---

[3] That defendant is seeking more discovery post-trial does not change the applicability of CIPA § 4. "Nothing in section 4 nor elsewhere in CIPA limits its invocation and use to pretrial proceedings." *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002); *accord United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. 2006) ("[T]he Court appreciates that the government may seek to utilize Section 4 at any point throughout the litigation.").

4

would be able to see the information that the government asks the district court to keep from defense counsel's view."); *see also United States v. Abu-Jihaad*, 630 F.3d 102, 143 (2d Cir. 2010); *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008); *Meija*, 448 F.3d at 457 & n.21; *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261–62 (9th Cir. 1998); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988); *United States v. Pringle*, 751 F.2d 419, 427–28 (1st Cir. 1984).[4] As the D.C. Circuit recognized, because CIPA § 4 proceedings—like potential *Brady* or Jencks material—go to discoverability in the first place, a "defendant is likewise not entitled to access [] any of the evidence reviewed by the court to assist in his argument that it should be disclosed." *Meija*, 448 F.3d at 458 & n.22.

Second, contrary to defendant's assertions, courts—including the Fourth Circuit—have uniformly held that *ex parte* and *in camera* presentations under CIPA § 4 do not violate a defendant's rights to due process or to counsel. Most directly, in *United States v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008), the Fourth Circuit held that neither the district court's decision to prohibit disclosure of classified information to defense counsel after *ex parte* CIPA § 4 proceedings nor the exclusion of defense counsel from those *ex parte* and *in camera* proceedings violated the Sixth Amendment. *Id.* at 253; *see also Meija*, 448 F.3d at 458–59 (holding *ex parte*, *in camera* filings under CIPA § 4 do not violate Fifth or Sixth Amendment rights); *Klimavicius-Viloria*, 144 F.3d at

---

[4] In *Kotey*, Judge Ellis conservatively concluded that the Fourth Circuit had not yet directly held on this issue while noting that it had described CIPA § 4 in similar terms. *See, e.g.*, *Kotey*, 2021 WL 3088012, at *1 n.2; *United States v. Abu Ali*, 528 F.3d 210, 246 (4th Cir. 2008) ("Section 4 also allows the United States to request such an authorization [to delete classified material from disclosure to the defense] by ex parte written statement."). However, in addition to the language in *Abu Ali*, the Fourth Circuit noted in *United States v. Moussaoui*, 591 F.3d 263, 289 n.19 (4th Cir. 2010), that "[t]here was no requirement that the Government produce the classified, exculpatory evidence to defense counsel in the pretrial process under CIPA § 4."

5

1261–62 (holding *ex parte* CIPA § 4 hearings did not violate defendant's due process rights); *Pringle*, 751 F.2d at 427–28 (holding that defendants were not deprived of due process by nondisclosure of materials after the government filed *ex parte* and *in camera* filings under CIPA § 4).

Even outside the CIPA context, the Fourth Circuit has repeatedly confirmed this procedure's acceptability. In *In re Grand Jury Subpoena*, 884 F.2d 124 (4th Cir. 1989), for example, the Fourth Circuit joined several circuits and held that defendant's due process rights were not violated when the district court properly permitted the government to present grand-jury materials to the district court *ex parte* and *in camera* to establish a prima facie case about an applicable exception to privilege. *See id.* at 126–27 (citing cases); *accord In re Restraint of Bowman Gaskins Fin. Grp.*, 345 F. Supp. 2d 613, 628 n.34 (E.D. Va. 2004) (citing *Grand Jury Subpoena* and similar cases). Likewise, when a defendant makes a prima facie showing that grand jury materials may contain *Brady* evidence, "the accused does not become entitled to direct access to the information" but instead becomes entitled only "to have the information he has sufficiently identified submitted to the trial court for *in camera* inspection and a properly reviewable judicial determination" of its materiality and favorability.[5] *Love v. Johnson*, 57 F.3d 1305, 1313 (4th Cir. 1995); *accord United States v. King*, 628 F.3d 693, 703 & n.5 (4th Cir. 2011).

Third, though defendant asserts that his defense counsel have security clearances, the law is uniform that defense counsel are not entitled to access CIPA § 4 proceedings or otherwise non-

---

[5] Defendant's renewed new-trial motion asserts no violation of a constitutional right under *Brady v. Maryland*, 373 U.S. 83 (1963), or its progeny. Indeed, the motion does not even cite *Brady*. Instead, defendant has asserted only a right under Federal Rule of Criminal Procedure 16(a)(1)(E), which entitles him to disclosure of items "material to preparing the defense." *See* Def. Mot. 10 (citing Rule 16); *see also United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010). If even constitutional rights under *Brady* may be protected through *ex parte* and *in camera* inspection, surely the rights conferred by the Federal Rules may be so protected. *See, e.g.*, Fed. R. Crim. P. 16(d)(1) ("The court may permit a party to show good cause [for limitations on discovery] by a written statement that the court will inspect ex parte.").

6

discoverable classified material merely by virtue of their clearances. *See Kotey*, 2021 WL 3088012 (citing, *e.g.*, *United States v. Al-Farekh*, 956 F.3d 99, 107 (2d Cir. 2020); *Asgari*, 940 F.3d at 189).[6] As one court explained, "[i]t is axiomatic that even if the defendant and his attorneys had been granted the highest level of security clearances, that fact alone would not entitle them access to every piece of classified information this country possesses." *United States v. Libby*, 429 F. Supp. 2d 18, 24 & n.8 (D.D.C. 2006), *as amended*, 429 F. Supp. 2d 46. Rather, in addition to receiving a clearance after a favorable determination of eligibility and execution of a non-disclosure agreement, an individual must have a "need to know" the classified information at issue. *See* Exec. Order 13,526 § 4.1(a)(3). "Need to know" is defined as "a determination within the executive branch . . . that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function." *Id.* § 6.1(dd). "A defense counsel does not 'need to know' classified information that is neither helpful nor material to the defense of his or her client." *Al-Farekh*, 956 F.3d at 109 n.19.

In short, CIPA § 4 "vests the *district court*, a confidential arbiter, with responsibility to evaluate the information's relevance," and "defense counsel's security clearance becomes relevant if and only if the court determines that the material should be disclosed." *Asgari*, 940 F.3d at 191. In a pretrial posture, to aid the court's informed review of the material, courts often permit defense counsel to file their own *ex parte* submission outlining defense theories of the case. *See Kotey*, 2021 WL 3088012, at *2 & n.3. Of course, here in the post-trial context, defendant has not only made such arguments in his renewed motion for a new trial but the Court has also had the benefit

---

[6] In *Abu Ali*, the Fourth Circuit held that "[a] defendant and his counsel, if lacking in the requisite security clearance, *must* be excluded from" CIPA § 4 proceedings. 528 F.3d at 254 (emphasis added). But it did not suggest—explicitly or implicitly—that the inverse was also true: that cleared counsel *must* be allowed to participate.

7

of the trial to assess whether additional discovery would truly have provided relevant and helpful information.

Accordingly, before the Court orders any disclosure—even when the defense seeks discovery for the purpose of making new-trial arguments—the Court must conclude that any relevant materials are discoverable in the first instance. *See Meija*, 448 F.3d at 458 ("[A] defendant is likewise not entitled to access [] any of the evidence reviewed by the court to assist in his argument that it should be disclosed."). Under CIPA § 4, the government is permitted—indeed, logically must be entitled—to make its arguments as to non-discoverability *in camera* and *ex parte* to prevent unnecessary disclosures of classified information in order to avoid "defeat[ing] the very purpose of the discovery rules." *Sarkissian*, 841 F.2d at 965 (quoting H.R. Rep. No. 96-831, *supra*, at 27, n.22); *see also id.* at 965–66 ("Nowhere does CIPA require the government to file a public claim of privilege before making an in camera ex parte submission.").

While defendant cites cases articulating general requirements of due process, none of those cases hold that a defendant is entitled to participate in the determination of whether classified material is discoverable at all. To the contrary, every court the government has found addressing the issue has concluded that the purposes of CIPA § 4 necessitate the use of *ex parte* filings and hearings to determine discoverability of classified information in the first instance.[7] Defendant has offered no reason to overthrow that settled practice here.

---

[7] And indeed, if a court does order disclosure under CIPA § 4, the government has an immediate right to an interlocutory appeal before that information is disclosed, further reinforcing CIPA's intent to ensure full consideration of the government's privilege before any actual disclosure is made. *See* CIPA § 7; *see also id.* § 4 (providing for the preservation of the government's ex parte filing "to be made available to the appellate court in the event of an appeal").

8

## II.     The materials defendant seeks are not discoverable.

For the reasons articulated in the government's classified filing, defendant is not entitled to any further discovery. Accordingly, defendant is also not entitled to see the government's CIPA § 4 filings, even if he has cleared counsel. Nor does defendant suffer any prejudice from not seeing non-discoverable materials before he files his reply. The government's unclassified response lays out in extensive detail why defendant's claims of trial error fail and why the verdict was not contrary to the great weight of the evidence. The Court should deny defendant's motion to compel and order him to file his reply in due course.

Respectfully submitted,

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

_____/s/_____          By: _____/s/_____
Evan N. Turgeon                       Aidan Taft Grano-Mickelsen
Trial Attorney                        New York Bar No. 5216585
Counterintelligence and Export        James P. Gillis
    Control Section                   Virginia Bar No. 65055
National Security Division            John. T. Gibbs
United States Department of Justice   Virginia Bar No. 40380
950 Pennsylvania Avenue NW            Assistant United States Attorneys
Washington, DC 20530                  United States Attorney's Office for the Eastern
(202) 353-0176                            District of Virginia
evan.turgeon@usdoj.gov                2100 Jamieson Avenue
                                      Alexandria, VA 22314
                                      Tel.: (703) 299-3700
                                      Fax: (703) 299-3981
                                      aidan.grano@usdoj.gov
                                      james.p.gillis@usdoj.gov
                                      john.gibbs@usdoj.gov

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2021, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to all counsel of record.

      /s/
Aidan Taft Grano-Mickelsen
Assistant United States Attorney