UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **Criminal Case No. 1:18-CR-457 (AJT)** |
| : | |
| **BIJAN RAFIEKIAN, et al.** : | |

**DEFENDANT BIJAN RAFIEKIAN'S REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL DISCLOSURE OF CLASSIFIED MATERIAL
AND *EX PARTE* STATEMENT**

# ARGUMENT

Rafiekian cannot adequately respond to the government's arguments in opposition to his Renewed Motion for a New Trial without access to (a) the classified material underlying Defendant's Exhibit 66 ("DX66") and (b) the government's *ex parte* statement regarding whatever privileges the government is invoking to prevent discoverability of that material. Although the Court long ago declined to allow Rafiekian's counsel to participate in a pre-trial hearing regarding the government's CIPA Section 4 submission, *see* ECF No. 44, things have changed since February 2019. In particular, the Court held a trial in which the government presented Rafiekian with the Hobson's choice of whether to introduce the supposedly exculpatory substitute CIPA statement—without the underlying evidence, supporting context, or any ability to rebut the government's subsequent implication that *Rafiekian* had joined *Flynn's* conspiracy. *See* Mem. Op. Granting Acquittal at 37, ECF No. 372 (highlighting the "Government's use of Defendant's Exhibit 66 to support its claim that Rafiekian participated in the alleged conspiracy, even though the information in that exhibit related solely to Flynn and explicitly excluded Rafiekian").

The government now claims that this Court has already adopted a "settled practice" concerning the disclosure of these materials. But the government's contention ignores that this Court explicitly reserved consideration of this very issue in its original new trial order. *See United States v. Rafiekian*, No. 1:18-CR-457-AJT-1, 2019 WL 4647254, at *17 n.46 (E.D. Va. Sept. 24, 2019) ("Given the Court's Rule 29 ruling, there is no need for the Court to consider at this time the substantial issues Rafiekian has raised with respect to the adequacy of the information he was provided regarding the matters referenced in Defendant's Exhibit 66."). Both the one-sentence summary provided by the government to Rafiekian on the eve of trial, and the separate *ex parte, in camera* statement to the Court (for which not even a partial or redacted version has been made

1

available to cleared defense counsel), are inadequate to preserve Rafiekian's right to a fair trial. Rafiekian's constitutional right to adequately defend himself—both in this court and in any subsequent appeal—outweighs whatever continued interest the government has in shielding this material from Rafiekian's counsel. For the following reasons, the Court should exercise its discretion to grant Rafiekian's Motion to Compel.

I. **The Court Should Exercise Its Discretion to Order Disclosure of the Government's *Ex Parte* Statement**

The parties agree that Section 4 of the Classified Information Procedures Act ("CIPA") uses permissive language, providing that "[t]he court *may permit* the United States to make a request for such authorization [for protection of classified information] in the form of a written statement to be inspected by the court alone." *See* Gov't's Opp'n to Rafiekian's Mot. to Compel at 3 n.2, ECF No. 398 (emphasis added); *see also* 18 U.S.C. § APP. 3 § 4, 6(c); *see also United States v. Muhanad Mahmoud Al-Farekh*, 956 F.3d 99, 109 (2d Cir. 2020) (noting that the district court has "discretion" to decide whether to proceed "*ex parte* and *in camera*"). By its plain terms, CIPA Section 4 does not provide the government with an absolute right to proceed *ex parte* or to shield classified information from a defendant; instead, district courts plainly retain "discretion" to decide whether to permit access to the government's *ex parte* submissions. *See, e.g.*, *United States v. Abu Ali*, 528 F.3d 210, 258 (4th Cir. 2008) (affirming district court's denial of "access to the government's ex parte opposition to the motion to compel" as an adequate "exercise of its discretion"). Indeed, the government does not even appear to dispute that this Court has discretion to refuse to permit the government to proceed *ex parte.* The Court should thus exercise its discretion here to preserve Rafiekian's right to a fair trial. *See United States v. Moussaoui*, 382 F.3d 453, 466 n.18 (4th Cir. 2004) ("There is no question that the Government cannot invoke national security concerns as a means of depriving [the defendant] of a fair trial."); *see United*

2

*States v. Abu Ali*, 528 F.3d 210, 247 (4th Cir. 2008) (citing *United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) (district courts must balance the "public interest in protecting the information against the individual's right to prepare his defense"); *United States v. Fernandez,* 913 F.2d 148*,* 154 (4th Cir. 1990) (While the court must "take into account the government's interest in protecting national security, . . . this interest cannot override the defendant's right to a fair trial.").

The out-of-circuit cases cited by the government for the proposition that the government must be permitted to argue discoverability *ex parte* prove Rafiekian's point: that determination necessarily turns on the particular facts, including relevant fair-trial considerations, of each case. For example, in *United States v. Mejia*, 448 F.3d 436 (D.C. Cir. 2006), the court denied the defendant access to the classified evidence at issue because it deemed the material "unhelpful to the defendants." *Mejia*, 448 F.3d at 459. But here, the underlying classified information was presumably viewed as helpful to the defense—otherwise, the government would not have had to disclose even a summary to Rafiekian in the first place. *See* 18 U.S.C. § APP. 3 § 4; *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973) ("Certainly one of the most relevant factors to be weighed by the court is whether or not the evidence is *material* to the accused's defense or a fair determination of the cause."). The remaining cases cited by the government are not binding on this court; indeed, as the government acknowledges, "the Fourth Circuit had not yet directly held on this issue." Opp'n at 5 n.4 (citing *U.S. v. Kotey*, -- F. Supp. 3d --, 2021 WL 3088012 (E.D. Va. June 28, 2021) (Ellis, J.)).

Importantly, a ruling that the government cannot file its legal brief entirely *ex parte* does not mean that the *underlying information* would become public. CIPA's procedures are designed to prevent public disclosure of classified material in multiple ways, including through the use of protective orders (such as the "Protective Order Pertaining to Classified Information" that is

3

already in place, *see* ECF No. 100). The government is thus simply wrong to suggest that it "*logically must be entitled* . . . to make its arguments as to non-discoverability *in camera* and *ex parte* to prevent unnecessary disclosures of classified information." Opp'n at 8 (emphasis added). The existing protective order, and other appropriate procedures, can adequately prevent disclosures of classified material.

Without the ability to review the government's *arguments* addressing non-discoverability—or even the nature of the specific privilege the government seeks to invoke—Rafiekian's cleared defense counsel cannot effectively argue for a new trial. A "fair hearing requires [a] 'reasonable opportunity to know the claims of the opposing party and to meet them.'" *See RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 357 (4th Cir. 2007) (quoting *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986)). Yet the government has withheld critical legal arguments from Rafiekian's cleared counsel. *See* Opp'n at 1 (government asserting that its "unclassified response . . . addressed *the vast majority* of defendant's arguments," though not arguments "addressing non-discoverability") (emphasis added). Due process thus entitles Rafiekian the ability to respond to the government's arguments regarding "non-discoverability," which go to the heart of Rafiekian's request for a new trial. *See RZS Holdings AVV*, 506 F.3d at 357 (*ex parte* proceedings "fundamentally at variance with our conceptions of due process") (quoting *Thompson v. Greene*, 427 F.3d 263, 269 n.7 (4th Cir. 2005)).[1]

The unfairness of the government's *ex parte* submissions is especially salient given "the Government's use of Defendant's Exhibit 66 to support its claim that Rafiekian participated in the

---

[1] The Government's reliance on *In re Grand Jury Subpoena*, 884 F.2d 124 (4th Cir. 1989), for the proposition that Rafiekian's "due process rights were not violated" is misplaced. Opp'n at 6. Grand jury proceedings are not adversarial and are *ex parte* in nature. *Donaldson v. United States*, 400 U.S. 517, 538 (1971) (Douglas, J. concurring) (citing *In re Groban*, 352 U.S. 330, 333 (1957) ("Before [the grand jury] there is no right to counsel and confrontation")).

alleged conspiracy, even though the information in that exhibit related solely to Flynn and explicitly excluded Rafiekian." Mem. Op. Granting Acquittal at 37, ECF No. 372. Indeed, the government has acknowledged that DX66 was "critical[]" evidence from which the jury "could—and did—rationally infer" guilt. *See* Gov's Opp'n to Rafiekian's Mot. for Acquittal or a New Trial 13-14, ECF No. 365 (emphasis added); *cf. Abu Ali*, 528 F.3d at 255 ("There is a stark difference between ex parte submissions from prosecutors which protect the disclosure of irrelevant, non-exculpatory, or privileged information, and situations in which the government seeks to use *ex parte* information in court as evidence to obtain a conviction."). Given these circumstances, Rafiekian should at least have a full and fair opportunity to respond to the government's *arguments*, including an adequate basis to understand the nature of the privilege the government invokes.

## II. The Court Should Exercise its Discretion to Order Disclosure of the Underlying Classified Material

In addition to requiring the government to disclose its *ex parte* statement, the Court should order disclosure of the underlying classified material. Rafiekian's ability to argue for this relief is necessarily limited given that he is not even aware of the privilege the government is invoking, let alone the nature of the underlying classified information. But it is clear that courts have discretion to deem classified information discoverable when such information is "at least helpful to the defense of the accused." *See Rezaq*, 134 F.3d at 1142 (internal quotation marks omitted) (quoting *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989)); *see Abu Ali*, 528 F.3d at 247 (The government's privilege in classified information is "a qualified one in the sense that it must give way when the information is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause") (citations and quotations omitted); *United States v. Moussaoui*, 365 F.3d 292, 312 (4th Cir. 2004), *opinion amended on reh'g*, 382 F.3d 453 (4th Cir. 2004) ("[I]t is

5

clear that when an evidentiary privilege—even one that involves national security—is asserted by the Government in the context of its prosecution of a criminal offense, the 'balancing' we must conduct is primarily, if not solely, an examination of whether the district court correctly determined that the information the Government seeks to withhold is material to the defense."). In making that determination, moreover, courts "err on the side of protecting the interests of the defendant." *Rezaq*, 134 F.3d at 1142. Thus, the rule is construed broadly to include exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny (including *Giglio* material), as well as evidence that simply provides context for other facts presented to the jury. *See Mejia*, 448 F.3d at 456-457 ("While *Brady* information is plainly subsumed within the larger category of information that is 'at least helpful' to the defendant, information can be helpful without being 'favorable' in the *Brady* sense"); *see also Rezaq*, 134 F.3d at 1142 (holding that evidence helpful to the defendant includes evidence "necessary to place a fact in context in order to ensure that the jury is able to give it its full weight.").

Although Rafiekian is forced to speculate given the *ex parte* proceedings to date, he presumes that the single-sentence summary of classified information in DX66 was deemed by the Court to be "at least helpful to the accused"—perhaps because it summarized exculpatory *Brady* material, or perhaps because it was *Giglio* material that would have allowed Rafiekian to examine (or cross-examine) Michael Flynn. But the nature of DX66—which discloses (i) the existence of "communications, interactions, and a relationship" between Alptekin and Flynn, (ii) an engagement of Flynn by Alptekin related to Flynn's role in the Trump campaign, and (iii) a cryptic conclusion stating that the evidence does not "reference" Rafiekian or Flynn Intel Group—did not adequately allow Rafiekian to adequately fashion his defense. DX66. The statement provides no context regarding the relevant time period, the extent or nature of the evidence, or whether either

6

Flynn or Alptekin agreed to operate at Turkey's direction and control. Accordingly, Rafiekian's counsel had no way to effectively use those facts at trial. For example, without any context, Rafiekian's counsel could not use it to question Michael Flynn, or the defendant himself, about its contents. The substituted statement thus failed to "provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. § App. 3 § 6(c)(1); *see id.* § 4.

At a minimum, without access to the underlying material, cleared defense counsel—"who are in the best position to know whether information would be helpful to their defense"—are ill-equipped "to assist the court in its assessment of the information's helpfulness." *Mejia*, 448 F.3d at 458 (holding the "at least helpful test" applies when the materiality or helpfulness of the information presents a close question) (internal quotation marks omitted). Again, the CIPA procedures do not "override the defendant's right to a fair trial." *Fernandez*, 913 F.2d at 154. "Were it otherwise, CIPA would be in tension with the defendant's fundamental constitutional right to present a complete defense." *Id.; see also United States v. Sedaghaty*, 728 F.3d 885, 907 (9th Cir. 2013) (remanding for a new trial upon finding the government's inadequate CIPA substitution "interfered with [the defendant's] ability to present a complete defense").

Finally, the fact that Rafiekian's trial counsel currently hold Top Secret/SCI security clearances can—and should—be factored into the Court's balancing of interests. The Fourth Circuit has allowed for cleared defense counsel to review classified materials to adequately prepare a defense. *See Abu Ali*, 528 F.3d at 254 (finding that "the district court struck an appropriate balance between the government's national security interests and the defendant's right to explore the manner in which the communications were obtained and handled" when "CIPA-cleared defense counsel was provided with the classified versions [of communications] and afforded

7

unfettered opportunity to cross-examine the government's witnesses concerning these matters"). Any concerns the government has about classified information can be accommodated through the oversight of the Court Security Officer who is already assigned to this case, the existing protective order, ECF No. 100, and the procedures followed by the Justice Management Division for the handling of classified evidence.

## CONCLUSION

For the foregoing reasons, Rafiekian respectfully moves the Court to grant his Motion to Compel and order disclosure to cleared defense counsel of the underlying classified material for which DX66 is a purported substitute, as well as the government's *ex parte* statement in support of its Opposition to Defendant's Renewed Motion for a New Trial and any related exhibits.

Dated: September 9, 2021

Respectfully submitted,

/s/
Mark J. MacDougall (*Pro Hac Vice*)
Stacey H. Mitchell (*Pro Hac Vice*)
James E. Tysse (VA Bar #73490)
Adam A. Bereston (*Pro Hac Vice*)
Samantha J. Block (*Pro Hac Vice*)
Madeline M. Bardi (*Pro Hac Vice*)
*Counsel for Bijan Rafiekian*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: mmacdougall@akingump.com
shmitchell@akingump.com

/s/
Robert P. Trout (VA Bar # 13642)
*Counsel for Bijan Rafiekian*
Schertler Onorato Mead & Sears
901 New York Avenue, N.W.
Suite 500 West

8

Washington, DC 20001
Telephone:  (202) 628-4199
Fax:  (202) 628-4177
E-mail:   rtrout@schertlerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 9th day of September 2021, true and genuine copies of Defendant Bijan Rafiekian's Reply in Support of his Motion to Compel Disclosure of Classified Material and *Ex Parte* Statement was sent via electronic mail by the Court's CM/ECF system to the following:

>James P. Gillis
>John T. Gibbs
>Evan N. Turgeon
>Aidan T. Grano-Mickelsen
>U.S. Attorney's Office (Alexandria-VA)
>2100 Jamieson Avenue
>Alexandria, VA 22314
>Telephone: (703) 299-3700
>Email: james.p.gillis@usdoj.gov
>   john.gibbs@usdoj.gov
>   evan.turgeon@usdoj.gov
>   agrano@usa.doj.gov

/s/ _____
Robert P. Trout (VA Bar # 13642)