1

```
                 UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF VIRGINIA
                       ALEXANDRIA DIVISION

UNITED STATES OF AMERICA,   )   Case 1:18-cr-00457
                            )
            Plaintiff,      )
                            )
      v.                    )   Alexandria, Virginia
                            )   April 20, 2022
BIJAN RAFIEKIAN,            )   9:04 a.m.
                            )
            Defendant.      )
_____)   Pages 1 - 6


            TRANSCRIPT OF STATUS CONFERENCE

       BEFORE THE HONORABLE ANTHONY J. TRENGA

           UNITED STATES DISTRICT COURT JUDGE
```

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

Rhonda F. Montgomery    OCR-USDC/EDVA    (703) 299-4599

```
 1  APPEARANCES:

 2  FOR THE UNITED STATES OF AMERICA:

 3       AIDAN GRANO-MICKELSEN, ESQUIRE
         OFFICE OF THE UNITED STATES ATTORNEY
 4       2100 Jamieson Avenue
         Alexandria, Virginia  22314
 5       (703) 299-3700

 6  FOR DEFENDANT BIJAN RAFIEKIAN:

 7       MARK J. MACDOUGALL, ESQUIRE, *PRO HAC VICE*
         STACEY H. MITCHELL, ESQUIRE, *PRO HAC VICE*
 8       JAMES E. TYSSE, ESQUIRE
         AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
 9       Robert S. Strauss Building
         1333 New Hampshire Avenue, N.W.
10       Washington, D.C.  20036-1564
         (202) 887-4000
11
         ROBERT P. TROUT, ESQUIRE
12       SCHERTLER, ONORATO, MEAD & SEARS
         555 13th Street, N.W., Suite 500 West
13       Washington, D.C.  20004
         (202) 628-4199
14

15

16

17

18

19

20

21

22

23

24

25
```

1             THE CLERK:  Criminal Case 1:18-cr-457, *United*
2  *States v. Bijan Rafiekian.*
3             Counsel, will you please note your
4  appearances for the record.
5             MR. GRANO-MICKELSEN:  Aidan Grano-Mickelsen
6  for the United States, Your Honor.
7             THE COURT:  Good morning.
8             MR. MACDOUGALL:  Good morning, Your Honor.
9  Mark MacDougall, Stacey Mitchell, Robert Trout, and
10 James Tysse for Defendant Bijan Rafiekian.
11            THE COURT:  All right.  The Court has
12 received his confirmation of his waiver of appearance
13 here today.
14            We're here on the Court's scheduling status
15 conference.  There's been filed a Notice of Appeal with
16 respect to the Court's new trial order that was entered
17 on March 25.  I understand that there is an objection
18 both to that and not setting a trial date.
19            I'll give the defense an opportunity to
20 address those issues.  What's Mr. Rafiekian's current
21 position on this as far as the status of the case?
22            MR. MACDOUGALL:  Your Honor, out of respect
23 for the Court's scheduling order and our hope to move
24 forward with the trial at the earliest possible date,
25 our understanding was that the government has not made

1  a final decision with regard to an appeal.  We're here
2  to address any issues the Court raises, including a
3  possible trial date.
4          THE COURT:  All right.  What's the
5  government's position on setting a trial date?
6          MR. GRANO-MICKELSEN:  Your Honor, as the
7  Court knows, a Notice of Appeal divest the district
8  court of jurisdiction with respect to the new trial.
9  So we would say that the date of any new trial should
10 wait until the appeal proceedings conclude either by a
11 decision on the merits or by a dismissal from the
12 government of that appeal.
13         THE COURT:  All right.  Has the government
14 made a final decision as far as pursuing the appeal, or
15 is it still --
16         MR. GRANO-MICKELSEN:  It has not yet.  It's
17 under review, Your Honor.
18         THE COURT:  All right.  Typically, a new
19 trial order is not appealable.  It's not a final order.
20 It's typically viewed as interlocutory to be reviewed
21 after the trial.  The posture of this case is a little
22 different.  The case had been previously appealed.  The
23 court vacated the Court's setting aside the verdict and
24 also vacated the conditional new trial order but
25 remanded the case to this Court in order for the Court

1  to explain further to the court of appeals whether it
2  understood the limits on its discretion in ordering a
3  new trial and also to give the Court an opportunity to
4  express any additional reasons for granting the new
5  trial beyond its analysis of why it thought the
6  evidence was insufficient.
7           So I think it's in a little different
8  posture, and it may, in fact, be that the court of
9  appeals would think it has continuing jurisdiction to
10 review the new trial order that the Court has issued
11 given the opportunity it had given the trial court to
12 further explain its ruling.
13          So I'm not going to set a trial date.  The
14 court of appeals can, I'm sure, rather quickly decide
15 whether it has jurisdiction or whether it should be
16 sent back here for a trial before ruling on reviewing
17 the Court's new trial order.  And if it's sent back,
18 we'll expeditiously set a trial date and move forward
19 in that fashion.
20          All right.  Anything further?
21          MR. GRANO-MICKELSEN:  Your Honor, if I could
22 just supplement the Court's analysis just briefly.
23          THE COURT:  Yes.
24          MR. GRANO-MICKELSEN:  I would note that the
25 government is specifically authorized to appeal the

1  grant of a new trial on Rule 33 grounds and the
2  government's appeal statute, 3731.  So the court of
3  appeals would have jurisdiction over this.
4           THE COURT:  All right.  Well, they can decide
5  if they do or don't.
6           All right.  Anything further?
7           MR. MACDOUGALL:  Nothing further from the
8  defense, Your Honor.
9           THE COURT:  All right.  Thank you.
10          Counsel is excused.
11          MR. GRANO-MICKELSEN:  Thank you, Your Honor.
12          ------------------------------------
                       Time:  9:07 a.m.
13
14
15
16
17
18
19
20
21
        I certify that the foregoing is a true and
22
     accurate transcription of my stenographic notes.
23
24
                                   _____/s/_____
25                                 Rhonda F. Montgomery, CCR, RPR